IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 49-CV-02782-EWN-CBS
 a/k/a Consolidated Cases: Civil Action No. 2782
                           Civil Action No. 5016
                           Civil Action No. 5017

UNITED STATES OF AMERICA v.
NORTHERN COLORADO WATER
CONSERVANCY DISTRICT, et al.

IN THE MATTER OF THE ADJUDICATION
OF PRIORITIES OF WATER RIGHTS IN
WATER DISTRICT NO. 36
FOR PURPOSES OF IRRIGATION

PETITIONERS:
THE COLORADO RIVER WATER CONSERVATION DISTRICT
THE GRAND VALLEY WATER USERS ASSOCIATION
ORCHARD MESA IRRIGATION DISTRICT
PALISADE IRRIGATION DISTRICT
GRAND VALLEY IRRIGATION COMPANY, AND
MIDDLE PARK WATER CONSERVANCY DISTRICT

IN THE MATTER OF THE ADJUDICATION
OF PRIORITIES OF WATER RIGHTS IN
WATER DISTRICT NO. 36
FOR PURPOSES OTHER THAN IRRIGATION

PETITIONERS:
THE COLORADO RIVER WATER CONSERVATION DISTRICT
THE GRAND VALLEY WATER USERS ASSOCIATION
ORCHARD MESA IRRIGATION DISTRICT
PALISADE IRRIGATION DISTRICT
GRAND VALLEY IRRIGATION COMPANY, AND
MIDDLE PARK WATER CONSERVANCY DISTRICT

_____

**ORDER OF DISMISSAL WITHOUT PREJUDICE**
_____

All parties in this action have filed a stipulation and unopposed motion to dismiss without prejudice pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, each party to bear its own costs and attorneys' fees, the "Petition to Enforce the Provisions of the Blue River Decree" filed on August 7, 2003 (with a renumbered Petition filed on October 6, 2003) (collectively, the "Petition"), and the "Petition in Intervention for Declaratory and Injunctive Relief" filed by the State of Colorado under authority of the Court's August 5, 2004 Order and Memorandum of Decision (the "Intervention Petition"), and the civil action generated by the August 7, 2003 Petition (the "2003 Petition Action").  In support of this motion, the Parties have stated that the 2003 Petition Action has been settled on the terms contained in a document entitled  "Agreement on Operating Procedures for Green Mountain Reservoir Concerning Operating Limitations and in Resolution of the Petition Filed August 7, 2003 in Case No. 49-CV-2782," and its appended  Exhibits (the "Settlement Agreement"), all of which were attached to their stipulation and unopposed joint motion.

The Settlement Agreement has been submitted to the Court, but the parties have not asked the Court to approve the Settlement Agreement, or to include it in an order of the Court. Therefore, the Court makes no finding as to whether the Settlement Agreement is consistent with the Findings of Fact and Conclusions of Law, the Final Judgment, and the Final Decree entered on October 12, 1955 in Consolidated Civil Action Nos. 2782, 5016, and 5017 in the U.S. District Court for the District of Colorado, as subsequently amended (the "Blue River Decree"), or any

supplemental orders, judgments, or decrees entered in Civil Action Nos. 2782, 5016, and 5017 (the "Consolidated Cases") to date pursuant to the continuing jurisdiction of the U.S. District Court for the District of Colorado in the Consolidated Cases. The parties have stipulated that nothing in the Settlement Agreement shall be construed to interpret, alter, or modify any provision or term of the Blue River Decree or of any supplemental orders, judgments or decrees entered in the Consolidated Cases to date.

The parties have stipulated that no claim was asserted against the City and County of Denver, the City of Englewood, or the City of Colorado Springs, which have participated in the 2003 Petition Action only because they are parties to the Consolidated Cases, and that nothing in the Settlement Agreement shall be construed to interpret, alter, modify, or adversely affect the rights or obligations of the City and County of Denver, the City of Englewood, or the City of Colorado Springs under the Blue River Decree or under any supplemental orders, judgments or decrees entered in the Consolidated Cases to date, or under any existing substitution agreements or arrangements, or under any existing or pending decrees regarding Green Mountain Reservoir substitution operations.

THE COURT ORDERS:

1. Nothing in this Order shall be construed to interpret, alter or modify any provision or term of the Blue River Decree or of any supplemental orders, judgments, or decrees entered in these Consolidated Cases to date.

2. The Petition, Intervention Petition, and 2003 Petition Action are dismissed without prejudice, each party to bear its own costs and attorneys' fees.

3.	This order does not dismiss any other part of the Consolidated Cases, which remain pending before this Court.

Dated: December 13, 2005

BY THE COURT:

<u>s/ Edward W. Nottingham</u>
EDWARD W. NOTTINGHAM
United States District Judge