IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 49-cv-02782-EWN-CBS

Consolidated Civil Case Nos. 2782, 5016 and 5017
and

| | |
|---|---|
| **District Court, Water Division 5, Colorado**<br>Garfield Combined Courts<br>109 8th Street, Suite 104<br>Glenwood Springs, CO  (970) 947-3862 | **FILED**<br>IN COMBINED COURT<br>GARFIELD COUNTY, CO<br>FEB 2 2 2007 |
| CONCERNING THE APPLICATION FOR WATER RIGHTS OF THE CITY AND COUNTY OF DENVER, ACTING BY AND THROUGH ITS BOARD OF WATER COMMISSIONERS,<br><br>IN SUMMIT COUNTY | ▲ COURT USE ONLY ▲ |
| Cazier, McGowan & Walker<br>c/o Stanley W. Cazier, # 4648<br>John D. Walker, # 31286<br>PO Box 500<br>Granby, CO  80446<br>Phone: (970) 887-3376<br>Fax: (970) 887-9430<br>E-Mail: cazier_mcgowan@hotmail.com | Case No.: 06CW255 |
| **STATEMENT OF OPPOSITION** ||

1. Name, address, telephone number of Objector:

   Middle Park Water Conservancy District
   c/o Stanley W. Cazier
   John D. Walker
   Post Office Box 500
   Granby, CO  80446
   Telephone:  970-887-3376

2. Name of ditch or other structure:  Blue River Diversion Project.

3. State facts why application for water rights should not be granted or why it should be granted only in part or on certain conditions:

   A. Objector is the owner of water rights in the Colorado River System.

B. The water rights which are the subject of the proposed application may have been abandoned in whole or in part.

C. Applicant has failed to set forth sufficient facts in order to justify finding of due diligence or an absolute decree with respect to the Blue River Diversion Project.

D. Applicant has failed to comply with the Findings of Fact, Conclusions of Law, Decree and Order in the Consolidated Cases, Civil Action Nos. 2782, 5016 and 5017, in that it is required to reuse the waters of the Blue River as further set forth in said decrees, as well as failed to comply with the restrictions that the water be applied within the Denver metropolitan area only for municipal use, and be stored only in specifically named reservoirs.

E. Applicant has entered into decrees and agreements in violation of the aforementioned Blue River decrees, and as such, should not be entitled to a finding of diligence or absolute right with respect to its water application.

F. The applicant has not performed the requisite work necessary in which to entitle it to a finding of reasonable diligence.

G. Much of the work listed in the application is irrelevant to a finding of diligence in this case.

H. Applicant must be held to strict proof of the elements of the application.

I. Adequate terms and conditions on the administration of the water rights claimed in this case must be included in any decree so as to prevent injury to the vested water rights of others.

J. Applicant must prove that it has used the water for which it claims an absolute right solely for "municipal" purposes within the Denver Metropolitan Area.

K. Applicant must prove that it has used the water for which it claims an absolute right through the Denver Municipal Water System.

L. Applicant must prove that it has not utilized its non-Blue River Diversion Project water rights for purposes other than "municipal" or in areas outside of the Denver Metropolitan Area without reducing its Blue River diversions pro tanto.

M. Applicant's use of any of its water rights for non-municipal purposes or in areas outside of the Denver Metropolitan Area without a pro tanto reduction of diversions from the Blue River precludes an absolute decree for the amount which has been so used.

N. Upon information and belief, Applicant may be using its Blue River water rights

2

for uses outside the corporate limits of the City and County of Denver which are not supplied through the Denver Municipal Water System. Any such use without a pro tanto reduction of Applicant's diversions from the Blue River precludes an absolute decree for the amount which has been so used.

O. Applicant must prove that it has a legitimate, non-speculative need for the claimed water right and that the need is being satisfied in accordance with the terms of the Blue River Decree.

P. Applicant must prove that it has a need for and a continuing intent to use decreed water for decreed purposes through the Denver Municipal Water System and within the Denver Metropolitan Area in accordance with C.R.S. §37-92-103(3)(a).

Q. Terms and conditions must be imposed as necessary to prevent any enlargement of the claimed water right to be made absolute.

R. Applicant must prove that the diligence actions identified in its Application contribute to putting its conditional right to decreed beneficial uses through the Denver Municipal Water System and within the Denver Metropolitan Area.

S. Applicant must prove that the claimed water right is part of an "integrated system" as alleged in the application.

T. From applicant's application, it is impossible to determine whether or not it has been diligent with respect to development of these water rights; and objector, accordingly, reserves the right to raise additional objections at such time as it is able to learn more about the work performed by applicant.

U. This Statement of Opposition is continuing in nature and shall apply to any amendments to the Application deemed necessary by the Applicant or the Court without the necessity of filing any additional statements of opposition.

3. This Statement of Opposition is filed concurrently in the Colorado Water Court for Water Division No. 5 and the Federal District Court for the District of Colorado under that court's continuing jurisdiction in Consolidated Civil Case Nos. 2782, 5016 and 5017.

RESPECTFULLY SUBMITTED this 21st day of February, 2007

CAZIER, MCGOWN & WALKER

By: _____
Stanley W. Cazier

3

PO Box 500
Granby, CO 80446
Telephone: 970-887-3376

STATE OF COLORADO } 
                                     } ss.
COUNTY OF GRAND }

_Stanley W Corwin_ being first duly sworn upon oath, deposes and says that he is a representative of Objector herein, and has read the foregoing Statement of Opposition, know the contents thereof, and that the same are true.

         Subscribed and sworn to before me this _20th_ day of _February_, 2007.

Witness my hand and official seal.

My commission expires:

_Claudia Sale_
Notary Public

(SEAL) — CLAUDIA SALE, NOTARY PUBLIC, STATE OF COLORADO

4

Statement of Opposition
Blue River Diversion Project

CERTIFICATE OF MAILING

I certify that on ___February 20___, 2007, I served a cop of the foregoing STATEMENT OF OPPOSITION to the following by:

☑ U.S. Mail, postage prepaid
☐ Electronic Mail
☐ Fax

Mr. Casey S. Funk
Board of Water Commissioners
1600 West 12th Avenue
Denver, Colorado  80254

*Claudia Dale*