IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No. 49-cv-02782-EWN-CBS**

(Consolidated Cases: Civil Action Nos. 2782, 5016, and 5017)

UNITED STATES OF AMERICA v.
NORTHERN COLORADO WATER
CONSERVANCY DISTRICT, et al.

IN THE MATTER OF THE ADJUDICATION
OF PRIORITIES OF WATER RIGHTS IN
WATER DISTRICT NO. 36
FOR PURPOSES OF IRRIGATION

PETITIONERS:
THE COLORADO RIVER WATER CONSERVATION DISTRICT
THE GRAND VALLEY WATER USERS ASSOCIATION
ORCHARD MESA IRRIGATION DISTRICT
PALISADE IRRIGATION DISTRICT
GRAND VALLEY IRRIGATION COMPANY, AND
MIDDLE PARK WATER CONSERVANCY DISTRICT

IN THE MATTER OF THE ADJUDICATION
OF PRIORITIES OF WATER RIGHTS IN
WATER DISTRICT NO. 36
FOR PURPOSES OTHER THAN IRRIGATION

PETITIONERS:
THE COLORADO RIVER WATER CONSERVATION DISTRICT
THE GRAND VALLEY WATER USERS ASSOCIATION
ORCHARD MESA IRRIGATION DISTRICT
PALISADE IRRIGATION DISTRICT
GRAND VALLEY IRRIGATION COMPANY, AND
MIDDLE PARK WATER CONSERVANCY DISTRICT

---

**NORTHERN COLORADO WATER CONSERVANCY DISTRICT'S
OPPOSITION TO MOTION TO INTERVENE
BY CLIMAX MOLYBDENUM COMPANY**

---

Northern Colorado Water Conservancy District ("Northern") is an original party to these consolidated cases.   Northern opposes the motion to intervene by Climax Molybdenum Company ("Climax") on the grounds that Climax does not meet the criteria for intervention of right under Rule 24(a) of the Federal Rules of Civil Procedure and that the court should not exercise its discretion to permit Climax to intervene under Rule 24(b) at this time.

Three undisputed facts provide the background support for Northern's opposition.  First, no dispute among the existing parties is currently pending before the court for resolution that relates to or affects Climax's water rights or their relative priority with Colorado-Big Thompson Project water rights (including the Green Mountain Hydroelectric Right).  Second, Climax has not alleged that any of the existing parties has performed or proposed any act that threatens Climax's water rights or their relative priorities.  Instead, Climax has alleged that acts or proposed acts of the Colorado State Engineer threaten its water rights.  Third, the Colorado State Engineer (*i.e.* the State of Colorado ) is not a party in these consolidated cases.  The Colorado Division of Water Resources (*i.e.* the State of Colorado) did file a motion to intervene in these cases on October 1, 2003 in connection with the then pending petition filed by the Colorado River Water Conservation District concerning the United States' operation of Green Mountain Reservoir.  The court permitted the State of Colorado to intervene, but only under specific and limited conditions as follows:

> As discussed herein, I permit the State to intervene.  However, "[s]ince the court has discretion to refuse intervention altogether, it also may specify the conditions on which it will allow the applicant to become a party." 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1913 (2nd ed. 1986). Accordingly, I limit the State's intervention to its current claims.  If the State wishes to

add additional claims, it must so move and I will address this issue not only under
Federal Rule of Civil Procedure 15, but also under Rule 24.

As a corollary to this issue, while I grant the State's motion to intervene, I limit
the scope of this intervention in another respect. The State is not a party to the Blue
River Decree, and my granting of the State's motion to intervene does not mean that the
State may always intervene in future disputes in these consolidated cases. Here, under
the current petition, it is appropriate for the State to intervene. However, there may be
unseen disputes in the future in these consolidated cases where intervention by the State
would not be warranted. Accordingly, the State may intervene regarding the present
petition, but this intervention does not give the state an automatic right to intervene in
future disputes in these consolidated cases.

[August 5, 2004 Order and Memorandum of Decision, p. 53-54]   These conditions are not

sufficient for the State of Colorado to be considered a party in these consolidated cases.

1.  CLIMAX DOES NOT MEET THE CRITERIA FOR INTERVENTION OF RIGHT

As described in Climax's motion to intervene, Civil Action Nos 5016 and 5017 originated

in the Colorado state court system as Civil Action Nos. 1805 and 1806 in the Summit County

District Court.  These were supplemental adjudications for irrigation and non-irrigation water

rights for Water District 36 that were removed to this court in 1955.  Civil Action No. 2782 is a

quiet title action filed in 1949 by the United States to establish its water rights for the Colorado-

Big Thompson Project, including rights to water in the Blue River.

