**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE EDWARD W. NOTTINGHAM**

| | |
|---|---|
| UNITED STATES OF AMERICA v. NORTHERN COLORADO WATER CONSERVANCY DISTRICT, et al., | Civil Action No. 2782 (CBS) and Consolidated Cases: |
| In the Matter of the Adjudication of Priorities of Water Rights in Water District No. 36 for the Purpose of Irrigation | Civil Action No. 5016 |
| Petitioners: COLORADO RIVER WATER CONSERVATION DISTRICT, GRAND VALLEY WATER USERS ASSOCIATION, ORCHARD MESA IRRIGATION DISTRICT, GRAND VALLEY IRRIGATION COMPANY AND MIDDLE PARK WATER CONSERVANCY DISTRICT | |
| In the Matter of the Adjudication of Priorities of Water Rights in Water District No. 36 for the Purposes Other than Irrigation | Civil Action No. 5017 |
| Petitioners: COLORADO RIVER WATER CONSERVATION DISTRICT, GRAND VALLEY WATER USERS ASSOCIATION, ORCHARD MESA IRRIGATION DISTRICT, GRAND VALLEY IRRIGATION COMPANY AND MIDDLE PARK WATER CONSERVANCY DISTRICT | Reference No. 49-N-2782 (CBS) |

**RESPONSE OF THE CITY AND COUNTY OF DENVER, ACTING BY AND THROUGH ITS BOARD OF WATER COMMISSIONERS, AND THE CITY OF COLORADO SPRINGS TO MOTION TO INTERVENE**

The City and County of Denver, acting by and through its Board of Water Commissioners ("Denver Water") and the City of Colorado Springs ( "Colorado Springs"), submit their response in opposition to the April 5, 2007, Motion to Intervene of Climax

Molybdenum Company ("Climax") in the above matters (the "Consolidated Cases"). In support of their response, Denver Water and Colorado Springs state as follows:

## ARGUMENT

1. <u>Climax is not entitled to Intervention as of Right under F.R.C.P. 24(a)(2)</u>

Climax first moves to intervene in these Consolidated Cases as a matter of right pursuant to Federal Rule of Civil Procedure 24(a)(2). That Rule provides as follows:

> Upon timely application anyone shall be permitted to intervene in an action: ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Intervention as of right is a "highly fact-specific determination" that "is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *Coalition of Arizona/New Mexico Counties for Stable Economic Growth v. Dept. of Interior*, 100 F.3d 837, 840 (10th Cir. 1996). The party seeking to intervene as of right must show an "interest in the proceedings [that is] direct, substantial, and legally protectable. The mere existence of a third person's contingent interest in the outcome of pending litigation is insufficient to warrant intervention of right." *In re Kaiser Steel Corp*. 998 F.2d 783, 791 (10th Cir. 1993). (internal citations and quotations omitted).

Upon the successful showing of a direct, substantial, and legally protected interest in the proceedings "an applicant may intervene as of right if: (1) the application is timely; (2) the applicant claims an interest relating to the property or transaction which is the subject of the action; (3) the applicant's interest may as a practical matter be impaired or impeded; and (4) the

applicant's interest is not adequately represented by existing parties." *Coalition*, 100 F.3d at 840 (internal citations and quotations omitted).

      **a.**      **Climax's interest in the proceedings is contingent at best and not sufficient to merit intervention as of right.**

Climax bases its argument for intervention on alleged statements made by the Colorado State Engineer ("State Engineer") to the effect that "the State Engineer's Office would administer the Green Mountain Hydroelectric Right as senior to Climax's CA 1710 Water Rights." Motion to Intervene, para. 13, at 8. The State Engineer has also allegedly stated that "the State Engineer's office would administer the Blue River Diversion Project's 1946 Water Rights as senior to Climax's CA 1710 Water Rights (with 1935 and 1936 priority dates) by virtue of the Power Interference Agreement." *Id*. Hence, Climax claims the State Engineer has allegedly determined to administer certain water rights decreed in the Consolidated Cases as senior to Climax's water rights decreed in CA 1710. Climax claims that its CA 1710 water rights should be administered as senior to the Green Mountain Hydroelectric right and to Denver's Blue River Diversion Project's 1946 Water Rights, and claims that the State Engineer's statements cause uncertainty regarding Climax's operation and the administration of water rights in the Blue River and its tributaries. Climax's concerns with the State Engineer's statements, however, do not entitle it to intervention in the Consolidated Cases as a matter of right.

