IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Consolidated Cases Nos. 2782, 5016, and 5017

and

DISTRICT COURT, WATER DIVISION NO. 5, STATE OF COLORADO

Case No. 88CW382

---

CONCERNING THE APPLICATION FOR WATER RIGHTS OF THE UNITED STATES

IN SUMMIT, GRAND, EAGLE, ROUTT, MESA, PITKIN, AND GARFIELD COUNTIES

---

**MOTION TO INTERVENE OF CLIMAX MOLYBDENUM COMPANY**

---

The Climax Molybdenum Company ("Climax"), by and through its attorneys, Vranesh and Raisch, hereby respectfully moves under Fed.R.Civ.P. 24(a) to intervene as a matter of right into Case No. 88CW382. In support of this motion, Climax offers the following grounds:

1. In paragraph no. 10 of its application for water rights in Case No. 88CW382, the United States requests a determination that the water rights for Green Mountain Reservoir are "senior and superior to any other rights having priority dates later than August 1, 1935, regardless of the dates of adjudication of such rights" (the United States request for this determination is hereinafter referred to as the "antedation claim").

2. Climax owns numerous water rights that were adjudicated by the Summit County District Court in Civil Action 1710 on October 26, 1937 (hereinafter referred to as the "Climax CA 1710 Water Rights"). Most of Climax's CA 1710 Water Rights have appropriation dates that are junior to Green Mountain Reservoir. However, because they were adjudicated at an earlier date than the Green Mountain Reservoir water rights, Climax's CA 1710 Water Rights are deemed to be senior in priority under the postponement doctrine of Colorado water law. C.R.S. Sec. 37-92-306; <u>Hardesty Reservoir, Canal & Land Co. v. Arkansas Valley Sugar Beet & Irrigated Land Co.</u>, 85 Colo. 555, 277 P. 763 (1929).

3. The requirements for intervention as a matter of right under Fed.R.Civ.P. 24(a) are: a) that the person seeking to intervene claim an interest relating to the property or transaction which is the subject of the action; b) that the interest of the person seeking to intervene is not adequately represented by existing

parties; and c) that the motion is timely. See Sanguine, Ltd. v. United States, 736 F.2d 1416 (10th Cir. 1984). The applicability of these requirements to Climax is reviewed in order below.

4.   Climax's interest in this case. Climax clearly has an interest in the United States' antedation claim that is the subject of this case. If the antedation claim is granted, and if Climax is bound by the judgement granting the claim, Climax's CA 1710 Water Rights would suddenly become junior to Green Mountain Reservoir, in spite of the postponement doctrine and the historic administration of Climax's CA1710 Water Rights.  See, Affidavit of Gary Thompson, para. 3, attached as Exhibit 1. This change would substantially reduce the yield of Climax's CA 1710 Water Rights. Id.

5.   Climax's interests are not adequately represented by the existing parties. Because they are the only rights adjudicated by the Summit County District Court in CA 1710 that have appropriation dates junior to the Green Mountain Reservoir water rights, Climax's CA 1710 Water Rights are the only water rights decreed in that proceeding that would be detrimentally affected by the United States' antedation claim. See, Affidavit of Gary Thompson, para. 4, attached as Exhibit 1. Accordingly, the existing parties in this case cannot have the same interest as Climax in protecting CA 1710 water rights from the United States' antedation claim.

Moreover, this Court has already held that Climax's interests are not adequately represented by the parties to Civil Action Nos. 2782, 5016, and 5017. In 1962 Climax, through its predecessor American Metals Climax, Inc., applied to the Summit County District Court to change the point of diversion and make absolute some of its CA 1710 Water Rights. In response, Denver and the Colorado River Water Conservation District moved to dismiss Climax's applications, arguing that the May 6, 1955 removal to this Court of the Summit County District Court adjudications in Civil Actions 1805 and 1806 had rendered the Summit County District Court "fully without jurisdiction to hear or determine the matters referred to in [Climax's applications] or any other matter relating to the adjudication of water rights properly coming before the District Court of Summit County, all such matters now being properly justiciable by said United States District Court." A copy of Denver's Motion is attached as Exhibit 2. The Summit County District Court denied the motion.

