IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Consolidated Cases Nos. 2782, 5016, and 5017

and

DISTRICT COURT, WATER DIVISION NO. 5, STATE OF COLORADO

Case No. 88CW382

---

CONCERNING THE APPLICATION FOR WATER RIGHTS OF THE UNITED STATES

IN SUMMIT, GRAND, EAGLE, ROUTT, MESA, PITKIN, AND GARFIELD COUNTIES

---

**AFFIDAVIT OF GARY B. THOMPSON**

---

STATE OF COLORADO    )
                     ) ss..
COUNTY OF ARAPAHOE   )

I, Gary B. Thompson, being duly sworn, state:

1. I am an engineer in the firm of W.W. Wheeler and Associates, Inc. I specialize in the fields of water resources engineering, hydrology, and water rights.

2. Climax Molybdenum Co. ("Climax") owns the following water rights that were adjudicated by the Summit County District Court in Civil Action 1710 on October 26, 1937 (hereinafter referred to as the "Climax CA 1710 Water Rights"):

|  | Amount cfs | Appropriation Date | Adjudication Date |
|---|---|---|---|
| Supply Canal No. 1 | 100.0 cfs | 8-15-1935 | 10-26-1937 |
| Supply Canal No. 2 | 60.0 cfs | 8-15-1935 | 10-26-1937 |
| Chalk Mountain Ditch | 31.0 cfs | 6-04-1936 | 10-26-1937 |
| Tenmile Diversion Ditch No. 1 | 35.0 cfs | 6-04-1936 | 10-26-1937 |
| Tenmile Diversion Ditch No. 2 | 20.0 cfs | 6-04-1936 | 10-26-1937 |

3. The United States antedation claim in 88CW382 would detrimentally affect Climax's CA 1710 water rights by disregarding the postponement doctrine and creating a senior priority for Green Mountain Reservoir. This would substantially reduce the yield of Climax's CA 1710 Water Rights and change the historic administration of those rights.

4. Climax's CA 1710 Water Rights are the only rights adjudicated by the Summit County District Court in CA 1710 that have appropriation dates junior to the Green Mountain Reservoir

S:\D\AMAX\CLIMAXVT\THOMPINT.AFF

water rights. Therefore, Climax's CA 1710 Water Rights are the only water rights decreed in that proceeding that would be detrimentally affected by the United States antedation claim.

5. On June 16, 1992 I received a copy of a draft stipulation being circulated among the parties to 88CW382 that provided for the antedation of the Green Mountain Reservoir water rights. Until that day, neither I, nor, to the best of my personal knowledge, Climax personnel had any actual knowledge of the United States' antedation claim.

6. Upon receipt of the draft stipulation I promptly informed Climax management of the Green Mountain Reservoir antedation claim, and the issue was placed on the agenda of an already scheduled meeting with Climax management on June 25, 1992. At the June 25, 1992 meeting I was instructed to investigate the possible impact of the antedation claim to Climax water rights. On July 7, 1992 I informed Climax management that the antedation claim would materially impact Climax's CA 1710 Water Rights. Since that time, I and other agents for Climax have been making unsuccessful attempts to avoid litigation by negotiating with the agents of the Bureau of Reclamation an accommodation of Climax's concerns.

7. In my opinion, Climax has less incentive than most water rights owners to regularly review the Division 5 resume. The Climax Mine is located at the top of the Blue River watershed. Additionally, the water rights for the Climax Mine are, for the most part, senior to most major downstream water rights. Finally, the Climax Mine has no major conditional water rights. This combination of factors means that Climax has less reason than other water rights owners to be concerned about the detrimental affects of typical water rights applications such as changes of water rights, applications for new water rights, and diligence proceedings for conditional water rights. In contrast, in my opinion, the United States antedation claim does not constitute a typical water rights application.

FURTHER AFFIANT SAYETH NOT.

_____
GARY B. THOMPSON

Subscribed and sworn to before me this 23rd day of
_____July_____, 1992 by Gary B. Thompson.

NOTARY SEAL

_____
Notary Public
My Commission Expires: 11-2-92