IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES, et al., ) | |
| Plaintiffs, ) | Globe Equity No. 59 |
| v. ) | ORDER |
| GILA VALLEY IRRIGATION DISTRICT, et al., ) | |
| Defendants. ) | |

The Gila River Indian Community ("GRIC") on behalf of itself and its members moves, pursuant to Fed. R. Civ. P. 24(a)(2), for leave to intervene as plaintiffs in this action. Along with its motion, GRIC tenders a proposed complaint. In order to grant the motion, I must decide that GRIC's motion is timely, that GRIC claims an interest related to the res of the action or that GRIC is so situated that the disposition of the action may impair or impede GRIC's interests, and that GRIC is inadequately represented by any other party to the action. Fed. R. Civ. P. 24(a)(2). I conclude that the motion to intervene should be GRANTED, but only for the limited

Page 1 - ORDER

EXHIBIT C

1   purpose set out below.

2         This case was filed in 1925, and resulted in the
3   entry of a consent decree ten years later. The decree
4   apportions water among all users, Indian and non-Indian, of
5   Gila River water from the Duneau-Verden Valley to the Gila
6   River Indian Reservation. The court has retained jurisdiction
7   over the case all the intervening years for the sole purpose
8   of administering the decree, "this decree otherwise being
9   deemed a final determination of the issues in the cause and
10  of the rights herein defined." Decree of June 29, 1935,
11  Section XIII.

12        A preliminary issue wants attention before I rule
13  on the merits of the motion. As certain of the defendants
14  that oppose the motion point out, this is not the first time
15  that the tribes represented by GRIC have sought leave to
16  intervene in the action. The tribes sought to do so in 1935,
17  and the court denied their motion. The tribes did not appeal.
18  The defendants contend, citing <u>Cheyene River Sioux Tribe v.</u>
19  <u>United States</u>, 338 F.2d 906 (8th Cir. 1964), <u>cert. denied</u>,
20  382 U.S. 815 (1965), that the failure of the tribes to appeal
21  the denial of the 1935 motion to intervene ought to preclude
22  the tribes from raising the issue again now.

23        True, <u>Cheyenne River</u> provides some authority for
24  denying leave to intervene. It could be applied if a party
25  seeks to intervene to vacate a judgment, but has not appealed
26  from the denial of a previous motion to intervene that was

Page 2 - ORDER

decided before the judgment was entered. Nevertheless, there is also authority that permits a court to entertain subsequent motions to intervene based on changed circumstances. See Calvert Fire Insurance Co. v. Environs Development Corp. 601 F.2d 851, 857-59 n. 3 (5th Cir. 1979); Hirshhorn v. Mine Safety Appliance Co., 101 F. Supp. 549, 555 (W.D. Pa. 1951).

As I shall discuss below, I have decided not to permit GRIC to intervene for the purpose of vacating the Decree or relitigating the issues resolved by the Decree. Accordingly, the Cheyenne River case is not on point. In light of the tribes' failure to appeal the 1935 denial of their motion to intervene, however, I will not consider any circumstances that otherwise would be relevant to deciding the motion, if those circumstances relate to events occurring before 1935. See Hirshhorn, 101 F. Supp. at 555.

### TIMELINESS

To the extent GRIC seeks to set aside the Decree or to relitigate the issues resolved by the Decree, its motion is not timely and will be DENIED. Courts look to three factors to determine timeliness: (1) the stage of the proceeding; (2) the prejudice to other parties; and (3) the reason for and length of the delay. Alaniz v. Tillie Lewis Foods, 572 F.2d 657, 659 (9th Cir.), cert. denied, 439 U.S. 837 (1978). Intervention after the entry of a consent decree is reserved for exceptional

Page 3 - ORDER

cases and if intervention is sought, then the court is to weigh the first factor heavily against the intervenor. Id. In evaluating the second factor, courts have recognized the seriousness of prejudice that can result if a decree is already being fulfilled and the intervenor seeks to countermand it. Id. In such situations, permitting intervention can "create havoc" and delay needed relief. Id. To prevail, therefore, an intervenor must convincingly explain the delay. Id.

