IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

Civil Action No. 49-cv-02782-EWN-CBS

Consolidated Civil Case Nos. 2782, 5016 and 5017 and

DISTRICT COURT, WATER DIVISION NO. 5, STATE OF COLORADO
Case No. 06CW255

---

CONCERNING THE APPLICATION FOR WATER RIGHTS OF THE CITY AND COUNTY OF DENVER, ACTING BY AND THROUGH ITS BOARD OF WATER COMMISSIONERS, IN SUMMIT COUNTY

---

CLIMAX MOLYBDENUM COMPANY'S MOTION FOR AN ORDER VACATING THE FEBRUARY 19, 2008 STATUS CONFERENCE BEFORE THE WATER REFEREE FOR WATER DIVISION No. 5, ON THE GROUNDS THAT SUCH PROCEEDING WOULD VIOLATE THE AUGUST 4, 1977 ORDER ENTERED BY THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

---

COMES NOW Climax Molybdenum Company ("Climax"), by and through its undersigned counsel, and hereby moves the Referee for an order vacating the status conference currently set for February 19, 2008, at 9:30 a.m. in this matter. The grounds for this motion are that proceedings in this matter before the Referee for Water Division No. 5 violate the August 4, 1977 Order entered by the United States District Court for the District of Colorado, which declared that all proceedings in this matter shall be conducted before the Federal Court. As grounds for this Motion, Climax states as follows:

**MOTION**

1.   Pursuant to D.Colo.L.Civ.R.7.1, counsel for Climax conferred about this motion to intervene with counsel for the applicant, City and County of Denver, acting by and through its Board of Water Commissioners ("Denver"), and the other parties to this matter. Denver did not

926576.1
2/1/08

consent to the motion. Counsel for Grand Valley Irrigation District consents to this motion. Counsel for the Colorado River Water Conservation District indicated that it does not take a position on the motion. The remaining parties have not indicated whether they consent or oppose the motion.

2. Denver filed its application for a finding of reasonable diligence and to make absolute a conditional water right in this matter on December 26, 2006, as required by the Order of the United States District Court dated December 14, 2000, in Consolidated Case Nos. 2782, 5016, and 5017, and Division 5 Water Court Case No. 99CW44, and "pursuant to the United States District Court's Order dated August 4, 1977." Application at 1.

3. The conditional and partially absolute water rights that are the subject of the application in this matter were originally decreed in Case Nos. 1805 and 1806 in the Summit County District Court on March 10, 1952. Thereafter these cases were removed to the United States District Court for the District of Colorado and given Civil Action Nos. 5016 and 5017 to correspond to Summit County District Court Nos. 1805 and 1806. In Federal Court, they were consolidated with Case No. 2782. On October 12, 1955, the Summit County District Court Decree of March 10, 1952 was incorporated in and confirmed by a judgment and decree entered by the Federal Court in these consolidated cases.

4. On August 4, 1977, pursuant to Denver's motion, the United States District Court for the District of Colorado entered an "Order Regarding Further Proceedings Consonant with the Colorado Water Right Determination and Administration Act" in consolidated Case Nos. 2782, 5016, and 5017 ("the "1977 Order"). The 1977 Order provides the procedure under which diligence applications are to proceed in these consolidated cases. The 1977 Order provides that

"[t]his [Federal] Court will act as the Water Judge provided for by the 1969 Act for Water Division No. 5 insofar as proceedings in connection with cases numbered 5016 and 5017 are concerned." 1977 Order ¶ 1. The clerk of the Division 5 Water Court is further instructed to perform the duties that would be required of the clerk if the proceedings remained before the Division 5 Water Judge, however. The 1977 Order is attached hereto as **Exhibit A**.

5.  The 1977 Order explicitly provides that diligence proceedings such as this one are to be conducted before the Federal Court, and not the Division 5 Referee or Water Judge. The 1977 Order states as follows:

> All proceedings arising under cases numbered 5016 and 5017 pursuant to the initiation of action by any party shall be before the Judge of said United States District Court without reference to any referee and any matter which the Act of 1969 automatically refers to a referee is hereby ordered re-referred to the judge of this court to which said cases are assigned.

1977 Order ¶ 2. The 1977 Order further provides that "[t]he proceedings referred to herein shall be limited to those matters relating to the filing of applications for quadrennial showing of due diligence and applications for making absolute conditional decrees or portions thereof." *Id.* ¶ 4.

