IN UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

Civil Action No.: 49-cv-02782-EWN-CBS
Consolidated Civil Case Nos. 2782, 5016 and 5017 and

DISTRICT COURT, WATER DIVISION NO. 5 STATE OF COLORADO
Case No. 2006CW255

_____

APPLICANT'S STATUS REPORT
_____

CONCERNING THE APPLICATION FOR WATER RIGHTS OF THE CITY AND COUNTY OF DENVER, ACTING BY AND THROUGH ITS BOARD OF WATER COMMISSIONERS, IN SUMMIT COUNTY, COLORADO
_____

The Applicant, City and County of Denver, acting by and through its Board of Water Commissioners files the following status report for the Court's consideration at the Rule 26(f) conference scheduled for April 17, 2008.

I. STATEMENT OF THE CASE

A. <u>Background</u>.

This matter arises out of an adjudication of water rights commenced in 1942, including the adjudication of Applicant's Blue River Diversion Project (Dillon Reservoir and the Roberts Tunnel), located on the Blue River, in Summit and Grand Counties, State of Colorado. After the remand in *City and County of Denver v. Northern Colorado Water Conservancy District*, 276 P.2d 992 (Colo. 1954), the United States removed the Blue River adjudication including Applicant's decree for its Blue River water rights from state court to federal district court to join its pending action (C.A. 2782) to quiet title of Green Mountain Reservoir water right priorities. The water rights for Green Mountain Reservoir and those removed were decreed by this court on October 12, 1955. This Court retains continuing jurisdiction "for the purpose of effectuating the

Denver's Status Report
Civil Action No.: 49-cv-02782-EWN-CBS

objectives of [the] Final Decree; including specifically but not by way of limitation, further interpretation of Senate Document No. 80 and the enforcement of the provisions thereof." Supplemental Order Dismissing Reserved Question and Amending Decree dated October 29, 1957.

In 1963, the Applicant completed the facilities necessary to divert and use the water rights decreed by this Court in 1955. For a history of the litigation see, *City and County of Denver v. Northern Colorado Water Conservancy District*, 276 P.2d 992 (Colo. 1954); *City and County of Denver acting by and through its Board of Water Commissioners v. United States of America, et. al.*, 935 F.2d 1143, 1145-46 (10th Cir. 1991); *City of Grand Junction v. City and County of Denver*, 960 P.2d 675, 677 and 679-681 (Colo. 1998).

Under state law, the Applicant must periodically show that it has diligently pursued the development of its conditional water rights until such time as the decreed amounts have been placed to beneficial use (or in the water vernacular, have been made absolute). To date, the Applicant has made the entire capacity of Dillon Reservoir absolute, Decree and Determination dated September 15, 1978, and 520 cfs out of the total 788 cfs decreed for direct diversion through the Roberts Tunnel by the Findings of Fact, Conclusions of Law, Decree and Order dated March 11, 1993. Therefore, 268 cfs remains conditionally decreed for the tunnel and the Applicant must continue to show diligence until such time as this additional rate is diverted and placed to beneficial use.

B. <u>Current proceeding</u>.

On December 26, 2006, the Applicant filed an application for finding of reasonable diligence and to make absolute a conditional water right pursuant to C.R.S. § 37-92-301(4), the

2

Denver's Status Report
Civil Action No.: 49-cv-02782-EWN-CBS

decree of the United States District Court dated December 14, 2000, and the United States District Court's Order dated August 4, 1977.  The Applicant seeks to make absolute 654 cfs (or an additional 134 cfs over the rate previously decreed absolute) and to continue the rate of flow remaining conditionally decreed until such time as the entire 788 cfs is diverted and placed to beneficial use.

C. Applicable Legal Authority.

The following legal authority attached as Addendum A may assist the Court:

(1) Conditional water right.  C.R.S. §37-92-103(6).

(2) Diligence.  C.R.S. §37-92-301(4); *Dallas Creek Water Company v. Huey*, 933 P.2d 27 (Colo. 1997).

(3) Can and Will.  C.R.S. §37-92-305(9); *Municipal Subdistrict, Northern Water Conservancy District v. OXY USA, Inc.*, 990 P.2d 701 (Colo. 1999); *City of Black Hawk v. City of Central*, 97 P.3d 951 (Colo. 2004).

(4) Anti Speculation.  C.R.S. §37-92-103(3); *Pagosa Area Water and Sanitation Dist. v. Trout Unlimited*, 170 P.3d 307 (Colo. 2007); *Municipal Subdistrict, Northern Water Conservancy District v. OXY USA, Inc.*, 990 P.2d 701 (Colo. 1999).

(5) To Make Absolute.  C.R.S. §37-92-305(9)(a); *City of Lafayette v. New Anderson Ditch Co.*, 962 P.2d 955, 961 (Colo. 1998).

II. RULE 26(f) INFORMATION

A. Meet and Confer.  The parties will meet and confer by phone on April 14, 2008 and Applicant anticipates updating this Status Report accordingly in advance of

3

Denver's Status Report
Civil Action No.: 49-cv-02782-EWN-CBS

the April 17, 2008 Rule 26(f) Conference.

D. <u>Applicant's Claims and Defenses</u>.

(1) Applicant has been reasonably diligent in placing the subject conditional water rights to beneficial use pursuant to the requirements of C.R.S. 37-92-301(4).

(2) Applicant has demonstrated a steady effort to complete the appropriation in a reasonably expedient and efficient manner under all the facts and circumstances. *Id*.

