Addemdum A to  
Denver's Status Report  
Civil Action No.: 49-cv-02782-EWN-CBS

# Addendum A

**C.R.S §37-92-103(6):**
(6) "Conditional water right" means a right to perfect a water right with a certain priority upon the completion with reasonable diligence of the appropriation upon which such water right is to be based.

**C.R.S. 37-92-301(4):**
(4)(a)(I) In every sixth calendar year after the calendar year in which a water right is conditionally decreed, or in which a finding of reasonable diligence has been decreed, the owner or user thereof, if such owner or user desires to maintain the same, shall file an application for a finding of reasonable diligence, or said conditional water right shall be considered abandoned.

(II) If a conditional underground water right requires construction of a well, the expiration of the permit issued for the construction of such well by the state engineer pursuant to section 37-90-137(1) shall not be the sole basis for a determination of abandonment pursuant to subparagraph (I) of this paragraph (a).

(III) The judgment and decree of the court shall specify the month and calendar year in which a subsequent application for a finding of reasonable diligence shall be filed with the water clerk pursuant to section 37-92-302(1). A subsequent application shall be filed during the same month as the previous decree was entered every six years after such entry of the decree until the right is made absolute or otherwise disposed of.

(IV) The provisions of this paragraph (a) shall supersede any contrary provision or requirement of a previous conditional decree or determination of reasonable diligence.

(b) The measure of reasonable diligence is the steady application of effort to complete the appropriation in a reasonably expedient and efficient manner under all the facts and circumstances. When a project or integrated system is comprised of several features, work on one feature of the project or system shall be considered in finding that reasonable diligence has been shown in the development of water rights for all features of the entire project or system.

(c) Subject to the provisions of paragraph (b) of this subsection (4), neither current economic conditions beyond the control of the applicant which adversely affect the feasibility of perfecting a conditional water right or the proposed use of water from a conditional water right nor the fact that one or more governmental permits or approvals have not been obtained shall be considered sufficient to deny a diligence application, so long as other facts and circumstances which show diligence are present.

Addemdum A to  
Denver's Status Report  
Civil Action No.: 49-cv-02782-EWN-CBS

**C.R.S. 37-92-305(9):**
(9)(a) No claim for a water right may be recognized or a decree therefor granted except to the extent that the waters have been diverted, stored, or otherwise captured, possessed, and controlled and have been applied to a beneficial use, but nothing in this section shall affect appropriations by the state of Colorado for minimum streamflows as described in section 37-92-103(4).

(b) No claim for a conditional water right may be recognized or a decree therefor granted except to the extent that it is established that the waters can be and will be diverted, stored, or otherwise captured, possessed, and controlled and will be beneficially used and that the project can and will be completed with diligence and within a reasonable time.

**C.R.S. §37-92-103(3):**
(3)(a) "Appropriation" means the application of a specified portion of the waters of the state to a beneficial use pursuant to the procedures prescribed by law; but no appropriation of water, either absolute or conditional, shall be held to occur when the proposed appropriation is based upon the speculative sale or transfer of the appropriative rights to persons not parties to the proposed appropriation, as evidenced by either of the following:

(I) The purported appropriator of record does not have either a legally vested interest or a reasonable expectation of procuring such interest in the lands or facilities to be served by such appropriation, unless such appropriator is a governmental agency or an agent in fact for the persons proposed to be benefited by such appropriation.

(II) The purported appropriator of record does not have a specific plan and intent to divert, store, or otherwise capture, possess, and control a specific quantity of water for specific beneficial uses.