IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

Civil Acton No.: 49-cv-02782-EWN-CBS

Consolidated Civil Case Nos. 2782, 5016 and 5017 and

DISTRICT COURT, WATER DIVISION NO. 5 STATE OF COLORADO
Case No. 06CW255

_____

SCHEDULING ORDER
_____

CONCERNING THE APPLICATION FOR WATER RIGHTS OF THE CITY AND COUNTY
OF DENVER, ACTING BY AND THROUGH ITS BOARD OF WATER COMMISSIONERS,
IN SUMMIT COUNTY
_____

**1.    DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO
SE PARTIES**

The parties initially met and conferred on April 14, 2008.  Subsequently, the parties met

with Magistrate Judge Shaffer in his Court on April 17, 2008.

**2.    STATEMENT OF JURISDICTION**

On August 4, 1977, the United States District Court of the District of Colorado entered an

"Order Regarding Further Proceedings Consonant with the Colorado Water Rights

Determination and Administration Act" in consolidated case nos. 2782, 5016, and 5017 (the

"1977 Order").  The 1977 Order provides the procedure under which diligence applications, such

as the instant case, are to proceed in the consolidated cases.  The 1977 Order provides that "[t]his

[Federal] Court will act as the water judge provided for provided by The 1969 Act for Water

Division No. 5 insofar as proceedings in connection with cases numbered 5016 and 5017 are

concerned.

**3.    STATEMENT OF CLAIMS AND DEFENSES**

*a.*        *Applicant*

Scheduling Order
49-n-2782

i.  Applicant has been reasonably diligent in placing the subject conditional water rights to beneficial use pursuant to the requirements of C.R.S. 37-92-301(4).

ii.  Applicant has demonstrated a steady effort to complete the appropriation in a reasonably expedient and efficient manner under all the facts and circumstances.

iii.  The activities described in its application further the development of the amount remaining conditionally decreed.

iv.  Applicant has satisfied the requirement that "No claim for a conditional water right may be recognized or a decree therefore granted except to the extent that it is established that the waters can be and will be diverted, stored, or otherwise captured, possessed, and controlled and will be beneficially used and that the project can and will be completed with diligence and within a reasonable time." C.R.S. § 37-92-305(9)(b)

v.  Applicant has satisfied the requirements under C.R.S. § 37-92-103(3).

vi.  Applicant is a governmental agency that is entitled to the anti-speculation exception in C.R.S. § 37-92-103(3).

vii.  Applicant's substantiated population projections and other needs and requirements support a continuation of the remaining amounts conditionally decreed.

viii.  Applicant's reasonably anticipated needs include amounts to meet risks associated with municipal planning such as drought, global warming, environmental regulatory obligations, economic uncertainties and other contingencies.

ix.  For its claim to make absolute, Applicant has captured, possessed, and controlled; and applied the water to a beneficial use in accordance with the terms of the decree.  C.R.S. §37-92-305(9)(a), City of Lafayette v. New Anderson Ditch Co., 962 P.2d 955, 961 (Colo. 1998).

Scheduling Order
49-n-2782

*b.     Objectors:*

The Objectors dispute the Applicant's claims and specifically allege that the Applicant cannot meet its burden of proof of acting with reasonable diligence with respect to its pursuit of the Blue River Diversion Project.  In addition, the Objectors allege that the Applicant cannot meet its burden of proof that it diverted 654  c.f.s. and applied such water to beneficial use in accordance with the terms of the stipulations, judgments and decrees applicable to such diversions, including without limitation all stipulations, judgments and decrees in the above-captioned Consolidated Civil Cases.

**4.     UNDISPUTED FACTS**

The following facts are undisputed:

1.     The water rights that are the subject of this action are those decreed to the Blue River Diversion Project in Summit County District Court in C.A. Nos. 1805 and 1806, and then removed to the United States District Court, District of Colorado, in Consolidated Case Nos. 2782, 5016 and 5017.

2.     The Applicant is the City and County of Denver, acting by and through its Board of Water Commissioners, 1600 W. 12th Avenue, Denver, Colorado 80204, telephone (303) 628-6460.

3.     Pursuant to the previous diligence decree in Case No. 1999CW044, dated December 14, 2000, the Applicant filed an Application for Finding of Reasonable Diligence and To Make Absolute a Conditional Water Right with the Clerk of the Water Court, Water Division No. 5 on December 26, 2006 ("the Application").

Scheduling Order
49-n-2782

4.      The Application was denominated as Case No. 2006CW255 by the Clerk of the Water
Court.

5.      The Application was also filed with the Clerk of the United States District Court, District
of Colorado in accordance with the "Order Regarding Further Proceedings Consonant
with the Colorado Water Right Determination and Administration Act of 1969," dated
August 4, 1977.

