IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Acton No. 49-cv-02782-EWN-CBS

Consolidated Civil Case Nos. 2782, 5016 and 5017 and

DISTRICT COURT, WATER DIVISION NO. 5 STATE OF COLORADO
Case No. 06CW255
_____

SCHEDULING ORDER
_____

CONCERNING THE APPLICATION FOR WATER RIGHTS OF THE CITY AND COUNTY
OF DENVER, ACTING BY AND THROUGH ITS BOARD OF WATER COMMISSIONERS,
IN SUMMIT COUNTY
_____

## 1.  DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

The parties initially met and conferred on April 14, 2008.  Subsequently, the parties met

with Magistrate Judge Shaffer in his Court on April 17, 2008.

## 2.  STATEMENT OF JURISDICTION

On August 4, 1977, the United States District Court of the District of Colorado entered

an "Order Regarding Further Proceedings Consonant with the Colorado Water Rights

Determination and Administration Act" in consolidated case nos. 2782, 5016, and 5017 (the

"1977 Order").  The 1977 Order provides the procedure under which diligence applications, such

as the instant case, are to proceed in the consolidated cases.  The 1977 Order provides that "[t]his

[Federal] Court will act as the water judge provided for provided by The 1969 Act for Water

Division No. 5 insofar as proceedings in connection with cases numbered 5016 and 5017 are

concerned.

## 3.  STATEMENT OF CLAIMS AND DEFENSES

a.    *Applicant*

i.    Applicant has been reasonably diligent in placing the subject conditional water

rights to beneficial use pursuant to the requirements of C.R.S. 37-92-301(4).

ii.    Applicant has demonstrated a steady effort to complete the appropriation in a reasonably expedient and efficient manner under all the facts and circumstances.

iii.    The activities described in its application further the development of the amount remaining conditionally decreed.

iv.    Applicant has satisfied the requirement that "No claim for a conditional water right may be recognized or a decree therefore granted except to the extent that it is established that the waters can be and will be diverted, stored, or otherwise captured, possessed, and controlled and will be beneficially used and that the project can and will be completed with diligence and within a reasonable time." C.R.S. § 37-92-305(9)(b)

v.    Applicant has satisfied the requirements under C.R.S. § 37-92-103(3).

vi.    Applicant is a governmental agency that is entitled to the anti-speculation exception in C.R.S. § 37-92-103(3).

vii.    Applicant's substantiated population projections and other needs and requirements support a continuation of the remaining amounts conditionally decreed.

viii.    Applicant's reasonably anticipated needs include amounts to meet risks associated with municipal planning such as drought, global warming, environmental regulatory obligations, economic uncertainties and other contingencies.

ix.    For its claim to make absolute, Applicant has captured, possessed, and controlled; and applied the water to a beneficial use in accordance with the terms of the decree.  C.R.S. §37-92-305(9)(a), City of Lafayette v. New Anderson Ditch Co., 962 P.2d 955, 961 (Colo. 1998).

**b.    *Objectors:***

The Objectors dispute the Applicant's claims and specifically allege that the Applicant cannot meet its burden of proof of acting with reasonable diligence with respect to its pursuit of the Blue River Diversion Project.  In addition, the Objectors allege that the Applicant cannot meet its burden of proof that it diverted 654  c.f.s. and applied such water to beneficial use in

2

accordance with the terms of the stipulations, judgments and decrees applicable to such diversions, including without limitation all stipulations, judgments and decrees in the above-captioned Consolidated Civil Cases.

### 4. UNDISPUTED FACTS

The following facts are undisputed:

1. The water rights that are the subject of this action are those decreed to the Blue River Diversion Project in Summit County District Court in C.A. Nos. 1805 and 1806, and then removed to the United States District Court, District of Colorado, in Consolidated Case Nos. 2782, 5016 and 5017.

2. The Applicant is the City and County of Denver, acting by and through its Board of Water Commissioners, 1600 W. 12th Avenue, Denver, Colorado 80204, telephone (303) 628-6460.

3. Pursuant to the previous diligence decree in Case No. 1999CW044, dated December 14, 2000, the Applicant filed an Application for Finding of Reasonable Diligence and To Make Absolute a Conditional Water Right with the Clerk of the Water Court, Water Division No. 5 on December 26, 2006 ("the Application").

4. The Application was denominated as Case No. 2006CW255 by the Clerk of the Water Court.

5. The Application was also filed with the Clerk of the United States District Court, District of Colorado in accordance with the "Order Regarding Further Proceedings Consonant with the Colorado Water Right Determination and Administration Act of 1969," dated August 4, 1977.

