IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Acton No.: 49-cv-02782-EWN-CBS
Consolidated Civil Case Nos. 2782, 5016 and 5017 and

DISTRICT COURT, WATER DIVISION NO. 5 STATE OF COLORADO
Case No. 06CW255

**CITY AND COUNTY OF DENVER'S UNOPPOSED MOTION TO AMEND THE SCHEDULING ORDER**

CONCERNING THE APPLICATION FOR WATER RIGHTS OF THE CITY AND COUNTY OF DENVER, ACTING BY AND THROUGH ITS BOARD OF WATER COMMISSIONERS, IN SUMMIT COUNTY

COMES NOW, Applicant City and County of Denver, acting by and through its Board of Water Commissioners ("Denver Water"), by its undersigned counsel Stephen D. Gurr, and submits its Unopposed Motion to Amend the Scheduling Order in this matter, and states as follows:

1.      Denver Water seeks an Order from the Court amending the Scheduling Order in this case, to increase the permissible number of experts to seven, and increase the permissible number of Requests for Production to thirty.

**D.C.COLO.LCivR 7.1A Certification:**   On October 8 and 9, 2008, undersigned counsel conferred with Douglas Abbott, lead counsel for the group of West Slope objectors, concerning this Motion. On October 9, 2008, undersigned counsel also conferred with Brian Nazarenus, counsel for objector Climax Molybdenum Company. Both stated that they have no objection to the relief requested in this Motion.

{00198973.DOC / 1}

-2-

2. Pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, a Court "for cause shown may at any time in its discretion…order [a] period [in which an act is required to be] enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order[.]"

3. Section 14 of the existing Scheduling Order in this matter states that it may be amended upon a showing of good cause.

4. On May 16, 2008, the Court entered the Scheduling Order in this case. The parties did not propose any limitation on the use or number of expert witnesses. However, the Court entered the limitation that "[e]ach party or discrete group of parties is limited to no more than six experts, absent leave of court upon showing of good cause." *See* May 16, 2008 Scheduling Order, at Section 8(d)(2). The Court also modified the parties' proposed limitation on Requests for Production to provide that "[e]ach party or discrete group of parties shall be limited to 15 requests under Fed.R.Civ.P. 34." Scheduling Order, at Section 8(h)(4).

5. The claims in the case are extremely complex, and may require expert testimony in a number of areas, including possible testimony concerning water resource engineering, environmental permitting, water supply and water demand projections, finance, and other areas. As discovery has progressed, Denver Water has identified a need to possibly call more than the six allotted expert witnesses in this matter.

6. Further, although the parties have conducted significant written discovery, the parties agree it is necessary to increase the number of Requests for Production to thirty.

7. Therefore, Applicant seeks to amend Section 8(d)(2) of the Scheduling Order to change the number therein from six to seven, so that the second sentence of the section reads, "[e]ach

-3-

party or discrete group of parties is limited to no more than seven experts, absent leave of court upon a showing of good cause."

8.   Applicant further seeks to amend Section 8(h)(4) to increase the number therein from fifteen to thirty, so that the second sentence of the section reads, "[e]ach party or discrete group of parties shall be limited to 30 requests under Fed.R.Civ.P. 34."

9.   A proposed Order is submitted for the Court's convenience.

WHERFORE, Applicant Denver Water requests that the Court enter an Order amending Sections 8(d)(2) and 8(h)(4) of the Scheduling Order.

DATED this 10th day of October, 2008.

KAMLET SHEPHERD & REICHERT LLP

By: *s/ Stephen D. Gurr*
   Stephen D. Gurr, Esq.
   Barry A. Schwartz, Esq.
   1515 Arapahoe Street
   Tower 1, Suite 1600
   Denver, Colorado 80202
   (303) 825-4200
   (303) 825-1185 fax
   ***ATTORNEYS FOR APPLICANT***

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of October, 2008, a true and correct copy of the foregoing **CITY AND COUNTY OF DENVER'S UNOPPOSED MOTION TO AMEND THE SCHEDULING ORDER** was filed with the Court via the CM/ECF filing system, and served upon the following counsel via the same:

Brian M. Nazarenus, Esq.
Robert J. Pohlman, Esq.
Roger T. Williams, Esq.
RYLEY CARLOCK & APPLEWHITE
1999 Broadway, Suite 1800
Denver, CO 80202
*Counsel for Climax Molybdenum Company*

Anne Jamieson Castle, Esq.
Douglas L. Abbott, Esq.
Holland & Hart, LLP-Denver
P.O. Box 8749
555 17th Street, #3200
Denver, CO 80201-8749
*Counsel for Colorado River Water Conservation District*

Mark A. Hermundstad, Esq.
Kirsten M. Kurath, Esq.
Williams Turner & Holmes, P.C.
200 North 6th Street
PO Box 338
Grand Junction, CO 81502
*Counsel for Grand Valley Water Users Association*
*Counsel for Orchard Mesa Irrigation District*
*Counsel for Ute Water Conservancy District*

Christopher L. Thorne, Esq.
Fognani Guibord & Homsy, LLP
1700 Lincoln Street, #2222
Denver, CO 80203
*Counsel for Colorado River Water Conservation District*

Peter C. Fleming, Esq.
Jason V. Turner, Esq.
PO Box 1120
Glenwood Springs, CO 81602
*Counsel for Colorado River Water Conservation District*

-5-

Frederick G. Aldrich, Esq.
Aldrich Frederick, LLC
601A 28 ¼ Road
Grand Junction, CO 81506
**Counsel for Grand Valley Irrigation Company**

Stanley W. Cazier, Esq.
John D. Walker, Esq.
Cazier McGowan & Walker
PO Box 500
Granby, CO 80446
**Counsel for Middle Park Water Conservancy District**

Nathan A. Keever, Esq.
Dufford Waldeck Milburn & Krohn, LLP
744 Horizon Court, Suite 300
Grand Junction, CO 81506
**Counsel for Palisade Irrigation District**

/s/ Diana L. Brechtel
Diana L. Brechtel