IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Acton No.: 49-cv-02782-EWN-CBS
Consolidated Civil Case Nos. 2782, 5016 and 5017 and

DISTRICT COURT, WATER DIVISION NO. 5 STATE OF COLORADO
Case No. 06CW255

_____

**PROTECTIVE ORDER**
_____

CONCERNING THE APPLICATION FOR WATER RIGHTS OF THE CITY AND COUNTY OF DENVER, ACTING BY AND THROUGH ITS BOARD OF WATER COMMISSIONERS, IN SUMMIT COUNTY

_____

WHEREAS, the parties to this action recognize that during the scope of this action, they may be required to disclose trade secrets, proprietary or confidential information, or other extremely sensitive commercial, strategic, manufacturing, financial, process marketing or business information, or other confidential information within the meaning of Fed. R. Civ. P. 26(c);

WHEREAS, such sensitive information should not be released to the public domain, but rather should be treated as confidential pursuant to the Federal Rules of Civil Procedure and the privacy interests of the parties;

WHEREAS, the unnecessary or unwarranted disclosure or dissemination of such confidential information could cause irreparable competitive harm to the owner of such information or to others;

IT IS HEREBY ORDERED:

1. This Protective Order and any modifications thereto shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other material disclosed in the above-captioned case pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure that is designated "CONFIDENTIAL AND PROPRIETARY" pursuant to the terms of this Protective Order ("CONFIDENTIAL AND PROPRIETARY material").

2. "CONFIDENTIAL AND PROPRIETARY" material shall include all information or data contained in the material, and any summaries, copies, abstracts, or other documents derived in whole or in part from the material. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a) and Fed. R. Evid. 1001. A draft or non-identical copy is a separate document within the meaning of this term.

3. A party may only designate "CONFIDENTIAL AND PROPRIETARY" material which the designating party believes in good faith to be technical, proprietary, confidential, financial or similarly sensitive nature that should not be disclosed except under limited circumstances as set forth herein. A party may designate as CONFIDENTIAL AND PROPRIETARY only such material as it reasonably believes not to be publicly available CONFIDENTIAL AND PROPRIETARY material shall not be disclosed or used by any receiving party for any purpose except for the preparation, prosecution, defense, settlement or appeal of this action.

4.	CONFIDENTIAL AND PROPRIETARY material shall not, without the disclosing party's consent or further Order of the Court, be disclosed except that such material may be disclosed to:

   a. Attorneys working on this case;

   b. Persons employed or associated with the attorneys working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

   c. Designated representatives for the opposing parties;

   d. Expert witnesses and consultants retained or consulted in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

   e. The Court and its employees ("Court Personnel");

   f. Stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

   g. Deponents, witnesses, or potential witnesses; and

   h. Other persons by written agreement of the parties.

5.	Prior to disclosing any CONFIDENTIAL AND PROPRIETARY material to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel for the disclosing party/ies shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment in the form of Attachment A stating that he or she has read this Protective Order and agrees to be bound by its provisions and to the jurisdiction of this Court with respect to the enforcement of this Protective Order. All such acknowledgments shall be retained by counsel for the disclosing party.  All acknowledgements shall be subject to in camera review by the Court.

6. CONFIDENTIAL AND PROPRIETARY material shall be designated by placing or affixing on it (in a manner that will not interfere with their legibility) the following notice: "CONFIDENTIAL AND PROPRIETARY." Stamping "CONFIDENTIAL AND PROPRIETARY" on the cover of any multi-page document shall designate all pages of the document as confidential, unless otherwise indicated by the designating party.

7. If a deposition involves the disclosure of CONFIDENTIAL AND PROPRIETARY material, the deposition or portions thereof shall be designated as CONFIDENTIAL AND PROPRIETARY and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL AND PROPRIETARY after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8. A party may object to the designation of particular CONFIDENTIAL AND PROPRIETARY material at any time by giving written notice to all counsel for the party designating the disputed information. The written notice shall identify the material to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the material as CONFIDENTIAL AND PROPRIETARY to file an appropriate motion requesting that the Court determine whether the disputed material should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed material shall be treated as CONFIDENTIAL AND PROPRIETARY under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed material

shall lose its designation as CONFIDENTIAL AND PROPRIETARY and shall not thereafter be treated as CONFIDENTIAL AND PROPRIETARY material in accordance with this Protective Order, unless the Court determines that, notwithstanding the provisions above, the disputed material should be deemed to be CONFIDENTIAL AND PROPRIETARY.  In connection with a motion filed under this provision, the party designating the material as CONFIDENTIAL AND PROPRIETARY shall bear the burden of establishing that good cause exists for the disputed material to be treated as CONFIDENTIAL AND PROPRIETARY.

9. Nothing in this Order shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of any disclosure or discovery in this action, regardless of whether such material is also obtained through discovery in this action or from disclosing its own confidential material as it deems appropriate.

10. If CONFIDENTIAL AND PROPRIETARY material, including any portion of a deposition transcript designated as CONFIDENTIAL AND PROPRIETARY, is included in any papers to be filed with the court, the party filing such material shall, no less than three business days before filing, provide to counsel for the party designating the material as CONFIDENTIAL AND PROPRIETARY ("Designating Counsel") notice of its intent to file such material. Designating Counsel may then request that such material be filed under seal until further order of this court.

11. Any CONFIDENTIAL AND PROPRIETARY material may be used in any Court proceeding in this action, but shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.

