IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 49-cv-02782-MSK-CBS

Consolidated Civil Case Nos. 2782, 5016 and 5017 and

DISTRICT COURT, WATER DIVISION NO. 5 STATE OF COLORADO
Case No. 06CW255

---

CONCERNING THE APPLICATION FOR WATER RIGHTS OF THE CITY AND COUNTY OF DENVER, ACTING BY AND THROUGH ITS BOARD OF WATER COMMISSIONERS, IN SUMMIT COUNTY

---

**OPPOSER COLORADO RIVER WATER CONSERVATION DISTRICT'S AMENDED STATEMENT OF OPPOSITION**

---

Opposer, the Colorado River Water Conservation District (the "River District"), by and through its undersigned counsel, hereby amends its Statement of Opposition in the manner described below. A complete text copy of the Amended Statement of Opposition is attached hereto as Exhibit A for the Court's and other parties' convenience.

1. **The following paragraphs are added to the River District's Statement of Facts, Paragraph 3, and these paragraphs and the original paragraphs are relettered to reflect these additions:**

**After Existing Paragraph A:** The water rights that are the subject of the Application are those decreed to the Blue River Diversion Project in Summit County District Court in Civil Action Nos. 1805 and 1806 and then removed to United States District Court, District of Colorado, in Consolidated Case Nos. 2782, 5016, and 5017, which decree incorporates the terms of a 1955 Stipulation between the parties (collectively, the "Blue River Decree").

**After Existing Paragraph D:** Applicant must prove that it has diverted the full amount of water for which it claims an absolute right at the decreed points of diversion for the Blue River Diversion Project water rights for a reasonable period of time, and placed such water to beneficial use.

**After New Paragraph Above:** Upon information and belief, Applicant's diversion of the water rights for which it claims an absolute right occurred a distance of in excess of 2,500 feet from the nearest decreed point of diversion for the Blue River Diversion Project water rights. Applicant is not entitled to an absolute decree for any water not diverted at the decreed points of diversion.

**After Existing Paragraph H:** Upon information and belief, Applicant may be supplying, and/or has committed to supply, water outside of the City and County of Denver and the areas adjacent thereto, as depicted in Denver's Exhibit O, in violation of the limitations of the decrees in Civil Action Nos. 1805 and 1806. Such commitments may include, but are not limited to, Applicant's agreement with the Farmer's Reservoir and Irrigation Company dated August 31, 1999, Applicant's 2007 Pilot Project Agreement with the South Metro Water Supply Authority, and various other contracts issued or reissued since Applicant's October 15, 1996 Resource Statement, which contracts may include a commitment to provide water to serve lands outside of the allowable areas.

**After Existing Paragraph M:** Upon information and belief, Applicant is not entitled to a finding of reasonable diligence on the conditional portion of the Blue River Diversion Project water rights because it has failed to exercise diligence in

developing the capacity to reuse the return flows resulting from its use of water diverted from the Colorado River Basin, as required by paragraph 4(e) of the 1955 Stipulation, as incorporated into the Blue River Decree. Applicant may have also conveyed portions of its right of reuse to third parties by means of agreements that neither satisfy Denver's municipal needs nor minimize Denver's demands upon Blue River water, in contravention of that paragraph 4(e).

2. **The following lettered paragraphs are revised in the River District's Statement of Facts, Paragraph 3, with new text underlined and removed text shown in strikethrough. Paragraphs for which only the corresponding letter has been changed are not included.**

~~D~~E. Applicant must prove that it has used the water for which it claims an absolute right, as required by the Blue River Decree, solely for "municipal" purposes within the Denver Metropolitan Area, which is defined as that area "reasonably integrated within the development of Denver" in the Blue River Decree.

~~E~~G. Applicant must prove that it has used the water for which it claims an absolute right in Denver and areas adjacent to Denver served by ~~through~~ the Denver Municipal Water System, which constitutes the intended place of use under the decrees in Civil Action Nos. 1805 and 1806 and Denver's statements of claim and evidence in those cases, including the depiction of such intended place of use on Denver's Exhibit O. A copy of Denver's Exhibit O is attached hereto as Exhibit B.

~~H~~K. Upon information and belief, Applicant may be using its Blue River water rights for uses outside the corporate limits of the City and County of Denver which are not applied through the Denver Municipal Water System and which lie outside the intended area of use depicted on Denver's Exhibit O. Any such use without a pro tanto reduction of Applicant's diversions from the Blue River precludes an absolute decree for the amount which has been so used.

3. This Amended Statement of Opposition is filed with the Federal District Court for the District of Colorado under that court's continuing jurisdiction in Consolidated Civil case Nos. 2782, 5016 and 5017.

