**EXHIBIT A**
Complete text copy of Opposer Colorado River Water Conservation District's Amended Statement of Opposition

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 49-cv-02782-MSK-CBS

Consolidated Civil Case Nos. 2782, 5016 and 5017 and

DISTRICT COURT, WATER DIVISION NO. 5 STATE OF COLORADO
Case No. 06CW255

---

CONCERNING THE APPLICATION FOR WATER RIGHTS OF THE CITY AND COUNTY OF DENVER, ACTING BY AND THROUGH ITS BOARD OF WATER COMMISSIONERS, IN SUMMIT COUNTY

---

**OPPOSER COLORADO RIVER WATER CONSERVATION DISTRICT'S AMENDED STATEMENT OF OPPOSITION**

---

1. <u>Name, Address and Telephone Number of Opposer</u>:

    Colorado River Water Conservation District (the "River District")
    201 Centennial Street, Suite 200
    P.O. Box 1120
    Glenwood Springs, Colorado 81602
    Telephone: (970) 945-8522
    Facsimile: (970) 945-8799

2. <u>Name of ditch or other structure</u>: Blue River Diversion Project.

3. <u>Statement of facts as to why application should not be granted or should be granted only in part or on certain conditions</u>:

    A. The River District is the owner of water and water rights in Water Division No. 5 that may be injured by the relief requested in the application.

    B. The water rights that are the subject of the Application are those decreed to the Blue River Diversion Project in Summit County District Court in Civil Action Nos. 1805 and 1806 and then removed to United States District Court, District of Colorado, in Consolidated Case Nos. 2782, 5016, and 5017, which decree incorporates the terms of a 1955 Stipulation between the parties (collectively, the "Blue River Decree").

    C. Applicant must be held to strict proof of the elements of the application.

1

**EXHIBIT A**
Complete text copy of Opposer Colorado River Water Conservation District's Amended Statement of Opposition

D. Adequate terms and conditions on the administration of the water rights claimed in this case must be included in any decree so as to prevent injury to the vested water rights of others, including the River District.

E. Applicant must prove that it has used the water for which it claims an absolute right, as required by the Blue River Decree, solely for "municipal" purposes within the Denver Metropolitan Area, which is defined as that area "reasonably integrated within the development of Denver" in the Blue River Decree.

F. Applicant must prove that it has diverted the full amount of water for which it claims an absolute right at the decreed points of diversion for the Blue River Diversion Project water rights for a reasonable period of time, and placed such water to beneficial use.

G. Upon information and belief, Applicant's diversion of the water rights for which it claims an absolute right occurred a distance of in excess of 2,500 feet from the nearest decreed point of diversion for the Blue River Diversion Project water rights. Applicant is not entitled to an absolute decree for any water not diverted at the decreed points of diversion. Applicant may not be entitled to a finding of reasonable diligence on the conditional portion of the subject water right due to Applicant's failure to obtain a change of water right, as required by Colorado law.

H. Applicant must prove that it has used the water for which it claims an absolute right in Denver and areas adjacent to Denver served by the Denver Municipal Water System, which constitutes the intended place of use under the decrees in Civil Action Nos. 1805 and 1806 and Denver's statements of claim and evidence in those cases, including the depiction of such intended place of use on Denver's Exhibit O. A copy of Denver's Exhibit O is attached hereto as <u>Exhibit B</u>.

I. Applicant must prove that it has not utilized its non-Blue River Diversion Project water rights for purposes other than "municipal" or in areas outside of the Denver Metropolitan Area without reducing its Blue River diversions pro tanto.

J. Applicant's use of any of its water rights for non-municipal purposes or in areas outside of the Denver Metropolitan Area without a pro tanto reduction of diversions from the Blue River precludes an absolute decree for the amount which has been so used.

K. Upon information and belief, Applicant may be using its Blue River water rights for uses outside the corporate limits of the City and County of Denver which are not applied through the Denver Municipal Water System and which lie outside the intended area of use depicted on

**EXHIBIT A**
Complete text copy of Opposer Colorado River Water Conservation District's Amended Statement of Opposition

Denver's Exhibit O. Any such use without a pro tanto reduction of Applicant's diversions from the Blue River precludes an absolute decree for the amount which has been so used.

L. Upon information and belief, Applicant may be supplying, and/or has committed to supply, water outside of the City and County of Denver and the areas adjacent thereto, as depicted in Denver's Exhibit O, in violation of the limitations of the decrees in Civil Action Nos. 1805 and 1806. Such commitments may include, but are not limited to, Applicant's agreement with the Farmer's Reservoir and Irrigation Company dated August 31, 1999, Applicant's 2007 Pilot Project Agreement with the South Metro Water Supply Authority, and various other contracts issued or reissued since Applicant's October 15, 1996 Resource Statement, which contracts may include a commitment to provide water to serve lands outside of the allowable areas.

M. Applicant must prove that it has a legitimate, non-speculative need for the claimed water right and that the need is being satisfied in accordance with the terms of the Blue River Decree.

N. Applicant must prove that it has a need for and a continuing intent to use decreed water for decreed purposes within the City and County of Denver and the areas adjacent to Denver served by the Denver Municipal Water System and within the Denver Metropolitan Area in accordance with C.R.S. § 37-92-103(3)(a).

O. Applicant must establish its compliance with C.R.S. § 37-92-305(9)(a) and 9(b).

P. Terms and conditions must be imposed as necessary to prevent any enlargement of the claimed water right to be made absolute.

Q. Applicant must prove that the diligence actions identified in its Application contribute to putting its conditional right to decreed beneficial uses through the Denver Municipal Water System and within the Denver Metropolitan Area.

R. Upon information and belief, Applicant is not entitled to a finding of reasonable diligence on the conditional portion of the Blue River Diversion Project water rights because it has failed to exercise diligence in developing the capacity to reuse the return flows resulting from its use of water diverted from the Colorado River Basin, as required by paragraph 4(e) of the 1955 Stipulation, as incorporated into the Blue River Decree. Applicant may have also conveyed portions of its right of reuse to third parties by means of agreements that neither satisfy Denver's municipal

**EXHIBIT A**
**Complete text copy of Opposer Colorado River Water Conservation District's Amended Statement of Opposition**

        needs nor minimize Denver's demands upon Blue River water, in contravention of that paragraph 4(e).

S.    Applicant must prove that any water diverted to storage under the claimed water right was stored in reservoirs listed in the Blue River Decree.

T.    Applicant must prove that the claimed water right is part of an "integrated system" as alleged in the application.

U.    Terms and conditions must be imposed as necessary to prevent any violations of decreed conditions associated with the exercise of the claimed water right.

V.    Because of the lack of information in the Application, the River District is unable to determine all the relevant and pertinent facts necessary to adequately set forth further objections. Therefore, the River District reserves the right to raise additional objections at a later date founded upon the information not readily ascernable from the Application.

W.    This Statement of Opposition is continuing in nature and shall apply to any amendments to the Application deemed necessary by the Applicant or the Court without the necessity of filing any additional statements of opposition.

4.    This Statement of Opposition is filed concurrently in the Colorado Water Court for Water Division No. 5 and the Federal District Court for the District of Colorado under that court's continuing jurisdiction in Consolidated Civil case Nos. 2782, 5016 and 5017.

4429793_1.DOC

4