IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Consolidated Civil Case Nos. 2782, 5016 and 5017

and

| | |
|---|---|
| District Court<br>Water Division No. 5, Colorado<br>Garfield County Courthouse<br>109 8th Street, #104<br>Glenwood Springs, Co 81601-3303 | **COURT USE ONLY** |
| **Concerning The Application For Water Rights of:**<br><br>**The Colorado River Water Conservation District, acting by and through its Colorado River Water Projects Enterprise, and The City And County Of Denver, Acting by and Through its Board of Water Commissioners**<br>**In Summit And Grand Counties.** | |
| For City and County of Denver, acting by and through its Board of Water Commissioners:<br><br>Patricia L. Wells, General Counsel<br>Michael L. Walker, No. 2828<br>Casey S. Funk, No. 11638<br>Daniel J. Arnold, No. 35458<br>1600 West 12th Avenue<br>Denver, Colorado 80204<br>Phone Number: 303-628-6460<br>Fax Number: 303-628-6478<br>E-mail:   casey.funk@denverwater.org<br><br>For Colorado River Water Conservation District acting by and through its Colorado River Water Projects Enterprise:<br><br>Peter C. Fleming  No. 20805<br>Jason Turner, No. 35665<br>P.O. Box 1120<br>Glenwood Springs, CO  81601<br>Phone Number:  970-945-8522<br>Fax Number:  970-945-8799<br>E-mail:  pfleming@crwcd.org | Case Number:<br><br><br><br>Division: 5 |
| **APPLICATION:   FOR FINDING OF DILIGENCE AND TO MAKE ABSOLUTE** | |

**1.** Name, address, and home telephone number of applicants:

*Application for Diligence and*
*To Make absolute*
*Roberts Tunnel Exchange*
*Case No. _____*

| Name of Applicant | Address | Home Phone Number |
|---|---|---|
| City and County of Denver acting by and through its Board of Water Commissioners: ("Denver Water") | 1600 West 12th Avenue, Denver, Colorado 80204 | 303/628-6460 |
| Colorado River Water Conservation District acting by and through its Colorado River Water Projects Enterprise, ("CRWCD") | 201 Centennial Street, Suite 200 P.O. Box 1120 Glenwood Springs, CO 81602 | 970/945-8522 |

**2.**

Name of structure: Wolford Mountain Reservoir to Dillon Reservoir and Montezuma Tunnel, also known as Harold D. Roberts Tunnel, exchange Type:   well    spring    ditch    reservoir    other: Exchange

**3.** Describe conditional water right (as to each structure) giving the following from the Referee's Ruling and Judgment and Decree:

A. Date of Original Decree: March 5, 1996, Case No. 91CW252, Court: United States District Court, District of Colorado and Water Court, Water Division No. 5, State of Colorado

B. Legal description:

**Wolford Mountain Reservoir** is an existing structure owned and operated by the CRWCD which stores water behind a dam located across the channel of Muddy Creek, in Section 25, Township 2N, Range 81W, of the 6th Principal Meridian in Grand County, Colorado.

**Dillon Reservoir** is an existing structure owned and operated by Denver Water which stores water behind a dam across the channel of the Blue River located in Section 13, Township 5 South, Range 78 West, of the 6th Principal Meridian, in Summit County, Colorado.

**Montezuma Tunnel, also known as the Harold D. Roberts Tunnel** is an existing structure owned and operated by Denver Water, the point of diversion is the west portal of the Tunnel which is located at a point whence the East Quarter

    Corner (E1/4) of Section 18, Township 5 South, Range 77 West of the 6th P.M. bears South 81$^0$ 07' East, 941.6 feet.

C.  Source:

    i.) The water to be used for the exchange is from waters of Muddy Creek and its tributaries which have been stored in Wolford Mountain Reservoir, described above.

    ii) The water to be stored or diverted by exchange is from the waters of the Blue River and its tributaries at or above Dillon Dam, described above.

