IN UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

Civil Action No.: 49-cv-02782-MSK-CBS
Consolidated Civil Case Nos. 2782, 5016 and 5017 and

DISTRICT COURT, WATER DIVISION NO. 5 STATE OF COLORADO
Case No. 2006CW255

───────────────────────────────────────────────────────────────

JOINT STATUS REPORT
───────────────────────────────────────────────────────────────

CONCERNING THE APPLICATION FOR WATER RIGHTS OF THE CITY AND COUNTY OF DENVER, ACTING BY AND THROUGH ITS BOARD OF WATER COMMISSIONERS, IN SUMMIT COUNTY, COLORADO
───────────────────────────────────────────────────────────────

The Applicant, City and County of Denver, acting by and through its Board of Water Commissioners and Opposers, the Colorado River Water Conservation District (the "River District"), Climax Molybdenum Company ("Climax"), Grand Valley Water Users Association, Middle Park Water Conservancy District, Palisade Irrigation Company, Orchard Mesa Irrigation District, and Ute Water Conservancy District file the following status report for the Court's consideration at the Rule 16(c) conference scheduled for June 5, 2009.

A.   Background.

This matter arises out of an adjudication of water rights commenced in 1942, including the adjudication of Applicant's Blue River Diversion Project (including Dillon Reservoir and the Roberts Tunnel), located on the Blue River, in Summit and Grand Counties, State of Colorado. After the remand in *City and County of Denver v. Northern Colorado Water Conservancy District*, 276 P.2d 992 (Colo. 1954), the United States removed the Blue River adjudication including Applicant's decree for its Blue River water rights from state court to federal district court to join its pending action (C.A. 2782) to quiet title of Green Mountain Reservoir water right

Consolidated Civil Nos. 2782, 5016 and 5017
Joint Status Report

priorities. The water rights for Green Mountain Reservoir and those which were the subject of the removed cases were decreed by this court on October 12, 1955. This Court retains continuing jurisdiction "for the purpose of effectuating the objectives of [the] Final Decree; including specifically but not by way of limitation, further interpretation of Senate Document No. 80 and the enforcement of the provisions thereof." *Supplemental Order Dismissing Reserved Question and Amending Decree*, Case No. 2782, 5016 and 5017 (D. Colo. October 29, 1957).

In 1963, Applicant completed certain facilities necessary to divert and use water available under the water rights decreed by this Court in 1955. For a history of the litigation see *City and County of Denver v. Northern Colorado Water Conservancy District*, 276 P.2d 992 (Colo. 1954); *City and County of Denver acting by and through its Board of Water Commissioners v. United States of America, et. al.*, 935 F.2d 1143, 1145-46 (10th Cir. 1991); *City of Grand Junction v. City and County of Denver*, 960 P.2d 675, 677, 679-681 (Colo. 1998).

Under state law, the Applicant must periodically show that it has diligently pursued the development of its conditional water rights until such time as the decreed amounts have been placed to beneficial use (or in the water vernacular, have been made absolute). To date, the Applicant has made absolute the entire capacity of Dillon Reservoir, Decree and Determination, Case No. 2782, 5016 and 5017 (D. Colo. September 15, 1978); and 520 cubic feet per second ("cfs") out of the total 788 cfs decreed for direct diversion through the Roberts Tunnel. Findings of Fact, Conclusions of Law, Decree and Order, Case No. 2782, 5016 and 5017 (March 11, 1993). Therefore, 268 cfs remains conditionally decreed for the tunnel and the Applicant must continue to show diligence until such time as water is diverted at this additional rate and placed to beneficial use.

