IN UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

Civil Action No.: 49-cv-02782-MSK-CBS
Consolidated Civil Case Nos. 2782, 5016 and 5017 and

DISTRICT COURT, WATER DIVISION NO. 5 STATE OF COLORADO
Case No. 2006CW255

_____

JOINT STATUS REPORT AND
MOTION FOR CONTINUANCE OF THE STAY
_____

CONCERNING THE APPLICATION FOR WATER RIGHTS OF THE CITY AND COUNTY OF DENVER, ACTING BY AND THROUGH ITS BOARD OF WATER COMMISSIONERS, IN SUMMIT COUNTY, COLORADO
_____

The parties jointly file this status report pursuant to the Court's June 5, 2009 Minute Order (Dkt. 285). For the reasons set out below, the parties jointly request the Court for a continuation of the current stay to allow the mediation process to continue.

At the June 5, 2009 scheduling conference, the parties requested a stay of this litigation. The parties initially requested a stay from the Court because they had been engaged in an ongoing mediation, which they believed to be productive, and desired to pursue the mediation rather than apply their resources and attention to litigation. After hearing the parties on the issue, the Court granted the stay and entered the following order:

> **The Court grants a stay until December 31, 2009** for completion of the mediation process. **By December 31, 2009**, the parties will either file whatever documentation they believe will resolve the issues currently before this Court or the filing of a document that advises mediation efforts have been exhausted and the parties are ready to proceed through the litigation process. The Stay Order stays obligatory filings, not voluntary filings.

Minute Order 6/5/2009 (Dkt. 285).

<div align="right">Joint Status Report and Motion for a Continuance of the Stay<br>Consolidated Civil Nos. 2782, 5016 and 5017</div>

While the parties unfortunately cannot report that the mediation has been completed, the parties can report that the mediation efforts have yet to be exhausted. Denver Water and the West Slope parties met regularly throughout the summer and fall of 2009 with their mediator, John Bickerman, on various aspects of a proposed settlement agreement that would resolve the issues in this case and numerous other longstanding issues between Denver and the West Slope. The issues are complex and numerous, the parties are many, and the stakes high, so a final resolution necessarily takes more time than a typical mediation, and more time than anyone, including presumably this Court, desires. However, all parties feel that progress is being made, and both sides still feel that mediation is the most productive expenditure of resources.

Thus far, the parties have made progress in drafting various articles of a settlement agreement and in the negotiation of conditions for settlement. In addition to mediation sessions held on July 13, October 16, November 16, and December 16, 2009, which were attended by the principals and other representatives of the mediating entities, several drafting sessions were held on June 1, June 15, July 28, August 12, August 24, September 16, September 25, and October 1, 2009. Most recently, in October and November, the West Slope parties refined various elements of their settlement proposal. On December 16, 2009, Denver responded to the West Slope parties' revised proposal. Based upon Denver's response, all parties wish to continue the settlement discussions. Accordingly, the parties have scheduled four meetings in January including an intensive two-day session dedicated to the drafting of the terms of a proposed settlement agreement. See Exhibit A, Affidavit of John Bickerman.

Denver, the West Slope parties, and Climax are also involved in a corollary mediation concerning issues involving the administration of Green Mountain Reservoir. Part of this

<div align="center">2</div>

Joint Status Report and Motion for a Continuance of the Stay
Consolidated Civil Nos. 2782, 5016 and 5017

mediation is intended to resolve issues pertaining to the fill and use of Green Mountain Reservoir, Denver's ability to divert under its direct flow water right, and Climax's concerns over the priorities of its water rights in relation to Green Mountain Reservoir water rights and Denver's power interference arrangement under the Blue River Decree. *City of Colorado Springs v. Climax Molybdenum Co.,* Case No. 08-1154 (10th Cir. November 25, 2009). Climax believes these discussions will resolve its issues in the current litigation. The parties have retained a separate mediator, James Lochhead, to help resolve these issues. At present, Mr. Lochhead believes that these discussions can also be completed within the same timeframe as the broader mediation with Mr. Bickerman. See Exhibit B, Affidavit of James Lochhead.

