IN UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

Civil Action No.: 49-cv-02782-MSK-CBS
Consolidated Civil Case Nos. 2782, 5016 and 5017 and

DISTRICT COURT, WATER DIVISION NO. 5 STATE OF COLORADO
Case No. 2006CW255

_____

**AFFIDAVIT OF PENFIELD W. TATE III IN SUPPORT OF JOINT STATUS REPORT
AND MOTION FOR CONTINUANCE OF THE STAY**

_____

CONCERNING THE APPLICATION FOR WATER RIGHTS OF THE CITY AND COUNTY
OF DENVER, ACTING BY AND THROUGH ITS BOARD OF WATER COMMISSIONERS,
IN SUMMIT COUNTY, COLORADO

_____

I, Penfield W. Tate III, being over the age of eighteen and first duly sworn, declare and

affirm under oath the following:

1.      I am President of the Board of Water Commissioners for the City and County of

Denver.  I have been a member of the Board of Water Commissioners since October, 2005.  My

term expires in July, 2011.  Under the Denver City Charter, five residents of Denver are

appointed by the Mayor to serve six-year staggered terms.  The Board of Water Commissioners

has complete charge and control of the water works system and plant for supplying the City and

County of Denver and its inhabitants with water for all uses and purposes.  The Board is also

authorized to lease water and water rights for use outside the territorial limits of the City and

County of Denver.  The Board currently serves water to approximately 1.2 million customers in

the Denver Metropolitan area.

2.      As part of the Board's duties and responsibilities, I am familiar with the subject

matter of the application filed in this court for a finding of reasonable diligence and to make

**Exhibit C**

Affidavit of Penfield W. Tate III
Civil Action No.: 49-cv-02782-MSK-CBS

absolute the conditional water rights appropriated from the Blue River in Civil Nos. 2782, 5016 and 5017.    In an effort to resolve various issues among the parties and others, the Board and the Colorado River Water Conservation District hired a mediator, John Bickerman, in January, 2007.

3.    I have been personally involved in the mediation as a principal.    Typically, smaller technical groups will work on various issues.  The technical groups generally meet 2-3 times a month.  The mediator will then ask the principals to meet and discuss issues identified by the technical groups.  The western slope has various entities with different interests participating in the mediation. As such, the process is a bit cumbersome and time-intensive.  Despite the varying interests and multiple parties, progress has been slow but fruitful.   That said, the parties have been exceedingly diligent in working toward a mediated resolution.

4.    After the summer negotiations among the technical groups, the west slope made revisions to its previous settlement proposals.  Members of the Board met in October and November, 2009 with the west slope principals to go over the revisions.  Then, in December, 2009, after numerous internal meetings, the Board responded to the west slope principals, which response was received favorably.  The mediator then set four meetings in January to go over some unresolved issues.  The mediator then set a two-day drafting session in late January to complete a draft document for further review by the principals.    More meetings will be set in February and March to resolve any lingering issues.  Because significant progress has been made, I believe it prudent to stay this case until June 30 to account for any uncertainties that may arise.

5.    I believe the settlement of this litigation is reasonably likely.

6.    If the stay is lifted, I am afraid that the good will generated by the discussions will

Affidavit of Penfield W. Tate III
Civil Action No.: 49-cv-02782-MSK-CBS

dissipate.  Many of the issues are complex and require a thoughtful and meaningful review.  If staff is involved in litigation rather than mediation, I believe that the settlement process will suffer.

7.      As a general proposition, I believe a negotiated settlement in the mediation process is preferable to continued litigation.  I believe a settlement resolution has the ability to afford the customers of Denver Water a desirable degree of certainty and avoid litigation of a number of issues for a considerable period of time.  This will allow us to conserve the financial resources of Denver Water and devote them for the full and cooperative development of our water works system in the best interest of our rate payers, the region and the State of Colorado.

I have nothing further to add.

Dated this 29th day of December, 2009

/s Penfield W. Tate III

Penfield W. Tate III


Subscribed and affirmed, or sworn to before me in the County of Denver, State of Colorado ,
this 29th day of Dec., 2009.


My commission expires: January 31, 2011.

/s Elaine Anderson

Notary Public

(SEAL)