IN UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

Civil Action No.: 49-cv-02782-MSK-CBS
Consolidated Civil Case Nos. 2782, 5016 and 5017 and

DISTRICT COURT, WATER DIVISION NO. 5 STATE OF COLORADO
Case No. 2006CW255
_____

**AFFIDAVIT OF JAMES S. LOCHHEAD IN SUPPORT OF JOINT STATUS REPORT
AND MOTION FOR CONTINUANCE OF THE STAY**
_____

CONCERNING THE APPLICATION FOR WATER RIGHTS OF THE CITY AND COUNTY OF DENVER, ACTING BY AND THROUGH ITS BOARD OF WATER COMMISSIONERS, IN SUMMIT COUNTY, COLORADO
_____

I, James S. Lochhead, being over the age of eighteen and first duly sworn, declare and affirm under oath the following:

1. I am an attorney licensed to practice law in the State of Colorado, and before this Court. I am a shareholder with the law firm of Brownstein Hyatt Farber Schreck, LLP. From 1994-1998, I served as the Executive Director of the Colorado Department of Natural Resources. I have practiced in the area of natural resource law for approximately 30 years.

2. In the spring of 2009, I was retained by the City and County of Denver Acting by and through its Water Commissioners ("Denver"), the Colorado River Water Conservation District ("River District"), and the Northern Colorado Water Conservancy District ("Northern"), to facilitate and mediate a potential agreement among those parties, other parties to the Blue River Decree (Consolidated Civil Case Nos. 2782, 5016 and 5017), the State of Colorado, and certain holders of affected water rights in the Colorado River basin. The potential agreement would concern the administration and accounting of the filling of Green Mountain Reservoir, the

**Exhibit B**

Affidavit of James S. Lochhead
Civil Action No.: 49-cv-02782-MSK-CBS

diversion of water for power purposes at Green Mountain Dam, and the administration of other water rights in the basin affected by the exercise of the Green Mountain water rights. The issues associated with developing such a potential agreement are complex, and involve numerous parties. These issues have been the subject of dispute – in this Court and elsewhere – ever since the entry of the Blue River Decree. Green Mountain fill administration is currently conducted pursuant to interim policies promulgated by the Colorado State Engineer each year, but there is not agreement among the State and water users as to the administrative and accounting principles in the policy. The policy is promulgated each year with the explicit understanding that it is without prejudice to the rights of any party. As a result, the promulgation of interim policies fosters uncertainty in water rights administration in the basin and may result in future litigation.

3. During the last several months, I have held both separate and joint meetings with representatives of Denver, the River District, Northern, Climax and Public Service Company (the "parties"). A process is in place among the parties to include other parties to the Blue River Decree, and the State of Colorado, as progress is made in these discussions. Further meetings of these parties are scheduled in January. I anticipate meeting in the early spring with the United States and the State of Colorado to discuss the status of these negotiations.

4. Through the above-referenced discussions, the parties have developed specific and definite terms and conditions for administration for the fill of Green Mountain Reservoir and related issues, which have been reduced to writing. Although none of the parties has agreed to or approved these administrative terms and conditions, the written document developed to date addresses many of the complex administrative issues referenced above, and forms the basis for further negotiations among the parties and for consideration by other parties to the Blue River

2

Affidavit of James S. Lochhead
Civil Action No.: 49-cv-02782-MSK-CBS

Decree, including the United States and the State of Colorado.  Given the complex and long-standing disagreements among the many parties affected by Green Mountain Reservoir fill administration, I believe the development of this written document represents substantial progress.

5. Although negotiation with key parties remains to be undertaken, the development of a written document with administrative terms and conditions, and the good-faith negotiations undertaken by the parties to date, warrants optimism that consultation with other parties over the next several months may achieve success in developing agreements that would resolve these long-outstanding issues.

6. Because of the complex and interrelated nature of many of the issues being discussed, active litigation among the parties that may result in positions before this Court, or Court orders or decrees affecting these issues, may serve to undermine the current negotiations.

I have nothing further to add.

[Signature on Following Page]

Affidavit of James S. Lochhead  
Civil Action No.: 49-cv-02782-MSK-CBS

Dated this 29th day of December, 2009

/s James S. Lochhead  
James S. Lochhead

Subscribed and affirmed, or sworn to before me in the County of Garfield, State of Colorado, this 29th day of December, 2009.

My commission expires: 10/27/2011.

/s Lisa Passmore

Notary Public

(SEAL)