IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Acton No.: 49-cv-02782-MSK-CBS

Consolidated Civil Case Nos. 2782, 5016 and 5017 and

DISTRICT COURT, WATER DIVISION NO. 5 STATE OF COLORADO
Case No. 06CW255
_____

CONCERNING THE APPLICATION FOR WATER RIGHTS OF THE CITY AND COUNTY OF DENVER, ACTING BY AND THROUGH ITS BOARD OF WATER COMMISSIONERS, IN SUMMIT COUNTY
_____

**MOTION FOR CLARIFICATION**
_____

Comes now Opposer/Counterclaimant/Crossclaimant Climax Molybdenum Company ("Climax") and moves this Court for clarification of its Opinion and Order Dismissing Motion to Intervene filed January 19, 2010.

**CERTIFICATION**

Counsel for Climax certify that they have conferred with counsel for Applicant/ Counterclaim Defendant the City and County of Denver, acting by and through it Board of Water Commissioners ("Denver") and Climax is authorized to state that Denver does not oppose the relief requested in this motion insofar as Climax seeks clarification affirming that Climax can continue as a party participant in proceedings regarding Denver's application for a finding of reasonable diligence. Climax styles itself as "Opposer/Counterclaimant/Crossclaimant" in this Motion because it has filed a statement of opposition (Doc. # 156) and an amended statement of opposition stating counterclaims and crossclaims (Doc. # 297). Likewise, Climax styles Denver as "Applicant/Counterclaim Defendant" because Climax has asserted counterclaims against

1210772.4
1/21/10

Denver, and Climax styles the United States of America as "Crossclaim Defendant" because Climax has asserted crossclaims against the United States of America. The Court has stayed responsive pleading to Climax's counterclaims and crossclaims (Doc. # 300). Therefore, Denver has stated that it *does* oppose any reference to the parties in this motion, or in the order, as counterclaimants, crossclaimants, counterclaim defendants or crossclaim defendants. Climax asserts that the purpose of this Motion for Clarification is to ensure Climax's continued participation as a party to proceedings regarding Denver's application for reasonable diligence, not to elicit any determination whatsoever by this Court regarding Climax's asserted counterclaims or crossclaims.

Counsel for Climax conferred with counsel for Opposer Colorado River Water Conservation District, and counsel for the City of Englewood, and is authorized to state that these parties do not oppose the relief sought in this motion. Counsel for Climax also attempted to confer with counsel for Opposers Grand Valley Water Users Association, Orchard Mesa Irrigation District, Ute Water Conservancy District, Grand Valley Irrigation Company, Middle Park Conservancy District, Palisade Irrigation District, and counsel for Crossclaim Defendant United States of America, and counsel for the State of Colorado, the City of Colorado Springs, the Northern Colorado Water Conservancy District, and the City of Aurora regarding the relief requested in this motion, but that said counsel have not responded to the conference attempt by the filing of this motion. No party has expressed opposition to this motion.

**MOTION**

1. Pursuant to the Tenth Circuit Opinion of November 25, 2009 (Doc. # 289), the Court's January 19, 2010 Opinion and Order Dismissing Motion to Intervene (Doc. # 303) (the

2

"Order") dismisses Climax's Motion to Intervene (Doc. # 159) for lack of subject matter jurisdiction. The Order also directs: "The Clerk of the Court shall terminate Climax Molybdenum Company as a participant in this action." (Order, Doc. # 303)

2. Climax respectfully suggests that the Court's statement to the Clerk of the Court could be mis-interpreted to direct the Clerk of the Court to terminate any and all participation whatsoever by Climax in Case Nos. 5016, 5017 and 2782 (the "Consolidated Cases"), including Climax's participation as a party to the diligence proceedings instituted by Denver. Climax respectfully moves the Court to clarify its Order to indicate that Climax remains in this action as a party participant in these diligence proceedings.

3. This Court sits "as a water court in Colorado" in adjudicating issues arising in the Consolidated Cases. United States v. Northern Colorado Water Conservancy Dist., 608 F.2d 422, 430 (10th Cir. 1979). In its role as a water court, this Court necessarily applies Colorado water law. Id.

4. Under Colorado water law, Climax is a party to proceedings in the Consolidated Cases concerning Denver's Application for Finding of Reasonable Diligence and to Make Absolute a Conditional Water Right (the "Diligence Application"), filed on January 26, 2006 concurrently in this Court (Doc. # 146) and in the Colorado State Water Court, Water Division 5 in Case No. 06CW255.

