IN UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

Civil Action No.: 49-cv-02782-MSK-CBS
Consolidated Civil Case Nos. 2782, 5016 and 5017 and

DISTRICT COURT, WATER DIVISION NO. 5 STATE OF COLORADO
Case No. 2006CW255

**PROPOSED ORDER RE: CASE PLAN**

CONCERNING THE APPLICATION FOR WATER RIGHTS OF THE CITY AND COUNTY OF DENVER, ACTING BY AND THROUGH ITS BOARD OF WATER COMMISSIONERS, IN SUMMIT COUNTY, COLORADO

1. DATE OF HEARING: February 19, 2010.

2. APPEARANCE OF COUNSEL: _____

3. CASE PLAN: This case plan shall apply to all claims and defenses asserted in regard to Denver's January 26, 2009 amended application for finding of reasonable diligence and claim to make absolute.

    A. <u>Expiration of the Stay</u>:

    Unless extended by court order, the stay of litigation activities shall terminate on April 5, 2010.

    B. <u>Discovery</u>: The parties shall undertake the following actions to proceed with litigation activity following expiration of the stay:

    i. <u>Disclosures</u>: All parties shall file any supplemental 26(a)(1) disclosures by April 30, 2010 based upon amended pleadings.

    ii. <u>Written Discovery</u>:

49-cv-0287-MSK-CBS
Proposed Order re Case Plan

a.  Any additional written discovery shall be served on or before May 14, 2010. When the discovering party intends that a particular discovery request will result in the identification and/or production of electronically stored information at the time established under section 3.C hereof, the discovering party with each such request will submit proposed search terms believed appropriate for use by the responding party in conducting its search of responsive information. Within 21 days after the discovery requests have been served (June 4, 2010), the parties will meet and confer regarding the interrogatories, requests for admission and requests for production propounded in the written discovery, including the proposed search terms. When conferring regarding the search terms, the responding party may provide to the discovering party alternate search terms to the extent alternate search terms are believed more likely to locate responsive information. If the parties are unable to mutually agree upon search terms to be used they shall jointly contact the Magistrate Judge regarding their dispute.

b.  All responses to written discovery shall be served on or before June 25, 2010. When responding to written discovery, the responding party shall provide all non-privileged information responsive to any request for production except ESI which shall be produced according to paragraph 3.C. If a responding party believes that one or more of the requests for production submitted by the discovering party violate the provisions of

>  Fed. R. Civ. P. 26(b)(1) and/or (2), the responding party will object to the request for production and state the basis for the objection as set forth in Fed. R. Civ. P. 26(b)(2)(B),(C); or seek protective relief by motion to the Court pursuant to Fed. R. Civ. P. 26(c), on or before the date that responses to written discovery requests are due.
>
> iii. <u>Motions to Compel</u>:
>
> > a. The parties shall have until July 9, 2010 to confer regarding any deficiencies or objections to discovery responses.
> >
> > b. Any motions to compel related to information sought in written discovery served under this section shall be filed on or before July 23, 2010.
>
> C. <u>E-Discovery</u>:
>
> The parties are not required to search for electronically stored information during the initial phase of written discovery. Following the deadline for responses to written discovery the court will set a scheduling conference to set deadlines to complete ESI searches to the extent necessary.
>
> D. <u>Supplemental 26(a)(2) Disclosures, Depositions, Dispositive Motion Deadline</u>:
>
> Upon the completion of E-discovery, the Court will set deadlines for the parties to supplement expert disclosures, to complete depositions, and to file dispositive motions.

4. CASE PLAN FOR CLIMAX'S COUNTERCLAIMS AND CROSSCLAIMS: If by June 1, 2010, the parties have not reached a settlement agreement relating to

49-cv-0287-MSK-CBS
Proposed Order re Case Plan

Climax's counterclaims and crossclaims, this case plan shall apply to the litigation of Climax's counterclaims and crossclaims raised in its January 6, 2010 Amended Statement of Opposition Stating Counterclaims and Crossclaims.

A. <u>Joinder of Parties</u>:

The parties shall move to join any additional parties to litigate Climax's counterclaims and crossclaims on or before June 14, 2010.

B. <u>Responsive Pleadings</u>:

The parties anticipate that responsive pleadings challenging the validity of Climax's counterclaims and crossclaims will be filed. Any motions asserting defenses listed in F.R.C.P. Rule 12(b)(1)-(7) or challenging the timeliness of Climax's counterclaims or crossclaims shall be filed on or before July 1, 2010.

C. <u>Discovery</u>:

The parties shall refrain from making disclosures or conducting written discovery pertaining to Climax's counterclaims and crossclaims until the court has addressed any motions filed pursuant to paragraph 4.B. Upon the determination of such motions, the court will set deadlines for discovery to the extent necessary.