IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 49-cv-02782-MSK-CBS

Consolidated Civil Case Nos. 2782, 5016 and 5017 and

DISTRICT COURT, WATER DIVISION NO. 5 STATE OF COLORADO
Case No. 2006CW255

**MOTION TO INTERVENE OF
NORTHERN COLORADO WATER CONSERVANCY DISTRICT**

CONCERNING THE APPLICATION FOR WATER RIGHTS OF THE CITY AND COUNTY OF DENVER, ACTING BY AND THROUGH ITS BOARD OF WATER COMMISSIONERS, IN SUMMIT COUNTY

The Northern Colorado Water Conservancy District ("Northern Water") moves the Court for an Order pursuant to Fed. R. Civ. P. 24(a)(2) granting it leave to intervene as a matter of right in Case No. 2006CW255. In the alternative, Northern Water moves the Court for an Order pursuant to Fed. R. Civ. P. 24(b) granting it permissive intervention in Case No. 2006CW255. Pursuant to Fed. R. Civ. P. 24(c) Northern Water attaches its responsive pleading, which in this case is a "Statement of Opposition" that sets forth the claim or defense for which intervention is sought. As grounds therefore, Northern Water states that:

**A. Introduction**

This matter is somewhat unusual in that Case No. 2006CW255, which is an Application For Water Rights by the City and County of Denver that would normally be within the jurisdiction of the Colorado "Water Court," is before this Court as the result of the retained jurisdiction provisions of what is commonly referred to as the "Blue River Decree" entered by

this Court in 1955, in Consolidated Civil Case Nos. 2782, 5016 and 5017, a/k/a Civil Action No. 49-cv-02782. Northern Water was an original party to the Blue River Decree and remains a party today. *See City of Colorado Springs v. Climax Molybdenum Co.*, 587 F.3d 1071, 1076 n.3 (10th Cir. 2009). It is unclear whether Northern Water's status as a party to the underlying Blue River Decree confers party status in Case No. 2006CW255, as well. Northern Water seeks intervention in Case No. 2006CW255 in order to avoid any question regarding its ability to participate as a party in Case No. 2006CW255.

### B.      Background

1.      Case No. 2006CW255 is an Application for Water Rights of the City and County of Denver, acting by and through its Board of Water Commissioners ("Denver," or "Denver's Application") relating to certain water rights which were incorporated in and confirmed by the "Blue River Decree." A partial history of the Blue River Decree and related proceedings was recently set forth by the Tenth Circuit in *City of Colorado Springs v. Climax Molybdenum Company,* 587 F.3d at 1073-1078, and by this Court in *United States v. Northern Colorado Water Conservancy District,* 251 F.R.D. 590, 592-293 (D. Colo. 2008).

2.      Case No. 2006CW255 is before this Court pursuant to the "Order Regarding Further Proceedings Consonant with the Colorado Water Right Determination and Administration Act of 1969" entered by this Court on August 4, 1977, regarding the retained jurisdiction provisions of the Blue River Decree (the "1977 Order," copy attached as Exhibit A). The 1977 Order contemplates that "This Court will act as the Water Judge provided for by the [Colorado Water Right Determination and Administration Act of 1969, currently codified as C.R.S. § 37-92-101 *et seq.*]…". 1977 Order at p 1., ¶ 1. The 1977 Order provides that "[a]ny

2

party interested in [a matter that is within the scope of the Order] will hereafter take such steps as desired by such party with respect to said cases in accordance with this Order and those procedural requirements of the Act of 1969 [referring to the Colorado Water Right Determination Act] …." 1977 Order at p. 2, ¶ 2. The 1977 Order also specifies that it only applies to "matters relating to the filing of applications for … showing of due diligence and applications for making absolute conditional decrees or portions thereof." 1977 Order at p. 2, ¶ 4. Section 37-92-302(1)(c) of the Colorado Water Right Determination Act provides for the filing of a Statement of Opposition "by the last day of the second month following the month in which the application is filed," or in this case, the Amended Application.

