IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 49-cv-02782-MSK-CBS

Consolidated Civil Case Nos. 2782, 5016 and 5017 and

DISTRICT COURT, WATER DIVISION NO. 5 STATE OF COLORADO
Case No. 06CW255

CONCERNING THE APPLICATION FOR WATER RIGHTS OF THE CITY AND COUNTY OF DENVER, ACTING BY AND THROUGH ITS BOARD OF WATER COMMISSIONERS, IN SUMMIT COUNTY

**OPPOSER COLORADO RIVER WATER CONSERVATION DISTRICT'S OBJECTIONS TO WRITTEN DISCOVERY**

Pursuant to the Court's February 19, 2010 Minute Order, the Colorado River Water Conservation District (the "River District"), provides the following objections to Denver Water's written discovery to the River District.

I.   **STATUS OF DISCOVERY DISCUSSIONS AND SUMMARY OF AGREEMENT BETWEEN THE PARTIES.**

In compliance with the requirement in the Minute Order that the parties attempt to narrow their discovery disputes, counsel for the River District and Denver Water met in person on April 27, 2010 and May 5, 2010 for detailed discussions lasting several hours. Representatives of the other West Slope parties participated by telephone. These meetings have been supplemented by several additional telephone conferences. As a result of these discussions, the parties have made significant progress and have reached agreement on how to proceed with the production of documents in most key areas.

The parties have attempted to fashion a pragmatic approach to identifying responsive information, including ESI, in the most efficient manner and have agreed to produce certain historical information while preserving their objections. Other requests

1

have been significantly narrowed in scope. As a result of these discussions, there are few issues for the Court to resolve at this time.

For example, several of the River District's requests pertain to Denver Water's service area as it existed in the 1940s and 1950s. Although Denver Water objected to producing these historical records on various grounds, it has now agreed to retrieve numerous boxes of historical documents from storage and review those for production. The River District has agreed to do the same in response to Denver's requests. The River District has also requested certain of Denver's historical water service contracts and information regarding Denver's reuse of Blue River Water, among other things. Denver has agreed to make certain files available for review and to inquire of it employees about the existence of other responsive information. In other instances, such as the River's District's request for information regarding Denver Water's modeling capabilities, the River district will review information Denver Water has already produced to determine if more is required, and whether any such request can be more narrowly focused. With respect to ESI, Denver has agreed to search the electronic files of certain key individuals most likely to have information on certain subjects, and the parties will jointly develop search terms.

The parties recognize that the review of these documents and electronic files may reveal additional information that a party may request to be produced or additional electronic files to search. Based on the results of this initial production and review the parties will confer again when and as needed to determine whether additional steps are necessary to identify responsive information and whether there are disputes that require

2

resolution. If any disputes arise that cannot be resolved by further discussion the parties will seek the Court's assistance as necessary.

Based on these agreements, the River District is not requesting the Court to address any specific issues related to Denver Waters' responses to the River District's discovery at this time. The River District requests that the Court address only one interrogatory in Denver Water's requests, as set forth below.

## II. OBJECTIONS TO DENVER WATER'S SECOND SET OF REQUESTS FOR ADMISSIONS, INTERROGATORIES AND REQUESTS FOR PRODUCTION.

The River District is providing comprehensive objections to Denver Water's Second Set of Requests for Admissions, Interrogatories, and Requests for Production dated March 15, 2010. The Court's February 19 Minute Order requires objections to be filed by May 14, 2010. In order to preserve the record, the River District has included all objections it has at this time, but is not requesting the Court to consider or rule on the bulk of those objections now. Rather, the River District is requesting a ruling only on a single interrogatory propounded by Denver Water. The River District intends to respond to the remaining requests subject to its objections.

The River District also notes at the outset that Denver Water has dramatically exceeded the number of interrogatories and requests for production allowed by the Federal Rules of Civil Procedure and the Scheduling Order. Denver has served 42 interrogatories, 17 more than allowed by Rule 33, and 40 requests for admission, twice the number permitted by the May 16, 2008 Scheduling Order. Nonetheless, the River District will not ask the Court to spend its time on this issue. The River District will respond to each of the requests, but reserves the right to object in the event Denver Water seeks additional written discovery.

