IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 49-cv-02782-MSK-CBS

Consolidated Civil Case Nos. 2782, 5016 and 5017 and

DISTRICT COURT, WATER DIVISION NO. 5 STATE OF COLORADO
Case No. 06CW255

CONCERNING THE APPLICATION FOR WATER RIGHTS OF THE CITY AND COUNTY OF DENVER, ACTING BY AND THROUGH ITS BOARD OF WATER COMMISSIONERS, IN SUMMIT COUNTY

**OPPOSER MIDDLE PARK WATER CONSERVANCY DISTRICT'S OBJECTIONS TO APPLICANT'S SECOND SET OF REQUESTS FOR ADMISSIONS, INTERROGATORIES AND REQUEST FOR PRODUCTION**

Pursuant to the Court's February 19, 2010 Minute Order, the Middle Park Water Conservancy District (the "Middle Park"), provides the following objections to Denver Water's written discovery to the Middle Park. Many of the Applicant's discovery Requests are the same for Middle Park and the River District, with different numbers. Middle Park adopts the River District's objections on the same grounds even though the numbers are different. As stated in the River District's response, Middle Park's attorney did participate in discovery discussions with Denver's attorneys.

I.  **SCOPE OF THESE OBJECTIONS.**

In order to preserve the record, Middle Park has attempted to be comprehensive in its objections but is not requesting the Court to consider or rule on the bulk of those objections.

1

II. **OBJECTIONS TO DENVER WATER'S SECOND SET OF REQUESTS FOR ADMISSIONS, INTERROGATORIES AND REQUESTS FOR PRODUCTION.**

Middle Park objects to all discovery requests seeking communications or other documents to the extent that they may seek privileged communications or attorney work product. Middle Park will make the appropriate objection to each request with its answers to the discovery when they are due, and will provide an appropriate privileged log, but will not repeat this objection under each request below.

The definition of communicate is overbroad and impossible to answer in the context of the time period addressed in many of the requests. The Discovery Requests are attached as Exhibit A including the definition of communication.

A. **Objection Requiring a Ruling from the Court.**

Middle Park joins in the River District's objection which is to its interrogatory number 17.

B. **Preserved Objections that do not Require a Ruling from the Court.**

1. **Requests for Admission.**

<u>Request for Admission Nos. 1,3-14</u>. These requests for admission are irrelevant and unlikely to lead to the discovery of admissible evidence because statements made or not made by Middle Park in earlier, often unrelated, proceedings and discussions cannot define the scope of Denver Water's rights, which are governed by the terms of the Blue River Decree. Further, these requests are ambiguous and overbroad because the definition of "communicate" is so broad as to preclude a meaningful response. These requests are also unduly burdensome in that they cover a span of almost 50 years, requiring significant effort to locate and review historical records that will have little, if any, bearing on any disputed issue.

Request for Admission Nos. 15,16,17,19,20,29,33. These requests are irrelevant and not likely to lead to the discovery of admissible evidence.

Request for Admission Nos. 2,21,22,23. The referenced documents speak for themselves and the request is irrelevant and not likely to lead to the discovery of admissible evidence.

Request for Admission No. 24. This request is ambiguous because the phrase "annual fill" is not defined and the request calls for a legal conclusion.

Request for Admission Nos. 27, 28, 30, 32. These requests call for a legal conclusion.

2.  **Interrogatories.**

Interrogatory No. 1. This interrogatory relates to facts underlying the requests for admission, and the River District therefore incorporates all of the objections to the requests for admission above.

Interrogatory Nos. 3 and 4. These interrogatories call for a legal conclusion.

Interrogatory Nos. 5, 6, 8, 9 and 10. These interrogatories are vague and overbroad. These interrogatories are also irrelevant and not likely to lead to the discoverability of admissible evidence because statements or lack of statements by Middle Park in other, often unrelated, contexts does not and cannot define the scope of Denver Water's rights, which are defined by the terms of the Blue River Decree.

Interrogatory Nos. 11, 12 and 13. These interrogatories call for legal conclusions and attempt to shift the burden of proof from Denver Water to Middle Park. These interrogatories also seek detailed information within the knowledge and control of Denver Water.

3

<u>Interrogatory No. 14</u>. This interrogatory is overly broad and unduly burdensome as it seeks information dating back to 1964. It is also vague and ambiguous because the definition of "communicated" is so broad as to preclude a meaningful response. The interrogatory also calls for a legal conclusion and is irrelevant and unlikely to lead to the discoverability of admissible evidence because statements made or not made by Middle Park in other, often unrelated, context do not and cannot define the scope of Denver Water's rights, which are defined by the Blue River Decree.

<u>Interrogatory No. 15</u>. This interrogatory calls for a legal conclusion.

<u>Interrogatory Nos. 16 and 18</u>. These interrogatories purport to shift the burden of proof from Denver Water to Middle Park, and requests facts that are known to Denver Water.

<u>Interrogatory Nos. 19, 20, 21 and 22</u>. These interrogatories call for legal conclusions and calls for information within the knowledge and control of Denver Water, and which is the subject of discovery requests to Denver Water by the River District.

