

Mar 15 2010
6:24PM

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 49-cv-02782-MSK-CBS

Consolidated Civil Case Nos. 2782, 5016 and 5017 and

DISTRICT COURT, WATER DIVISION NO. 5 STATE OF COLORADO
Case No. 06CW255

---

**APPLICANT'S SECOND SET OF REQUESTS FOR ADMISSIONS, INTERROGATORIES, AND REQUESTS FOR PRODUCTION TO OPPOSER MIDDLE PARK WATER CONSERVANCY DISTRICT**

---

CONCERNING THE APPLICATION FOR WATER RIGHTS OF THE CITY AND COUNTY OF DENVER, ACTING BY AND THROUGH ITS BOARD OF WATER COMMISSIONERS, IN SUMMIT COUNTY

---

Applicant, the City and County of Denver, acting by and through its Board of Water Commissioners, ("Denver"), hereby submits its Second Set of Requests for Admissions, Interrogatories, and Requests for Production pursuant to Rules 26, 33, 34, and 36 of the Federal Rules of Civil Procedure, to Opposer Middle Park Water Conservancy District ("Opposer").

## SECTION I – INSTRUCTIONS

1. Each Interrogatory and Request for Admission should be answered separately and fully in writing, under oath, in accordance with the Federal Rules of Civil Procedure. The timing of your response is governed by the February 19, 2010 Minute Order entered by Magistrate Judge Craig B. Shaffer.

2. Pursuant to Rule 34, Opposer shall produce the documents requested for inspection and copying at the offices of Denver Water, 1600 West 12th Avenue, Denver, CO 80204, unless another location is agreed upon. The timing of your response is governed by the February 19, 2010 Minute Order entered by Magistrate Judge Craig B. Shaffer.

3. These Requests for Admissions, Interrogatories, and Requests for Production are deemed to be continuing to the fullest extent permitted by Rule 26(e) of the Federal Rules of Civil Procedure. **Opposer is requested to supplement or correct its prior responses under Rule 26(e)(1).**

4. Certain terms used in these Requests for Admissions, Interrogatories, and Requests for Production, including these instructions, are defined in Section II – Definitions, below.

EXHIBIT A

5.  An answer or other appropriate response must be given to each Interrogatory and Requests for Admissions. If there is any Interrogatory or Request for Admission that you cannot answer in its entirety, or for which you cannot provide the exact information requested, please:

   a.  Answer all of the discovery requests to which you have or can obtain the information requested, and provide the information requested to the extent you know or can obtain the information;

   b.  Provide your most complete account of all information requested which you do not know and cannot obtain, including but not limited to, any names or dates for which you lack exact information;

   c.  Describe in detail the basis of this information;

   d.  Identify each document, person or communication upon which information is based as the word "identify" as defined below.

6.  In responding to these Requests for Admissions, Interrogatories, and Requests for Production, you must furnish all information available to you, including but not limited to, information in the possession or control of your attorneys, experts, consultants, advisors, agents, associates, employees, or any other person or entity over which you exercise any control or influence or have a right to exercise control or influence.

7.  In responding to these Requests for Admissions, Interrogatories, and Requests for Production, please restate in full the Request for Admission, Interrogatory, or Request for Production to which each response relates. If requested, a copy of these Requests for Admission, Interrogatories, and Requests for Production can be provided for your convenience on a disk formatted in MS Word or as an MS Word attachment to e-mail.

8.  Please state as part of each response the name, address, telephone number and relationship to Opposer, of the person or persons responding to each of these Requests for Admissions, Interrogatories, and Requests for Production.

9.  Please state as part of each response the name, address, telephone number and relationship to Opposer of the person or persons with whom you consulted or who constituted a source of information in the preparation of your response to each of these Requests for Admissions, Interrogatories, and Requests for Production.

10. Whenever an Interrogatory may be answered by referring to a document, please attach the document as an exhibit to the response and refer to the document in the response. If the document has more than one page, refer to the page and section where the answer to the Interrogatory can be found.

11.   Whenever an address and telephone number for the same person are requested in more than one Interrogatory, you are required to furnish them in answering only the first Interrogatory asking for that information.

12.   If any document requested was in existence or available to you but no longer is in existence or available to you, then, with respect to each such document, please:

    a.   Describe the nature of the document (letter, memorandum, etc.);

    b.   State the date of the document;

    c.   Identify the person or persons who sent and received the original and copies of the document;

    d.   State in as much detail as possible the contents of the document;

    e.   State the circumstances under which the document was lost, destroyed, or otherwise became unavailable.

13.   If you object to any Interrogatory or Request for Admission, the reason(s) for the objection must be stated. If the objection is made to part of an Interrogatory or Request for Admission, the part objected to must be specified, the reason for the objection stated, and the remainder of the discovery request must be answered.

