IN UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

Civil Action No.: 49-cv-02782-MSK-CBS
Consolidated Civil Case Nos. 2782, 5016 and 5017 and

DISTRICT COURT, WATER DIVISION NO. 5 STATE OF COLORADO
Case No. 2006CW255

**OPPOSER CLIMAX MOLYBDENUM COMPANY'S RESPONSES TO APPLICANT'S SECOND SET OF REQUESTS FOR ADMISSIONS, INTERROGATORIES AND REQUESTS FOR PRODUCTION**

CONCERNING THE APPLICATION FOR WATER RIGHTS OF THE CITY AND COUNTY OF DENVER, ACTING BY AND THROUGH ITS BOARD OF WATER COMMISSIONERS, IN SUMMIT COUNTY, COLORADO

Pursuant to the Court's February 19, 2010 minute order, Opposer/Counterclaimant /Cross Claimant Climax Molybdenum Company submits the following objections to Applicant's Second Set of Requests for Admissions, Interrogatories, and Requests for Production to Opposer Climax Molybdenum Company.

## REQUESTS FOR ADMISSION

REQUEST FOR ADMISSION NO. 1

Admit that, as currently tabulated by the State Engineer, **your CA 1710 water rights** are junior to the United States' **Green Mountain Reservoir** water rights under its **1935 Priority** for storage and the generation of electrical power.

**OBJECTION:** **This discovery request is beyond the scope of discovery presently allowed under the Court's February 19, 2010 Minute Order.**

**OBJECTION:** **The use of the term "1935 Priority" is ambiguous and may confuse priority dates and the priority numbers.**

**OBJECTION:** **The premise of the request is flawed and confused. Colorado statutes provide that the tabulation(s) of the State Engineer shall not create any presumption of seniority among water rights.**

1258058.2
5/14/10

REQUEST FOR ADMISSION NO. 2

Admit that **you** do not have a power interference agreement with the Bureau of Reclamation to divert your **CA 1710 water rights** against the United States' water right for the generation of electrical power under its **1935 Priority** at **Green Mountain Reservoir.**

**OBJECTION:** **This discovery request is beyond the scope of discovery presently allowed under the Court's February 19, 2010 Minute Order.**

**OBJECTION:** **The premise of the request is flawed and confused, as no power interference agreement is necessary for Climax to divert against the Green Mountain Reservoir water rights.**

REQUEST FOR ADMISSION NO. 3

Admit that **Denver** may divert or store Blue River water notwithstanding the August 1, 1935 priority for 1726 cfs direct flow right for the generation of electricity at the Green Mountain Powerplant, pursuant to and in accordance with the provisions of the **Blue River Decree.**

**OBJECTION:** **This discovery request is beyond the scope of discovery presently allowed under the Court's February 19, 2010 Minute Order.**

REQUEST FOR ADMISSION NO. 4

Admit that, as currently tabulated by the State Engineer, **you** cannot divert under **your CA 1710 water rights** until the United States' **Green Mountain Reservoir** has achieved its annual fill under its **1935 Priority**.

**OBJECTION:** **This discovery request is beyond the scope of discovery presently allowed under the Court's February 19, 2010 Minute Order.**

**OBJECTION:** **The use of the term "1935 Priority" is ambiguous and may confuse priority dates and the priority numbers.**

**OBJECTION:** **The premise of the request is flawed and confused. Colorado statutes provide that the tabulation(s) of the State Engineer shall not create any presumption of seniority among water rights.**

REQUEST FOR ADMISSION NO. 5

Admit that on or before June 23, 2006, the United States' **Green Mountain Reservoir** had achieved its annual fill under its **1935 Priority.**

**OBJECTION:** The use of the term "1935 Priority" is ambiguous and may confuse priority dates and priority numbers.

REQUEST FOR ADMISSION NO. 6

Admit that on June 23, 2006, the power plant at the United States' **Green Mountain Reservoir** was not generating electricity and water was bypassing the power plant.

**OBJECTION:** Use of the term "bypassing" is confusing and ambiguous, as this term may have special meaning in relation to the operation of water rights.

REQUEST FOR ADMISSION NO. 7

Admit that on June 23, 2006, there was no call for water on the main stem of the Colorado River below its confluence with the Blue River.

