IN UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

Civil Action No.: 49-cv-02782-MSK-CBS
Consolidated Civil Case Nos. 2782, 5016 and 5017 and

DISTRICT COURT, WATER DIVISION NO. 5 STATE OF COLORADO
Case No. 2006CW255
_____

**APPLICANT'S DISCOVERY STATUS REPORT AND
STATEMENT OF OBJECTIONS TO DISCOVERY REQUESTS**
_____

CONCERNING THE APPLICATION FOR WATER RIGHTS OF THE CITY AND COUNTY OF DENVER, ACTING BY AND THROUGH ITS BOARD OF WATER COMMISSIONERS, IN SUMMIT COUNTY, COLORADO
_____

Applicant, the City and County of Denver, acting by and through its Board of Water Commissioners ("Denver"), by and through its attorneys, and pursuant to the Court's February 19, 2010 Minute Order (Doc. 311), hereby files its discovery status report and statement of objections to opposers' discovery requests.

At the February 19, 2010 Status Conference and in the Minute Order, Magistrate Judge Craig B. Shaffer directed the parties to serve written discovery by March 15, 2010, serve supplemental Rule 26(a)(1) disclosures by April 30, 2010, to meet and confer to discuss objections to written discovery, and to file written discovery objections on May 14, 2010. Denver has complied fully, and through a series of face-to-face meetings and teleconferences with opposing counsel has currently eliminated all discovery disputes.

**I.      Written Discovery, Disclosures and Document Productions to Date.**

Denver has served the opposers with the following written discovery requests, discovery responses and objections, Rule 26 disclosures, and document productions:

### A.    Denver's written discovery requests to Opposers

1. On July 26, 2008, Denver served its first set of written discovery requests upon the following opposers (i) Climax Molybdenum Company ("Climax"); (ii) Colorado River Water Conservation District ("CRWCD"); (iii) Orchard Mesa Irrigation District; (iv) Palisade Irrigation District; (v) Ute Water Conservancy District; (vi) Grand Valley Irrigation Company; (vii) Middle Park Conservancy District; (viii) Grand Valley Water Users Association. Collectively, the opposers identified in (iii) through (viii) above are referred to as the "Other West Slope Opposers."

2. On September 4, 2008, Climax responded to Denver's first set written discovery requests.

3. On September 11, 2008, CRWCD and the Other West Slope Opposers responded to Denver's first set of written discovery requests (except Palisade Irrigation District, which has not responded).

4. On March 15, 2010, Denver served its second set of written discovery requests upon Climax, CRWCD and the Other West Slope Opposers.

### B.    Denver's responses and objections to CRWCD's written discovery requests

1. On October 9, 2008, CRWCD served its first set of written discovery requests upon Denver. The Other Western Slope Opposers have not served written discovery on Denver.

2. On November 10, 2008, Denver served its responses and objections to CRWCD's first set of written discovery requests. Denver's responses and objections are attached hereto as Attachment 1. As discussed below, the parties have reached an accommodation that addresses Denver's objections. Denver asserts, preserves and maintains the objections set forth in

Attachment 1.

3. On March 15, 2010, neither CRWCD nor the Other West Slope Opposers served additional written discovery upon Denver.

C. **Denver's responses and objections to Climax's written discovery requests**

1. On December 10, 2008, Climax served its first set of written discovery requests upon Denver.

2. On January 26, 2009, Denver served its responses and objections to Climax's first set of written discovery requests. Denver's responses and objections are attached hereto as Attachment 2 and discussed below. Denver asserts, preserves and maintains the objections set forth in Attachment 2.

3. On March 6, 2009 Climax served its Second of Discovery Requests. Pursuant to a March 31, 2009 email, Climax withdrew the March 6, 2009 Second Set of Discovery Requests.

4. On March 15, 2010, Climax served its second set of written discovery requests upon Denver. In response to Denver's objections to this second set, Climax has revised certain discovery requests as discussed below.