On October 12, 1955, pursuant to an October 5, 1955 Stipulation among all the parties at

that time, the court entered two sets of documents.  In Civil Action Nos. 5016 and 5017, the

court entered Findings of Fact and Conclusions of Law, and a "Final Judgment."  In Civil Action

Nos. 5016, 5017, and 2782, the court entered Findings of Fact and Conclusions of Law, and a

"Final Decree."  The following language appears respectively at the end of the Final Judgment

(p. 13) and Final Decree (p. 17):

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this Court
> retains continuing jurisdiction for the purpose of effectuating the objectives of this
> Judgment.

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this Court
> retains continuing jurisdiction for the purpose of effectuating the objectives of this Final
> Decree.

Historically, the continuing jurisdiction of this court has been invoked when one of the

parties asserts that another party is violating a judgment of the court (including judgments later

than the Final Judgment and Final Decree) or when a party with a conditional water right

submits evidence of reasonable diligence or a request to make the right permanent.  Examples of

alleged violations of a decree are the 1977 motion by the United States to require Denver to

release water to Green Mountain Reservoir (*see United States v. Northern Colorado Water

Conservancy District*, 608 F.2d 422 (10th Cir. 1979)) and the 2003 petition by the Colorado

River Water Conservation District concerning the United States' operation of Green Mountain

Reservoir.  With respect to the 2003 petition, the court treated the petition like a complaint in a

new action, and the parties eventually filed answers to the petition.

Rule 24(a) of the Federal Rules of Civil Procedure states:

> **(a) Intervention of Right.**  Upon timely application anyone shall be permitted to
> intervene in an action: (1) when a statute of the United States confers an unconditional
> right to intervene; or (2) when the applicant claims an interest relating to the property or
> transaction which is the subject of the action and the applicant is so situated that the
> disposition of the action may as a practical matter impair or impede the applicant's ability
> to protect that interest, unless the applicant's interest is adequately represented by
> existing parties.

Climax does not assert that a statute of the United States confers an unconditional right to intervene, so Climax must meet the criteria in (2) to establish intervention of right.

Rule 24(a) was written with reference to an ordinary lawsuit that has a beginning and an end (judgment), with intervention occurring before that end.  That is, the language "the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest" makes sense only if some disposition is pending before the court.  In these consolidated cases, no such disposition is pending before the court.  The Final Judgment upon which Climax bases its claim has already been entered and no existing party has filed any motion or petition asserting any claim to be resolved by the court regarding that Judgment.  Furthermore, Climax has not alleged that any existing party has done or proposed to do anything contrary to the judgments of the court or that might affect Climax's water rights .  Accordingly, Climax cannot meet the criterion that "the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest".

The Ninth Circuit affirmed an order denying both intervention of right and permissive intervention under analogous circumstances in *United States v. Alpine Land and Reservoir Co.*, 431 F.2d 763 (9th Cir. 1970), *cert. denied* 401 U.S. 909.  *Alpine* was a quiet title action filed by the United States in 1925 to establish its water rights in the Carson River and its tributaries in western Nevada.  As of 1968, the water rights on the Carson River were being administered under a "Temporary Decree", as a final decree still had not been entered.  In 1968, the Pyramid Lake Pauite Tribe sought to intervene to obtain adjudication of the relative rights of all parties in and to the waters of the Carson River and its tributaries.  Although the Pauite Tribe owned water

rights only in the Truckee River and its Pyramid Lake source, the Truckee River was connected

by canal to a reservoir on the Carson River.  The Tribe argued that the United States could

attempt to move water into the reservoir from the Truckee River.  The Ninth Circuit gave no

weight to this argument, holding that the Tribe had no interest in the Carson River, the sole

subject of the lawsuit, and affirming the district court's order denying intervention of right under

Rule 24(a) and permissive intervention under Rule 24(b).   431 F.2d at 765, 769.  Similarly, here

the possibilities that the United States might assert its Green Mountain direct flow hydroelectric

power right and Denver might assert its Dillon Reservoir right in such a way as to diminish

Climax's water rights are not enough to constitute an existing party's act creating an action for

disposition by the court in these consolidated cases.