Climax attempts to establish a "direct, substantial, and legally protectable" interest in the subject matter of the Consolidated Cases based on its CA 1710 Water Rights. Climax's water rights decreed in CA 1710 are in the Blue River and its tributaries, as are the Green Mountain

3

Hydroelectric Right and Denver's Blue River Diversion Project water rights. Climax's Blue River water rights as decreed in CA 1710 are not at issue in the Consolidated Cases, however. In fact, this Court has previously announced its inability to take any action "**affecting** the vested property rights of American Metal Climax, Inc. [Climax's predecessor-in-interest], which it has obtained in Civil Action No. 1710 …" Order Denying Motion to Intervene of June 21, 1963 ("1963 Order" para. 11, at 4) (emphasis added). Therefore, Climax does not have a direct interest in the subject matter of the Consolidated Cases.

> **b.    Climax's interests will not be impaired or impeded by the current proceedings.**

Climax speculates that its "absence from the Consolidated Cases will impede its ability to protect its CA 1710 Water Rights …" Motion, para. 19b, at 10. The alleged impairment arises solely from statements made by the State Engineer about potential future administration practices for Blue River water rights. Climax's dispute is with the State Engineer, the subject matter of the dispute is not at issue in the present action, and it does not involve any of the existing parties. Hence, there is little risk of a decision in this Court limiting Climax's ability to protect its interests. Further, Climax has not identified any threats to its interests presented by the current proceedings. Climax has not referred the Court to any pending motion or action of the Court that, if taken, will affect Climax's interest in its water rights. Even if a motion or action before this Court were potentially pending, as Climax points out in its Motion, this Court has already stated that "[Climax] is not and will not be bound by the judgment of this Court in these actions entered October 12, 1955, or by any future judgment, order or decree of this Court

in these consolidated cases." 1963 Order, para. 12 at 5.  Hence, there is no basis for Climax to argue that absent intervention its ability to defend its interests will be impaired or impeded.

        **c.**        **Inadequate representation does not justify intervention.**

In its 1963 Order denying Climax's Motion to Intervene, this Court explained why inadequate representation does not require intervention as of right by Climax.  Specifically, this Court cited its lack of "jurisdiction over matters pending in Civil Action No. 1710" (1963 Order, para. 9 at 3); that its jurisdiction "over matters pending in Civil Action No. 5017. . . does not deprive the Summit County District Court of the jurisdiction it has in Civil Action No. 1720" (*id*., para. 11 at 4); and, as noted above, that Climax "is not and will not be bound by the judgment of this Court in these actions entered October 12, 1955, or by any future judgment, order or decree of this Court in these consolidated cases." *Id*., para. 12 at 4.  Thus, based on this Court's reasoning, resolution of the issues in the Consolidated Cases did not require adequate representation by Climax, because the resolution would not affect Climax's water rights.  That reasoning still holds true.  It is further reinforced in the present situation as the "dispute" for which Climax seeks resolution is not at issue in the Consolidated Cases, nor is the State Engineer, the adverse entity to the dispute, a party to the Consolidated Cases. Climax's desire to intervene, so that it can bring a new claim against another non-party, based on the argument that its interests are not adequately represented, is not sufficient justification to add two new parties to the Consolidated Cases.  Hence, it is not sufficient to warrant intervention as of right.