Nevertheless, in order to protect its interests, on August 29, 1962 Climax moved to intervene into Federal District Court Civil Action No. 5017. On June 10, 1963, Judge Arraj ruled against Climax's Motion to Intervene. However, in ruling against Climax, Judge Arraj entered the following judgements:

> 11. Under the laws of the State of Colorado this Court can take no action in the removed Civil Action No. 1806 affecting the vested property rights of American Metal Climax, Inc., which it has obtained in Civil Action No. 1710. . . .
>
> 12. The representation of the interests of American Metal Climax, Inc., by existing parties to Civil Actions Nos. 2782, 5016 and 5017 is inadequate, but American Metal Climax, Inc., is not and will not be bound by the judgement of this Court in these consolidated actions entered October 12, 1955, or by any future judgement, order, or decree of this Court entered in Civil Action 5017.

A copy of the Ruling is attached as Exhibit 3. Climax respectfully suggests that the 1963 parties to Civil Action Nos. 2782, 5016, and 5017 are collaterally estopped by Judge Arraj's Ruling from challenging the inadequacy of Climax's representation in this case.

6.  **Climax's Motion to Intervene is Timely**. The following factors should be reviewed to assess whether a motion to intervene is timely: a) the length of time since the person seeking to intervene knew of their interest in the case; b) prejudice to the existing parties; c) prejudice to the person seeking to intervene; and d) the existence of any unusual circumstances. Sanguine, 736 F.2d at 1418-17. These factors are addressed in order below:

> a) Climax has only recently known of its interest in 88CW382. On June 16, 1992 Climax's engineering consultant, Gary Thompson, received a copy of a draft stipulation being circulated among the parties of the case that provided for the antedation of the Green Mountain Reservoir water rights. Thompson promptly informed Climax management of the Green Mountain Reservoir antedation claim, and the issue was placed on the agenda of an already scheduled meeting between Thompson and Climax management on June 25, 1992. At the June 25, 1992 meeting Thompson was instructed to investigate the possible impact of the antedation claim to Climax water rights. On July 7, 1992 Thompson informed Climax management that the antedation claim would materially impact Climax's water rights. Since that time, Thompson and other agents for Climax have been making unfruitful overtures to agents of the Bureau of Reclamation in an unsuccessful attempt to avoid litigation by negotiating an accommodation of Climax's concerns. See, Affidavit of Gary Thompson, paras. 5-6, attached as Exhibit 1.

b)  Intervention by Climax at the present stage of the 88CW382 proceedings would not prejudice the existing parties. This case has not been set for trial. Additionally, although several summary judgement motions are scheduled for argument on August 24, 1992, any pending motions that would not bind Climax's water rights could proceed. Furthermore, Climax would be willing to participate in an accelerated briefing schedule to the extent that the Court deems it necessary for Climax to participate in the August 24, 1992 hearing. However, even if the Court determines that Climax's intervention necessitates the postponement of the oral arguments, Climax is unaware of any material prejudice that the existing parties would incur as a result of a postponement.

c)  Climax clearly would be materially prejudiced if it were not allowed to intervene, and Climax's prejudice would be greater than any prejudice that the existing parties would suffer if Climax's motion were granted. See, paragraph 4 above for a description of Climax's prejudice. Additionally, the failure to grant Climax's motion to intervene would deprive Climax of its right to due process: as described in para. 7 of Gary Thompson's affidavit, Exhibit 1, Climax's collection of absolute water rights and its unique location at the top of the Blue River watershed make it generally unnecessary for Climax to review the Division 5 resume in order to protect its rights from typical water right claims; therefore, the unprecedented United States' antedation claim which would deprive Climax of the priorities that it received in CA 1710 should have been implemented by personal service, rather than by publication as was done in 88CW382. Cf. Pueblo West Metro. Dist. v. Southeastern Colo. Water Conservancy Dist., 689 P.2d 594, 602, fn. 9 (Colo. 1984).

d)  Moreover, there are several unusual circumstances that justify Climax's motion to intervene at this time. When the United States' antedation claim was published in 1988, no general offices of Climax Molybdenum Company were maintained in Colorado, the Climax Mine had been closed because of poor economic conditions, and most of the mine staff had been laid off, with a small residual staff being retained for the sole purpose of performing care and maintenance operations: as a result, Climax Molybdenum Company did not effectively monitor the Water Division No. 5 resume at the time the claim of the United States was published. See, Affidavit of Richard O. Austermann, attached as Exhibit 4. Additionally, Climax has a judgement from this Court that "this Court can take no action in the removed

    Civil Action No. 1806 affecting the vested property rights of American Metal Climax, Inc., which it has obtained in Civil Action No. 1710" and that "American Metal Climax, Inc., is not and will not be bound by the judgement of this Court in these consolidated actions entered October 12, 1955, or by any future judgement, order, or decree of this Court entered in Civil Action 5017"; the interests of equity and finality suggest that Climax should be allowed to intervene in order to prevent the United States from now circumventing the Court's prior judgement. See, Exhibit 3, paras. 11 and 12.