GRIC's motion comes forty-seven years after the entry of a final decree in the case. To the extent GRIC seeks to vacate the Decree or to relitigate the issues the Decree resolves, it is hard to imagine a more untimely motion. The prejudice to the parties that is posed by GRIC's avowed intent at this late date to dismantle the Decree is manifest. Water is lifeblood to the land affected by the Decree and the Decree apportions much of the available water. To permit an attack now on the Decree would cast the apportionment of Gila River water into a legal limbo, perhaps of many years duration, that would be detrimental to the interests of all the parties to the Decree.

GRIC does not make any attempt to give reasons for the extraordinary length of their delay. Perhaps as was done in United States v. Alpine Land and Reservoir Company, 431 F.2d 763 (9th Cir. 1970), cert. denied, 401 U.S. 909 (1971), GRIC would argue that their status as Indians prevented them

Page 4 - ORDER

1 from intervening sooner. I note, however, that the <u>Alpine Land</u>
2 decision rejected this kind of argument and affirmed the trial
3 court's denial of a tribe's motion to intervene. The motion
4 was made in a case which, like this one was filed in 1925
5 and had resulted in the entry of a consent decree. The tribe
6 sought to relitigate the issues settled by the decree and
7 contended that its motion should be deemed timely because
8 the tribe, along with other Indian tribes, first had gained
9 the right to sue in its own behalf in 1966 through the passage
10 of a federal statute. The Court of Appeals rejected the
11 argument and stated that the timely application requirement of
12 Rule 24 applies to Indians just as it does to other litigants.
13 Thus, if GRIC had made the argument, under <u>Alpine Land</u>, I
14 would have rejected it. GRIC does not offer any other excuse
15 for its delay, so I must deem the motion untimely to the extent
16 GRIC seeks to set aside the Decree or to relitigate the issues
17 that the Decree resolves.
18       To the extent, however, that GRIC seeks leave to
19 intervene in order to be able to enforce proper administration
20 of the Decree, I conclude that the motion is timely. The court
21 has retained jurisdiction over the case in order to insure
22 proper administration of the Decree. Accordingly, any time
23 a party in good faith believes that the Decree is not being
24 properly enforced, a proceeding to enforce the Decree probably
25 would be timely. The record shows that various enforcement
26 proceedings based on the Decree have arisen at occasional

Page 5 - ORDER

1  intervals since 1935. It follows, therefore, that a motion to
2  intervene by a non-party, for the purpose of filing an enforce-
3  ment action also can be deemed timely.
4        The parties to the Decree cannot complain of any
5  prejudice to the extent GRIC only seeks proper enforcement
6  of the Decree. Presumably, proper enforcement of the Decree
7  will benefit all water users affected by the Decree. GRIC
8  does not address the reasons for its delay, but I think it
9  a safe assumption that GRIC has not felt the need to bring an
10 action for proper enforcement until now. My conclusion that
11 intervention is timely to seek enforcement of the Decree but
12 not to relitigate the Decree is consistent with the recent
13 decision in Arizona v. California, _____ U.S. _____,
14 51 U.S.L.W. 4325, 4328 (March 30, 1983).
15
16                          INTEREST
17
18        I have concluded above that GRIC's motion is not
19 timely to the extent GRIC seeks to vacate the Decree or to
20 litigate issues decided by the Decree. Therefore, I need not
21 consider whether GRIC could show, for this aspect of its
22 motion, whether it has an interest that will be impaired or
23 impeded absent this kind of intervention. I would comment,
24 however, that I doubt GRIC could sustain its burden.
25 -----
26 -----