6.  The application filed by Denver in the present matter qualifies as a proceeding that is directed to be conducted in Federal Court without reference to any referee. This is a diligence application arising under Case Nos. 5016 and 5017, which would otherwise be referred to the referee pursuant to the 1969 Act. *See* C.R.S. § 37-92-203(7) (stating that applications filed pursuant to C.R.S. § 37-92-302 shall be referred to a water referee); C.R.S. § 37-92-302(1)(a). At the time when the 1977 Order was entered, Colorado law required a quadrennial showing of reasonable diligence. The statute has since been amended to require the holder of the conditional water right to make this application every six years, however. *See* C.R.S. § 37-92-301(4)(a)(1).

3

Thus the reference to a "quadrennial showing" of reasonable diligence in paragraph 4 of the 1977 Order fully applies to the sexennial showing now required under Colorado law, and applied for by Denver in this case.

7.     Accordingly, any administration of this case by the Division 5 Referee, or the Division 5 Water Court, including the conduction of status conferences, is expressly precluded by the 1977 Order. The only function that the state court is to perform in this matter relates to administrative duties of the Division 5 Water Clerk, as provided in the 1977 Order.

WHEREFORE, Climax respectfully requests the Referee enter an order (1) vacating the status conference before the Referee currently scheduled for February 19, 2008; and (2) declaring that, as required by the 1977 Order, the Referee for Water Division No. 5 shall no longer hear any future proceedings in this matter. A proposed Order is attached.

Respectfully submitted this 1st day of February, 2008.

RYLEY CARLOCK & APPLEWHITE

s/ Brian M. Nazarenus
Brian M. Nazarenus, #16984
Olivia D. Lucas, #36114
1999 Broadway, Suite 1800
Denver, Colorado 80202
Telephone: (303) 863-7500
Facsimile: (303) 595-3159
E-mail:bnazarenus@rcalaw.com
olucas@rcalaw.com

ATTORNEYS FOR OPPOSER CLIMAX MOLYBDENUM COMPANY

## CERTIFICATE OF SERVICE

I certify that on February 1, 2008, a true and correct copy of the foregoing was served on the following through Lexis/Nexis and through ECF for the United States District Court as stated below:

| Party | Party Type | Attorney | Firm |
|---|---|---|---|
| CITY AND COUNTY OF DENVER ACTING BY AND | Applicant | Funk, Casey S | Denver Water Board Legal Division |
| COLORADO RIVER WATER CONSERVATION DIST. | Opposer | Fleming, Peter C | Colorado River Water Conservation District |
| COLORADO RIVER WATER CONSERVATION DIST. | Opposer | Hawes, Taylor E C | Colorado River Water Conservation District |
| DIVISION 5 ENGINEER | Division Engineer | Division 5 Water Engineer | Division 5 Engineer |
| FRISCO, TOWN OF | Opposer | Montgomery, James R | Moses Wittemyer Harrison & Woodruff PC |
| GRAND VALLEY IRRIGATION | Opposer | Aldrich, Frederick G | Aldrich, Frederick G LLC |
| GRAND VALLEY WATER USERS ASSOCIATION | Opposer | Kurath, Kirsten Marie | Williams Turner & Holmes PC |
| GRAND VALLEY WATER USERS ASSOCIATION | Opposer | Hermundstad, Mark Allen | Williams Turner & Holmes PC |
| MIDDLE PARK CONSERVANCY DISTRICT | Opposer | Cazier, Stanley W | Cazier McGowan & Walker |
| MIDDLE PARK CONSERVANCY DISTRICT | Opposer | Walker, John D | Cazier McGowan & Walker |
| ORCHARD MESA IRRIGATION DISTRICT | Opposer | Kurath, Kirsten Marie | Williams Turner & Holmes PC |
| ORCHARD MESA IRRIGATION DISTRICT | Opposer | Hermundstad, Mark Allen | Williams Turner & Holmes PC |
| STATE ENGINEER | State Engineer | State Water Engineer, Colorado | Colorado Division of Water Resources |
| UTE WATER CONSERVANCY DISTRICT | Opposer | Kurath, Kirsten Marie | Williams Turner & Holmes PC |
| UTE WATER CONSERVANCY DISTRICT | Opposer | Hermundstad, Mark Allen | Williams Turner & Holmes PC |
| WATER DIVISION 5, WATER CLERK KATHY HALL | | | |
| UNITED STATES DISTRICT COURT DISTRICT OF COLORADO | | | |

s/ DeAnn M. Robertson

*This document was filed and served via Lexis/Nexis File and Serve pursuant to C.R.C.P. Rule 121. A duly signed original of this document is on file at the law firm of Ryley Carlock & Applewhite.*

5