(3) The Applicant operates an integrated municipal water works system of which the Blue River Diversion Project is an integral feature of that system. *Id.*

(4) Applicant has satisfied the requirement that "No claim for a conditional water right may be recognized or a decree therefore granted except to the extent that it is established that the waters can be and will be diverted, stored, or otherwise captured, possessed, and controlled and will be beneficially used and that the project can and will be completed with diligence and within a reasonable time." C.R.S. § 37-92-305(9)(b)

(5) Applicant has satisfied the requirements under C.R.S. §37-92-103(3).

(6) For its claim to make absolute, Applicant has captured, possessed, and controlled; and applied the water to a beneficial use in accordance with the terms of the decree. C.R.S. §37-92-305(9)(a), *City of Lafayette v. New Anderson Ditch Co*., 962 P.2d 955, 961 (Colo. 1998).

B. <u>Settlement</u>. At this time, a prompt settlement seems unlikely. However, all

4

Denver's Status Report<br>Civil Action No.: 49-cv-02782-EWN-CBS

      parties except Climax Molybdenum Company are engaged in discussions on a number of west slope/east slope water issues including the present action. In 2000, these parties entered into a "stand still" agreement intended to resolve disputed issues through negotiations rather than litigation. These discussions are ongoing.

C.   <u>Disclosed Information</u>. To date, the Applicant has provided a proposed decree and accounting showing that 654 cfs was diverted through the Roberts Tunnel to the parties. Other information will be disclosed in accordance with the schedule agreed to at the 26(f) conference. Applicant believes that not all parties have yet filed D.C.COLO.L.CivR 7.4 Disclosure Statements and is unaware of any party filing a Notice of Associated Cases pursuant to D.C.COLO.CivR 7.5. Applicant intends to raise these issues at the April 14, 2008 meeting and will update this Status Report accordingly.

D.   <u>Preserving Discoverable Information</u>. The parties will continue discussions on this issue during the April 14, 2008 meeting. Applicant will update this Status Report accordingly.

E.   <u>Discovery Plan</u>. The parties will continue discussions of this issue, including the scope and extent of electronic discovery and Rule 30, 33, 34 and 36 limitations, during the April 14, 2008 meeting. Applicant will update this Status Report accordingly.

F.   <u>Special Master</u>. The parties will discuss whether they can agree to a special master at the April 14, 2008 meet and confer conference. The Applicant is in

5

Denver's Status Report
Civil Action No.: 49-cv-02782-EWN-CBS

favor of a special master.

G.  <u>Other matters</u>.  The Applicant will also discuss with the parties whether the 1977 Order regarding this court's role in diligence proceeding should be reconsidered.

Respectfully submitted this 10th day of April 2008.

        Patricia L. Wells, General Counsel
        Michael L. Walker, No. 2828
        Casey S. Funk, No. 11638
        Gail Rosenschein, No. 23724
        Daniel J. Arnold, No. 35458

        By: __s/Casey S. Funk_____
        Attorneys for Applicant,
        City and Count of Denver, acting by and through
        its Board of Water Commissioners 1600 W. 12th
        Avenue
        Denver, Colorado 80204
        Telephone: (303)628-6460
        casey.funk@denverwater.org

Denver's Status Report
Civil Action No.: 49-cv-02782-EWN-CBS

# CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2008, I electronically filed the foregoing Status Report with the clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Brian M. Nazarenus, Esq. Robert Pholman, Esq.
Roger T. Williams, Esq.
Ryley Carlock & Applewhite
1775 Sherman Street, 21st Floor
Denver, CO 80203
*[Climax Molybdenum Company]*
bnazarenus@rcalaw.com
rwilliams@rcalaw.com
rpholman@rcalaw.com

Peter C. Fleming, Esq.
Taylor E.C. Hawes, Esq.
P.O. Box 1120
Glenwood Springs, CO 81602
*[Colorado River Water Conservation District]*
pfleming@crwcd.org

James R. Montgomery, Esq.
Moses Wittemyer Harrison & Woodruff, PC
P.O. 1440
Boulder, CO 80306-1440
*[Frisco, Town of]*
jmontgomery@mwhw.com

Stanley W. Cazier, Esq. John D. Walker, Esq.
Cazier McGowan & Walker
P.O. Box 500
Granby, CO 80446
*[Middle Park Conservancy District]*
cazier_mcgowan@hotmail.com

7

Denver's Status Report
Civil Action No.: 49-cv-02782-EWN-CBS

Mark A. Hermundstad, Esq.
Kirsten M. Kurath, Esq.
Williams Turner & Holmes, PC 200 North 6th Street
P.O. Box 338
Grand Junction, CO 81502
*[Grand Valley Water Users Association; Orchard Mesa Irrigation District; Ute Water Conservancy District]*
mherm@wth-law.com

Frederick G. Aldrich, Esq.
Aldrich, Frederick, LLC
601A 281/4 Road
Grand Junction, CO 81506
[Grand Valley Irrigation]
faldrich@aldrich-law.com

James J. DuBois
U.S. Dept of Justice; Environment &
Natural Resources Division
1961 Stout St., Suite 800
Denver, CO 80294
james.dubois@usdoj.gov

Robert V. Trout, Esq.
Trout, Raley, Montano, Witwer &
Freeman, PC
1120 Lincoln Street, Ste. 1600
Denver, CO 80203
rtrout@troutlaw.com                          _____s/Karel B. Moseley_____
                                                    Karel B. Moseley