6.      The Application was filed in a timely fashion.

7.      The Colorado River Water Conservation District, Climax Molybdenum Company, Grand
Valley Water Users Association, Middle Park Water Conservancy District, Palisade
Irrigation District, Grand Valley Irrigation Company, Orchard Mesa Irrigation District,
Ute Water Conservancy District, acting by and through the Ute Water Activity
Enterprise, and Town of Frisco filed timely Statements of Opposition to the Application.

8.      On June 11, 2007, the Report of the Division Engineer, Summary of Consultation was
served on all parties.

9.      On September 25, 2007, Town of Frisco withdrew its opposition to the Application.

10.     The date of the original decree of the conditionally decreed water rights at issue is March
10, 1952, incorporated and confirmed by Findings of Fact, Conclusions of Law, Final
Judgment and Final Decree in Consolidated Cases Civil Nos. 2782, 5016 and 5017 in the
United States District Court in and for the District of Colorado dated October 12, 1955.
See Civil Action Nos. 1805 and 1806 in the District Court of the County of Summit, State
of Colorado, and Civil Case Nos. 5016 and 5017, which are Federal District Court
Numbers, corresponding to Summit County District Court Nos. 1805 and 1806.

Scheduling Order
49-n-2782

11.    The Blue River Diversion Project diverts water though the Montezuma Tunnel (now

call the Harold D. Roberts Tunnel), the west portal of which is located at a point

whence the East quarter corner of Section 18, Township 5 South, Range 77 West of the

6th P.M. bears South 81°07' East 941.6 feet.

12.    The appropriation date of the conditionally decreed rights at issue is June 24, 1946 for

788 cfs.

### 5.    COMPUTATION OF DAMAGES

No damages are sought in this diligence proceeding. The opposers have claimed injury to

their water rights.

### 6.    REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

**a.    Date of rule 26(f) meeting.**

The parties met telephonically on April 14, 2008.  Subsequently, the parties met with

Magistrate Judge Shaffer on April 17, 2008.  Additionally, counsel for the City and County of

Denver and counsel for objector Climax Molybdenum Company met in person on May 6, 2008.

**b.    Names of each participant and party he/she represented.**

Applicant, City and County of Denver acting by and through its Board of Water

Commissioners represented by Casey S. Funk, Gail Rosenschein and Dan Arnold.

Opposer, Climax Molybdenum Company, represented by Brian Nazarenus, Robert

Pohlman and Roger Williams.

Scheduling Order
49-n-2782

Opposer, Colorado River Water Conservation District, represented by Peter Fleming and Taylor Hawes.

Opposer, Middle Park Water Conservancy District, represented by Stan Cazier and John Walker.

Opposers, Ute Water Conservancy District acting by and through the Ute Water Activity Enterprise, Orchard Mesa Irrigation District, Grand Valley Water Users Association, represented by Mark A. Hermundstad and Kirsten M. Kurath.

Opposer, Grand Valley Irrigation Company, represented by Frederick G. Aldrich.

Opposer, Palisade Irrigation District, represented by Nate Keever.

**c.    Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

**d.    Statement as to when rule 26(a)(1) disclosures were made or will be made.**

The parties have agreed to exchange initial disclosures under Fed. R. Civ. P. 26 (a)(1) on June 16, 2008.

**e. A statement concerning any agreements to conduct informal discovery, including joint interviews with potential witnesses, exchanges of documents, and joint meetings with clients to discuss settlement.**

Presently, the parties have not agreed to conduct informal discovery concerning witnesses. The parties have tentatively agreed on exchanging documents relevant to the diligence proceeding.

**f.    Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

Scheduling Order
49-n-2782

**In those cases, the parties must indicate what steps they have taken or will take to (i) preserve electronically stored information; (ii) facilitate discovery of electronically stored information;(iii) limit associated discovery costs and delay; and (iv) avoid discovery disputes relating to electronic discovery.**

The parties anticipate that significant disclosure or discovery will involve information or records maintained in electronic form. As the Court suggested at the April 17, 2008 conference, the parties are working on a "Protocol for the Discovery of Electronically Stored Information". The Protocol will also address the requirements of this section 6(f) of the Scheduling Order.

While the parties anticipate that the there may be some disputes regarding the extent and scope of electronic discovery, the Court's intervention will only be sought after the parties have exhausted good faith efforts to reach agreement. These efforts to date include Denver making its Director of Information Technology available for a meeting held on May 6, 2008 to discuss Denver's IT infrastructure. This meeting was attended by Climax's consultant from Navigant Consulting and Climax's attorneys from the Phoenix office of Ryley Carlock, Robert Pohlman and Cecil Lynn. Climax is working to identify IT personnel to provide information on its IT infrastructure. It is anticipated that the remaining opposers will provide similar information.