6. The Application was filed in a timely fashion.

7. The Colorado River Water Conservation District, Climax Molybdenum Company, Grand Valley Water Users Association, Middle Park Water

Conservancy District, Palisade Irrigation District, Grand Valley Irrigation

Company, Orchard Mesa Irrigation District, Ute Water Conservancy District,

acting by and through the Ute Water Activity Enterprise, and Town of Frisco filed

timely Statements of Opposition to the Application.

8.    On June 11, 2007, the Report of the Division Engineer, Summary of Consultation

was served on all parties.

9.    On September 25, 2007, Town of Frisco withdrew its opposition to the

Application.

10.    The date of the original decree of the conditionally decreed water rights at issue is

March 10, 1952, incorporated and confirmed by Findings of Fact, Conclusions of

Law, Final Judgment and Final Decree in Consolidated Cases Civil Nos. 2782,

5016 and 5017 in the United States District Court in and for the District of

Colorado dated October 12, 1955.  See Civil Action Nos. 1805 and 1806 in the

District Court of the County of Summit, State of Colorado, and Civil Case Nos.

5016 and 5017, which are Federal District Court Numbers, corresponding to

Summit County District Court Nos. 1805 and 1806.

11.    The Blue River Diversion Project diverts water though the Montezuma Tunnel

(now called the Harold D. Roberts Tunnel), the west portal of which is located at

a point whence the East quarter corner of Section 18, Township 5 South, Range

77 West of the 6th P.M. bears South 81°07' East 941.6 feet.

12.    The appropriation date of the conditionally decreed rights at issue is June 24,

1946 for 788 cfs.

### 5.  COMPUTATION OF DAMAGES

No damages are sought in this diligence proceeding.  The opposers have claimed injury

to their water rights.

4

### 6.  REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

**a.      Date of rule 26(f) meeting.**

The parties met telephonically on April 14, 2008.  Subsequently, the parties met with Magistrate Judge Shaffer on April 17, 2008.  Additionally, counsel for the City and County of Denver and counsel for objector Climax Molybdenum Company met in person on May 6, 2008.

**b.      Names of each participant and party he/she represented.**

Applicant, City and County of Denver acting by and through its Board of Water Commissioners represented by Casey S. Funk, Gail Rosenschein and Dan Arnold.

Opposer, Climax Molybdenum Company, represented by Brian Nazarenus, Robert Pohlman and Roger Williams.

Opposer, Colorado River Water Conservation District, represented by Peter Fleming and Taylor Hawes.

Opposer, Middle Park Water Conservancy District, represented by Stan Cazier and John Walker.

Opposers, Ute Water Conservancy District acting by and through the Ute Water Activity Enterprise, Orchard Mesa Irrigation District, Grand Valley Water Users Association, represented by Mark A. Hermundstad and Kirsten M. Kurath.

Opposer, Grand Valley Irrigation Company, represented by Frederick G. Aldrich.

Opposer, Palisade Irrigation District, represented by Nate Keever.

**c.      Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

**d.      Statement as to when rule 26(a)(1) disclosures were made or will be made.**

The parties have agreed to exchange initial disclosures under Fed. R. Civ. P. 26 (a)(1) on June 16, 2008.

**e.      A statement concerning any agreements to conduct informal discovery, including joint interviews with potential witnesses, exchanges of documents, and joint**

5

**meetings with clients to discuss settlement.**

Presently, the parties have not agreed to conduct informal discovery concerning witnesses. The parties have tentatively agreed on exchanging documents relevant to the diligence proceeding.

**f.      Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form. In those cases, the parties must indicate what steps they have taken or will take to (i) preserve electronically stored information; (ii) facilitate discovery of electronically stored information;(iii) limit associated discovery costs and delay; and (iv) avoid discovery disputes relating to electronic discovery.**

The parties anticipate that significant disclosure or discovery will involve information or records maintained in electronic form. As the Court suggested at the April 17, 2008 conference, the parties are working on a "Protocol for the Discovery of Electronically Stored Information". The Protocol will also address the requirements of this section 6(f) of the Scheduling Order.