12. This Order shall be without prejudice to the right of the parties:

a. to bring before the Court at any time the question of whether any particular material is confidential or proprietary or whether its use should be restricted; or

b. to present a motion to the Court under Rule 26(c) of the Federal Rules of Civil Procedure for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein.

13. At the conclusion of this case, including any appeal, unless other arrangements are agreed upon, and subject to paragraph 12 (a) above, each document and all copies thereof, in any form, whether in whole or in part, which have been designated as CONFIDENTIAL AND PROPRIETARY shall be returned to the party that designated it CONFIDENTIAL AND PROPRIETARY. Alternatively, the parties may elect – if such election is agreed to in writing by all interested parties – to destroy all hard copies of CONFIDENTIAL AND PROPRIETARY documents and all electronically stored CONFIDENTIAL AND PROPRIETARY documents. Where a party elects to destroy CONFIDENTIAL AND PROPRIETARY documents in lieu of returning them, the destroying party shall provide all parties with a sworn affidavit confirming the destruction not only of the documents, but also of all copies, in any form, whether in whole or in part.

14. This Order shall not be deemed to prejudice the parties in any future application for a modification of this Order.

15. This Order shall survive the final termination of this action, including any appeal, to the extent that the information contained in CONFIDENTIAL AND PROPRIETARY material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed under this Order.

16. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

APPROVED:

| | |
|---|---|
| s/Barry A. Schwartz | s/Robert J. Pohlman |
| Stephen D. Gurr | Robert J. Pohlman |
| Barry A. Schwartz | Brian Nazarenas |
| Kamlet Shepherd & Reichert LLP | Ryley Carlock & Applewhite |
| 1515 Arapahoe St. | 1999 Broadway |
| Tower 1, Suite 1600 | Suite 1800 |
| Denver, Colorado 80202 | Denver, CO 80202 |
| Telephone: 303.825.4200 | Telephone: 602.440.4812 |
| Facsimile: 303.825.1185 | Facsimile: 602.257.6912 |
| | |
| ATTORNEYS FOR APPLICANT DENVER WATER BOARD | ATTORNEYS FOR OPPOSER CLIMAX MOLYBDENUM COMPANY |
| | |
| s/Douglas L. Abbott for | s/Douglas L. Abbott for |
| Mark A. Hermundstad | Mark A. Hermundstad |
| Kirsten M. Kurath | Kirsten M. Kurath |
| Williams Turner & Holmes, P.C. | Williams Turner & Holmes, P.C. |
| 200 North 6th Street | 200 North 6th Street |
| PO Box 338 | PO Box 338 |
| Grand Junction, CO 81502 | Grand Junction, CO 81502 |
| Telephone: 970.242.6262 | Telephone: 970.242.6262 |
| Facsimile: 970.241.3026 | Facsimile: 970.241.3026 |
| | |
| ATTORNEYS FOR OPPOSER GRAND VALLEY WATER USERS ASSOCIATION | ATTORNEYS FOR OPPOSER ORCHARD MESA IRRIGATION DISTRICT |
| | |
| s/Douglas L. Abbott for | s/Douglas L. Abbott for |
| Mark A. Hermundstad | Anne J. Castle |
| Kirsten M. Kurath | Douglas L. Abbott |
| Williams Turner & Holmes, P.C. | Holland & Hart, LLP |
| 200 North 6th Street | P.O. Box 8749 |
| PO Box 338 | Denver, CO  80201 |
| Grand Junction, CO 81502 | Telephone: 303.295.8000 |
| Telephone: 970.242.6262 | Facsimile: 303.295.8261 |
| Facsimile: 970.241.3026 | |
| | ATTORNEYS FOR OPPOSER COLORADO RIVER WATER CONSERVATION |
| ATTORNEYS FOR OPPOSER UTE WATER CONSERVANCY DISTRICT | |

{00202496.DOC / 2}

*s/Douglas L. Abbott for*  
Frederick G. Adrich  
Frederick G. Alcrich, LLC  
601A 28 ¼ Road  
Grand Junction, CO 81506  
Telephone: 970.245.7950  
Facsimile: 970.245.0664  

ATTORNEYS FOR OPPOSER GRAND VALLEY IRRIGATION COMPANY

*s/Douglas L. Abbott for*  
Stanley W. Cazier  
John D. Walker  
Cazier McGowan & Walker  
PO Box 500  
Granby, CO 80446  
Telephone: 970.887.3376  

ATTORNEYS FOR OPPOSER MIDDLE PARK WATER CONSERVANCY DISTRICT

*s/Douglas L. Abbott for*  
Nathan A. Keever  
Dufford Waldeck Milburn & Krohn, LLP  
744 Horizon Court, Suite 300  
Grand Junction, CO 81506  
Telephone: 970.241.5500  
Facsimile: 970.243.7738  

ATTORNEYS FOR OPPOSER PALISADE IRRIGATION DISTRICT

So Ordered this ___ day of November, 2008

_____  
United States District Judge

## ATTACHMENT A

ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, do solemnly swear that I am fully familiar with the terms of the Protective Order entered in Civil Acton No.: 49-cv-02782-EWN-CBS, United States District Court for the District of Colorado, and Case No. 06CW255, District Court, Water Division No. 5, and hereby agree to comply with and to be bound by the terms and conditions of said Order. I hereby consent to the jurisdiction of the United States District Court for purposes of enforcing this Order.

Signature: _____ Dated: _____