Respectfully submitted this 26th day of January, 2009.

Anne J. Castle
Christopher L. Thorne
Douglas L. Abbott
HOLLAND & HART LLP

Peter C. Fleming
Jason V. Turner
COLORADO RIVER WATER CONSERVATION DISTRICT

**ATTORNEYS FOR OPPOSER COLORADO RIVER WATER CONSERVATION DISTRICT**

**VERIFICATION**

STATE OF COLORADO )
)
COUNTY OF GARFIELD )

I, R. Eric Kuhn, General Manager for the Colorado River Water Conservation District, state that I have read the foregoing Amended Statement of Opposition and verify its contents.

R. Eric Kuhn, General Manager

Subscribed and sworn to before me on January 26, 2009

WITNESS my official hand and seal. My commission expire: 7/11/2011

Lorra Nichols

NOTARY PUBLIC
LORRA NICHOLS
STATE OF COLORADO
My Commission Expires 07/11/2011

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of January, 2009, a true and correct copy of the foregoing **OPPOSER COLORADO RIVER WATER CONSERVATION DISTRICT'S AMENDED STATEMENT OF OPPOSITION** was served upon the following counsel through ECF for the United States District Court as stated below:

State Water Engineer
Division 5 Engineer
Colorado Division of Water Resources
dick.wolfe@state.co.us
alan.martellaro@state.co.us

Bennett W. Raley, Esq.
Robert V. Trout, Esq.
Trout Raley Montano Witwer & Freeman, P.C.
braley@troutlaw.com
rtrout@troutlaw.com
*Attorneys for Northern Colorado Water Conservancy District*

James J. DuBois, Esq.
U.S. Department of Justice
james.dubois@usdoj.gov
*Attorneys for City of Colorado Springs*

Austin C. Hamre, Esq.
Dunstan Ostrander & Dingess, P.C.
ahamre@dodpc.com
*Attorneys for City of Aurora*

Marry M. Hammond, Esq.
Karl D. Ohlsen, Esq.
William A. Paddock, Esq.
Carlson, Hammond & Paddock, LLC
mhammond@chp-law.com
kohlsenchp@chp-law.com
bpaddock@chp-law.com
*Attorneys for City of Colorado Springs*

Stephen D. Gurr, Esq.
Barry A. Schwartz, Esq.
Kamlet Shepherd & Reichert, LLP
sgurr@ksrlaw.com
bschwartz@ksrlaw.com
*Attorneys for City and County of Denver, acting by and through its Board of Water Commissioners*

Chad M. Wallace, Esq.
Colorado Attorney General's Office
chad.wallace@state.co.us
*Attorneys for State of Colorado*

David G. Hill, Esq.
Berg Hill Greenleaf & Ruscitti, LLP
dghbhgrlaw.com
*Attorneys for City of Englewood*

Brian M. Nazarenus, Esq.
Olivia D. Lucas, Esq.
Robert J. Pohlman, Esq.
Roger T. Williams, Esq.
Ryley Carlock & Applewhite
bnazarenus@rcalaw.com
olucas@rcalaw.com
rpohlman@rcalaw.com
rwilliams@rcalaw.com
jwatson@rcalaw.com
*Attorneys for Climax Molybdenum Company*

Mark A. Hermundstad, Esq.
Williams, Turner & Holmes, P.C.
Grand Junction, CO 81502
mherm@wth-law.com
*Attorneys for Grand Valley Water Users Association, Orchard Mesa Irrigation District and Ute Water Conservancy District*

Nathan A. Keever, Esq.
Dufford, Waldeck, Milburn & Krohn, LLP
*Attorneys for Palisade Irrigation District*

Casey S. Funk, Esq.
Daniel J. Arnold, Esq.
Jeffrey F. Davis, Esq.
Gail Rosenschein, Esq.
Denver Water
casey.funk@denverwater.org
daniel.arnold@denverwater.org
jeff.davis@denverwater.org
gail.rosenschein@denverwater.org
*Attorneys for City and County of Denver, acting by and through its Board of Water Commissioners*

Frederick G. Aldrich, Esq.
Frederick G. Aldrich LLC
faldrich@aldrich-law.com
*Attorneys for Grand Valley Irrigation Company*

Stanley W. Cazier, Esq.
Cazier, McGowan & Walker, P.C.
Granby, CO 80446
cazier_mcgowan@hotmail.com
*Attorneys for Middle Park Water Conservancy District*

*A printed copy of this document with original signature is maintained by the filing party and will be made available for inspection by other parties or the Court upon request.*

[signature]

4429102_2