D.  Appropriation Date: March 3, 1987  Amount: 200 cfs conditional to a maximum exchange in any given year of 26,000 acre-feet.

E.  Use:

    The waters stored or diverted by exchange will be used through the Denver Municipal Water Works system for all municipal uses, including domestic use, irrigation, mechanical use, manufacturing use, generation of electrical power, power generally, fire protection, sewage treatment, street sprinkling, watering of parks, lawns, and grounds, the maintaining of adequate storage reserves, replacement, exchange, and the adjustment and regulation of the units of the Denver Municipal Water Works system within themselves and with other water users. Such uses are to be repetitive to the fullest extent possible within the limits of the physical and economic feasibility as found by Denver Water. The water stored or diverted by exchange under the right decree herein is subject to the limitations of the October 12, 1955 Decree in Consolidated Civil Nos 2782, 5016 and 5017, United States District Court, District of Colorado..

4.  Provide a detailed outline of what has been done toward completion or for completion of the appropriation and application of water to a beneficial use as conditionally decreed, including expenditures:

A.  Wolford Mountain Dam and Reservoir was completed and began storing water in May 1995. On June 2, 1996, storage contents in Wolford Mountain Reservoir reached an elevation of 7,482 feet above mean sea level.The CRWCD's initial storage decree for Wolford Mountain Reservoir in Case No. 87CW283 confirmed the appropriation of 59,993 acre-feet, conditional, for the reservoir, the entire amount of which was confirmed absolute by the decree entered on July 15, 2003 in Case No. 02CW107, Water Division 5.

*Application for Diligence and*
*To Make absolute*
*Roberts Tunnel Exchange*
*Case No. _____*

B.  From 2002 through 2008, Denver Water expended 22.5 million dollars pursuant to a Lease Agreement dated March 3, 1987, and amended July 21, 1992.

C.  Beginning June 2, 1996, Denver Water had available for it use 26,000 acre-feet in its storage account in Wolford Mountain Reservoir for exchange under the terms and conditions of the Lease Agreement and the decree in 91CW252. Water has been released from Denver Water's account for substitution as described in the Remarks section of this Application (¶ 7). Water continues to be available for exchange pursuant to the terms of the decree in 91CW252.

D.  Pursuant to the terms of 91CW252, this conditional exchange may only be exercised when it is physically impossible for Denver Water, due to emergency conditions, to make exchange releases out of Williams Fork Reservoir. During the subject diligence period, 2002-2008, the emergency conditions arose in November, 2002. Throughout the diligence period, Denver Water had water available in its Wolford Mountain Account that could be used for exchange during such emergency conditions.

E.  Since March 5, 2002, Denver Water expended over 587 million dollars for the planning, design, construction, and litigation necessary of the various components of the Denver Municipal Water Works System of which this conditional water right is an integral part.

F.  Since March 5, 2002, the CRWCD expended over \_\_\_ million dollars for financing, operation and maintenance of Wolford Mountain Reservoir. These expenditures are necessary to maintain a pool of water in Denver Water's account for the eventual operation of this conditional exchange.

5.  If claim to make absolute.

    A.  Date water applied to beneficial use: November 22-24, 2002 Amount: 80 acre feet at a rate of 25 cfs Use: Due to slide gate mishap at Williams Fork Reservoir, Denver operated an emergency exchange from Wolford Mountain Reservoir to Dillon Reservoir.

    B.  Description of place of use where water is applied to beneficial use:
    <u>Water exchanged to Dillon Reservoir ultimately used in the various units of the Denver Municipal Water Works system</u> for all municipal uses.

6.  Names(s) and address(es) of owner(s) or reputed owners of the land upon which any new diversion or storage structure, or modification to any existing diversion or storage structure is or will be constructed or upon which water is or will be stored, including any modification to the existing storage pool: N/A.