2

Consolidated Civil Nos. 2782, 5016 and 5017
Joint Status Report

B. <u>Current proceeding</u>.

On December 26, 2006, Applicant filed an application for finding of reasonable diligence and to make absolute a conditional water right pursuant to Colo. Rev. Stat. § 37-92-301(4), the decree of the United States District Court dated December 14, 2000, and the United States District Court's Order dated August 4, 1977 (attached Exhibit A). The Applicant seeks to make absolute 654 cfs for the tunnel (or an additional 134 cfs over the rate previously decreed absolute) and to obtain a finding that Applicant has been reasonably diligent in developing the remaining conditionally decreed rate of flow until such time as the entire 788 cfs is diverted and placed to beneficial use. Pursuant to the procedures under the Water Right Determination and Administration Act, Colo. Rev. Stat. § 37-92-101 to -602, the Colorado River Water Conservation District, Climax Molybdenum Company, Grand Valley Water Users Association, Middle Park Water Conservancy District, Palisade Irrigation Company, Grand Valley Irrigation Company, Ute Water Conservancy District, and Orchard Mesa Irrigation District opposed the application. The Referee for Water Division 5 presided over this matter until February, 2008 when Climax moved to vacate a status conference that was set to take place before the Water Referee for Water Division No. 5, arguing that further action by the water court would violate the August 4, 1977 Order entered by this Court.

C. <u>Status of case in Federal Court</u>.

(1) <u>Formulating and simplifying the issues.</u> Climax, the River District, Grand Valley Water Users Association, Orchard Mesa Irrigation District, and Ute Water Conservancy District have agreed to stipulate that the activities claimed to support a finding of diligence in the application filed in this matter occurred. In stipulating to these facts, Climax, the River District,

3

Consolidated Civil Nos. 2782, 5016 and 5017
Joint Status Report

Grand Valley Water Users Association, Orchard Mesa Irrigation District, and Ute Water Conservancy District reserve the right to challenge whether the activities pertain to the development of Applicant's Blue River conditional water rights.

(2)   Amending the Pleadings.  The River District and Applicant filed motions to amend their respective pleadings on January 26, 2009.  All parties consent to the River District and Applicant's motions to amend their pleadings. Applicant's Amended Application was accepted for filing on May 29, 2009.

(3)   Rule 56 Motions.  Considering that the discovery is still ongoing, the parties are not prepared to file Rule 56 motions as the case currently stands.

(4)   Controlling and scheduling discovery.  The River District, Climax and Applicant have all served written discovery. Applicant served written discovery on all parties on July 26, 2008.  The River District submitted written discovery to Applicant on October 9, 2008, and Climax submitted written discovery to Applicant on December 10, 2008, and a second set of discovery on March 6, 2009, which was subsequently withdrawn.  Applicant has agreed to an extension of time for Climax to respond to Applicant's pending discovery requests.  In addition to written discovery, the parties have served numerous and extensive Fed. R. Civ. P. 26(a)(1) and 26(a)(2) disclosures.  A Fed. R. Civ. P. 30(b)(6) deposition of Applicant, and several expert witness depositions, were taken in November 2008.  The parties postponed additional depositions until the electronically stored information ("ESI") discovery process is complete.  The parties anticipate resuming depositions upon completion of the ESI discovery process.

(5)   Scheduling Order.  On May 16, 2008, Magistrate Judge Shaffer entered a stipulated Scheduling Order.  The parties have complied with that Order assiduously, exchanging

4

Consolidated Civil Nos. 2782, 5016 and 5017
Joint Status Report

extensive written discovery and deposing fact and expert witnesses. Although the parties have been diligent, the discovery process is not complete, primarily because the culling, searching, and production of the ESI possessed by the parties (especially Applicant) is still pending. The parties have met numerous times in a cooperative effort to mitigate discovery costs, but Applicant believes that the cost of completing this discovery will be extensive. All parties continue to cooperate to prevent discovery disputes and resolve their discovery disputes without the need for judicial intervention.

(6) <u>ESI</u>. Applicant, Climax and the River District have forensically preserved potentially relevant ESI as required by the ESI Protocols which were appended to the Scheduling Order. The parties are in the process of agreeing to specific keyword search terms to be used in searching ESI responsive to pending discovery requests. Since the February 2, 2009 Status Conference with Magistrate Judge Shaffer, the parties have agreed to search ESI by developing keyword searches that are specifically tailored to pending discovery requests. The River District and Applicant have finalized keyword search terms to be used in searching ESI responsive to the River District's October 9, 2008 discovery request. Applicant has also provided the River District and Climax with suggested search terms, which the parties are discussing and modifying as necessary. In addition, Applicant is in the process of developing an ESI Protocol between it and Grand Valley Water Users Association, Grand Valley Irrigation District, Ute Water Conservancy District, Orchard Mesa, and Palisade.