In order to complete the mediation process, the parties respectfully request the Court to extend the stay granted in June, 2009. Despite the progress being made, the parties do not want to leave the Court with the impression that the settlement can occur within the next two months. The mediation process involves a wide variety of issues, including Denver's operations in Summit and Grand Counties, Denver's proposal to enlarge Gross Reservoir, which is currently the subject of a Draft Environmental Impact Statement, streamflow and other environmental mitigation and enhancements, water supply for West Slope entities, and other complex matters. Thus, realistically, the parties require more time to negotiate the precise details of their settlement agreement. Therefore, the parties request a six-month extension of the existing stay of proceedings.

The success of the mediation effort is imperative. The parties intend to use this mediation effort as a basis to chart a new course for Denver and the West Slope as they seek to achieve shared water conservation goals, and cooperatively pursue environmental restoration

3

enhancements and new water infrastructure projects. Through the mediation, the parties are hopeful that they can resolve numerous water and political disputes related to past and future projects and operations affecting both the State's Front Range and western slope. See Exhibit C, Affidavit of Penfield Tate and Exhibit D, Affidavit of Bill Trampe. Further, the mediation will likely settle statewide issues of great importance, which are inextricably bound with issues that are central to this litigation.

In addition to benefiting the parties, a stay will also benefit this Court and the residents of this federal district. The parties appreciate and acknowledge the importance to this Court of controlling its docket and moving cases towards a resolution, and the usual reticence to staying a proceeding pending settlement discussions. However, the parties have been diligent in pursuing a global resolution of this matter (and related issues), and achieving a just, speedy and inexpensive resolution of this case. This is not a situation like other cases in which the litigants often choose not to engage in serious settlement discussions until a trial date looms near. In this case, given the complexity of the issues, the parties' diligence in seeking a comprehensive settlement, and the state-wide benefit of settlement, the Court's interest in achieving a just, speedy and inexpensive determination of the issues before it would be best served by granting the additional stay sought herein. If the Court does not extend the stay, there is a real risk that the momentum towards settlement will be derailed, and the parties will become engrossed in the complex issues and significant discovery necessary to take this case to trial. The benefits of a further stay greatly outweigh any detriment of additional delay to the proceedings.

Should this Court order a further stay, the parties hereby offer to provide status reports to or meet with Magistrate Judge Shaffer every two months during the additional stay, in order for

4

Joint Status Report and Motion for a Continuance of the Stay
Consolidated Civil Nos. 2782, 5016 and 5017

this Court to remain apprised of the status of the settlement discussions during the stay period.

WHEREFORE, the parties respectfully request stay up to and including June 30, 2010 to allow the mediation process to conclude.

Respectfully filed this 30th day of December, 2009.

**Applicant City & County of Denver acting by and through its Board of Water Commissioners**

s/ Casey S. Funk_____
Patricia L. Wells, General Counsel
Casey S. Funk, Esq.
Daniel J. Arnold, Esq.
1600 W 12th Avenue
Denver, CO 80204-3412

**KAMLET SHEPHERD & REICHERT, LLP**

s/ Stephen D. Gurr_____
Stephen D. Gurr, Esq.
Barry A. Schwartz, Esq.
1515 Arapahoe Street, Tower 1, Suite 1600 Denver, CO 80202

*Counsel for Applicant City & County of Denver, acting by and through its Board of Water Commissioners*

Brian M. Nazarenus, Esq.
Robert J. Pohlman, Esq.
Roger T. Williams, Esq.


s/ Brian M. Nazarenus
**RYLEY CARLOCK & APPLEWHITE**
1999 Broadway, Suite 1800
Denver, CO 80202
*Counsel for Climax Molybdenum Company*

Douglas L. Abbott, Esq.
Christopher L. Thorne, Esq.


s/ Christopher L. Thorne_____
**Holland & Hart, LLP**
P.O. Box 8749
555 17th Street #3200
Denver, CO 80201-8749
*Counsel for Colorado River Water Conservation District*

Peter C. Fleming, Esq.
Jason V. Turner, Esq.