5. Pursuant to Colorado statute, "[a]ny person . . . who wishes to oppose [a water rights] application may file with the water clerk a verified statement of opposition setting forth facts as to why the application should not be granted or why it should be granted only in part or on certain conditions." C.R.S. 37-92-302(1)(b). An entity filing a statement of opposition

3

thereby becomes a party to the water proceeding. See, e.g., Southeastern Colorado Water Conservancy Dist. v. Fort Lyon Canal Co., 720 P.2d 133, 143 (Colo. 1986) (Colorado water law "specifically allows '[a]ny person . . . who wishes to oppose the application' . . . to file a statement of opposition and thereby to become a party in the water court action." (quoting C.R.S. § 37-92-302(1)(b).).

6. This Court has recognized that parties other than those initially named as parties to the Consolidated Cases may participate in diligence proceedings arising under the Consolidated Cases. By Order dated August 4, 1977 (attached hereto as **Exhibit A**), this Court explicitly determined how proceedings for findings of reasonable diligence in the Consolidated Cases would be conducted. The August 4, 1977 Order held:

> Any party interested in such proceedings [i.e. water proceedings in connection with Case Nos. 5016 and 5017] will hereafter take such steps as desired by such party with respect to said cases in accordance with this Order and those procedural requirements of the [Colorado Water Right Determination and Administration] Act of 1969 as are required for jurisdiction under the Act by making any necessary filing in the office of the Water Clerk of Water Division No. 5 and also a filing . . . of every paper filed in the office of said Water Clerk in the office of the Clerk of the District Court of the United States District Court for Colorado at Denver, Colorado . . . . The proceedings referred to herein shall be limited to those matters relating to the filing of applications for quadrennial showing of due diligence and applications for making absolute conditional decrees of portions thereof.

Ex. A at ¶¶ 2, 4.

7. Pursuant to Colorado water law and the August 4, 1977 Order in the Consolidated Cases, Climax became a party to proceedings in the Consolidated Cases regarding Denver's Diligence Application when Climax filed its initial statement of opposition to Denver's

4

Diligence Application on February 28, 2007, concurrently in this Court (Doc. # 156) and in the state court Case No. 06CW255.

8. By its Motion to Intervene filed on April 5, 2007 (Doc. # 159), Climax sought to extend its participation in the Consolidated Cases beyond proceedings regarding Denver's Diligence Application, to seek full party status in order to assert independent claims for declaratory relief regarding its water rights.

9. The denial of Climax's Motion to Intervene (Doc. # 187) and the subsequent appeal did not affect Climax's status as a party to proceedings in the Consolidated Cases regarding Denver's Diligence Application. For example, after Climax's Motion to Intervene was denied, Climax filed a status report in the diligence proceedings (Doc. # 191). After the notice of appeal was filed (Doc. #196), Climax continued to participate in proceedings regarding Denver's Diligence Application by, for example, participating in discovery (*e.g.* Doc. #s 211, 214, 224, 240) and appearing at and participating in conferences before the Magistrate Judge and the District Court Judge (Doc. #s 208, 262).

10. The Tenth Circuit Opinion relates to the Court's jurisdiction to presently allow Climax to intervene as a full, independent party to the Consolidated Cases. The Tenth Circuit Opinion did not affect Climax's ability to participate as a party in the proceedings under the Consolidated Cases regarding Denver's Diligence Application.

11. Climax respectfully suggests that the Court's January 19, 2010 Order instructing the Clerk of the Court to "terminate Climax as a participant in this action" may be misinterpreted to deny Climax the right to continue participating in proceedings in the Consolidated Cases regarding Denver's Diligence Application.

5

WHEREFORE, Climax respectfully requests that the Court clarify its Order to reflect Climax's continued participation in proceedings in the Consolidated Cases regarding Denver's Diligence Application.

Respectfully submitted this 21st day of January, 2010.