3.      Northern Water is a quasi-municipal entity and political subdivision of the State of Colorado. Northern Water has certain vested rights in the Colorado-Big Thompson Project pursuant to federal law and contract. *See City and County of Denver v. Northern Colorado Water Conservancy District*, 130 Colo. 375, 409, 276 P.2d 992, 1009 (Colo. 1954), and *Northern Colorado Water Conservancy District v. United States*, 88 Fed. Cl. 636, 640-641 (2009). The Blue River Decree relates, in part, to the Colorado-Big Thompson Project, which includes Green Mountain Reservoir and Powerplant. *City and County of Denver v. United States*, 935 F.2d 1143, 1146 (10th Cir. 1991). Northern Water's right to water from the Colorado-Big Thompson is in part dependent on the availability of water in Green Mountain Reservoir. "The purpose of the CBT is set forth in Senate Document No. 80, 75th Cong., 1st Sess. (1937), which reveals that Green Mountain's main purpose is to store replacement water for the Western Slope to compensate for other Colorado River water diverted to the Eastern Slope as part of the CBT."

*Id*.; *see also, Publ. Serv. Co. of Colo. v. Fed. Energy Regulatory Comm'n*, 754 F.2d 1555, 1560 (10th Cir. 1985) (describing the functions of Green Mountain Reservoir).

### C.  Northern Water's Grounds for Intervention

4.  Northern Water seeks intervention in this case for three independent reasons. First, the exercise of Denver's water rights that are at issue in Case No. 2006CW255 may affect Green Mountain Reservoir and the Colorado-Big Thompson Project. *See, e.g.*, *United States v Northern Colorado Water Conservancy District*, 608 F.2d 422 (10th Cir. 1979), which provides a very real example of how the exercise of Denver's rights may affect Green Mountain Reservoir and the Colorado-Big Thompson Project.

5.  Second, Climax Molybdenum Company ("Climax"), which is an Objector in Case No. 2006CW255, previously attempted to intervene in the underlying Blue River Decree for the purpose of resolving issues that it asserts are related to the water rights of the City and County of Denver at issue in this case. Northern Water and others opposed this intervention, and this Court and the Tenth Circuit denied the Climax Motion to Intervene. *See United States v. Northern Colorado Water Conservancy District*, 251 F.R.D. 590, and *City of Colorado Springs v. Climax Molybdenum Company*, 587 F.3d 1071. On January 6, 2010, Climax filed an "Amended Statement of Opposition Stating Counterclaims and Crossclaims" in Case No. 2006CW255 which asserts certain claims and defenses that were also the subject of its unsuccessful attempt to intervene in the underlying Blue River Decree. Northern Water seeks to intervene in this case in order to ensure that it does not extend beyond its proper scope and address issues that are not within the jurisdiction of this Court at this time pursuant to the decisions of this Court and the Tenth Circuit regarding Climax's attempt to intervene in the underlying Blue River Decree.

4

Case No. 1:49-cv-02782-MSK-CBS   Document 309   filed 02/18/10   USDC Colorado
pg 5 of 13

Motion to Intervene of Northern Colorado Water Conservancy District
Case No. 2006CW255, Consolidated Civil Nos. 2782, 5016 and 5017

6.    Third, certain objectors have asserted defenses to Denver's Application that have implications for rights of Northern Water under the Blue River Decree. In particular, but without limitation, Objector Colorado River Water Conservation District and others have asserted that Denver "must prove that any water diverted to storage under [Denver's] claimed water right was stored in reservoirs listed in the Blue River Decree." Colorado River Water Conservation District, Statement of Opposition, Doc. 155, at ¶ 3.N. The Blue River Decree also adjudicates certain water rights for the Colorado-Big Thompson Project, which includes reservoirs. Northern Water seeks intervention in order to ensure that any consideration of this and related issues by this Court does not have an adverse effect on Northern Water's rights and interests under the Blue River Decree.

D. **Northern Water Satisfies the Requirements for Intervention of Right pursuant to Rule 24(a)(2).**

7.    Intervention of Right is to be granted when: 1) the motion to intervene is timely; 2) the movant claims an interest in the subject of the action; 3) the movant is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest; and, 4) existing parties do not adequately represent that interest. Fed. R. Civ. P. 24(a)(2). *Elliott Indus. Ltd. P'ship v. BP Am. Prod. Co.*, 407 F.3d 1091, 1103 (10th Cir. 2005).

E. **Northern Water's Motion for Intervention is Timely.**

8.    "The timeliness of a motion to intervene is assessed in light of all the circumstances, including the length of time since the applicant knew of his interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual circumstances." *Elliott Indus.*, 407 F.3d at 1103 (citation and quotation marks omitted). "The requirement of timeliness is not a tool of retribution to punish the tardy would-be intervenor, but

5

rather a guard against prejudicing the original parties by the failure to apply sooner." *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1250 (10th Cir.2001) (citation and quotation marks omitted).