3

The River District also objects to all discovery requests seeking communications or other documents to the extent they seek privileged communications or attorney work product. The River District will make the appropriate objection to each request with its answers to the discovery, and will provide an appropriate privileged log, but will not repeat this objection under each request below.

### A.    Objection Requiring a Ruling from the Court.

The River District presently seeks a protective order on only a single interrogatory propounded by Denver. Denver Water's Application seeks a decree making absolute 654 cfs of water based on a brief diversion of that amount of water through the Roberts Tunnel on June 23, 2006. Denver Water's Interrogatory No. 17 asks the River District to identify every water court proceeding in which the River District has participated or has knowledge of, in which a flow rate was made absolute based on a diversion lasting less than 24 hours. (Denver Water's discovery requests to the River District are attached as Exhibit A).

This request is overbroad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence. The River District has existed since 1937, and has participated in, or has knowledge of, thousands of water court cases over the last 73 years. Moreover, any information regarding the duration of a diversion at issue in such cases, if it exists at all, would likely be embedded within the engineering supporting the application and decree and not readily attainable absent the assistance of a water resources engineer. The validity of Denver Water's current claim, including a diversion lasting less than 24 hours, must rise and fall on its own merits. The facts of other, unrelated cases have no bearing on the merits of Denver's Application simply because the cases may share the singular commonality of a short-term diversion. Although the

4

River District believes that such cases have no relevance, whatever minimal relevance they may have is dramatically outweighed by the burden of the River District searching through 73 years of pleadings and engineering reports and files to determine whether any such matters exist. Therefore, the River District requests a protective order with respect Denver Water's Interrogatory No. 17.

### B. Preserved Objections that do not Require a Ruling from the Court.

#### 1. Requests for Admission.

Request for Admission Nos. 1-18, 33. These requests for admission are irrelevant and unlikely to lead to the discovery of admissible evidence because statements made or not made by the River District in earlier, often unrelated, proceedings and discussions cannot define the scope of Denver Water's rights, which are governed by the terms of the Blue River Decree. Further, these requests are ambiguous and overbroad because the definition of "communicate" is so broad as to preclude a meaningful response. These requests are also unduly burdensome in that they cover a span of almost 50 years, requiring significant effort to locate and review historical records that will have little, if any, bearing on any disputed issue.

Request for Admission Nos. 20 and 21. These requests are irrelevant and not likely to lead to the discovery of admissible evidence.

Request for Admission No. 22. The referenced documents speak for themselves and the request is irrelevant and not likely to lead to the discovery of admissible evidence.

Request for Admission Nos. 23 and 24. These requests are irrelevant and not likely to lead to the discovery of admissible evidence. These requests are ambiguous because the phrase "Denver Municipal Water System" is not defined.

Request for Admission No. 25. The referenced document speaks for itself.

Request for Admission No. 26. The request calls for a legal conclusion and the referenced documents speak for themselves.

Request for Admission No. 27. The referenced document speaks for itself.

Request for Admission No. 28. This request is ambiguous because the phrase "annual fill" is not defined and the request calls for a legal conclusion.

Request for Admission Nos. 31 and 32. These requests are ambiguous in that they do not identify the quoted references, and the referenced documents speak for themselves. These requests also call for a legal conclusion.

Request for Admission Nos. 34, 36 and 37. These requests call for a legal conclusion.

2. **Interrogatories.**

Interrogatory No. 1. This interrogatory relates to facts underlying the requests for admission, and the River District therefore incorporates all of the objections to the requests for admission above.

Interrogatory Nos. 3 and 4. These interrogatories call for a legal conclusion.

Interrogatory Nos. 6 and 7. These interrogatories are vague and overbroad because the definition of "communicated" is so broad as to preclude meaningful responses. These interrogatories are also irrelevant and not likely to lead to the discoverability of admissible evidence because statements or lack of statements by the River District in other, often unrelated, contexts does not and cannot define the scope of Denver Water's rights, which are defined by the terms of the Blue River Decree.