<u>Interrogatory No. 23</u>. This interrogatory is irrelevant and unlikely to lead to the discovery of admissible evidence because Middle Park's actions in other, often unrelated proceedings, do not and cannot define the scope of Denver Water's rights, which are determined by the terms of the Blue River Decree. Also, Middle Park was not an Applicant in 91CW252.

<u>Interrogatory No. 24</u>. This interrogatory is irrelevant and unlikely to lead to the discovery of admissible evidence because Middle Park was not an Applicant.

<u>Interrogatory Nos. 25.</u> This interrogatory calls for a legal conclusion and is irrelevant and unlikely to lead to the discoverability of admissible evidence.

4

Interrogatory No. 26. This interrogatory is irrelevant.

3.   **Requests for Production of Documents ("RFP").**

RFP Nos. 1 and 2. These requests pertain to documents related to the responses to the interrogatories and requests for admission, and Middle Park incorporates its objections above.

RFP No. 4,6. This request is irrelevant and not likely to lead to the discovery of admissible evidence.

RFP Nos. 5, 8. These requests call for legal conclusions.

RFP No. 7. This request is ambiguous and overbroad.

RFP Nos. 11. This request calls for a legal conclusion and seeks information regarding details known to and under the control of Denver Water, and which is the subject of discovery to Denver Water.

RFP No. 12. This request is irrelevant and unlikely to lead to the discovery of admissible evidence, and is overly broad and unduly burdensome.

Dated this 14th day of May, 2010.

_____    5/14/2010
Stanley W. Cazier, P.C. (4648)           Date
John D. Walker, P.C. (31286)
Post Office Box 500
Granby, Colorado 80446
Telephone: 970-887-3376

**ATTORNEYS FOR OPPOSER MIDDLE PARK
WATER CONSERVANCY DISTRICT**

5

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of May, 2010, a true and correct copy of the foregoing **OPPOSER MIDDLE PARK WATER CONSERVANCY DISTRICT'S OBJECTIONS TO WRITTEN DISCOVERY** was served upon the following counsel through ECF for the United States District Court as stated below:

State Water Engineer
Division 5 Engineer
Colorado Division of Water Resources
dick.wolfe@state.co.us
alan.martellaro@state.co.us

Bennett W. Raley, Esq.
Robert V. Trout, Esq.
Trout Raley Montano Witwer & Freeman, P.C.
braley@troutlaw.com
rtrout@troutlaw.com
*Attorneys for Northern Colorado Water Conservancy District*

James J. DuBois, Esq.
U.S. Department of Justice
james.dubois@usdoj.gov
*Attorneys for City of Colorado Springs*

Austin C. Hamre, Esq.
Dunstan Ostrander & Dingess, P.C.
ahamre@dodpc.com
*Attorneys for City of Aurora*

Marry M. Hammond, Esq.
Karl D. Ohlsen, Esq.
William A. Paddock, Esq.
Carlson, Hammond & Paddock, LLC
mhammond@chp-law.com
kohlsenchp@chp-law.com
bpaddock@chp-law.com
*Attorneys for City of Colorado Springs*

Stephen D. Gurr, Esq.
Barry A. Schwartz, Esq.
Kamlet Shepherd & Reichert, LLP
sgurr@ksrlaw.com
bschwartz@ksrlaw.com
*Attorneys for City and County of Denver, acting by and through its Board of Water Commissioners*

Chad M. Wallace, Esq.
Colorado Attorney General's Office
chad.wallace@state.co.us
*Attorneys for State of Colorado*

David G. Hill, Esq.
Berg Hill Greenleaf & Ruscitti, LLP
dghbhgrlaw.com
*Attorneys for City of Englewood*

6

Brian M. Nazarenus, Esq.
Olivia D. Lucas, Esq.
Robert J. Pohlman, Esq.
Roger T. Williams, Esq.
Ryley Carlock & Applewhite
bnazarenus@rcalaw.com
olucas@rcalaw.com
rpohlman@rcalaw.com
rwilliams@rcalaw.com
jwatson@rcalaw.com
*Attorneys for Climax Molybdenum Company*

Mark A. Hermundstad, Esq.
Williams, Turner & Holmes, P.C.
Grand Junction, CO  81502
mherm@wth-law.com
*Attorneys for Grand Valley Water Users Association, Orchard Mesa Irrigation District and Ute Water Conservancy District*

Nathan A. Keever, Esq.
Dufford, Waldeck, Milburn & Krohn, LLP
*Attorneys for Palisade Irrigation District*

Christopher L. Thorne
Douglas L. Abbott
Holland & Hart LLP
CThorne@hollandhart.com
DAbbott@hollandhart.com

Casey S. Funk, Esq.
Daniel J. Arnold, Esq.
Jeffrey F. Davis, Esq.
Gail Rosenschein, Esq.
Denver Water
casey.funk@denverwater.org
daniel.arnold@denverwater.org
jeff.davis@denverwater.org
gail.rosenschein@denverwater.org
*Attorneys for City and County of Denver, acting by and through its Board of Water Commissioners*

Frederick G. Aldrich, Esq.
Frederick G. Aldrich LLC
faldrich@aldrich-law.com
*Attorneys for Grand Valley Irrigation Company*

Peter C. Fleming
Jason V. Turner
Colorado River Water Conservation District
pfleming@crwcd.org
jturner@crwcd.org

7