14.   If you contend that you are entitled to withhold any document that would constitute part of your response to any request made herein on the ground that it requests information that is privileged, or falls within the work product doctrine, or on some other legally recognized grounds, then, with respect to each of those discovery requests, please:

    a.   State the nature of the privilege, doctrine or grounds and the basis for the claim;

    b.   Identify the type of document affected (e.g. letter, memorandum, etc.);

    c.   State the date of any document affected;

    d.   Identify any person who sent and who received the original and copies of the document affected and any person who is involved in the subject matter;

    e.   State the subject matter of the document affected.

15.   The Answers to the Requests for Admissions, Interrogatories, and Requests for Production must be signed, under oath, by the person making them. All objections must be signed by the attorney making them.

16.   If your answer to any of the Requests for Admission is not an unqualified admission, describe with specificity the factual basis for your denial or partial denial, including the identity of any witnesses, documents or other information on which the answer is based.

## SECTION II – DEFINITIONS

When set out in boldface type, the following definitions shall apply:

1. **"1935 priority"** means the priority date of August 1, 1935, for the Colorado-Big Thompson Project from the Blue River and its tributaries for 1726 second feet direct-flow right for the generation of electrical power at the Green Mountain Powerplant; a storage right with the priority of August 1, 1935 in the amount of 154,645 acre feet with the right to refill to the extent of an additional 6,316 acre-feet.

2. **"And"** as well as **"or"** shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these discovery requests any information that might otherwise be construed to be outside their scope.

3. **"Any"** as well as **"each"** shall be construed to include either one or all of a group as necessary to bring within the scope of these discovery requests any information that might otherwise be construed to be outside their scope.

4. **"Application"** means the Application for Finding of Reasonable Diligence and to Make Absolute a Conditional Water Right by the City and County of Denver, acting by and through its Board of Water Commissioners in Case No. 2006CW255 and Civil Nos. 2782, 5016 and 5017, as amended by the January 26, 2009 Amended Application for Finding of Reasonable diligence and to Make Absolute a Conditional Water Right Including Applicant's Initial Statement of Affirmative Defenses.

5. **"Applicant"** and/or **"Denver"** means Applicant the City and County of Denver acting by and through its Board of Water Commissioners.

6. **"Blue River Decree"** means the Findings of Fact, Conclusion of Law, Judgment and Decree dated October 12, 1955 in Consolidated Cases Civil Nos. 2782, 5016, and 5017 in the United States District Court for the District of Colorado, as amended on October 29, 1957, and any subsequent decrees or orders of the court in these Consolidated Cases Civil Nos. 2782, 5016 and 5017.

7. **"Blue River water"** means the water diverted by **Denver** from the Blue River or its tributaries under the **Blue River Decree**.

8. **"Communicate" "Communicating"** or **"Communication"** means any transmittal or exchange of information (in the form of facts, ideas, inquiries, or otherwise), whether made by oral, written, or electronic means between or among two or more persons, including, but not limited to, correspondence, pleadings, memoranda, notes, conversations, dialogues, discussions, interviews, consultations, agreements, other understandings, and exchanges of information in any meeting of two or more people whether planned or unplanned, formal or informal and whether for health, social, business, educational, or other purposes.

9. **"Describe"** means to set forth in detail and with particularities all pertinent facts concerning the subject matter of any inquiry in detail and with particularity.

{62538.DOC / 1}                                -4-

10. **"Document"** is used in its broadest sense and means any item that is subject to a request for production of documents pursuant to Fed. R. Civ. P. 34 and Fed. R. Evid. 1001, including, but not limited to, any medium (including but not limited to those related to computers) on which information can be recorded or from which it can be retrieved, book, pamphlet, letter, pleading, Court Order, memorandum, (including memorandum or report of a meeting or conversation), invoice, bill, order form, receipt, financial statement, statement, accounting entry, diary, calendar, telex, telegram, e-mail, cable, report, record, contract, agreement, study, blueprint, map, plan, handwritten note, working paper, chart, paper, rent, laboratory record, drawing, sketch, grant, index, list, tape, photograph, microfilm, data sheet, data processing card, or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced. Additionally, the terms "document" or "documents" includes, without limitation, all enclosures, attachments, and related materials attached to or referenced in any document as defined above.

11. **"Exhibit O"** is used in reference to the "Exhibit O" that was attached and incorporated to the Colorado River Water Conservation District's First Set of Interrogatories, Requests for Production of Documents and Requests for Admission to Applicant.

12. **"Governor's Round Table"** means the Metropolitan Water Roundtable assembled in October, 1981 by Governor Richard D. Lamm to pursue a cooperative approach to water planning for the Denver metropolitan area.