REQUEST FOR ADMISSION NO. 8

Admit that on June 23, 2006, the sum of the average daily stream flow in cfs from the following streamflow river gauges upstream of Dillon Reservoir exceeded 654 cfs: Tenmile Creek below North Tenmile Creek at Frisco; Blue River near Dillon; Snake River near Montezuma; and Keystone Gulch near Dillon.

**OBJECTION:** This request does not seek relevant evidence or information reasonably calculated to lead to the discovery of admissible evidence, as these stream gauges do not measure stream flows at Denver's points of diversion.

REQUEST FOR ADMISSION NO. 9

Admit that in those years that the United States' **Green Mountain Reservoir** required all or a portion of the water diverted at Dillon Reservoir, including water diverted directly through the Roberts Tunnel, in order to fill under its **1935 Priority, Denver** repaid its depletions necessary to fill **Green Mountain Reservoir**.

**OBJECTION:** The use of the term "1935 Priority" is ambiguous and may confuse priority dates and priority numbers.

REQUEST FOR ADMISSION NO. 10

Admit that with the adoption of the **State Engineer's Interim Policy** in 2004, both **Denver's** depletions of water diverted through the Roberts Tunnel on a direct flow basis and **Denver's** depletions of water for storage in Dillon Reservoir have counted toward the annual fill of the United States' **Green Mountain Reservoir** under its **1935 Priority**.

**OBJECTION:** Policies adopted by the State Engineer for the Green Mountain Reservoir may not accurately reflect the proper operation of the Green Mountain Reservoir water rights or the accounting of Denver's depletions.

**OBJECTION:** The use of the term "1935 Priority" is ambiguous and may confuse priority dates and priority numbers.

REQUEST FOR ADMISSION NO. 11

Admit that since 2000 in years that **Green Mountain Reservoir** has not physically filled, **Denver** has repaid all of its depletions to **Green Mountain Reservoir** directly or by exchange or substitution.

**OBJECTION:** This request does not seek relevant evidence or information reasonably calculated to lead to the discovery of admissible evidence.

REQUEST FOR ADMISSION NO. 12

Admit that the amount of water made absolute under the decree entered in Consolidated Civil Case Nos. 2782, 5016 and 5017 and District Court, Water Division 5, Case No. 90CW112, was based upon a diversion with a duration of less than 24 hours.

**OBJECTION:** This request does not seek relevant evidence or information reasonably calculated to lead to the discovery of admissible evidence.

REQUEST FOR ADMISSION NO. 13

Admit that in 1952, Antero, Eleven Mile, Cheesman, Platte Canon, Marston, and Ralson Reservoirs were part of the Denver Municipal Water System.

**OBJECTION:** Use of the term "Denver Municipal Water System" is confusing and ambiguous and may be an issue subject to litigation in this action.

REQUEST FOR ADMISSION NO. 14

Admit that in 1993, Antero, Eleven Mile, Cheesman, Platte Canon, Strontia Springs, Chatfield, Marston, Gross and Ralston Reservoirs were part of the Denver Municipal Water System.

**OBJECTION:** Use of the term "Denver Municipal Water System" is confusing and ambiguous and may be an issue subject to litigation in this action.

4

REQUEST FOR ADMISSION NO. 15

Admit that in the September 15, 1978 Decree and Determination entered by the United States District Court for the District of Colorado, the Court found that the "as-constructed capacity of the Blue River Diversion Project (Roberts Tunnel) is in excess of 1000 cubic feet of water per second of time."

**OBJECTION:** **This request does not seek relevant evidence or information reasonably calculated to lead to the discovery of admissible evidence.**

REQUEST FOR ADMISSION NO. 16

Admit that **Denver** is capable of diverting Blue River water at Conduits 20 and 26 in amounts up to 788 cfs.

**OBJECTION:** **This request does not seek relevant evidence or information reasonably calculated to lead to the discovery of admissible evidence.**

REQUEST FOR ADMISSION NO. 17

Admit that under the decrees entered in C.A. 3635 and Case No. W-8783-77, Denver may divert and store Blue River water by exchange at Cheesman Reservoir, Denver Platte Canon Intake, Platte Canon Reservoir, the Roxborough Treatment Diversion Facility, Highline Canal Diversion Works, Marston Reservoir, the Farmers and Gardeners Ditch Diversion Works, and Chatfeld Reservoir.