D. **Denver's Rule 26(a)(1) disclosures and productions of requested documents**

1. Prior to the stay of discovery herein, Denver produced more than 36,000 documents to the objectors as follows: (i) June 13, 2008, Initial Disclosures including documents DW01 – DW07413; (ii) October 3, 2008, First Supplemental Disclosures including DW07414 – DW011886; (iii) October 30, 2008, Second Supplemental Disclosures including DW011887 – DW018808; (iv) November 10, 2008, Third Supplemental Disclosures including DW018809 – DW023832; (v) November 10, 2008, documents produced in response to CRWCD written

discovery including DW023833 – DW025421; (vi) November 11, 2008, Fourth Supplemental Disclosures including DW025422 – DW025439; (vii) November 17, 2008, Fifth Supplemental Disclosures including DW025440 – DW025840; (viii) November 18 and 20, 2008, documents produced in response to CRWCD counsel informal request at deposition including DW025841 – DW025887; (ix) November 21, 2008, documents produced in response to Climax written discovery requests including DW025888 – DW026062; (x) December 1, 2008, Sixth Supplemental Disclosures including DW026063 – DW026062; (xi) December 1 and 5, 2008, supplemental documents produced in response to Climax written discovery requests – excel file produced via email; (xii) December 5, 2008 Seventh Supplemental Disclosures including DW024941 – DW034942 (cd containing thousands of pages of data files reviewed by Denver's disclosed expert witness Doug Jeavons); (xiii) December 8, 2008 documents requested by CRWCD counsel at expert depositions including DW034943 – DW035114; (xiv) January 26, 2009 documents responsive to Climax discovery request including DW035115 – DW035919.

2. On April 30, 2010, and pursuant to the February 19, 2010 Minute Order, Denver served its Eighth Supplemental Disclosures including DW035920 – DW037080.

    E. **Expert Disclosures and Depositions**

In late 2008, all parties disclosed expert witnesses, provided expert reports, and conducted expert witness depositions.

## II. Discovery Between Denver and CRWCD/Other West Slope Opposers

On April 27, 2010, and May 5, 2010, counsel for Denver and CRWCD met face to face with counsel for the Other West Slope Opposers on the phone, and addressed Denver's objections to CRWCD's written discovery. In addition, counsel for Denver and CRWCD have

held a series of telephone conferences and exchanged correspondence on the issues. These meetings and efforts were cordial and productive.

Denver Water's October 9, 2008 responses to CRWCD's discovery requests, Attachment 1, assert a number of objections, including objections to the scope, time frame and burden of CRWCD's requests. The parties have reached a practical approach to resolve their current differences over Denver's objections. Preserving all of its objections without waiving them, Denver will review and produce identified archival boxes that may contain relevant material. In addition, Denver will interview key employees to determine whether there are other identifiable archives in other locations relating to the requests. As to ESI, the parties will cooperate in developing cost-effective searches of the hard drives of selected Denver Water personnel. After completing these steps, the parties will confer again to determine if additional ESI searches are necessary.

### III. Discovery Issues Between Denver and Climax

Counsel for Denver and Climax have held a series of telephone conferences and met faceto-face on May 3, 2010 to address written discovery objection issues. These parties have reached an understanding on their differences and do not require a determination from the Magistrate of any dispute at this time, reserving their rights to maintain objections. The parties' resolutions of their issues are described below.

#### A. Stipulation re: Denver's Written Discovery Requests to Climax.

On March 15, 2010, Denver served upon Climax its Second Set of Requests for Admissions, Interrogatories, and Requests for Production in the form attached hereto as Attachment 3. In its Second Set of Discovery, Denver propounded interrogatories (Nos. 2, 5, 6,

7, 8, 14, 15, 16, 17, 18), requests for admission (Nos. 1, 2, 3, 4, 18, 19), and request for production (Nos. 5, 6, 8, 9, 10, 11) that seeks information related to Climax's allegations of injury and water availability. Climax contends that these requests also seek information relating to Climax's Cross-claims and Counterclaims.  Climax objected to the timeliness of this discovery, arguing that based on the Court's February 19, 2010 Minute Order (Doc. 311), the discovery related to Climax's Cross-claims and Counterclaims has been stayed until May 19, 2010.

The parties recognize that Denver's discovery may be viewed as relevant to both Denver's claims for finding of reasonable diligence and to make absolute issues and to Climax's Cross-claims and Counterclaims.  Climax concedes that Denver's written discovery is relevant to Climax's claim of injury raised in response to Denver's claim to make absolute, and issues raised in Climax's Fed.R.Civ.P. 26(a)(2) disclosure regarding water availability for the remaining conditional portion of the Roberts Tunnel direct flow right.