2.  THE COURT SHOULD EXERCISE ITS DISCRETION TO DENY PERMISSIVE
     INTERVENTION BY CLIMAX AT THIS TIME

Rule 24(b) gives the court sound judicial discretion to permit a party to intervene in a

lawsuit when the criteria of Rule 24(b) exist.  Rule 24(b) states:

> **(b) Permissive Intervention**.  Upon timely application anyone may be permitted
> to intervene in an action: (1) when a statute of the United States confers a conditional
> right to intervene; or (2) when an applicant's claim or defense and the main action have a
> question of law or fact in common.  When a party to an action relies for ground of claim
> or defense upon any statute or executive order administered by a federal or state
> governmental officer or agency or upon any regulation, order, requirement, or agreement
> issued or made pursuant to the statute or executive order, the officer or agency upon
> timely application may be permitted to intervene in the action.  In exercising its
> discretion the court shall consider whether the intervention will unduly delay or prejudice
> the adjudication of the rights of the original parties.

Climax does not assert that a statute of the United States confers a conditional right to intervene,

so Climax must meet the criteria in (2) to establish permissive intervention.

Although no issues are underway for the court to determine in these consolidated cases in the absence of Climax's proposed petition, and so arguably there are no existing questions of law or fact in common with the allegations in Climax's proposed petition, the Tenth Circuit has held that Rule 24(b) gives a district court discretion to permit intervention by a non-party for limited purposes even after the lawsuit has been dismissed pursuant to settlement among the parties. *United Nuclear Corp. v. Cranford Insurance Co.*, 905 F.2d 1424, 1426-1427 (10th Cir. 1990), *cert. denied*, 498 U.S. 1073. Here, Climax's proposed petition seeks an interpretation of the Final Judgment, as well as rulings on the relationship of water rights granted in the Final Judgment to Climax's water rights established under Colorado state court procedures. Under *United Nuclear*, the court probably has discretion to grant Climax's motion to intervene. However, what creates the alleged case or controversy requiring the court's interpretation of the Final Judgment are actions or proposed actions of the non-party Colorado State Engineer, not the actions or proposed actions of an existing party in these consolidated cases. Although Climax's proposed petition is stated in terms of a declaratory judgment action, Climax's motion to intervene shows that what Climax really seeks is in effect a mandamus order against the Colorado State Engineer to apply Climax's interpretation of the Final Judgment.

If the court decides that common questions of law or fact exist between the stagnant consolidated cases and the allegations in Climax's proposed petition, under Rule 24(b) the court may look to several factors to determine whether intervention is appropriate.

First, as the court stated in its August 5, 2004 Order and Memorandum of Decision in

these consolidated cases, "according to the plain language of the rule, 'the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties'" (at p. 52).

Based on allegations in Climax's proposed petition (pars. 46-50), the State Engineer (State of Colorado) should be joined as a party to Climax's intervening action under Rule 19(a) of the Federal Rules of Civil Procedure. That is, in the absence of the State, "complete relief cannot be accorded among those already parties" (including Climax if its intervention is permitted). Rule 19(a) Also, in the absence of the State of Colorado, "persons already parties" like the United States and Denver would be "subject to a substantial risk of incurring double, multiple, *or otherwise inconsistent obligations* by reason of the claimed interest" [*italics* added] (*e.g.*, inconsistent obligations resulting from the State Engineer's decision to administer Blue River drainage water rights priorities differently than decreed by this court). Rule 19(a). The State of Colorado can be made a party in these consolidated cases, so it is not an indispensible party without which Climax's petition, if filed, would have to be dismissed under Rule 19(b). However, if the State becomes a full party in these consolidated cases, then it may participate in all future disputes in these consolidated cases. This participation would complicate and therefore will prejudice future adjudications of the rights of the original parties.

If Climax's intervention is permitted, whether the State of Colorado would end up as a full party in these consolidated cases when it is joined as a party may depend upon how the State comes into these cases. For example, if the State files a motion to intervene regarding Climax's petition, then the court could use its discretion under Rule 24(b) to limit the State's participation

to that petition and in other ways (such as the court did in its August 5, 2004 Order and

Memorandum of Decision).  On the other hand, if one of the existing parties is forced to move

that the State be made a party under Rule 19(a), the court's discretion to limit the State's

participation may be more constrained because of the compulsory nature of Rule 19(a).  *See*

*Armour and Co. v. Scott*, 438 F.2d 354, 356-357 (3rd Cir. 1971)  At the very least, the need to

have the State present for any decision on the merits of Climax's petition creates procedural

complexity and uncertainty that will be avoided if Climax's intervention is not permitted at this

time.