        **d.**        **Climax's cause of action is not ripe.**

Climax asserts that intervention at this point is justified because the State Engineer's stated "intent to administratively subordinate Climax's CA 1710 Water Rights" now presents Climax with the opportunity "to remedy a wrong not at issue in the previous Motion to Intervene." (Motion, para. 19d at.12). Climax's reliance on the State Engineer's statements about actions he may possibly take at an undefined time in the future, without a claim of present or ongoing injury, as its basis for intervention lacks ripeness.  No action has been taken for this Court to correct or rectify.  In fact, the "actions" of the State Engineer that Climax fears have not taken place; Climax projects what may come to pass based upon its interpretation of verbal statements allegedly made by the State Engineer. (Motion, para. 19b at11).

  e.  **Climax's Motion is not timely.**

Although Climax concedes it knew during the late 1990s that the Colorado State Engineer's tabulation of water rights for Water Division 5 listed Climax's CA 1710 Water Rights as subordinate to the Green Mountain Hydroelectric Right, Climax defends its failure to act until now on the grounds that it plans to restart operations in 2009.  Climax asserts that it only learned in "February 2005 of the Colorado State Engineer's decision to administer the Green Mountain Hydroelectric Right and the Blue River Diversion Project as senior to Climax's CA 1710 Water Rights." (Motion, para 19e at13).  Climax's argument here is similar to the argument it used to address the timeliness of its 1992 Motion to Intervene. (Exhibit A, attached hereto)[1]  In his November 2, 1992 affidavit in support of Climax's Motion to Intervene in the Consolidated Cases, Gary Thompson, Climax's engineering consultant, averred that "Climax has

---

[1] Climax withdrew its Motion to Intervene as of Right shortly thereafter.

less incentive than most water rights owners to regularly review the Division 5 resume." (Exhibit B, attached hereto, para.7)  Likewise, Climax's Vice President, Richard Austermann, in his affidavit of July 23, 1992 conceded that "Climax Molybdenum did not effectively monitor the Water Division No. 5 resume."  (Exhibit C, attached hereto, para. 5)  As with the 1992 Motion, in responding to potential problems regarding the administration of its water rights addressed in its Motion to Intervene, Climax did not timely address its concerns when it first received notice of the State Engineer's tabulation of water rights priorities.  Climax cannot rely on its change in plans (e.g. reopening the mine) to attempt to establish timeliness in contesting the State Engineer's tabulation.

2. **Permissive Intervention.**

Fed. R. Civ. Pro. 24(b)(2) provides as follows:

> Upon timely application anyone may be permitted to intervene in an action: ... (2) when an applicant's claim or defense and the main action have a question of law or fact in common.  When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement, or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action.  In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

The decision to grant or deny a motion for permissive intervention is within the discretion of the U.S. District Court.  *City of Stilwell, Okla. v. Ozarks Rural Elec. Co-op. Corp.*, 79 F.3d 1038, 1043 (10th Cir. 1996).  The Court may look at several factors to determine whether permissive intervention is appropriate: whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties; whether the petitioner's input adds value to the

existing litigation; whether the petitioner's interests are adequately represented by existing parties; and the availability of an adequate remedy in another action.  *See* Order and Memorandum of Decision, Consolidated Cases No. 2782, 5016, and 5017, United States District Court for the District of Colorado, August 5, 2004.

As noted above, Climax's petition is based on statements made by the State Engineer with regard to the administration of water rights.  The State Engineer is not a party to the Consolidated Cases, except as expressly allowed and limited by the Court in its August 5, 2004, Order and Memorandum of Decision, granting the State Engineer permissive intervention to address specific claims, and requiring the State Engineer to reapply for intervention in future disputes.  *See id.*, at 53-54.  Climax's Petition calls into question the potential future actions of the State Engineer, and, it would seem, would require the State Engineer to intervene into the Consolidated Cases in order to address Climax's concerns.  The addition of these two parties to an already crowded case would necessarily delay the adjudication of the rights of the original parties.

Further, although Climax claims that the facts relevant to its permissive intervention and declaratory relief requests are inextricable from the facts at issue in the cases before the U.S. District Court (Motion, para. 20, at 14), a review of the facts giving rise to the motion demonstrates that they are separate from those currently at issue in the Consolidated Cases.  The facts giving rise to Climax's motion are the State Engineer's alleged determination to administer certain water rights of Climax as junior to the Green Mountain Hydroelectric right and the Power Interference Agreement.  The State's administration of the Consolidated Decrees in relation to

other decrees affecting water rights in the Blue River and its tributaries is not currently before the U.S. District Court. Insertion of these claims and their adjudication in this Court at this time is unwarranted.