WHEREFORE, under the grounds stated above, Climax respectfully requests that this Court grant it leave to intervene into the United States application for water rights in Case No. 88CW382, and, consequently, leave to file a copy of the Statement of Opposition that is attached to this Motion as Exhibit 5.

  Respectfully submitted this 23rd day of July, 1992.

VRANESH AND RAISCH

By _(signature)_         _(signature)_ (by BMN)
Jerry W. Raisch (#2982)    Richard O. Austermann (#6854)
Brian M. Nazarenus (#16984)   General Counsel
1720 14th Street, Suite 200   Climax Metals Company
Post Office Box 871      101 Merritt 7 Corporate Park
Boulder, Colorado 80306    Norwalk, Connecticut 06856
(303) 443-6151        (203) 845-3014

SPECIAL COUNSEL TO CLIMAX   COUNSEL TO CLIMAX MOLYBDENUM
MOLYBDENUM COMPANY     COMPANY

Climax's Address:

Climax Molybdenum Company
Climax Mine
Climax, Colorado 80429

## CERTIFICATE OF MAILING

I hereby certify that on this _23rd_ day of _July_, 1992, a true and correct copy of the foregoing **MOTION TO INTERVENE** was deposited in the United States Mail, postage prepaid, and addressed as follows:

Lynn A. Johnson, Esq.   (VIA HAND DELIVERY)
U.S. Department of Justice
999 18th St., Suite 945
Denver, CO  80202

Timothy J. Flanagan, Esq.
Kelly, Stansfield & O'Donnell
1225 17th St., Suite 2600
Denver, CO  80202

Glenn Porzak, Esq.
Holme, Roberts & Owen
1401 Pearl St., Suite 400
Boulder, CO  80302

John M. Dingess, Esq.
Duncan, Ostrander, Varnell
  & Dingess, P.C.
7800 E. Union Ave., Suite 200
Denver, CO  80237

Stanley Cazier, Esq.
P.O. Box 500
Granby, CO  80446

Charles Woodruff, Esq.
Moses, Wittemeyer, Harrison
  & Woodruff, P.C.
P.O. Box 1440
Boulder, CO  80303

Timothy Buchanan, Esq.
Timothy Buchanan, P.C.
3100 Arapahoe Ave., Suite 204
Boulder, CO  80303

David A. Bailey, Esq.
Parcel, Mauro, Hultin &
  Spaanstra
1801 California St., #3600
Denver, CO  80202

William Kelly Dude, Esq.
P.O. Box 240
Colorado Springs, CO  80901

Howard Holme, Esq.
Fairfield and Woods, P.C.
One Norwest Center, #2400
1700 Lincoln St.
Denver, CO  80203

Michael Walker, Esq.
1600 West 12th Ave.
Denver, CO  80202

Jack Ross, Esq.
Saunders, Snyder, Ross &
  Dickson, P.C.
707 17th St., Suite 3500
Denver, CO  80202

Linda White, Esq.
Assistant Attorney General
1525 Sherman St., 3rd Floor
Denver, CO  80203

D.J. Dufford, Esq.
Dufford, Waldeck, Ruland
  & Milburn
P.O. Box 2188
Grand Junction, CO  81502

Mark Wagner, Esq.
Hill & Robbins
1441 18th St., #100
Denver, CO  80202

Donald Hamburg, Esq.
P.O. Box 1120
Glenwood Springs, CO  81602

David Hill, Esq.
Hutchinson, Black, Hill & Cook
P.O. Box 1170
Boulder, CO  80306

Bennett Raley, Esq.
Davis, Graham & Stubbs
P.O. Box 185
Denver, CO 80201

Frederick Aldrich, Esq.
Nelson, Hoskin, Groves
  & Prinster, P.C.
P.O. Box 40
Grand Junction, CO 81502

Mark Hermundstad, Esq.
Williams, Turner & Holmes, P.C.
P.O. Box 338
Grand Junction, CO 81502

Shaun Sullivan, Esq.
Calkins, Kramer, Grimshaw
  & Harring
1700 Lincoln St., Suite 3800
Denver, CO 80203

Scott Balcomb, Esq.
Delaney & Balcomb, P.C.
P.O. Drawer 790
Glenwood Springs, CO 81602

Mark N. Williams, Esq.
P.O. Box 23
Grand Junction, CO 81502

James Dubois, Esq.
Moses, Wittemyer, Harrison
  & Woodruff, P.C.
P.O. Box 1440
Boulder, CO 80306

_Jacquline C. Goodhue_ (signature)