Page 6 - ORDER

1   The Decree itself is an accomplished fact, and
2   since 1935 has represented a final adjudication of certain
3   rights that Indian and non-Indian users claimed in the Gila
4   River waters. To the extent GRIC may wish to assert rights
5   other than those litigated in the Decree, those rights, if
6   any, cannot be impaired or impeded by the continued existence
7   of the Decree. The Decree, by definition, would not affect
8   such rights. GRIC could not, therefore, sustain its burden
9   on this issue.
10  To the extent that GRIC seeks to enforce the Decree,
11  however, Globe Equity No. 59 is still very much alive. The
12  court retained jurisdiction to enforce the Decree. The
13  continued viability of this aspect of the case is demonstrated
14  by the currently pending action of the United States to enforce
15  the Decree. The ongoing enforcement of the Decree naturally
16  has an impact on GRIC's rights under the Decree.
17  Undoubtedly, therefore, GRIC has rights to the water that is
18  the subject of Globe Equity No. 59 that may be impaired
19  or impeded if the Decree is improperly administered.
20
21  ADEQUACY OF PRESENT REPRESENTATION
22
23  I have concluded above that GRIC's motion is not
24  timely to the extent GRIC seeks to vacate or relitigate what
25  was done in 1935. I need not consider, therefore, whether
26  GRIC could show, for this aspect of its motion, that the

Page 7 - ORDER

representation by the United States of its interest is or was inadequate. I would note, however, that if I were to take a look at the adequacy of representation for the purposes of permitting GRIC to relitigate or vacate, the relevant time period would be the representation up to and including the entry of the Decree. The failure of GRIC to appeal from the first denial of its motion to intervene, however, would prevent me from considering these facts. It is too late in the day for GRIC now to complain of its representation back in 1935.

To the extent GRIC seeks leave to intervene to enforce the Decree, however, the motion presents a knottier problem. GRIC contends that due to various conflicts of interest the United States cannot adequately represent it in this proceeding. The United States denies that it has inadequately represented GRIC but argues, on behalf of allowing the motion, that differences possibly may develop between the positions of the government and GRIC about enforcement, and that, therefore, I should permit intervention. Certain of the defendants argue that the United States has not been remiss in protecting GRIC's rights, and they point to four separate enforcement suits that the United States has brought to enforce GRIC's rights. Defendants also cite <u>Gila River Indian Community v. United States</u>, 684 F.2d 852, 865 (Ct. Cl. 1982), which reviews the history of the litigation and concludes that representation was adequate.

-----

Page 8 - ORDER

1    Upon reviewing the parties' contentions in light of
2    the relevant case law, I conclude that for the purposes of
3    Fed. R. Civ. P. 24(a)(2), GRIC has made a sufficient showing
4    of inadequate representation. As the court recently stated in
5    Arizona v. California, 51 U.S.L.W. at 4328, in reviewing certain
6    exceptions taken to the Special Master's Report, it was proper
7    to permit intervention in this kind of case because the
8    Indians ought to be allowed "to take their place as independent
9    qualified members of the modern body politic" and their
10   "participation in litigation critical to their welfare should
11   not be discouraged" (citations omitted). The court, therefore,
12   agreed with the Special Master that the motions to intervene
13   ought to be granted.
14   The Memorandum and Report on Preliminary Issues of
15   Special Master Elbert P. Tuttle, of August 8, 1979, that the
16   court reviewed in Arizona v. California states at page 12:

17   "[e]ven though the United States may be
     satisfying its trust obligations adequately,
18   the Indians have a complaint about their lawyer.
     In general, the Tribes are probably the best
19   judges of the adequacy of representation of
     their interest."
20
21   Because both GRIC and the United States agree that there are or
22   may be grounds for disagreement between them in this case, and
23   because they are the best judges of their relationship, the
24   conclusion is inescapable that GRIC has shown that for the
25   purposes of Fed. R. Civ. P. 24(a)(2), it is inadequately
26   represented.

Page 9 - ORDER

1   Because GRIC has shown that to the extent it seeks
2   leave to intervene to enforce the Decree that its motion is
3   timely, that it claims an interest related to the res of the
4   action and is so situated that further disposition of the action
5   may impair or impede its interests, and that it is inadequately
6   represented by any other party to the action, the motion to
7   intervene is GRANTED. The granting of the motion, however,
8   is subject to the condition that any complaint that GRIC files
9   in the action must seek only to enforce the Decree and not to
10  vacate the Decree or to relitigate issues already determined
11  by the Decree.
12          IT IS SO ORDERED.
13          DATED this 2nd day of May, 1983.

United States District Judge

Page 10 - ORDER