7.    <u>CONSENT</u>

The parties are exploring use of a Special Master to adjudicate the factual and legal matters at issue. All parties have not consented to the exercise of jurisdiction of a Magistrate Judge.

8.    <u>CASE PLAN AND SCHEDULE</u>

a.    **Deadline for Joinder of Parties and Amendment of Pleadings:**

All parties will join any necessary additional parties and will amend their pleadings no later than 45 days after the scheduling conference herein.

Scheduling Order
49-n-2782

**b.      Discovery Cut-off:**

The parties agree that discovery shall be completed by January 31, 2009.

**c.      Dispositive Motion Deadline:**

The parties agree that dispositive motions shall be filed no later than February 27, 2009.

**d.      Expert Witness Disclosure:**

*(1)*      The parties contemplate expert testimony in the fields of water resource engineering, environmental permitting, water supply and water demand projections, finance, and perhaps others.

*(2)*      The parties have not proposed any limitation on the use or number of expert witnesses.

*(3)*      The parties will have designated all experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before October 31, 2008.

*(4)*      The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before December 15, 2008.

*(5)      Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the rule will be allowed by stipulation of the parties unless the stipulation is approved by the court.*

**e.      Deposition Schedule:**

Because the parties have not yet exchanged initial disclosures, no deposition schedule has yet been agreed upon.

Scheduling Order
49-n-2782

**f.        Interrogatory Schedule:**

Because the parties have not yet exchanged initial disclosures, no interrogatory schedule has yet been agreed upon.

**g.        Schedule for Request for Production of Documents:**

The City, the Applicant and the Objector Climax Molybdenum Company have tentatively agreed on an informal exchange of documents; the parties will work to set a schedule for production of documents to the extent they are not exchanged informally.

**h.        Discovery Limitations:**

The parties have agreed that the presumptive number of depositions, interrogatories and requests for admissions shall be as provided in the Federal Rules of Civil Procedure.

**(1)        Any limits which any party wishes to propose on the number of depositions.**

N/A

**(2)        Any limits which any party wishes to propose on the length of depositions.**

N/A

**(3)        Modifications which any party proposes on the presumptive numbers of depositions or interrogatories contained in the federal rules.**

N/A

**(4)        Limitations which any party proposes on number of requests for production of documents and/or requests for admissions.**

Scheduling Order
49-n-2782

N/A

**(5)     Other Planning or Discovery Orders:**

The parties are discussing a stipulated form of protective order.  Denver Water anticipates that discovery in this matter will be duplicative of discovery in other matters involving some or all of the same parties and would seek to avoid duplicative or undue costs and burdens to itself, the other parties and the courts.

**9.     SETTLEMENT**

The parties certify that they have discussed the possibility for settlement or resolution of the case by alternate dispute resolution.  To date, the parties have not been able to agree on settlement or alternate dispute resolution.

**10.     OTHER SCHEDULING ISSUES**

a.     No other scheduling issues are issues known at the present time.

b.     The parties anticipate a 10-15 day trial.  The trial would be to the Court or to a Special Master.

**11.     DATES FOR FURTHER CONFERENCES**

*The magistrate judge will complete this section at the scheduling conference if he or she has not already set deadlines by an order filed before the conference*

a.     A settlement conference will be held on_____ at _____ o'clock ___.m.

It is hereby ordered that all settlement conferences that take place before the magistrate judge shall be confidential.

Scheduling Order
49-n-2782

( )    *Pro se* parties and attorneys only need be present.

( )    *Pro se* parties, attorneys, and client representatives with authority to settle must be present.  (NOTE: This requirement is not fulfilled by the presence of counsel.  If an insurance company is involved, an adjustor authorized to enter into settlement must also be present.)

( )     Each party shall submit a Confidential Settlement Statement to the magistrate judge on or before _____ outlining the facts and issues, as well as the strengths and weaknesses of their case.

b.    Status conferences will be held in this case at the following dates and times:

c.    A final pretrial conference will be held in this case on at_____ o'clock ___.m.  A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than five days before the final pretrial conference.

## 12.    **OTHER MATTERS**

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any notice of withdrawal, notice of substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

Scheduling Order
49-n-2782

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures established by the judicial officer presiding over the trial of this case.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

## 13.    AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED this _____ day of May 2008.

BY THE COURT:


_____
United States Magistrate Judge


[signatures follow on the next 7 pages]

Scheduling Order
49-n-2782

APPROVED:
PATRICIA L. WELLS, General Counsel
CASEY S. FUNK, No. 11638
GAIL J. ROSENSCHEIN, No. 23724
JEFFREY F.DAVIS, No. 34415
DANIEL J.ARNOLD, No.35458

_____s/Jeffrey F. Davis      _____
Attorneys for Applicant City and County of Denver,
acting by and through its Board of Water Commissioners
1600 West 12th Avenue
Denver, Colorado 80204-3412
303-628-6460
E-filed per Rule 121, a duly signed original is on file in the Legal Division of Denver Water.