While the parties anticipate that the there may be some disputes regarding the extent and scope of electronic discovery, the Court's intervention will only be sought after the parties have exhausted good faith efforts to reach agreement. These efforts to date include Denver making its Director of Information Technology available for a meeting held on May 6, 2008 to discuss Denver's IT infrastructure. This meeting was attended by Climax's consultant from Navigant Consulting and Climax's attorneys from the Phoenix office of Ryley Carlock, Robert Pohlman and Cecil Lynn. Climax is working to identify IT personnel to provide information on its IT infrastructure. It is anticipated that the remaining opposers will provide similar information.

6

## 7.  CONSENT

The parties are exploring use of a Special Master to adjudicate the factual and legal matters at issue.  All parties have not consented to the exercise of jurisdiction of a Magistrate Judge.

## 8.  CASE PLAN AND SCHEDULE

a.      Deadline for Joinder of Parties and Amendment of Pleadings:

All parties will join any necessary additional parties and will amend their pleadings no later than 45 days after the scheduling conference herein.

**b.      Discovery Cut-off:**

The parties agree that discovery shall be completed by January 31, 2009.

**c.      Dispositive Motion Deadline:**

The parties agree that dispositive motions shall be filed no later than February 27, 2009.

**d.      Expert Witness Disclosure:**

*(1)*      The parties contemplate expert testimony in the fields of water resource engineering, environmental permitting, water supply and water demand projections, finance, and perhaps others.

*(2)*      The parties have not proposed any limitation on the use or number of expert witnesses.   **Each party or discrete group of parties is limited to no more than six experts, absent leave of court upon a showing of good cause.**

*(3)*      The parties will have designated **affirmative** all experts and provide opposing counsel and any pro se party with all information specified in Fed.  R. Civ.  P. 26(a)(2) on or before October ~~31~~ **15**, 2008.

*(4)*      The parties shall designate all rebuttal experts and provide opposing

7

counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or

before December ~~15~~ **1**, 2008.

       *This Scheduling Order requires Rule 26(a)(2)(B) reports from <u>any</u> person who*

*will provide expert testimony — including, for example, a treating physician — except that a*

*treating physician's report need not contain a recitation of compensation paid to the physician*

*or a list of other cases in which the physician has given testimony.  See Fed. R. Civ. P.*

*26(a)(2) advisory committee's note ("requirement of written report may be . . . imposed upon*

*additional persons who will provide opinions under [r]ule 702".)*

       (5)    *Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no*

*exception to the requirements of the rule will be allowed by stipulation of the parties unless the*

*stipulation is approved by the court.*

      **e.**     **Deposition Schedule:**

  Because the parties have not yet exchanged initial disclosures, no deposition schedule has

yet been agreed upon.

      **f.**     **Interrogatory Schedule:**

  Because the parties have not yet exchanged initial disclosures, no interrogatory schedule has

yet been agreed upon.  **The last day for serving written discovery of any kind will be**

**December 29, 2008.**

      **g.**     **Schedule for Request for Production of Documents:**

  The City, the Applicant and the Objector Climax Molybdenum Company have tentatively

agreed on an informal exchange of documents; the parties will work to set a schedule for production

of documents to the extent they are not exchanged informally.  **The last day for serving written**

**discovery of any kind will be December 29, 2008.**

8

**h.      Discovery Limitations:**

The parties have agreed that the presumptive number of depositions, interrogatories and ~~requests for admissions~~ shall be as provided in the Federal Rules of Civil Procedure.   **Each party or discrete group of parties may take no more than ten non-expert depositions, with the provisio that no non-expert deponent may be depose more than once.  The parties may depose any expert designated in this litigation, provided that no expert is deposed more than once without leave of court.    Each party or discrete group of parties is limited to 20 requests under Fed.R.Civ.P. 36.**

**(1)      Any limits which any party wishes to propose on the number of depositions.**
~~N/A~~

**(2)      Any limits which any party wishes to propose on the length of depositions.**
~~N/A~~

**(3)      Modifications which any party proposes on the presumptive numbers of depositions or interrogatories contained in the federal rules.**
~~N/A~~

**(4)      Limitations which any party proposes on number of requests for production of documents and/or requests for admissions.    Each party or discrete group of parties shall be limited to 15 requests under Fed.R.Civ.P. 34.**
~~N/A~~

**(5)      Other Planning or Discovery Orders:**

The parties are discussing a stipulated form of protective order.  Denver Water anticipates that discovery in this matter will be duplicative of discovery in other matters involving some or all of the same parties and would seek to avoid duplicative or undue costs and burdens to itself, the other parties and the courts.