*Application for Diligence and*
*To Make absolute*
*Roberts Tunnel Exchange*
*Case No. _____*

7. Remarks:

The decree in Case No. 91CW252 also provides for Denver Water to operate a substitution of water with Green Mountain Reservoir. After developing a plan of substitution, Denver Water operated such a substitution in 2002 and 2004. In 2004, pursuant to the terms and conditions of the decree and the agreement with the Bureau of Reclamation, Denver Water owed a total of 26,610 acre feet to Green Mountain Reservoir for water diverted at Dillon Reservoir under its direct flow and storage rights decreed in the Consolidated Cases, of which 15,516 acre-feet of water came from Wolford, 7,060 acre-feet from Williams Fork Reservoir, and 3,034 acre-feet from Dillon with 1,000 acre-feet remaining in Dillon to be used for minimum flows from Dillon, if needed. The CRWCD released water from Denver Water's Wolford Mountain Reservoir account from August 2nd through October 31st at a daily rate of 122 to 126 cfs. Denver water's releases from Williams Fork began on August 2nd and continued through October 31st at daily flow rates that ranged from 49 to 52 cfs. Pursuant to the Decree in Case No. 91CW252, the first stage of retained jurisdiction for the substitution component of Case No. 91CW252 began on June 2, 1996 when Wolford Reservoir reached elevation of 7,482.

| | |
|---|---|
| PETER C. FLEMING , No. 20805<br>JASON TURNER, No. 35665<br><br>By:<br>/s Peter C. Fleming<br>General Counsel<br>Colorado River Water Conservation District District acting by and through its Colorado River Water Projects Enterprise,<br>P.O. Box 1120<br>Glenwood Springs, CO  81601<br> (970) 945-8522 | PATRICIA L. WELLS, General Counsel<br>MICHAEL L. WALKER, No. 2828<br>CASEY S. FUNK, No. 11638<br>DANIEL J. ARNOLD, No. 35458<br><br>By  /s Casey S. Funk<br>Attorneys for City and County of Denver, acting by and through its Board of Water Commissioners<br><br>1600 West 12th Avenue<br>Denver, Colorado 80204<br>(303) 628-6460<br>(303) 628-6478 FAX |

*Application for Diligence and*
*To Make absolute*
*Roberts Tunnel Exchange*
*Case No. _____*

## VERIFICATION

STATE OF COLORADO        )
                         )    ss.
CITY AND COUNTY OF DENVER )

     I, WILLIAM G. BATES, being first duly sworn, state under oath that I have read this Application on behalf of Denver Water and verify its content.

                             /s William G. Bates

     The above and foregoing was subscribed and sworn to before me this 26th day of February 2009.

Witness my hand and official seal.
My commission expires: 3/25/2012

                             Karel B. Moseley
                             Notary Public

*Application for Diligence and*
*To Make absolute*
*Roberts Tunnel Exchange*
*Case No. _____*

## VERIFICATION

STATE OF COLORADO         )
                          )   ss.
COUNTY OF GARFIELD        )

 I, Richard Eric Kuhn, being first duly sworn, state under oath that I have read this Application on behalf of the Colorado River Water Conservation District and verify its content.

        <u>Richard Eric Kuhn      </u>

 The above and foregoing was subscribed and sworn to before me this ____ day of February 2009.

Witness my hand and official seal.
My commission expires: <u>7/11/2011</u>


       <u>Lora Nichols       </u>
       Notary Public

         Notary Public/Clerk

*Application for Diligence and*
*To Make absolute*
*Roberts Tunnel Exchange*
*Case No. _____*

# CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2009, I electronically served the foregoing Application for Finding of Diligence and to Make Absolute Regarding Wolford Mountain Exchange via Lexis/Nexis File and Serve on the following:

Clerk of the Court
United States district Court
For the District of Colorado
Alfred A. Arraj U. S. Courthouse
901 19th Statement of Opposition - .
Denver, CO 80294

Clerk of the Court
Water Division No. 5, Colorado
Garfield County District Court
109 8th Street, #104
Glenwood Springs, CO 81601-3303


/s *Catherine L. Mock*
Catherine L. Mock