(7) <u>Mediation</u>. Concurrently with the above-described proceedings and efforts, Applicant, the River District and numerous private and public West Slope entities are involved in a comprehensive mediation to resolve disputes over the Blue River Decree and other West Slope

5

Consolidated Civil Nos. 2782, 5016 and 5017
Joint Status Report

issues ("West Slope-Denver Mediation").  In February 2007, a nationally recognized mediator, John Bickerman, was retained to facilitate settlement discussions.  The mediation is ongoing and yielding positive results.  The current settlement negotiations are intended to resolve wide ranging water rights issues and disputes, including but not limited to Applicant's Blue River Decree water rights that are the subject of this litigation; as well as several other complicated issues that are directly and indirectly related to this litigation.  Mr. Bickerman has held numerous sessions and has scheduled additional mediation sessions for May, June and July 2009.  The mediation process has been slow, but for good reason.  The issues in the mediation are exceedingly complex.  The water right issues in dispute in this litigation are part of the process, but form only a portion of the subject matter, which encompasses future water projects, environmental enhancements in several West Slope areas, state and federal regulatory processes and restructuring of longstanding relationships among the various parties.  Procedurally, the substantive decisions of the public entities in the mediation have been made – and, indeed, must be made – by their respective governing boards, which is a cumbersome but necessary process.  With respect to the Opposers, while they have a shared, mutual interest in many of the disputed issues, each has its own specific set of constituencies and interests.  Thus, some issues that might otherwise be resolved more quickly by a single party require individual discussion and negotiation among the Opposers as a group.  For those reasons, the progress of the mediation has been slow, but it has also been substantial, and the parties are hopeful that this trend will continue.

    (8) <u>Motion for Partial Remand</u>.  The parties are preparing a joint stipulated Motion for a Partial Remand of this action.  The effect of the partial remand would be to remove the

6

Consolidated Civil Nos. 2782, 5016 and 5017
Joint Status Report

current action from the Court's docket.

Respectfully filed this 29th day of May 2009.

**Applicant City & County of Denver acting by and through its Board of Water Commissioners**

/s Casey S. Funk
Patricia L. Wells, General Counsel
Casey S. Funk, Esq.
Daniel J. Arnold, Esq.
1600 W 12th Avenue
Denver, CO 80204-3412

**KAMLET SHEPHERD** & **REICHERT, LLP**

/s  Stephen D. Gurr
Stephen D. Gurr, Esq.
Barry A. Schwartz, Esq.
1515 Arapahoe Street, Tower 1, Suite 1600 Denver, CO 80202

*Counsel for Applicant City & County of Denver, acting by and through its Board of Water Commissioners*

Civil Action No.: 49-cv-02782-MSK-CBS
Joint Status Report

Brian M. Nazarenus, Esq.
Robert J. Pohlman, Esq.
Roger T. Williams, Esq.


/s Robert J. Pohlman
**RYLEY CARLOCK & APPLEWHITE**
1999 Broadway, Suite 1800
Denver, CO 80202
*Counsel for Climax Molybdenum Company*

Civil Action No.: 49-cv-02782-MSK-CBS
Joint Status Report

        Anne Jamieson Castle, Esq.
        Douglas L. Abbott, Esq.
        Christopher L. Thorne, Esq.


        /s Christopher L. Thorne
        **Holland & Hart, LLP-Denver**
        P.O. Box 8749
        555 17th Street #3200
        Denver, CO 80201-8749
        *Counsel for Colorado River Water Conservation District*

Civil Action No.: 49-cv-02782-MSK-CBS
Joint Status Report

Mark A. Hermundstad, Esq.
Kirsten M. Kurath, Esq.