/s Jason V. Turner_____
P. O. Box 1120
Glenwood Springs, CO 81602
*Counsel for Colorado River Water Conservation District*
Mark A. Hermundstad, Esq.
Kirsten M. Kurath, Esq.

Joint Status Report and Motion for a Continuance of the Stay
Consolidated Civil Nos. 2782, 5016 and 5017

<div style="margin-left: 2em;">

s/ Mark A. Hermundstad_____
**Williams Turner & Holmes, P.C.**
200 North 6th Street
P. O. Box 338
Grand Junction, CO 81502
*Counsel for Grand Valley Water Users Association Counsel for Orchard Mesa Irrigation District Counsel for Ute Water Conservancy District*

</div>

Joint Status Report and Motion for a Continuance of the Stay
Consolidated Civil Nos. 2782, 5016 and 5017

Frederick G. Aldrich, Esq.

<u>s/ Frederick G. Aldrich</u>
**Frederick Aldrich, LLC**
601A 28 1/4 Road
Grand Junction, CO 81506
*Counsel Grand Valley Irrigation Company*

Stanley W. Cazier, Esq.
John D. Walker, Esq.


s/ John D. Walker_____
**Cazier McGowan & Walker**
P. O. Box 500
Granby, CO 80446
*Counsel for Middle Park Water Conservancy District*

10

Joint Status Report and Motion for a Continuance of the Stay
Consolidated Civil Nos. 2782, 5016 and 5017

Nathan A. Keever, Esq.

s/ Nathan A. Keever_____
**Dufford Waldeck Milburn & Krohn, LLP**
744 Horizon Court, Suite 300
Grand Junction, CO 81506
*Counsel for Palisade Irrigation District*

11

Joint Status Report and Motion for a Continuance of the Stay
Consolidated Civil Nos. 2782, 5016 and 5017

# CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of December, 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Brian M. Nazarenus, Esq.
Robert Pohlman, Esq.
Olivia D. Lucas, Esq.
Julie E. Maurer, Esq.
Ryley Carlock & Applewhite
1775 Sherman Street, 21st Floor
Denver, CO 80203
*[Climax Molybdenum Company]*
bnazarenus@rcalaw.com
rpohlman@rcalaw.com

Peter C. Fleming, Esq.
Jason V. Turner, Esq.
P.O. Box 1120
Glenwood Springs, CO 81602
*[Colorado River Water Conservation District]*
pfleming@crwcd.org
jturner@crwcd.org

Mark A. Hermundstad, Esq.
Kirsten M. Kurath, Esq.
Williams Turner & Holmes, PC
200 North 6th Street
P.O. Box 338
Grand Junction, CO 81502
*[Grand Valley Water UsersAssociation; Orchard Mesa IrrigationDistrict; Ute Water Conservancy District]*
mherm@wth-law.com

Frederick G. Aldrich, Esq.
Aldrich, Frederick, LLC
601A 281/4 Road
Grand Junction, CO 81506
*[Grand Valley Irrigation]*
faldrich@aldrich-law.com

Stanley W. Cazier, Esq.
John D. Walker, Esq.
Cazier McGowan & Walker
P.O. Box 500
Granby, CO 80446
*[Middle Park Conservancy District]*
cazier_mcgowan@hotmail.com

Nathan A. Keever, Esq.
Dufford Waldeck Milburn
& Krohn, LLP
744 Horizon Court, Suite 300
Grand Junction, CO 81506
*[Palisade Irrigation District]*
keever@dwmk.com

Douglas L. Abbott, Esq.
Christopher L. Thorne, Esq.
Holland & Hart, LLP-Denver
P.O. Box 8749
555 17th Street, #3200
Denver, CO 80201-8749
*[Counsel for Colorado River Water Conservation District]*
dabbott@hollandhart.com
cthrone@hollandhart.com

Stephen D. Gurr,Esq.
Barry A. Schwartz, Esq.
Kamlet Shepherd & Reichert, LLP
1515 Arapahoe Street, Tower 1, Suite 1600
Denver, CO 80202
sgurr@ksrlaw.com
bschwartz@ksrlaw.com

/s Catherine L. Mock

4689505_1.DOCX

12