RYLEY CARLOCK & APPLEWHITE

    s/ Brian M. Nazarenus
Brian M. Nazarenus, Esq.
1999 Broadway, Suite 1800
Denver, Colorado 80202
Telephone: (303) 863-7500
Facsimile: (303) 595-3159

ATTORNEYS FOR OPPOSER CLIMAX
MOLYBDENUM COMPANY

**CERTIFICATE OF SERVICE**
**(Case No. 49-cv-02782—MSK-CBS)**

      I hereby certify that on this 21st day of January, 2010, I electronically filed the foregoing **MOTION FOR CLARIFICATION** with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to the following:

Stephen D. Gurr, Esq.
Barry A. Schwartz, Esq.
Kamlet Shepherd & Reichert, LLP
1515 Arapahoe Street, Tower 1, Suite 1600
Denver, CO 80202
*[Attorneys for City and County of Denver, acting by and through its Board of Water Commissioners]*
sgurr@ksrlaw.com
bschwartz@ksrlaw.com

Casey S. Funk, Esq.
Daniel J. Arnold, Esq.
Jeffrey F. Davis, Esq.
Gail Rosenschein, Esq.
Denver Water Department
1600 West 12th Avenue
Denver, CO 80204
*[Attorneys for City and County of Denver, acting by and through its Board of Water Commissioners]*
Casey.funk@denverwater.org
Daniel.arnold@denverwater.org
Jeff.davis@denverwater.org
Gail.rosenschein@denverwater.org

Peter C. Fleming, Esq.
Jason V. Turner, Esq.
Colorado River Water Conservation District
P.O. Box 1120
Glenwood Springs, CO 81602
*[Attorneys for Colorado River Water Conservation District]*
pfleming@crwcd.org
jturner@crwcd.org

Douglas L. Abbott, Esq.
Christopher L. Thorne, Esq.
Megan N. Winokur, Esq.
Leah K. Martinsson, Esq.
Holland & Hart, LLP-Denver
P.O. Box 8749
555 17th Street, #3200
Denver, CO 80201-8749
*[Attorneys for Colorado River Water Conservation District]*
dabbott@hollandhart.com
cthrone@hollandhart.com
mwinokur@hollandhart.com

James J. DuBois, Esq.
U.S. Department of Justice-CO-Environment
1961 Stout Street, 8th Floor
Denver, CO 80294
*[Attorneys for the United States of America]*
james.dubois@usdoj.gov

Chad Matthew Wallace, Esq.
Colorado Attorney General's Office
1525 Sherman Street, 5th Floor
Denver, CO 80203
*[Attorneys for State of Colorado]*
chad.wallace@satate.co.us

Mark A. Hermundstad, Esq.
Kirsten M. Kurath, Esq.
Williams Turner & Holmes, PC
200 North 6th Street
P.O. Box 338
Grand Junction, CO 81502
*[Attorneys for Grand Valley Water Users Association; Orchard Mesa Irrigation District; Ute Water Conservancy District]*
mherm@wth-law.com

Stanley W. Cazier, Esq.
John D. Walker, Esq.
Cazier McGowan & Walker
P.O. Box 500
Granby, CO 80446
*[Attorneys for Middle Park Conservancy District]*
cazier_mcgowan@hotmail.com

Mary Mead Hammond, Esq.
Karl D. Ohlsen, Esq.
William A. Paddock. Esq.
Carlson, Hammond & Paddock, LLC
1700 Lincoln Street, Suite 3900
Denver, CO  80203
*[Attorneys for City of Colorado Springs]*
mhammond@chp-law.com
hoglsen@chp-law.com
bpaddock@chp-law.com

David G. Hill, Esq.
Ann M. Rhodes, Esq.
Berg Hill Greenleaf & Ruscitti, LLP
1712 Pearl Street
Boulder, CO 80302
*[Attorneys for City of Englewood]*
dgh@bhgrlaw.com
amr@bhgrlaw.com

Frederick G. Aldrich, Esq.
Aldrich, Frederick, LLC
601A 281/4 Road
Grand Junction, CO 81506
*[Attorneys for Grand Valley Irrigation]*
faldrich@aldrich-law.com

Nathan A. Keever, Esq.
Dufford Waldeck Milburn & Krohn, LLP
744 Horizon Court, Suite 300
Grand Junction, CO 81506
*[Attorneys fo*r *Palisade Irrigation District*]
keever@dwmk.com

Bennett W. Raley, Esq.
Robert V. Trout, Esq.
Trout, Raley, Montano, Witwer & Freeman, PC
1120 Lincoln Street, Suite #1600
Denver, CO 80203
*[Attorneys for Northern Colorado Water Conservancy District]*
braley@troutlaw.com
rtrout@troutlaw.com

Austin C. Hamre
Duncan, Ostrander & Dingess, P.C.
3600 South Yosemite Street, Suite 500
Denver, CO 80237-1829
*[Attorneys for City of Aurora]*
ahamre@dodpc.com\

  s/ Betty R. Stephens

8