9.  Denver filed its original Application in Case No. 2006CW255 on December 26, 2006. Doc 146. Denver filed an Amended Application in Case No 2006CW255 on May 29, 2009. On June 5, 2009, the Court entered a stay of obligatory filings for the purpose of completion of the mediation process until December 31, 2009. Doc 285. The Magistrate Judge then entered a temporary stay of this Case for 30 days on January 11, 2010. Doc 300. On January 26, 2010, the stay was continued by the Magistrate Judge until February 19, 2010. Doc 305.

10.  A stay of this Case has been in effect for all but 14 days since the filing of the Amended Application by Denver. Northern Water's Motion to Intervene is therefore filed within the 60-day period allowed under Colorado law. If this case were before the Colorado Water Court, Northern Water would have the right to file a Statement of Opposition to Denver's Amended Application.

11.  Northern Water's Motion to Intervene is also timely in this case regardless of the applicability of the 60-day period under Colorado law for filing of a Statement of Opposition to an Amended Application. The status of this case is that discovery has been commenced but not completed by the parties because discovery has been stayed for the purpose of completing mediation of issues that would resolve some, if not all, of the issues in this case. Northern Water deferred seeking intervention to date because of the on-going mediation process. However, at the January 26, 2010 Status Conference, the Magistrate Judge indicated that this case would not

be stayed indefinitely and that the stay would likely be lifted, at least in part, in the near future. Northern Water will fully comply with the existing and future deadlines in this case, and Northern Water's intervention will not disadvantage any existing party.

### F.    Northern Water has a direct interest in the Case No. 2006CW255.

12.    This Court "acts as the Water Judge" and applies Colorado substantive law regarding the Denver Application (see 1977 Order). Under Colorado Law, any party may file a statement of opposition for the purpose of holding an Applicant such as Denver to "strict proof." *Shirola v. Turkey Cañon Ranch Ltd. Liab. Co.,* 937 P.2d 739, 747 (Colo.1997). Consequently, because Northern Water would have a sufficiently direct interest in the subject matter of this case under Colorado law, Northern Water meets the requirement that it have a "direct interest" for purposes of its intervention in this proceeding in federal court under the unique circumstances of this case.

13.    In addition, Northern Water has property and other interests in the Colorado-Big Thompson Project, which includes Green Mountain Reservoir. *See City and County of Denver v. Northern Colorado Water Conservancy District*, 130 Colo. at 409, 276 P.2d at 1009. *United States .v Northern Colorado Water Conservancy District*, 608 F.2d 422, establishes that the exercise of the Denver water rights at issue in this case may affect the operation of Green Mountain Reservoir. Northern Water therefore has, for the purpose of this Motion to Intervene, a direct interest in the subject matter at issue here.

14.    Northern Water, as an original Party to the Blue River Decree litigation, has also been a participant in all of the significant litigation that has occurred throughout the 60-year history of the Blue River Decree. Northern Water has a direct interest in ensuring that this case

7

remain appropriately constrained to the permissible scope under the 1977 Order and does not evolve into litigation of issues for which there is no independent federal jurisdiction under the analyses of this Court in *United States .v Northern Colorado Water Conservancy District*, 251 F.R.D. 590, and the Tenth Circuit in *City of Colorado Springs v. Climax Molybdenum Company*, 758 F.3d 1071.

> **G.  The disposition of Case No. 2006CW255 will impair or impede Northern Water's ability to protect its interests in the Colorado-Big Thompson Project and the Blue River Decree.**

15. There are three reasons why the disposition of Case No. 2006CW255 will affect Northern Water's ability to protect its interests. First, a determination in this case of the rights of Denver will affect the operation of Green Mountain Reservoir, which is an integral part of the Colorado-Big Thompson Project and an essential requirement for the protection of the Colorado-Big Thompson Project water deliveries to Northern Water.

16. Second, as is explained in paragraphs 2, 5 and 14 above, Northern Water has a direct interest in ensuring that this case remains appropriately limited and does not further expand and complicate the already complex procedural and jurisdictional status of proceedings under the Blue River Decree.

17. Third, the water rights for the Colorado-Big Thompson Project are decreed in the same Blue River Decree that is the basis for this Court's jurisdiction under the 1977 Order. The litigation of the claims and defenses of the existing Parties in Case No. 2006CW255 will require the interpretation and enforcement of the Blue River Decree, which will affect Northern Water's interests in the Colorado-Big Thompson Project.