Interrogatory Nos. 5, 8, 9, 11, 12 and 13. These interrogatories call for legal conclusions and attempt to shift the burden of proof from Denver Water to the River

6

District. These interrogatories also seek detailed information within the knowledge and control of Denver Water, and which are the subject of discovery requests to Denver Water.

Interrogatory No. 14. This interrogatory is overly broad and unduly burdensome as it seeks information dating back to 1964. It is also vague and ambiguous because the definition of "communicated" is so broad as to preclude a meaningful response. The interrogatory also calls for a legal conclusion and is irrelevant and unlikely to lead to the discoverability of admissible evidence because statements made or not made by the River District in other, often unrelated context do not and cannot define the scope of Denver Water's rights, which are defined by the Blue River Decree.

Interrogatory No. 15. This interrogatory calls for a legal conclusion.

Interrogatory Nos. 16 and 18. These interrogatories purport to shift the burden of proof from Denver Water to the River District, and requests facts that are known to Denver Water and are the subject of discovery to Denver Water.

Interrogatory Nos. 19, 20, 21 and 22. These interrogatories call for legal conclusions and calls for information within the knowledge and control of Denver Water, and which is the subject of discovery requests to Denver Water.

Interrogatory No. 23. This interrogatory is irrelevant and unlikely to lead to the discovery of admissible evidence because the River District's actions in other, often unrelated proceedings, do not and cannot define the scope of Denver Water's rights, which are determined by the terms of the Blue River Decree. This interrogatory is also overbroad and unduly burdensome in that it may require review of historical records dating back over 50 years.

<u>Interrogatory No. 24</u>.  This interrogatory is irrelevant and unlikely to lead to the discovery of admissible evidence because the River District's statements or lack of statements in other, often unrelated, context does not and cannot define the scope of Denver Water's rights, which are defined by the Blue River Decree.

<u>Interrogatory Nos. 25 and 26</u>.  These interrogatories call for legal conclusions and are irrelevant and unlikely to lead to the discoverability of admissible evidence.

<u>Interrogatory Nos. 27-31</u>.  These interrogatories are overbroad and unduly burdensome because the definition of "communications" is overly broad and because they seek information regarding irrelevant matters dating back more than 20 years.  These interrogatories are also irrelevant and unlikely to lead to the discovery of admissible evidence because the River District's conduct in other, often unrelated, context does not and cannot define the scope of Denver Water's rights, which are defined by the terms of the Blue River Decree.

<u>Interrogatory No. 32</u>.  This interrogatory calls for a legal conclusion, is irrelevant and unlikely to lead to the discovery of admissible evidence and is ambiguous and over broad because the definition of "communications" is overly broad.

<u>Interrogatory No. 33</u>.  This interrogatory calls for a legal conclusion and is ambiguous.

<u>Interrogatory Nos. 34 and 35</u>.  These interrogatories are irrelevant and unlikely to lead to the discoverability of admissible evidence.

<u>Interrogatory No. 36</u>.  This interrogatory is irrelevant and unlikely to lead to the discoverability of admissible evidence and is unduly burdensome because it requests

documents and information related to irrelevant matters. The request is also ambiguous and overbroad because the definition of "communications" is overly broad

### 3. Requests for Production of Documents ("RFP").

RFP Nos. 1 and 2. These requests pertain to documents related to the responses to the interrogatories and requests for admission, and the River District incorporates its objections above.

RFP No. 4. This request calls for a legal conclusion.

RFP No. 5. This request is irrelevant and not likely to lead to the discovery of admissible evidence.

RFP Nos. 7 and 8. These requests call for legal conclusions.

RFP Nos. 9 and 10. These requests are ambiguous and overbroad.

RFP Nos. 11. This request calls for a legal conclusion and seeks information regarding details known to and under the control of Denver Water, and which is the subject of discovery to Denver Water.

RFP No. 12. This request is irrelevant and unlikely to lead to the discovery of admissible evidence, and is overly broad and unduly burdensome.

RFP No. 13. This request calls for a legal conclusion.