13. **"Green Mountain Reservoir"** is the reservoir located approximately sixteen miles south east of the town of Kremmling, in Summit County, Colorado, and more particularly in all or parts of Sections 11, 12, 13, 14, 15 and 24 T. 2 S., R. 80 W., and Sections 17, 18, 19, 20, 21, 28, 29, 33 and 34, T. 2 S., R. 79 W., 6th Principal Meridian. This reservoir provides storage of water and the utilization of it in accordance with Senate Document No. 80.

14. **"Identify,"** when used with respect to a document, requests the following information:

   a. The title of the document;

   b. A summary of the contents of the document;

   c. The date of the document;

   d. The identity of the person or persons who wrote, contributed to, prepared or originated such document;

   e. The identity of the person or persons to whom the document was directed or who received or reviewed the document or copies of the document or any portion thereof;

    f. The present or last-known address and custodian of the document and the address and phone number of each such custodian.

15. **"Identify,"** when used to refer to a water right, requests the following information:

    a. The name of the water right;

    b. The location of the point of diversion or withdrawal;

    c. The priority date and the date of adjudication;

    d. The court and case number of the decree adjudicating the water right;

    e. The well permit number(s), date(s) of approval and permit expiration date(s);

    f. The source of the water right;

    g. The amount of the water right;

    h. The uses of the water right;

    i. Whether the water right is conditional or absolute.

16. **"Identify,"** when used to refer to a water rights case, requests the following information:

    a. The court adjudicating the case;

    b. Court case number;

    c. Applicant;

    d. The name of the water rights that were the subject of the case;

    e. The disposition of the case, including the decree date if a decree was granted.

17. **"Identify,"** when used to refer to an entity other than a natural person, requests the following information about the entity:

    a. Full name;

    b. The present or last-known address of its principal office or place of doing business and the telephone number;

      c. The type of entity (*e.g.*, corporation, partnership, unincorporated association, municipality, etc.).

18. **"Identify,"** when used to refer to a natural person, requests the following information:

      a. The person's full name and present or last-known address and telephone number;

      b. The person's present title and employer or other business affiliation;

      c. The person's employer and title at the time of the actions at which each interrogatory is directed.

19. **"Person"** means any natural individual in any capacity whatsoever, and any entity or organization, including but not limited to, public or private corporations, partnerships, joint ventures, voluntary or unincorporated associations, organizations, proprietorships, trusts, estates, governmental agencies, commissions, or bureaus.

20. **"Relate(s),"** **"related"** or **"relating,"** in addition to their common meaning, mean pertain, connect, support, evidence, describe, mention, or refer.

21. **"Specific factual basis"** includes all information known to you or obtainable by you after reasonable inquiry, together with any related opinion or contention that relates to facts or the application of law to fact. When related to an assertion in your statement of opposition in this case, Denver further requests a precise explanation of the intended meaning of the assertion.

22. **"Statement of Opposition"** means the Statement of Opposition filed by Middle Park Water Conservancy District on or about February 27, 2007.

23. **"You"** or **"Your"** means the Opposer, Middle Park Water Conservancy District, its officers, agents, employees, attorneys, consultants, engineers, **and** anyone else acting on such **person**'s behalf.

24. **"This case,"** for purposes of these interrogatories and requests for admission, means the Application for Finding of Reasonable Diligence and to Make Absolute a Conditional Water Right by the City and County of Denver, acting by and through its Board of Water Commissioners in Case No. 2006CW255 and Civil Nos. 2782, 5016 and 5017, filed on or about December 26, 2006 and as amended.

### SECTION III – REQUESTS FOR ADMISSION

REQUEST FOR ADMISSION NO. 1

Please admit that during **your** negotiations during 1986 through 1996 for **Denver's** use and allocation of water from Wolford Mountain Reservoir, including the joint application in

Case No. 91CW252 WD No. 5, **you** did not **communicate** to **Denver or** any court **your** contention that **Denver's** use **or** service of water outside the shaded geographic boundary depicted on **Exhibit O** would require a pro tanto reduction of diversions from the Blue River.

REQUEST FOR ADMISSION NO. 2

Please admit that following the November 26, 1963 deposition of Denver Water's Secretary-Manager, Robert S. Millar, attached hereto and incorporated by reference, where Mr. Millar offered his testimony at pages 50 – 59 establishing that **Denver's** utilization and planning for further utilization of **Blue River water** was made without regard to **Exhibit O, you** did not **communicate** to **Denver or** any court **your** contention that **Denver's** use **or** service of water outside the shaded geographic boundary depicted on **Exhibit O** would require a pro tanto reduction of diversions from the Blue River.

REQUEST FOR ADMISSION NO. 3

Please admit that in Case No. 87CW376, WD No. 5 relating to **Denver's** application for a refill water right for Dillon Reservoir, **you** did not **communicate** to **Denver or** any court **your** contention that **Denver's** use **or** service of water outside the shaded geographic boundary depicted on **Exhibit O** would require a pro tanto reduction of diversions from the Blue River.