**OBJECTION:** **This request does not seek relevant evidence or information reasonably calculated to lead to the discovery of admissible evidence.**

REQUEST FOR ADMISSION NO. 18

Admit that the Climax molybdenum mine has been on care-and-maintenance status since 1995.

**OBJECTION:** **This discovery request is beyond the scope of discovery presently allowed under the Court's February 19, 2010 Minute Order.**

REQUEST FOR ADMISSION NO. 19

Admit that **you** have suspended construction activities associated with the project to restart the Climax molybdenum mine.

**OBJECTION:** **This discovery request is beyond the scope of discovery presently allowed under the Court's February 19, 2010 Minute Order.**

## INTERROGATORIES

INTERROGATORY NO. 1

If **your** response to any of the above Requests for Admissions is anything but an unqualified admission, then state the **specific factual basis** for **your** response and **identify** all **persons** and **documents** that support, refute or otherwise **relate** to **your** response.

**OBJECTION:** **This discovery request is compound and contains subparts.**

INTERROGATORY NO. 2

Please state whether **you** have applied for a power interference agreement with the Bureau of Reclamation to divert against the United States' **Green Mountain Reservoir** water right for the generation of electrical power decreed in Consolidated Case Nos. 2782, 5016 and 5017. If so, please **identify** what action has been taken by the Bureau of Reclamation on any such application, and please **identify** the **documents** and **communications relating** to such application.

**OBJECTION:** **This discovery request is beyond the scope of discovery presently allowed under the Court's February 19, 2010 Minute Order.**

INTERROGATORY NO. 3.

With regard to paragraph 2.C of your **Amended Statement of Opposition,** state whether it is **your** contention that **Denver's** diligence activities disclosed in **Denver's Application** do not reflect a steady application of effort to complete the appropriation in a reasonable and expedient manner, and if so, please **describe** the **specific factual basis** for **your** contention, **identify** all **persons** with knowledge of such facts, **and identify** all **documents relating** to **your** contention. – In addition, please **identify** the activities disclosed in **Denver's Application** which you do not believe further the completion of the appropriation in a reasonable and expedient manner.

INTERROGATORY NO. 4

Please state whether **you** contend that **you** did not have notice of **Denver's** prior diligence applications including claims to make absolute portions of its Blue River Diversion Project, and if so please **describe** the **specific factual basis** for **your** contention, **identify** all **persons** with knowledge of such facts, **and identify** all **documents relating** to your contention.

**OBJECTION:** **This request does not seek relevant evidence or information reasonably calculated to lead to the discovery of admissible evidence.**

**OBJECTION:** This discovery request is annoying and unduly burdensome and expensive insofar as it requests the identification of all persons and documents with information supporting proof of a negative.

INTERROGATORY NO. 5

Please **describe** the **specific factual basis** for **your** claim of injury in your opposition to **Denver's** Application herein, **identify** all **persons** with knowledge of such facts, **and identify** all **documents relating** to **your** claim of injury.

**OBJECTION:** This discovery request is beyond the scope of discovery presently allowed under the Court's February 19, 2010 Minute Order.

INTERROGATORY NO. 6

To the extent that **your** opposition to **Denver's Application** is based in whole or in part on your contention that during the diligence period from 2000 through 2006 **Denver** diverted Blue River water out of priority under the Power Interference Agreement (as defined in **your Amended Statement of Opposition),** please **describe** the **specific factual basis** for **your** contention particularly including the **each** out-of-priority diversion, **identify** all **persons** with knowledge of such facts, **and identify** all **documents relating to** such facts.

**OBJECTION:** This discovery request is beyond the scope of discovery presently allowed under the Court's February 19, 2010 Minute Order.

INTERROGATORY NO. 7

**Please identify each** instance during the diligence period from 2000 through 2006 in which **Denver** diverted Blue River water out of priority under the Power Interference Agreement without the permission of the "Secretary of Interior" (as defined in **your Amended Statement of Opposition)** and before **Green Mountain Reservoir** filled. Please state the **specific factual basis** for **your identification** of **each** out-of-priority use, **identify** all **persons** with knowledge of such facts, **and identify** all **documents relating** to such facts.

**OBJECTION:** This discovery request is beyond the scope of discovery presently allowed under the Court's February 19, 2010 Minute Order.