The parties have reached a Stipulation in the form of the executed Stipulation attached hereto as Attachment 4, and both parties respectfully request the Court to approve the stipulation as an order of the Court.  In the interest of resolving Climax's objections, Denver has agreed to extend the deadline for Climax to answer certain of Denver's discovery requests until thirty (30) days after the Court determines any and all motions under Fed.R.Civ.P. 12 addressing whether Climax may assert its Cross-claims and Counterclaims.   By entering into this stipulation, neither party waives any claims or defenses it may have in this action.  Denver does not concede the timeliness of Climax's Cross-claims or Counterclaims, nor does Denver waive any defenses

to Climax's Cross-claims or Counterclaims, including but not limited to the justiciability of such claims.

    B.    **Climax's Written Discovery to Denver: Resolution re Climax's Written Discovery Requests**

As to Climax's March 15, 2010 written discovery requests to Denver, Denver objected to certain of Climax's Requests for Admission, and Climax has redrafted and re-issued those requests to Denver in a May 10, 2010 letter. Thus, there is currently no dispute between Denver and Climax regarding Climax's March 15, 2010 discovery.

WHEREFORE, Denver respectfully advises the Court of the status of discovery herein and Denver's remaining objections to CRWCD's written discovery requests as set forth above.

Respectfully filed this 14th day of May, 2010.

            **DENVER WATER**

            Casey S. Funk
            Daniel J. Arnold
            1600 W 12th Avenue
            Denver, CO 80204-3412

            *Counsel for Applicant City & County of Denver, acting by and through its Board of Water Commissioners*

            **KAMLET REICHERT, LLP**

            *s/ Stephen D. Gurr*
            Stephen D. Gurr
            950 Seventeenth Street, Suite 2400
            Denver, CO 80202

            *Counsel for Applicant City & County of Denver, acting by and through its Board of Water Commissioners*

# CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of May, 2010, a true and correct copy of the foregoing **APPLICANT'S DISCOVERY STATUS REPORT AND STATEMENT OF OBJECTIONS TO DISCOVERY REQUESTS** was served upon the following counsel:

Brian M. Nazarenus, Esq.
Robert J. Pohlman, Esq.
Roger T. Williams, Esq.
RYLEY CARLOCK & APPLEWHITE
1999 Broadway, Suite 1800
Denver, CO 80202
***Counsel for Climax Molybdenum Company***

Douglas L. Abbott, Esq.
Christopher L. Thorne, Esq.
Holland & Hart, LLP-Denver
P.O. Box 8749
555 17th Street , #3200
Denver, CO 80201-8749
***Counsel for Colorado River Water Conservation District***

Mark A. Hermundstad, Esq.
Kirsten M. Kurath, Esq.
Williams Turner & Holmes, P.C.
200 North 6th Street
PO Box 338
Grand Junction, CO 81502
***Counsel for Grand Valley Water Users Association***
***Counsel for Orchard Mesa Irrigation District***
***Counsel for Ute Water Conservancy District***

Peter C. Fleming, Esq.
Jason V. Turner, Esq.
PO Box 1120
Glenwood Springs, CO 81602
***Counsel for Colorado River Water Conservation District***

Frederick G. Aldrich, Esq.
Aldrich Frederick, LLC
601A 28 ¼ Road
Grand Junction, CO 81506
*Counsel for Grand Valley Irrigation Company*

Stanley W. Cazier, Esq.
John D. Walker, Esq.
Cazier McGowan & Walker
PO Box 500
Granby, CO 80446
*Counsel for Middle Park Water Conservancy District*

Nathan A. Keever, Esq.
Dufford Waldeck Milburn & Krohn, LLP
744 Horizon Court, Suite 300
Grand Junction, CO 81506
*Counsel for Palisade Irrigation District*

Benett W. Raley, Esq.
Robert V. Trout, Esq.
Lisa M. Thompson, Esq.
Trout, Raley, Montano, Witwer & Freeman, P.C.
1120 Lincoln Street, Suite 1600
Denver, CO 80202
*Counsel for Northern Colorado Water Conservancy District*

       *s/Michele Bradbury*