Second, the availability of an adequate remedy in another action counsels against

permissive intervention for Climax.  6 James Wm. Moore, et al., *Moore's Federal Practice*, §

24.10[2][d] (3rd ed. 1999); 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane,

*Federal Practice & Procedure*, § 1913 (2nd ed. 1986).

Climax can file a separate action in the water court for Water Division 5, State of

Colorado.  The relief Climax seeks in its proposed petition implicates interpretation of both the

Final Judgment of this court and state court water decrees, as well as their interrelationship, so

the water court is an appropriate forum in which Climax may seek relief.  *See* C.R.S. 37-92-203,

301, and 304.  In that forum, the State Engineer clearly could be present as a party without

procedural complexity.  A judgment of the water court would bind the State Engineer.  The relief

that the water court grants might be done in a way that no party, including Climax and the State

Engineer, would want to come to this court to seek another interpretation of the Final Judgment

in these consolidated cases.

Climax can also file a separate action in this court in which the State Engineer is made a party along with the existing parties in these consolidated cases.  Under sound judicial discretion, the court may decide not to consolidate that action with these consolidated cases under Rule 42(a) in order to avoid the long-term problem inherent with the State of Colorado (or Climax) being a full party in these consolidated cases as described above.  In addition, if Climax were to file a separate action in this court and another party were to file an action with the water court for Division 5 on the same issues, the court may decide under principles of comity to exercise its discretion to delay the separate action pending resolution by the state water court. *See*    James Wm. Moore, et al., *Moore's Federal Practice*, § 57.42[4] (3rd ed. 1999)

3.  CONCLUSION

Climax's motion to intervene and proposed petition fail to include the State of Colorado as a party even though the acts or proposed acts of the Colorado State Engineer are what create the alleged case or controversy regarding Climax's claims.  Thus, Climax's motion to intervene should be denied at this time.

Dated on April 27, 2007.

s/ Robert V. Trout_____
Robert V. Trout
Peggy E. Montaño
TROUT, RALEY, MONTAÑO,
        WITWER & FREEMAN, P.C.
1120 Lincoln Street, Suite 1600
Denver, CO 80203
Telephone: (303) 861-1963
Fax: (303) 832-4465
E-mail: rtrout@troutlaw.com

s/ Donald E. Phillipson
Donald E. Phillipson
14325 Braun Road
Golden, CO 80401
Telephone: (303) 279-1577
Fax: (303) 279-8845
E-mail: dbls99@comcast.net


ATTORNEYS FOR
NORTHERN COLORADO WATER
CONSERVANCY DISTRICT

CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of April, 2007, I electronically filed the foregoing *Northern Colorado Water Conservancy District's Opposition to Motion to Intervene by Climax Molybdenum Company* with the Clerk of the U.S. District Court using the CM/ECF system which will send notification of such filing to the following email addresses:

| | |
|---|---|
| Casey S. Funk<br>casey.funk@denverwater.org | Kathleen M. Morgan<br>kathleen@moriarty.com |
| Austin C. Hamre<br>ahamre@dodpc.com | James R. Montgomery<br>jmontgomery@mwhw.com |
| Chad M. Wallace<br>chad.wallace@state.co.us | Frederick G. Aldrich<br>faldrich@aldrich-law.com |
| Douglas L. Abbott<br>dabbott@hollandhart.com | Mark A. Hermundstad<br>mherm@wth-law.com |
| Anne J. Castle<br>acastle@hollandhart.com | Stanley W. Cazier<br>cazier_mcgowan@hotmail.com |
| Peter C. Fleming<br>pfleming@crwcd.org | Donald E. Phillipson<br>dbls99@comcast.net |
| William A. Paddock<br>bpaddock@chp-law.com | Robert V. Trout<br>rtrout@troutlaw.com |
| James J. Dubois<br>james.dubois@usdog.gov | Nathan A. Keever<br>keever@dwmk.com |
| David J. Hill<br>dgh@bhgrlaw.com | Michael C. Santo<br>santo@bechtelsanto.com |
| Brian M. Nazarenus<br>bnazarenus@rcalaw.com | |

s/ Donald E. Phillipson_____

Donald E. Phillipson
14325 Braun Road
Golden, CO 80401
Telephone: (303) 279-1577
Fax: (303) 279-8845
E-mail: dbls99@comcast.net


ATTORNEY FOR
NORTHERN COLORADO WATER
CONSERVANCY DISTRICT