Moreover, as discussed more thoroughly above, Climax's claims do not appear ripe for adjudication. The State Engineer does not appear to have acted upon its alleged statements that it would subordinate Climax's rights to the Green Mountain Hydroelectric right and the Power Interference Agreement. Climax does not plan to exercise its rights until 2009, and Climax has not alleged injury caused by actions of the State Engineer to this point. To allow Climax to intervene in the Consolidated Cases so that it can contest the potential future actions of the State Engineer in administering that decree will simply involve this Court in a dispute between two non-parties to the case about an issue not before it.

Climax's participation also will not add value to the existing litigation. Climax's claims lack the commonality of fact and question of law that would result in a significant or useful contribution to the underlying factual issues of the existing litigation. Climax is, in essence, seeking a declaratory judgment requiring the State Engineer to administer water rights in the Blue River according to statutory requirements and the existing decrees, as interpreted by Climax. It is not seeking to reopen those decrees or question the facts that led to the determinations of water rights and priorities made in the decrees in the Consolidated Cases. Climax has not shown that there is any question currently pending before the Court for which Climax's participation will aid in a resolution.

Climax also claims that the existing parties in the case do not adequately represent Climax's interests. According to Climax, the U.S. District Court, in its June 21, 1963, Order Denying Motion of American Metal Climax, Inc. to Intervene, expressly stated, when it denied Climax's previous motion to intervene, that the existing parties do not adequately represent Climax's interest. As Climax states, circumstances have not changed. But the fact that its interests are not adequately represented, standing alone, does not warrant intervention in this case. Climax has not shown that there is a pending motion or action before the U.S. District Court that will affect its interests. Therefore, whether its interests are represented in the Consolidated Cases or not, Climax has not shown that its interests may be impaired or impeded in subsequent litigation absent intervention in this case.

Finally, although not determinative, Denver Water and Colorado Springs submit Climax has available to it an adequate and more efficient remedy at law in state water court. The appropriate forum for determining whether the State Engineer is acting properly and whether there is a conflict in administration between water rights decreed by the state court in CA 1710 and those decreed by the U.S. District Court in the Consolidated Cases is in state water court.[2] As noted above, administration of water rights is the statutory responsibility of the State Engineer, and the state water court has jurisdiction over water matters dealing with the State Engineer's administration of water rights. C.R.S. § 37-92-203. A declaratory judgment action

---

[2] In this connection, it should also be noted that the final judgment adjudicating and establishing priorities for Green Mountain Reservoir that is the foundation of Climax's substantive claim here (Final Judgment entered October 12, 1955, in Consolidated Cases No. 5016 and 5017) was only entered by this Court as a result of the removal of a remanded state water rights adjudication to this Court by the United States.

for a determination of relative priorities of water rights in the Blue River and its tributaries adjudicated in separate decrees constitutes a water matter in Water Division No. 5. *See* C.R.S. §37-92-501 through 503 (State Engineer's curtailment orders based on relative priorities are water matters). Climax has alleged no barriers prohibiting it from filing a declaratory judgment action in state water court to determine the appropriate administration of its rights in relation to the Green Mountain Hydroelectric right and the Power Interference Agreement. Climax is seeking an interpretation of existing decrees in the light of Colorado law. The Colorado Supreme Court has held that the state water court has jurisdiction to interpret water decrees entered by this Court. Specifically, in *City of Grand Junction v. Denver,* 960 P.2d 675, 682-685 (Colo. 1998), it held that the state water court can interpret the Blue River Decree entered in the Consolidated Cases, so long as it does not modify or interfere with the objectives or terms of that decree. *Id.* at 683. If the state water court is not asked to modify or impair the Blue River Decree, then the state water court's review is permissible. *Id.* In this case, Climax is not seeking to reopen or modify the Blue River Decree. It is seeking an interpretation of the relative priority of its state-adjudicated water rights in relation to certain rights adjudicated in the Blue River decree. Denver Water and Colorado Springs submit that this interpretation is within the purview of the state water court.