Scheduling Order
49-n-2782

Ryley Carlock & Applewhite

_____s/Roger T. Williams_____
Brian M. Nazarenus, Esq.
Robert J. Pohlman, Esq.
Roger T. Williams, Esq.
James M. Noble, Esq.
1775 Sherman Street, 21st Floor
Denver, CO 80203
303-863-7500
*[Attorneys for Opposer Climax*
*Molybdenum Company]*
E-filed per Rule 121, a duly signed original is on file in the Legal Division of Denver Water.

Scheduling Order
49-n-2782

Williams Turner & Holmes, PC


_____s/Mark A. Hermundstad__
Mark A. Hermundstad, Esq.
Kirsten M. Kurath, Esq.
200 North 6th Street
P.O. Box 338
Grand Junction, CO 81502
970-242-6262
*[Attorneys for Opposer Grand Valley Water Users*
*Association; Orchard Mesa Irrigation*
*District; Ute Water Conservancy District]*
E-filed per Rule 121, a duly signed original is on file in the Legal Division of Denver Water.

Scheduling Order
49-n-2782

_____
Peter C. Fleming, Esq.
Taylor E.C. Hawes, Esq.
P.O. Box 1120
Glenwood Springs, CO 81602
970-945-8522
*[Attorneys for Opposer Colorado
River Water Conservation District]*
E-filed per Rule 121, a duly signed original is on file in the Legal Division of Denver Water.

Scheduling Order
49-n-2782

Cazier McGowan & Walker

_____s/Stanley W. Cazier___
Stanley W. Cazier, Esq.
John D. Walker, Esq.
P.O. Box 500
Granby, CO 80446
970-887-3376
*[Attorneys for Opposer Middle
Park Conservancy District]*
E-filed per Rule 121, a duly signed original is on file in the Legal Division of Denver Water.

Scheduling Order
49-n-2782

_____s/Nathan A. Keever_____
Nathan A. Keever, Esq.
Dufford Waldeck Milburn & Krohn, LLP
744 Horizon Court, Suite 300
 Grand Junction, CO 81506
1-970-241-5500
*[Attorney for Opposer Palisade Irrigation District]*
E-filed per Rule 121, a duly signed original is on file in the Legal Division of Denver Water.

Scheduling Order
49-n-2782

Aldrich, Frederick, LLC


_/s Frederick G. Aldrich _____
Frederick G. Aldrich, Esq.
601A 281/4 Road
Grand Junction, CO 81506
970-245-7950
*[Attorney for Opposer Grand
Valley Irrigation]*
E-filed per Rule 121, a duly signed original is on file in the Legal Division of Denver Water.

Scheduling Order
49-n-2782

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this ___14th___ day of May, 2008, I electronically filed the foregoing
Scheduling Order on behalf of Denver Water, acting by and through its Board of Water
Commissioners, with the Clerk of the U.S. District Court using the CM/ECF system which will
send notification of such filing to the following email addresses:

Brian N. Nazarenus
Robert J. Pohlman
Olivia D. Lucas
bnazarenus@rcalaw.com
rpohlman@rcalaw.com
olucas@rcalaw.com

Austin C. Hamre
ahamre@dodpc.com

Chad M. Wallace
chad.wallace@state.co.us

Douglas L. Abbott
Anne J. Castle
dabbott@hollandhart.com
acastle@hollandhart.com

Peter C. Fleming
pfleming@crwcd.org

William A. Paddock
Karl D. Ohlsen
Mary M. Hammond
bpaddock@chp-law.com

kohlsen@chp-law.com
mhammond@chp-law.com

James J. DuBois
james.dubois@usdoj.gov

David G. Hill
dgh@bhgrlaw.com

Kathleen M. Morgan
kathleen@moriarty.com

James R. Montgomery
jmontgomery@mwhw.com

Frederick G. Aldrich
faldrich@aldrich-law.com

Mark A. Hermundstad
mherm@wth-law.com

Stanley W. Cazier
cazier_mcgowan@hotmail.com

Donald E. Phillipson
dbls99@comcast.net

Robert V. Trout
rtrout@troutlaw.com

Nathan A. Keever
keever@dwmk.com

Michael C. Santo
santo@bechtelsanto.com


/s *Catherine L. Mock*
    Catherine L. Mock