9

## 9.  SETTLEMENT

The parties certify that they have discussed the possibility for settlement or resolution of the case by alternate dispute resolution.  To date, the parties have not been able to agree on settlement or alternate dispute resolution.

## 10.  OTHER SCHEDULING ISSUES

a.      No other scheduling issues are issues known at the present time.

b.      The parties anticipate a 10-15 day trial.  The trial would be to the Court or to a Special Master.

## 11.  DATES FOR FURTHER CONFERENCES

a.      A settlement conference will be held on_____ at _____ o'clock ___.m.

It is hereby ordered that all settlement conferences that take place before the magistrate judge shall be confidential.

( )     *Pro se* parties and attorneys only need be present.

( )     *Pro se* parties, attorneys, and client representatives with authority to settle must be present.  (NOTE: This requirement is not fulfilled by the presence of counsel.  If an insurance company is involved, an adjustor authorized to enter into settlement must also be present.)

( )     Each party shall submit a Confidential Settlement Statement to the magistrate judge on or before _____ outlining the facts and issues, as well as the strengths and weaknesses of their case.

b.      Status conferences will be held in this case at the following dates and times:

c.      A ~~final~~ **preliminary** pretrial conference will be held in this case on **December 11, 2008 at 10:00 a.m.**  A ~~Final~~ **Preliminary** Pretrial Order shall be prepared by the parties and submitted to the court no later than five days before the ~~final~~ **preliminary** pretrial conference.

10

## 13.  OTHER MATTERS

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any notice of withdrawal, notice of substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures established by the judicial officer presiding over the trial of this case.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

## 14.  AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

Signed May 16, 2008.


s/ Craig B. Shaffer

United States Magistrate Judge

11

APPROVED:
PATRICIA L. WELLS, General Counsel
CASEY S. FUNK, No. 11638
GAIL J. ROSENSCHEIN, No. 23724
JEFFREY F.DAVIS, No. 34415
DANIEL J.ARNOLD, No.35458

s/Jeffrey F. Davis
Attorneys for Applicant City and County of Denver,
acting by and through its Board of Water Commissioners
1600 West 12th Avenue
Denver, Colorado 80204-3412
303-628-6460
E-filed per Rule 121, a duly signed original is on file in the Legal Division of Denver
Water.Ryley Carlock & Applewhite


s/Roger T. Williams
Brian M. Nazarenus, Esq.
Robert J. Pohlman, Esq.
Roger T. Williams, Esq.
James M. Noble, Esq.
1775 Sherman Street, 21st Floor
Denver, CO 80203
303-863-7500
[Attorneys for Opposer Climax Molybdenum Company]
E-filed per Rule 121, a duly signed original is on file in the Legal Division of Denver
Water.Williams Turner & Holmes, PC


s/Mark A. Hermundstad
Mark A. Hermundstad, Esq.
Kirsten M. Kurath, Esq.
200 North 6th Street
P.O. Box 338
Grand Junction, CO 81502
970-242-6262
[Attorneys for Opposer Grand Valley Water Users Association; Orchard Mesa Irrigation
District; Ute Water Conservancy District]
E-filed per Rule 121, a duly signed original is on file in the Legal Division of Denver Water.


Peter C. Fleming, Esq.
Taylor E.C. Hawes, Esq.
P.O. Box 1120
Glenwood Springs, CO 81602
970-945-8522
[Attorneys for Opposer Colorado River Water Conservation District]
E-filed per Rule 121, a duly signed original is on file in the Legal Division of Denver
Water.Cazier McGowan & Walker

s/Stanley W. Cazier
Stanley W. Cazier, Esq.
John D. Walker, Esq.
P.O. Box 500
Granby, CO 80446
970-887-3376
[Attorneys for Opposer Middle Park Conservancy District]
E-filed per Rule 121, a duly signed original is on file in the Legal Division of Denver Water.


s/Nathan A. Keever
Nathan A. Keever, Esq.
Dufford Waldeck Milburn & Krohn, LLP
744 Horizon Court, Suite 300
Grand Junction, CO 81506
1-970-241-5500
[Attorney for Opposer Palisade Irrigation District]
E-filed per Rule 121, a duly signed original is on file in the Legal Division of Denver Water.
Aldrich, Frederick, LLC


s/ Frederick G. Aldrich
Frederick G. Aldrich, Esq.
601A 281/4 Road
Grand Junction, CO 81506
970-245-7950
[Attorney for Opposer Grand
Valley Irrigation]
E-filed per Rule 121, a duly signed original is on file in the Legal Division of Denver Water.