/s Mark A. Hermundstad
**Williams Turner & Holmes, P.C.**
200 North 6th Street
P. O. Box 338
Grand Junction, CO 81502
*Counsel for Grand Valley Water Users Association Counsel for Orchard Mesa Irrigation District Counsel for Ute Water Conservancy District*

Civil Action No.: 49-cv-02782-MSK-CBS
Joint Status Report

Peter C. Fleming, Esq.
Jason V. Turner, Esq.


/s Jason V. Turner
P. O. Box 1120
Glenwood Springs, CO 81602
*Counsel for Colorado River Water Conservation District*

11

Civil Action No.: 49-cv-02782-MSK-CBS
Joint Status Report

Stanley W. Cazier, Esq.
John D. Walker, Esq.


/s Stanley W. Cazier
**Cazier McGowan & Walker**
P. O. Box 500
Granby, CO 80446
*Counsel for Middle Park Water Conservancy District*

12

Civil Action No.: 49-cv-02782-MSK-CBS
Joint Status Report

Nathan A. Keever, Esq.

/s Nathan A. Keever
**Dufford Waldeck Milburn & Krohn, LLP**
744 Horizon Court, Suite 300
Grand Junction, CO 81506
*Counsel for Palisade Irrigation District*

13

Civil Action No.: 49-cv-02782-MSK-CBS<br>Joint Status Report

# CERTIFICATE OF SERVICE

I hereby certify that on the 29th of May 2009, I electronically served the foregoing Applicant's Rule 26(a)(1) Disclosures via Lexis/Nexis File and Serve on the following:

Brian M. Nazarenus, Esq.
Robert Pohlman, Esq.
Olivia D. Lucas, Esq.
Ryley Carlock & Applewhite
1775 Sherman Street, 21st Floor
Denver, CO 80203
*[Climax Molybdenum Company]*
bnazarenus@rcalaw.com
rpohlman@rcalaw.com

Peter C. Fleming, Esq.
Jason V. Turner, Esq.
P.O. Box 1120
Glenwood Springs, CO 81602
*[Colorado River Water Conservation District]*
pfleming@crwcd.org
jturner@crwcd.org

Stanley W. Cazier, Esq.
John D. Walker, Esq.
Cazier McGowan & Walker
P.O. Box 500
Granby, CO 80446
*[Middle Park Conservancy District]*
cazier_mcgowan@hotmail.com

Anne Jamieson Castle, Esq.
Douglas L. Abbott, Esq.
Christopher L. Thorne, Esq.
Holland & Hart, LLP-Denver
P.O. Box 8749
555 17th Street #3200
Denver, CO 80201-8749
*[Counsel for Colorado River Water Conservation District]*
acastle@hollandhart.com
dabbott@hollandhart.com
cthorne@hollandhart.com

Mark A. Hermundstad, Esq.
Kirsten M. Kurath, Esq.
Williams Turner & Holmes, PC
200 North 6th Street
P.O. Box 338
Grand Junction, CO 81502
*[Grand Valley Water Users Association; Orchard Mesa Irrigation District; Ute Water Conservancy District]*
mherm@wth-law.com

Frederick G. Aldrich, Esq.
Aldrich, Frederick, LLC
601A 281/4 Road
Grand Junction, CO 81506
*[Grand Valley Irrigation]*
faldrich@aldrich-law.com

Nathan A. Keever, Esq.
Dufford Waldeck Milburn
& Krohn, LLP
744 Horizon Court, Suite 300
Grand Junction, CO 81506
[*Palisade Irrigation District*]
keever@dwmk.com

Stephen D. Gurr, Esq.
Barry A. Schwartz, Esq.
Kamlet Shepherd & Reichert, LLP
1515 Arapahoe Street, Tower 1, Suite 1600
Denver, CO 80202
*[Special Counsel for Applicant City & County of Denver, acting by and through its Board of Water Commissioners]*
sgurr@ksrlaw.com
bschwartz@ksrlaw.com

/s <em>Catherine L. Mock</em><br>Catherine L. Mock

**E-FILED PURSUANT TO RULE 121. A DULY SIGNED ORIGINAL IS ON FILE AT DENVER WATER DEPARTMENT, LEGAL DIVISION**