### H. Existing Parties do not adequately represent the interests of Northern Water.

18. Colorado-Big Thomson Project water is delivered to Northern Water. The availability of that water supply is, in part, dependent on what is known as the "52,000 acre foot replacement pool" in Green Mountain Reservoir. *City and County of Denver v. United States*, 935 F. 2d at p 1146, *see also, Public Service Company of Colorado v. Federal Energy Regulatory Commission*, 754 F.2d 1555 at 1560. The disposition of Case No. 2006CW255 may affect Green Mountain Reservoir, which is a component of the Colorado-Big Thompson Project. None of the existing parties have the same interest as Northern Water in the 52,000 acre foot pool in Green Mountain Reservoir.

19. The scope of the Blue River Decree includes water rights and facilities of Denver, the Colorado-Big Thompson Project, and others. However, those water rights and facilities are addressed in separate provisions of the Blue River Decree, and no other party has the same interest as Northern Water in any interpretation of the Blue River Decree which may relate to or affect the Colorado-Big Thompson Project.

20. Northern Water's intervention in this Case will not cause any burden or delay in this Case. Northern Water will comply with all existing Case Management Orders and will not seek any amendment or extension to those existing Case Management Orders.

**I.  In the alternative, Northern Water moves the Court for an Order pursuant to Fed. R. Civ. P. 24(b) granting it permissive intervention.**

21.  Federal Rule of Civil Procedure 24(b)(1)(B) provides that, on timely motion, the court may permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).

22.  Permissive intervention is within the district court's sound discretion. *See City of Stilwell, Okla. v. Ozarks Rural Elec. Co-op. Corp.*, 79 F.3d 1038, 1043 (10th Cir.1996). In exercising this discretion, "the court must consider whether the intervention will unduly delay or prejudice adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

23.  As described above, the exercise of Denver's water rights at issue in Case No. 2006CW255 may affect Green Mountain Reservoir and the Colorado-Big Thompson Project. Northern Water has property and other interests in the Colorado-Big Thompson Project, including Green Mountain Reservoir. Therefore, Northern Water's claims and defenses, as further stated in its attached Statement of Opposition, have a common question of law or fact to those claims included in Denver's water application, as well as the Opposers' claims listed in their Statements of Opposition (see discussion above in paragraphs 5 and 6).

24.  Northern Water's intervention will not unduly delay or prejudice adjudication of Denver's water rights because Northern Water will comply with all existing Case Management Orders and will not seek any amendment or extension to those existing Case Management Orders.

25.  Northern Water has consulted with the Parties pursuant to D.Colo.L.Civ.R. 7.1. Grand Valley Irrigation Company, Grand Valley Water Users Association, Orchard Mesa

Irrigation District, Ute Water Conservancy District, and Middle Park Water Conservancy District have consented to the entry of an Order granting this Motion. City and County of Denver, Colorado River Water Conservation District, and Palisade Irrigation District do not object to this Motion. There were no oppositions to the request by Northern Water of an Order granting this Motion. The remaining six (6) parties did not respond to the request by Northern Water that they consent to the entry of an Order granting this Motion.

Respectfully filed this 18th day of February, 2010.

    s/ Bennett W. Raley
Bennett W. Raley, #13429
Robert V. Trout, #7190
Lisa M. Thompson, #35923
Trout, Raley, Montaño, Witwer & Freeman, P.C.
1120 Lincoln St., Suite 1600
Denver, Colorado 80203
Telephone: 303-861-1963
bwraley@mac.com
rtrout@troutlaw.com
lthompson@troutlaw.com

11

Motion to Intervene of Northern Colorado Water Conservancy District<br>
Case No. 2006CW255, Consolidated Civil Nos. 2782, 5016 and 5017