RFP No. 14. This request is overly broad and unduly burdensome because it requests all documents, without limitation, related to six different court cases.

Respectfully submitted this 14th day of May, 2010.

_____
Christopher L. Thorne
Douglas L. Abbott
HOLLAND & HART LLP

9

Peter C. Fleming
Jason V. Turner
COLORADO RIVER WATER CONSERVATION
DISTRICT

**ATTORNEYS FOR OPPOSER COLORADO RIVER
WATER CONSERVATION DISTRICT**

### CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of May, 2010, a true and correct copy of the foregoing **OPPOSER COLORADO RIVER WATER CONSERVATION DISTRICT'S OBJECTIONS TO WRITTEN DISCOVERY** was served upon the following counsel through ECF for the United States District Court as stated below:

State Water Engineer
Division 5 Engineer
Colorado Division of Water Resources
dick.wolfe@state.co.us
alan.martellaro@state.co.us

Bennett W. Raley, Esq.
Robert V. Trout, Esq.
Trout Raley Montano Witwer & Freeman, P.C.
braley@troutlaw.com
rtrout@troutlaw.com
*Attorneys for Northern Colorado Water Conservancy District*

James J. DuBois, Esq.
U.S. Department of Justice
1961 Stout Street, 8th Floor
Denver, CO 80294
james.dubois@usdoj.gov
*Attorneys for City of Colorado Springs*

Austin C. Hamre, Esq.
Dunstan Ostrander & Dingess, P.C.
ahamre@dodpc.com
*Attorneys for City of Aurora*

Marry M. Hammond, Esq.
Karl D. Ohlsen, Esq.
William A. Paddock, Esq.
Carlson, Hammond & Paddock, LLC
mhammond@chp-law.com
kohlsenchp@chp-law.com
bpaddock@chp-law.com
*Attorneys for City of Colorado Springs*

Stephen D. Gurr, Esq.
Barry A. Schwartz, Esq.
Kamlet Reichert, LLP
sgurr@ksrlaw.com
bschwartz@ksrlaw.com
*Attorneys for City and County of Denver, acting by and through its Board of Water Commissioners*

Chad M. Wallace, Esq.
Colorado Attorney General's Office
chad.wallace@state.co.us
*Attorneys for State of Colorado*

David G. Hill, Esq.
Anne M. Rhodes, Esq.
Berg Hill Greenleaf & Ruscitti, LLP
dgh@bhgrlaw.com
amr@bghrlaw.com
*Attorneys for City of Englewood*

Brian M. Nazarenus, Esq.
Olivia D. Lucas, Esq.
Robert J. Pohlman, Esq.
Ryley Carlock & Applewhite
bnazarenus@rcalaw.com
olucas@rcalaw.com
rpohlman@rcalaw.com
rwilliams@rcalaw.com
jwatson@rcalaw.com
*Attorneys for Climax Molybdenum Company*

Mark A. Hermundstad, Esq.
Williams, Turner & Holmes, P.C.
mherm@wth-law.com
*Attorneys for Grand Valley Water Users Association, Orchard Mesa Irrigation District and Ute Water Conservancy District*

Nathan A. Keever, Esq.
Dufford, Waldeck, Milburn & Krohn, LLP
keever@dwmk.com
*Attorneys for Palisade Irrigation District*

Casey S. Funk, Esq.
Daniel J. Arnold, Esq.
Jeffrey F. Davis, Esq.
Gail Rosenschein, Esq.
Denver Water
casey.funk@denverwater.org
daniel.arnold@denverwater.org
jeff.davis@denverwater.org
gail.rosenschein@denverwater.org
*Attorneys for City and County of Denver, acting by and through its Board of Water Commissioners*

Frederick G. Aldrich, Esq.
Frederick G. Aldrich LLC
faldrich@aldrich-law.com
*Attorneys for Grand Valley Irrigation Company*

Stanley W. Cazier, Esq.
Cazier, McGowan & Walker, P.C.
cazier_mcgowan@hotmail.com
*Attorneys for Middle Park Water Conservancy District*

/s/ Louann Jamieson

4821113_2.DOC

12