REQUEST FOR ADMISSION NO. 4

Please admit that in **Denver's** diligence proceedings in Consolidated Civil Nos. 2782, 5016 and 5017 (1962), **you** did not **communicate** to **Denver or** any court **your** contention that **Denver's** use **or** service of water outside the shaded geographic boundary depicted on **Exhibit O** would require a pro tanto reduction of diversions from the Blue River.

REQUEST FOR ADMISSION NO. 5

Please admit that in **Denver's** diligence proceedings in Consolidated Civil Nos. 2782, 5016 and 5017 (1964), **you** did not **communicate** to **Denver or** any court **your** contention that **Denver's** use **or** service of water outside the shaded geographic boundary depicted on **Exhibit O** would require a pro tanto reduction of diversions from the Blue River.

REQUEST FOR ADMISSION NO. 6

Please admit that in **Denver's** diligence proceedings in Consolidated Civil Nos. 2782, 5016 and 5017 (1966), **you** did not **communicate** to **Denver or** any court **your** contention that **Denver's** use **or** service of water outside the shaded geographic boundary depicted on **Exhibit O** would require a pro tanto reduction of diversions from the Blue River.

REQUEST FOR ADMISSION NO. 7

Please admit that in **Denver's** diligence proceedings in Consolidated Civil Nos. 2782, 5016 and 5017 (1968), **you** did not **communicate** to **Denver or** any court **your** contention that **Denver's** use **or** service of water outside the shaded geographic boundary depicted on **Exhibit O** would require a pro tanto reduction of diversions from the Blue River.

REQUEST FOR ADMISSION NO. 8

Please admit that in **Denver's** diligence proceedings in Consolidated Civil Nos. 2782, 5016 and 5017 (1970), **you** did not **communicate** to **Denver or** any court **your** contention that **Denver's** use **or** service of water outside the shaded geographic boundary depicted on **Exhibit O** would require a pro tanto reduction of diversions from the Blue River.

REQUEST FOR ADMISSION NO. 9

Please admit that in Case No. W-741, **you** did not **communicate** to **Denver or** any court **your** contention that **Denver's** use **or** service of water outside the shaded geographic boundary depicted on **Exhibit O** would require a pro tanto reduction of diversions from the Blue River.

REQUEST FOR ADMISSION NO. 10

Please admit that in Case No. W-741-74, **you** did not **communicate** to **Denver or** any court **your** contention that **Denver's** use **or** service of water outside the shaded geographic boundary depicted on **Exhibit O** would require a pro tanto reduction of diversions from the Blue River.

REQUEST FOR ADMISSION NO. 11

Please admit that in Case No. W-741-77, **you** did not **communicate** to **Denver or** any court **your** contention that **Denver's** use **or** service of water outside the shaded geographic boundary depicted on **Exhibit O** would require a pro tanto reduction of diversions from the Blue River.

REQUEST FOR ADMISSION NO. 12

Please admit that in Case No. 82CW129 WD #5, **you** did not **communicate** to **Denver or** any court **your** contention that **Denver's** use **or** service of water outside the shaded geographic boundary depicted on **Exhibit O** would require a pro tanto reduction of diversions from the Blue River.

REQUEST FOR ADMISSION NO. 13

Please admit that in Case No. 86CW132 WD#5, **you** did not **communicate** to **Denver or** any court **your** contention that **Denver's** use **or** service of water outside the shaded geographic

boundary depicted on **Exhibit O** would require a pro tanto reduction of diversions from the Blue River.

REQUEST FOR ADMISSION NO. 14

Please admit that in Case No. 90CW112 WD#5, **you** did not **communicate** to **Denver or** any court **your** contention that **Denver's** use **or** service of water outside the shaded geographic boundary depicted on **Exhibit O** would require a pro tanto reduction of diversions from the Blue River.

REQUEST FOR ADMISSION NO. 15

Please admit that since 2000 in years that **Green Mountain Reservoir** has not physically filled, **Denver** has repaid all of its depletions to **Green Mountain Reservoir** directly or by substitution.

REQUEST FOR ADMISSION NO. 16

Please admit that **you** were a party to and did not contest the motion for summary judgment for entry of a decree making absolute 520 cfs in Consolidated Civil Case Nos. 2782, 5016 and 5017 and District Court, Water Division 5, Case No. 90CW112.

REQUEST FOR ADMISSION NO. 17

Please admit that **you** did not contest the entry of the decrees dated January 12, 1962, April 6, 1964, September 15, 1978, June 2, 1987 and March 11, 1993 in Consolidated Civil Case Nos. 2782, 5016 and 5017, which made absolute **Denver's** diversions of water under the Blue River Diversion Project at the West Portal of the Roberts Tunnel.