INTERROGATORY NO. 8

To the extent that **your** opposition to **Denver's Application** is based in whole or in part on your contention that **Denver** is relying on water attributable to **your CA 1710 water rights** to show diligence, please **describe** the **specific factual basis** for **your** contention particularly including the **each** alleged instance of Denver's reliance upon your water rights, **identify** all **persons** with knowledge of such facts, **and identify** all **documents relating** to such facts.

7

**OBJECTION:** This discovery request is beyond the scope of discovery presently allowed under the Court's February 19, 2010 Minute Order.

INTERROGATORY NO. 9

To the extent that **your** opposition to **Denver's Application** is based in whole or in part on your contention that **Denver** has not diverted water at the decreed point(s) of diversion allowed by the **Blue River Decree.** Please:

a. State when and how **you** first discovered that **Denver** had not diverted water at the decreed point(s) of diversion. Please explain the circumstances of **your** discovery, **identify** all **persons** with knowledge of **your** discovery, **and identify** all **documents relating** to or **communicating your** discovery.

b. State when and how **you** first **communicated** to **Denver or** any court an objection to the place of **Denver's** diversion. Please **identify** all **persons** with knowledge of that **communication, identify** all **documents relating** that **communication,** and **identify** all subsequent **communications** of any objection to the place of **Denver's** diversion.

INTERROGATORY NO. 10

Please state whether **you** have ever participated in water court proceedings or have knowledge of water court proceedings making a conditional flow rate absolute based upon a diversion with a duration of less than 24 hours. If so, **identify each** instance by water right **or** water rights case number, **describe** the **specific factual basis** for your position in **each** identified water right **or** water rights case, **identify all persons** with knowledge of **your** positions in each identified water right or water rights case, **and identify** all **communications and documents relating** to **your** positions therein.

**OBJECTION:** This discovery request is annoying and unduly burdensome and expensive insofar as it requests the identification of all persons with knowledge of positions taken by Climax in water rights cases.

**OBJECTION:** This request does not seek relevant evidence or information reasonably calculated to lead to the discovery of admissible evidence.

INTERROGATORY NO. 11

To the extent that **your** opposition to Denver's **Application** is based in whole or in part on your contention that **Denver** did not divert the amount of water for which it claims an absolute right for a sufficient duration of time, please **describe** the **specific factual basis** for **your** contention, **identify** all **persons** with knowledge of such facts, **identify** all **documents and communications relating** to such facts, and **identify** all provisions in the **Blue River Decree** and the Decrees in Civil Action Nos. 1805 and 1806 that require **Denver** to divert water for a particular duration of time before obtaining absolute rights.

INTERROGATORY NO. 12

Please state whether **you** are aware of any evidence that **Denver** does not have a legitimate, non-speculative need for the claimed water right, and if so, please **describe** the **specific factual basis** for **your** response, **identify** all **persons** with knowledge of such facts, **and identify** all **documents and communications relating** to such facts.

INTERROGATORY NO. 13

Please state whether **you** are aware of any evidence that **Denver** does not have a continuing intent to use the decreed water for the decreed purposes in accordance with C.R.S. § 37-92-103(3)(a), and if so, please **describe** the **specific factual basis** for **your** response, **identify** all **persons** with knowledge of such facts, **and identify** all **documents and communications relating** to such facts.

INTERROGATORY NO. 14

Please **identify** the annual amounts of water diverted and used from **your CA 1710 water rights** since the Climax molybdenum mine was placed on care and maintenance status. **Identify** all **persons** with knowledge of the amounts diverted and how the water was used and **identify** all **documents** quantifying the amounts diverted and used.

**OBJECTION:** This discovery request is beyond the scope of discovery presently allowed under the Court's February 19, 2010 Minute Order.

INTERROGATORY NO. 15.

Please **identify** all leases of water and leased water amounts diverted under **your CA 1710 water rights** since 2000. **Identify** all **persons** with knowledge of such facts, **and identify** all **documents and communications relating** to such leases.

**OBJECTION:** This discovery request is beyond the scope of discovery presently allowed under the Court's February 19, 2010 Minute Order.

INTERROGATORY NO. 16

Please **identify** the **persons** who decided to suspend construction activities associated with the project to restart the Climax molybdenum mine, state when that decision was made, **and identify** all **documents and communications relating** to that decision that also **relate** to **your** use of water or water rights.