Further, this Court has previously held that "jurisdiction of this Court over matters pending in Civil Action No. 5017 in this Court does not deprive the Summit County District Court of the jurisdiction it has in Civil Action No. 1710 under the laws of the State of Colorado." 1963 Order para. 11 at 4. To hold otherwise would cause unfortunate results, as it would both

divest the state court of jurisdiction this court has acknowledged, and require this Court to hear any dispute with regard to the administration of water rights on the Blue River.

Climax has not met the burden necessary for the U.S. District Court to grant its motion for permissive intervention. Its intervention will burden this Court with new parties and issues not currently pending in the Court, and will not assist in the resolution of the Consolidated Cases. And additionally, it will set an unfortunate and burdensome precedent requiring virtually all litigation brought by or involving any water user disputing State Engineer administration of water rights (or determinations of relative priorities) touching upon or affecting Blue River water rights (which might well involve water rights throughout the Colorado River Basin in Colorado) to be carried out in this Court. Meanwhile, Climax has another adequate remedy at law available in the state water courts. Therefore, its motion for permissive intervention should be denied.

WHEREFORE, Colorado Springs and Denver Water respectfully requests the Court to enter an order denying Climax's motion to intervene as of right pursuant to Fed. R. Civ. Pro. 24(a), and further denying Climax's motion for permissive intervention pursuant to Fed. R. Civ. Pro. 24(b).

Dated: April 30, 2007.

                PATRICIA L. WELLS, GENERAL COUNSEL
                MICHAEL L. WALKER, No. 2828
                CASEY S. FUNK, No. 11638
                JEFFREY F. DAVIS, No. 34415


By: /s *Casey S. Funk*
Attorneys for the City and County of Denver, acting by and through its Board of Water Commissioners
1600 West 12th Ave.
Denver, CO  80204-3412
Phone Number: (303) 628-6460
Fax Number: (303) 628-6478


/s *Mary M. Hammond*
William A. Paddock, Reg. No. 9478
Mary M. Hammond, Reg. No. 9851
Carlson, Hammond & Paddock, LLC
Attorneys for Colorado Springs
1700 Lincoln Street, Suite 3900
Denver, CO  80203-4539
Phone Number:  (303) 861-9000
bpaddock@chp-law.com
mhammond@chp-law.com

E-FILED PURSUANT TO RULE 121.  A DULY SIGNED ORIGINAL IS ON FILE AT DENVER WATER DEPARTMENT, LEGAL DIVISION

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of April 2007, I electronically filed the foregoing **RESPONSE OF THE CITY AND COUNTY OF DENVER, ACTING BY AND THROUGH ITS BOARD OF WATER COMMISSIONERS, AND THE CITY OF COLORADO SPRINGS TO MOTION TO INTERVENE** with the Clerk of the U.S. District Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Brian M. Nazarenus
bnazarenus@rcalaw.com

Austin C. Hamre
ahamre@dodpc.com

Chad M. Wallace
Chad.wallace@state.co.us

Douglas L. Abbott
dabbott@hollandhart.com

Anne J. Castle
acastle@hollandhart.com

Peter C. Fleming
pfleming@crwcd.org

William A. Paddock
bpaddock@chp-law.com

James J. DuBois
James.dubois@usdoj.gov

David J. Hill
dgh@bhgrlaw.com

Kathleen M. Morgan
Kathleen@moriarty.com

James R. Montgomery
jmontgomery@mwhw.com

Frederick G. Aldrich
faldrich@aldrich-law.com

Mark A. Hermundstad
mherm@wth-law.com

Stanley W. Cazier
cazier_mcgowan@hotmail.com

Donald E. Phillipson
Dbls99@concast.net

Robert V. Trout
rtrout@troutlaw.com

Nathan A. Keever
keever@dwmk.com

Michael C. Santo
santo@bechtelsanto.com

 /s *Catherine L. Mock*
Catherine L. Mock