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of February, 2010, I electronically filed the foregoing *Motion to Intervene of Northern Colorado Water Conservancy District* with the Clerk of the U.S. District Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Casey S. Funk, Esq.<br>Daniel J. Arnold, Esq.<br>Jeffrey F. Davis, Esq.<br>Gail Rosenschein, Esq.<br>Denver Water Department<br>1600 West 12th Avenue<br>Denver, CO  80204-3412<br>*[City and County of Denver acting by and through its Board of County Commissioners]*<br>casey.funk@denverwater.org<br>daniel.arnold@denverwater.org<br>jeff.davis@denverwater.org<br>gail.rosenschein@denverwater.org | Stephen D. Gurr, Esq.<br>Barry A. Schwartz, Esq.<br>Kamlet & Reichert, LLP<br>1515 Arapahoe St, Tower 1, Suite 1600<br>Denver, CO  80202<br>*[Attorneys for City and County of Denver, acting by and through its Board of Water Commissioners]*<br>sgurr@ksrlaw.com<br>bschwartz@ksrlaw.com |
| Austin C. Hamre, Esq.<br>Duncan, Ostrander & Dingess, P.C.<br>3600 South Yosemite St., Suite 500<br>Denver, CO  80237-1829<br>*[Attorneys for City of Aurora]*<br>ahamre@dodpc.com | Frederick G. Aldrich, Esq.<br>Aldrich, Frederick, LLC<br>601A 28 ¼ Road<br>Grand Junction, CO 81506<br>*[Attorneys for Grand Valley Irrigation Company]*<br>faldrich@aldrich-law.com |
| Peter C. Fleming, Esq.<br>Jason V. Turner, Esq.<br>Colorado River Water Conservation District<br>P.O. Box 1120<br>200 Centennial Street, Suite 200<br>Glenwood Springs, CO 81602<br>*[Attorneys for Colorado River Water Conservation District]*<br>pfleming@crwcd.org<br>jturner@crwcd.org | Mark A. Hermunstad, Esq.<br>Kirsten M. Kurath, Esq.<br>Williams, Turner & Holmes, P.C.<br>200 North 6th Street<br>P.O. Box 338<br>Grand Junction, CO 81502<br>*[Attorneys for Grand Valley Water Users Association, Orchard Mesa Irrigation District and Ute Water Conservancy District]*<br>mherm@wth-law.com |
| Chad M. Wallace, Esq.<br>Colorado Attorney General's Office<br>1525 Sherman St., 5th Floor<br>Denver, CO  80203<br>*[Attorneys for State of Colorado]*<br>chad.wallace@state.co.us | Nathan A. Keever, Esq.<br>Dufford, Waldeck, Milburn & Krohn, LLP<br>744 Horizon Court, Suite 300<br>Grand Junction, CO 81506<br>*[Attorney for Palisade Irrigation District]*<br>keever@dwmk.com |

| | |
|---|---|
| Douglas L. Abbott, Esq.<br>Christopher L. Thorne, Esq.<br>Megan N. Winokur, Esq.<br>Leah K. Martinsson, Esq.<br>Holland & Hart, LLP<br>P.O. Box 8749<br>555 17th St., #3200<br>Denver, CO  80201-8749<br>[*Attorneys for Colorado River Water Conservation District*]<br>dabbott@hollandhart.com<br>cthrone@hollandhart.com<br>mwinokur@hollandhart.com | Stanley W. Cazier, Esq.<br>John D. Walker, Esq.<br>Cazier & McGowan<br>P.O. Box 500<br>Grandby, CO 80446<br>[*Attorneys for Middle Park Water Conservancy District*]<br>cazier_mcgowan@hotmail.com |
| William A. Paddock<br>Mary M. Hammond, Esq.<br>Karl D. Ohlsen, Esq.<br>Carlson, Hammond & Paddock<br>1700 Lincoln, #3900<br>Denver, CO  80202<br>[*Attorneys for City of Colorado Springs and Colorado Springs Utilities*]<br>bpaddock@chp-law.com<br>mhammond@chp-law.com<br>kolsen@chp-law.com | Brian M. Nazarenus<br>Robert Pohlman<br>Olivia D. Lucas<br>Julie E. Mauer<br>Ryley Carlock & Applewhite<br>1999 Broadway, Suite 1800<br>Denver, CO  80202<br>[*Attorney for Climax Molybdenum Company*]<br>bnazarenus@rcalaw.com<br>rpohlman@rcalaw.com |
| James J. Dubois, Esq.<br>United States Department of Justice<br>CO – Environment<br>1961 Stout Street, 8th Floor<br>Denver, CO 80294<br>[*Attorneys for United States of America*]<br>james.dubois@usdoj.gov | David G. Hill, Esq.<br>Ann M. Rhodes, Esq.<br>Berg, Hill, Greenleaf & Ruscitti, LLP<br>1712 Pearl Street<br>P.O. Box 1719<br>Boulder, CO 80302<br>[*Attorneys for City of Englewood*]<br>dgh@bhgrlaw.com<br>amr@bhgrlaw.com |

        s/ Meichell Walsh
        Meichell Walsh

13