REQUEST FOR ADMISSION NO. 18

Please admit that the amount of water made absolute under the decree entered in Consolidated Civil Case Nos. 2782, 5016 and 5017 and District Court, Water Division 5, Case No. 90CW112, was based upon a diversion with a duration of less than 24 hours.

REQUEST FOR ADMISSION NO. 19

Please admit that in 1952, Antero, Eleven Mile, Cheesman, Platte Canon, Marston, and Ralston Reservoirs were part of the Denver Municipal Water System.

REQUEST FOR ADMISSION NO. 20

Please admit that in 1993, Antero, Eleven Mile, Cheesman, Platte Canon, Strontia Springs, Chatfield, Marston, Gross and Ralston Reservoirs were part of the Denver Municipal Water System.

REQUEST FOR ADMISSION NO. 21

Please admit that in the September 15, 1978 Decree and Determination entered by the United States District Court for the District of Colorado in Consolidated Civil Case Nos. 2782, 5016 and 5017, the Court found that the "as-constructed capacity of the Blue River Diversion Project (Roberts Tunnel) is in excess of 1000 cubic feet of water per second of time."

REQUEST FOR ADMISSION NO. 22

Please admit that under the decrees entered in C.A. 3635 and Case No. W-8783-77, Denver may divert and store **Blue River water** by exchange at Cheesman Reservoir, Denver Platte Canon Intake, Platte Canon Reservoir, the Roxborough Treatment Diversion Facility, Highline Canal Diversion Works, Marston Reservoir, the Farmers and Gardeners Ditch Diversion Works, and Chatfield Reservoir.

REQUEST FOR ADMISSION NO. 23

Please admit that by way of the May 15, 2006 letter from Regional Director Michael J. Ryan, the Bureau of Reclamation notified **you** that it anticipated "that additional water beyond that required to fill Green Mountain [Reservoir] will be available to the cities of Denver and Colorado Springs under their rights junior to those of the United States."

REQUEST FOR ADMISSION NO. 24

Please admit that on or before June 23, 2006, **Green Mountain Reservoir** had achieved its annual fill under its **1935 Priority**.

REQUEST FOR ADMISSION NO. 25

Please admit that on June 23, 2006, the power plant at **Green Mountain Reservoir** was not generating electricity and water was bypassing the power plant. 

REQUEST FOR ADMISSION NO. 26

Please admit that on June 23, 2006, there was no call for water on the main stem of the Colorado River below its confluence with the Blue River. 

REQUEST FOR ADMISSION NO. 27

Please admit that during the diligence period between December 2000 and December 2006, **Denver** utilized **Blue River water** only within geographic areas that were "in Denver and areas adjacent to Denver served by the Denver Municipal Water System."

REQUEST FOR ADMISSION NO. 28

Please admit that during the diligence period between December 2000 and December 2006, **Denver** utilized **Blue River water** only within a geographic area that was "reasonably integrated with the development of Denver."

REQUEST FOR ADMISSION NO. 29

Please admit that during **your** participation in the **Governor's Round Table, you** did not **communicate** to **Denver or** any party your contention that **Denver**'s use **or** service of water outside the shaded geographic boundary depicted on **Exhibit O** would require a pro tanto reduction of diversions from the Blue River.

REQUEST FOR ADMISSION NO. 30

Please admit that any limitations under Paragraph 4(g) of the **Blue River Decree** do not apply to **Blue River water** that **Denver** utilizes to produce electrical energy at the Grant, Colorado, outlet of the Roberts Tunnel.

REQUEST FOR ADMISSION NO. 31

Please admit that **Denver** utilizes **Blue River water** to produce electrical energy at the Grant, Colorado, outlet of the Roberts Tunnel.

REQUEST FOR ADMISSION NO. 32

Please admit that, as to Paragraph 4(e) of the **Blue River Decree, Denver** diverted 47,810 acre feet of water from the Colorado River System from "October 1st, 1954 to September 30, 1955."

REQUEST FOR ADMISSION NO. 33

Please admit that there are no Colorado guidelines or regulations permitting or authorizing potable use of reclaimed water.

## SECTION IV – INTERROGATORIES

INTERROGATORY NO. 1

To the extent **your** response to each request for admission above is anything other than an unqualified admission, please state the **specific factual basis** for **your** response **and identify** all facts, **persons and documents** with information that supports, refutes **or** otherwise **relates** to **your** response.

INTERROGATORY NO. 2

State when and how **you** first discovered that **Denver** was utilizing **Blue River water** outside of the geographic area depicted in **Exhibit O**. Please explain the circumstances of **your** discovery, **identify** all **persons** with knowledge of **your** discovery, **and identify** all **documents relating** to or **communicating your** discovery.