**OBJECTION:** **This discovery request is beyond the scope of discovery presently allowed under the Court's February 19, 2010 Minute Order.**

**OBJECTION:** **This discovery request seeks the identification documents that are confidential or that contain trade secrets.**

INTERROGATORY NO. 17

Please **identify** the **persons** who, since 2000, have been responsible for determining the timing for restarting the Climax molybdenum mine project, **and identify** all **documents and communications relating** to **your** restart analysis that also **relate** to **your** use of water or water rights.

**OBJECTION:** **This discovery request is beyond the scope of discovery presently allowed under the Court's February 19, 2010 Minute Order.**

**OBJECTION:** **This discovery request seeks the identification documents that are confidential or that contain trade secrets.**

INTERROGATORY NO. 18

Please **describe your** current plans and forecasted timeline, if any, to resume mining and milling operations and divert and place to beneficial use **your CA 1710 water rights, identify** all **persons** with knowledge of such plans and forecasted timeline, **and identify** all **documents** reflecting or **relating** to such plans and forecasted timeline.

**OBJECTION:** **This discovery request is beyond the scope of discovery presently allowed under the Court's February 19, 2010 Minute Order.**

**OBJECTION:** **This discovery request seeks documents that are confidential or that contain trade secrets.**

10

## REQUESTS FOR PRODUCTION

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1

Please produce for inspection and copying all **documents identified** in response to the above Requests for Admissions and Interrogatories.

**OBJECTION:** This discovery request is compound and contains subparts.

**OBJECTION:** This discovery request seeks the production of documents that are confidential or that contain trade secrets.

**OBJECTION:** This discovery request seeks the production of documents that are protected by the attorney-client privilege and/or the work product doctrine.

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2

Please produce for inspection and copying all **documents you** reviewed or considered in preparing **your** response to the above Interrogatories and Requests for Admission.

**OBJECTION:** This discovery request is compound and contains subparts.

**OBJECTION:** This discovery request seeks the production of documents that are confidential or that contain trade secrets.

**OBJECTION:** This discovery request seeks the production of documents that are protected by the attorney-client privilege and/or the work product doctrine.

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3

Please produce all **documents relating** to **your communications** with **your** designated FRCP 26(a)(2) expert witnesses in **this case,** including but not limited to all draft reports **and** all notes to **or** from, all correspondence with, and **documents** shown or provided to such **persons.**

**OBJECTION:** This discovery request seeks the production of documents that are confidential or that contain trade secrets.

**OBJECTION:** This discovery request seeks the production of documents that are protected by the attorney-client privilege and/or the work product doctrine.

**OBJECTION:** This discovery request is overbroad on its face and annoying and **unduly burdensome.**

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4

Please produce all documents, if any, considered by **your designated** FRCP 26(a)(2) expert witness, Gary B. Thompson, for his opinions provided in the section titled "Impact to Climax Industrial Operations" in his report dated October 15, 2008.

**OBJECTION:** **This discovery request seeks the production of documents that are confidential or that contain trade secrets.**

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5

Please produce for inspection and copying all **documents relating** to **your communications** with the Bureau of Reclamation to obtain a power interference right or agreement to allow Climax to divert its water rights during a call by the United States' **Green Mountain Reservoir.**

**OBJECTION:** **This discovery request is beyond the scope of discovery presently allowed under the Court's February 19, 2010 Minute Order.**

**OBJECTION:** **This discovery request seeks the production of documents that are protected by the attorney-client privilege and/or the work product doctrine.**

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 6

Please produce for inspection and copying all **documents relating** to **your communications** since 2000 with Colorado state water officials concerning **your** CA **1710 water rights.**

**OBJECTION:** **This discovery request is beyond the scope of discovery presently allowed under the Court's February 19, 2010 Minute Order.**

**OBJECTION:** **This discovery request seeks documents that are confidential or that contain trade secrets.**

**OBJECTION:** **This discovery request seeks the production of documents that are protected by the attorney-client privilege and/or the work product doctrine.**

REQUEST FOR PRODUCTION OF DOCUMENTS NO 7

Please produce for inspection and copying all **documents relating** to your need or demand for the **CA 1710 water rights.**

**OBJECTION:** **This discovery request is beyond the scope of discovery presently allowed under the Court's February 19, 2010 Minute Order.**

12

**OBJECTION:** This discovery request seeks the production of documents that are confidential or that contain trade secrets.

**OBJECTION:** This discovery request seeks the production of documents that are protected by the attorney-client privilege and/or the work product doctrine.