INTERROGATORY NO. 3

Please **identify** in detail the geographic boundaries of the area in which **you** contend **Denver** may utilize its water rights under the **Blue River Decree** without a pro tanto reduction in its diversions. Please **describe** the **specific factual basis** for **your** identification of that area, **identify** all **persons** with knowledge of such facts, **and identify** all **documents relating** to **your** identification of that area.

INTERROGATORY NO. 4

State when and how **you** first discovered that **Denver** was utilizing **Blue River water** outside of the geographic area that **you identified** in response to Interrogatory No. 3 above. Please explain the circumstances of **your** discovery, **identify** all **persons** with knowledge of **your** discovery, **and identify** all **documents relating** to or **communicating your** discovery.

INTERROGATORY NO. 5

To the extent that **your** opposition to **Denver's Application** is based in whole or in part on **your** contention that **Denver** has utilized its **Blue River water** in a geographic area outside of "Denver and areas adjacent to Denver served by the Denver Municipal Water System," please **describe** the **specific factual basis** for **your** contention, **identify** all **persons** with knowledge of such facts, **and identify** all **documents relating** to such facts.

INTERROGATORY NO. 6

State when and how **you** first **communicated** to **Denver** or any court an objection to the geographic area in which **Denver** has utilized **Blue River water**. Please **identify** all **persons** with knowledge of that **communication, identify** all **documents relating** that **communication, and identify** all **subsequent communications** of any objection to the geographic area in which **Denver** has utilized **Blue River water**.

INTERROGATORY NO. 7

**Identify** each instance in which **you** have **communicated** to **Denver** or any court a demand for a pro tanto reduction **Denver's** diversions of **Blue River water** pursuant to Paragraph 4(g) of the **Blue River Decree** based on the geographic area in which **Denver** has utilized **Blue River water**.

Please **identify** all **persons** with knowledge of **each communication** and **identify** all **documents relating each communication.**

INTERROGATORY NO. 8

To the extent that **your** opposition to **Denver's Application** is based in whole or in part on your contention that **Denver** has utilized its **Blue River water** for non-"municipal" purposes, please **describe** the **specific factual basis** for **your** contention particularly including the **identity** of each non-"municipal" use, **identify** all **persons** with knowledge of such facts, **and identify** all **documents relating** to such facts.

INTERROGATORY NO. 9

Please **identify** in detail the geographic boundaries of the area you contend was "reasonably integrated with the development of Denver" on June 23, 2006, **describe** the **specific factual basis** for **your** identification of that area, **identify** all **persons** with knowledge of such facts, **and identify** all **documents relating** to **your** identification of that area.

INTERROGATORY NO. 10

Please **identify** in detail the geographic boundaries of the area **you** refer to as the "Denver Metropolitan Area" in Paragraph 3 of your **Statement of Opposition, describe** the **specific factual basis** for **your** identification of that area, **identify** all **persons** with knowledge of such facts, **and identify** all **documents relating** to **your** identification of that area.

INTERROGATORY NO. 11

To the extent that **your** opposition to **Denver's Application** is based in whole or in part on your contention that **Denver** may be supplying, and/or has committed to supply, water to areas outside the Denver Metropolitan Area (as used in **your Statement of Opposition**), please specifically **identify each** allegedly violative water supply or water supply commitment, **describe** the **specific factual basis** for **each** identified water supply or water supply commitment, **describe** when **and** how **you** learned of **each** identified water supply or water supply commitment, **identify** all **persons** with knowledge of **your** discovery of **each** identified water supply or water supply commitment, **and identify all documents and communications relating** to **each** identified water supply or water supply commitment.

INTERROGATORY NO. 12

To the extent that **your** opposition to **Denver's Application** is based in whole or in part on your contention that **Denver** has not diverted water at the decreed point(s) of diversion allowed by the **Blue River Decree.** Please:

      a.    State when and how **you** first discovered that **Denver** had not diverted water at the decreed point(s) of diversion. Please explain the circumstances of **your** discovery, **identify** all **persons** with knowledge of **your** discovery, **and identify** all **documents relating** to or **communicating your** discovery.

      b.    State when and how **you** first **communicated** to **Denver or** any court an objection to the place of **Denver's** diversion. Please **identify** all **persons** with knowledge of that **communication, identify** all **documents relating** that **communication,** and **identify** all subsequent **communications** of any objection to the place of **Denver's** diversion.

INTERROGATORY NO. 13

To the extent that **your** opposition to **Denver's Application** is based in whole or in part on **your** contention that **Denver** has failed to exercise diligence in developing the capacity to reuse return flows resulting from its use of diverted water as required by paragraph 4(e) of the **Blue River Decree**, please **describe** the **specific factual basis** for **your** contention, **identify** all **persons** with knowledge of such facts, **and identify** all **documents relating** to such facts.