**OBJECTION:** This discovery request is overbroad on its face and annoying and unduly burdensome.

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 8

Please produce for inspection and copying all **documents relating** to **your** plans and efforts to resume industrial operations as they pertain to **your CA 1710 water rights.**

**OBJECTION:** This discovery request is beyond the scope of discovery presently allowed under the Court's February 19, 2010 Minute Order.

**OBJECTION:** This discovery request seeks the production of documents that are confidential or that contain trade secrets.

**OBJECTION:** This discovery request seeks the production of documents that are protected by the attorney-client privilege and/or the work product doctrine.

**OBJECTION:** This discovery request is overbroad on its face and annoying and unduly burdensome.

REQUEST FOR PRODUCTION NO. 9

Please produce for inspection and copying all **documents relating** to **your** intention to continue to operate and divert **your CA 1710 water rights.**

**OBJECTION:** This discovery request is beyond the scope of discovery presently allowed under the Court's February 19, 2010 Minute Order.

**OBJECTION:** This discovery request is duplicative.

**OBJECTION:** This discovery request seeks the production of documents that are confidential or that contain trade secrets.

**OBJECTION:** This discovery request seeks the production of documents that are protected by the attorney-client privilege and/or the work product doctrine.

**OBJECTION:** This discovery request is overbroad on its face and annoying and unduly burdensome.

REQUEST FOR PRODUCTION NO. 10

Please produce for inspection and copying all **documents relating** to **your** contracts, if any, for uses of **your CA 1710 water rights** for purposes other than mining and milling operations.

**OBJECTION:** This discovery request is beyond the scope of discovery presently allowed under the Court's February 19, 2010 Minute Order.

**OBJECTION:** This discovery request seeks the production of documents that are confidential or that contain trade secrets.

**OBJECTION:** This discovery request seeks the production of documents that are protected by the attorney-client privilege and/or the work product doctrine.

**OBJECTION:** This discovery request is overbroad on its face and annoying and unduly burdensome.

REQUEST FOR PRODUCTION NO. 11

Please produce for inspection and copying all documents that quantify the diversion and use of **your CA 1710 water rights** for the period 1988-2006.

**OBJECTION:** This discovery request is beyond the scope of discovery presently allowed under the Court's February 19, 2010 Minute Order.

14

DATED this 14th day of May, 2010.

                                                 */s/ Brian M. Nazarenus*

Brian M. Nazarenus
Roger T. Williams
Robert J. Pohlman
Olivia D. Lucas
RYLEY CARLOCK & APPLEWHITE, P.A.
1999 Broadway Suite 1800
Denver, Colorado 80202
303-863-7500
bnazarenus@rcalaw.com
rwilliams@rcalaw.com
rpohlman@rcalaw.com
olucas@rcalaw.com

and

Julie E. Maurer
RYLEY CARLOCK & APPLEWHITE, P.A.
One N. Central Avenue, Suite 1200
Phoenix, Arizona 85004
602-440-4861
jmaurer@rcalaw.com

Counsel for Climax Molybdenum Company

**CERTIFICATE OF SERVICE**
**(Case No. 49-cv-02782—MSK-CBS / 06CW255, Water Division No. 5)**

The undersigned certifies that on this 14th day of May, 2010, a true and correct copy of the foregoing **OPPOSER CLIMAX MOLYBDENUM COMPANY'S RESPONSES TO APPLICANT'S SECOND SET OF REQUESTS FOR ADMISSIONS, INERROGATORIES, AND REQUEST FOR PRODUCTION** was served on the following via email and LexisNexis under Case No. 06CW255:

Stephen D. Gurr, Esq.
Barry A. Schwartz, Esq.
Kamlet Shepherd & Reichert, LLP
1515 Arapahoe Street, Tower 1, Suite 1600
Denver, CO 80202
*[Attorneys for City and County of Denver, acting by and through its Board of Water Commissioners]*
sgurr@ksrlaw.com
bschwartz@ksrlaw.com

Casey S. Funk, Esq.
Daniel J. Arnold, Esq.
Denver Water Department
1600 West 12th Avenue
Denver, CO 80204
*[Attorneys for City and County of Denver, acting by and through its Board of Water Commissioners]*
Casey.funk@denverwater.org
Daniel.arnold@denverwater.org