INTERROGATORY NO. 14

Please **identify** every instance since 1964 in which **you** objected, **communicated or** complained to the United States Secretary of Interior or its designee that **Denver** has not met its obligation under paragraphs 4(e) and (f) of the **Blue River Decree**. For **each** instance, please specifically **identify each** objection, **communication or** complaint, **describe** the **specific factual basis** for **each, identify** all **persons** with knowledge of **each, and identify** all **communications and documents relating** to **each**.

INTERROGATORY NO. 15

To the extent that **your** opposition to **Denver's Application** is based in whole or in part on **your** contention that **you** have the right and/or standing to enforce Paragraphs 4(e) and/or 4(f) of the **Blue River Decree,** please **describe** the **specific factual basis** for **your** contention, **identify** all **persons** with knowledge of such facts, **and identify** all **documents and communications relating** to such facts.

INTERROGATORY NO. 16

To the extent that **your** opposition to **Denver's Application** is based in whole or in part on your contention that **Denver** has not diverted the full amount of water for which it claims an absolute right and placed such water to beneficial use, please **describe** the **specific factual basis** for **your** contention, **identify** all **persons** with knowledge of such facts, **and identify** all **documents and communications relating** to such facts.

INTERROGATORY NO. 17

Please state whether **you** have ever participated in water court proceedings or have knowledge of water court proceedings making a conditional flow rate absolute based upon a diversion with a duration of less than 24 hours. If so, **identify each** instance by water right **or** water rights case number, **describe** the **specific factual basis** for your position in **each** identified water right **or** water rights case, **identify** all **persons** with knowledge of **your** positions in **each** identified water right or water rights case, **and identify** all **communications and documents relating** to **your** positions therein.

INTERROGATORY NO. 18

To the extent that **your** opposition to **Denver's Application** is based in whole or in part on your contention that **Denver** did not divert the amount of water for which it claims an absolute right for a sufficient duration of time, please **describe** the **specific factual basis** for **your** contention, **identify** all **persons** with knowledge of such facts, **identify** all **documents and communications relating** to such facts, and **identify** all provisions in the **Blue River Decree** and the Decrees in Civil Action Nos. 1805 and 1806 that require **Denver** to divert water for a particular duration of time before obtaining absolute rights.

INTERROGATORY NO. 19

In Paragraph 3.O of **your Statement of Opposition, you** allege that **Denver** "must prove that it has a legitimate, non-speculative need for the claimed water right." Please state whether **you** are aware of any evidence that **Denver** does not have a legitimate, non-speculative need for the claimed water right, and if so, please **describe** the **specific factual basis** for **your** response, **identify** all **persons** with knowledge of such facts, **and identify** all **documents and communications relating** to such facts.

INTERROGATORY NO. 20

In Paragraph 3.P of **your Statement of Opposition, you** allege that **Denver** "must prove that it has a need for and a continuing intent to use decreed water for decreed purposes" in accordance with C.R.S. § 37-92-103(3)(a). Please state whether **you** are aware of any evidence that **Denver** does not have a continuing intent to use the decreed water for the decreed purposes in accordance with C.R.S. § 37-92-103(3)(a), and if so, please **describe** the **specific factual basis** for **your** response, **identify** all **persons** with knowledge of such facts, **and identify** all **documents and communications relating** to such facts.

INTERROGATORY NO. 21

Please state whether **you** are aware of any evidence that during 2000 through 2006 **Denver** stored **Blue River Water** in an undecreed manner or location, and if so, please **describe** the **specific**

**factual basis** for **your** response, **identify** all **persons** with knowledge of such facts, **and identify** all **documents and communications relating** to such facts.

INTERROGATORY NO. 22

**Identify** all water cases **and** civil actions in which **you** disclosed, offered **or** introduced **Exhibit O** as evidence of Denver's service area under paragraph 4 (g) of the Blue River Stipulation, and **identify** all **communications and documents** evidencing **or relating** to such disclosure, use or introduction.

INTERROGATORY NO. 23

Please **identify** all **communications and documents relating** to **and persons** with knowledge of **your** negotiations for **Denver's** use and allocation of water from Wolford Mountain Reservoir, including the joint application in Case No. 91CW252 WD No. 5.

INTERROGATORY NO. 24

Please **describe** your understanding of how and where **Denver** would use water held in Dillon Reservoir under the substitution operations described under the **1991 MOA** and decree in Case No. 91 CW 252. Please **identify** all **communications and documents relating** to **and persons** with knowledge of **your** understanding.

INTERROGATORY NO. 25

Please **describe** your understanding of the operation and calculation of a pro tanto reduction under Paragraph 4(g) of the **Blue River Decree**. Please **identify** all **communications and documents relating** to **and persons** with knowledge of **your** understanding.