Peter C. Fleming, Esq.
Jason V. Turner, Esq.
Colorado River Water Conservation District
P.O. Box 1120
Glenwood Springs, CO 81602
*[Attorneys for Colorado River Water Conservation District]*
pfleming@crwcd.org
jturner@crwcd.org

Douglas L. Abbott, Esq.
Christopher L. Thorne, Esq.
Holland & Hart, LLP-Denver
P.O. Box 8749
555 17th Street, #3200
Denver, CO 80201-8749
*[Attorneys for Colorado River Water Conservation District]*
dabbott@hollandhart.com
cthrone@hollandhart.com

James J. DuBois, Esq.
U.S. Department of Justice-CO-Environment
1961 Stout Street, 8th Floor
Denver, CO 80294
*[Attorneys for the United States of America]*
james.dubois@usdoj.gov

Chad Matthew Wallace, Esq.
Colorado Attorney General's Office
1525 Sherman Street, 5th Floor
Denver, CO 80203
*[Attorneys for State of Colorado]*
chad.wallace@satate.co.us

16

Mark A. Hermundstad, Esq.
Kirsten M. Kurath, Esq.
Williams Turner & Holmes, PC
200 North 6th Street
P.O. Box 338
Grand Junction, CO 81502
*[Attorneys for Grand Valley Water Users Association; Orchard Mesa Irrigation District; Ute Water Conservancy District]*
mherm@wth-law.com

Frederick G. Aldrich, Esq.
Aldrich, Frederick, LLC
601A 28 1/4 Road
Grand Junction, CO 81506
*[Attorneys for Grand Valley Irrigation]*
faldrich@aldrich-law.com

Stanley W. Cazier, Esq.
John D. Walker, Esq.
Cazier McGowan & Walker
P.O. Box 500
Granby, CO 80446
*[Attorneys for Middle Park Conservancy District]*
cazier_mcgowan@hotmail.com
jdorseywalk@yahoo.com

Nathan A. Keever, Esq.
Dufford Waldeck Milburn & Krohn, LLP
744 Horizon Court, Suite 300
Grand Junction, CO 81506
*[Attorneys for Palisade Irrigation District]*
keever@dwmk.com

Mary Mead Hammond, Esq.
Karl D. Ohlsen, Esq.
William A. Paddock. Esq.
Carlson, Hammond & Paddock, LLC
1700 Lincoln Street, Suite 3900
Denver, CO 80203
*[Attorneys for City of Colorado Springs]*
mhammond@chp-law.com
hoglsen@chp-law.com
bpaddock@chp-law.com

Bennett W. Raley, Esq.
Robert V. Trout, Esq.
Lisa M. Thompson, Esq.
Trout, Raley, Montano, Witwer & Freeman, PC
1120 Lincoln Street, Suite #1600
Denver, CO 80203
*[Attorneys for Northern Colorado Water Conservancy District]*
braley@troutlaw.com
rtrout@troutlaw.com

Kathleen M. Morgan, Esq.
Moriarty Leyendecker Erben, P.C.
1123 Spruce Street, Suite 200
Boulder, CO 80302
*[Attorneys for City of Englewood]*
Kathleen@moriarty.com

James R. Montgomery
Moses Wittemyer Harrison Woodruff PC
1002 Walnut St., Ste 300
P. O. Box 1440
Boulder, CO 80302
*Attorney for Town of Frisco*
jmontgomery@mwhw.com

David G. Hill, Esq.
Ann M. Rhodes, Esq.
Berg Hill Greenleaf & Ruscitti, LLP
1712 Pearl Street
Boulder, CO 80302
*[Attorneys for City of Englewood]*
dgh@bhgrlaw.com
amr@bhgrlaw.com

State Water Engineer
Division 5 Engineer
Colorado Division of Water Resources
dick.wolfe@state.co.us
alan.martellaro@state.co.us

Donald E. Phillipson
14325 Braun Road
Golden, CO 80401-1431
*[Attorney for Northern Colorado Water Conservancy District]*
dbls99@comcast.net

Austin C. Hamre
Duncan, Ostrander & Dingess, P.C.
3600 South Yosemite Street, Suite 500
Denver, CO 80237-1829
*[Attorneys for City of Aurora]*
ahamre@dodpc.com

/s/ Betty K. Stephens

**THE ORIGINAL SIGNED DOCUMENT IS ON FILE AT THE OFFICE OF RYLEY CARLOCK & APPLEWHITE**

18