INTERROGATORY NO. 26

Please **identify** all persons who participated on **your** behalf in the **Governor's Round Table, and identify all communications and documents** (including agreements) **relating** to **your** participation in the **Governor's Round Table**.

## SECTION V – REQUESTS FOR PRODUCTION

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1

Please produce for inspection all **documents identified** in response to the above Requests for Admissions and Interrogatories.

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2

Please produce all **documents you** reviewed or considered in preparing **your** responses to the above Requests for Admission and Interrogatories.

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3

Please produce all **documents relating** to **your communications** with **your** designated FRCP 26(a)(2) expert witnesses in **this case**, including but not limited to all draft reports **and** all notes to **or** from, all correspondence with, and **documents** shown or provided to such **persons**.

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4

Please produce all **documents relating** to **your communications** since December 2000 with any opposer or party to **this case relating to** the allegations and affirmative defenses herein.

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5

As to the allegations in Paragraph 3 of **your Statement of Opposition** that **Denver** has used water for non-"municipal" purposes contrary to the **Blue River Decree**, please produce all **documents** establishing or otherwise **relating** to **each** allegedly nonconforming use, all **documents** establishing or otherwise **relating to your** discovery of such use, **and** all **documents** (particularly including pleadings in any water case) containing or **communicating your** position that **Denver** has used water for a non-"municipal" purpose contrary to the **Blue River Decree**.

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 6

Please produce all **communications** since 2000 between **you** and the Bureau of Reclamation concerning **Denver's** operations and the administration of **Green Mountain Reservoir** and/or its power plant.

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 7

Please produce all **documents relating** to the **Governor's Round Table**, including all **communications**, notes, minutes and agreements.

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 8

Please produce all **documents relating to**, depicting or describing the Denver "metropolitan area" as that term is used in paragraph 4(g) of the **Blue River Decree**.

DATED this 15th day of March, 2010.

        **DENVER WATER**
Casey S. Funk
Daniel J. Arnold
1600 W 12th Avenue
Denver, CO 80204-3412

**KAMLET REICHERT, LLP**

*/s/ Stephen D. Gurr*
Stephen D. Gurr
1515 Arapahoe Street, Tower 1, Suite 1600
Denver, CO 80202

*Counsel for Applicant City & County of Denver, acting by and through its Board of Water Commissioners*

### CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of March, 2010 a true and correct copy of the foregoing **APPLICANT'S SECOND SET OF REQUESTS FOR ADMISSIONS, INTERROGATORIES, AND REQUESTS FOR PRODUCTION TO OPPOSER MIDDLE PARK WATER CONSERVANCY DISTRICT** was served upon the following counsel:

<u>*Via Email and LexisNexis under Case No 06CW255 (serve only)*</u>:
Brian M. Nazarenus, Esq.
Robert J. Pohlman, Esq.
Roger T. Williams, Esq.
RYLEY CARLOCK & APPLEWHITE
1999 Broadway, Suite 1800
Denver, CO 80202
**Counsel for Climax Molybdenum Company**

Douglas L. Abbott, Esq.
Christopher L. Thorne, Esq.
Holland & Hart, LLP-Denver
P.O. Box 8749
555 17th Street, #3200
Denver, CO 80201-8749
**Counsel for Colorado River Water Conservation District**

Mark A. Hermundstad, Esq.
Kirsten M. Kurath, Esq.
Williams Turner & Holmes, P.C.
200 North 6th Street
PO Box 338
Grand Junction, CO 81502
*Counsel for Grand Valley Water Users Association*
*Counsel for Orchard Mesa Irrigation District*
*Counsel for Ute Water Conservancy District*

Peter C. Fleming, Esq.
Jason V. Turner, Esq.
PO Box 1120
Glenwood Springs, CO 81602
*Counsel for Colorado River Water Conservation District*

Frederick G. Aldrich, Esq.
Aldrich Frederick, LLC
601A 28 ¼ Road
Grand Junction, CO 81506
*Counsel for Grand Valley Irrigation Company*

Stanley W. Cazier, Esq.
John D. Walker, Esq.
Cazier McGowan & Walker
PO Box 500
Granby, CO 80446
*Counsel for Middle Park Water Conservancy District*

Nathan A. Keever, Esq.
Dufford Waldeck Milburn & Krohn, LLP
744 Horizon Court, Suite 300
Grand Junction, CO 81506
*Counsel for Palisade Irrigation District*

Benett W. Raley, Esq.
Robert V. Trout, Esq.
Lisa M. Thompson, Esq.
Trout, Raley, Montano, Witwer & Freeman, P.C.
1120 Lincoln Street, Suite 1600
Denver, CO 80202
*Counsel for Northern Colorado Water Conservancy District*

/s/ Michele Bradbury