IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 49-cv-02782-EWN-CBS

Consolidated Civil Case Nos. 2782, 5016 and 5017 and

DISTRICT COURT, WATER DIVISION NO. 5, STATE OF COLORADO
Case NO. 06CW255

---

**APPLICANT'S RESPONSES TO COLORADO RIVER WATER CONSERVATION
DISTRICT'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION
OF DOCUMENTS AND REQUESTS FOR ADMISSION TO APPLICANT**

---

CONCERNING THE APPLICATION FOR WATER RIGHTS OF THE CITY AND COUNTY
OF DENVER, ACTING BY AND THROUGH ITS BOARD OF WATER COMMISSIONERS,
IN SUMMIT COUNTY

---

Applicant, the City and County of Denver, Acting by and through its Board of Water

Commissioners ("Applicant"), by its attorneys, hereby submits its Objections and Responses to

Colorado River Water Conservation District's First Set of Interrogatories, Requests for

Production of Documents and Requests for Admission to Applicant and states as follows:

## GENERAL OBJECTIONS

1.      Applicant objects to each and every interrogatory, request for production of

documents, and request for admission to the extent it seeks information subject to the attorney-

client privilege and/or work product doctrine.

2.      Applicant objects to the definitions and instructions to the discovery requests to

the extent that they are vague, ambiguous, overbroad and capable of being construed to impose

obligations on Applicant beyond those imposed by the Federal Rules of Civil Procedure.



EXHIBIT

1

Applicant's Responses to Colorado River Water Conservation District's First Set of Interrogatories, Requests for
Production of Documents and Requests for Admission to Applicant
November 10, 2008
Page 2 of 50

3.     Applicant objects to each and every interrogatory, request for production of
documents, and request for admission to the extent that it seeks information or documentation in
the possession, custody or control of third parties who are not parties to this litigation.

4.     Applicant objects to each and every interrogatory, request for production of
documents, and request for admission to the extent that it seeks information that is not relevant
or reasonably calculated to lead to the discovery of admissible evidence.

5.     Applicant objects to each and every interrogatory, request for production of
documents, and request for admission to the extent that it is vague, ambiguous, overbroad, and/or
unduly burdensome.

6.     Applicant objects to YOUR definition of the Blue River Decree as incomplete.
More particularly, the Blue River Decree includes all subsequent Orders, Judgments and Decrees
entered by the United States District Court in Civil Nos. 2782, 5016 and 5017 including
Denver's judgments and decrees in action for finding of diligence and to make absolute.

7.     Under the doctrines of collateral estoppel, promissory estoppel, equitable
estoppel, waiver, laches, and unclean hands YOU are estopped from now objecting to the
geographic area to which Applicant provides water due to YOUR Stipulations and the holdings
and decrees entered over the past sixty-six (66) years in these Civil Action Nos. 2782, 5016 and
5017, the incorporated decrees in Civil Action Nos. 1805 and 1806, including but not limited to
YOUR Stipulation on October 5, 1955 and the decrees herein on October 12, 1955, April 16,
1964, January 9, 1973, March 16, 1973,  March 5, 1976, September 15, 1978, October 3, 1985,
February 6, 1996, June 2, 1987, November 10, 1992, March 11, 1993, September 23, 1999 and
December 14, 2000, without any restrictions on Applicant's service area.  In addition, in 1978,

Applicant's Responses to Colorado River Water Conservation District's First Set of Interrogatories, Requests for
Production of Documents and Requests for Admission to Applicant
November 10, 2008
Page 3 of 50

the United States District Court decreed and determined diligence for the diversion of the Blue

River direct rights and made absolute 252,678 acre feet for Dillon Reservoir and 324 cfs for the

Blue River direct rights. In 1991, the Applicant and YOU filed an application in Civil Nos.

2782, 5016, 5017 for a determination and declaration that the Applicant may use Wolford

Mountain Reservoir in fulfilling Applicant's obligation under paragraph 4.(c) of the 1955

Stipulation. Further, in 1993, the United States District Court confirmed and approved that on

June 8, 1989, the Applicant diverted 520 cfs of the subject water rights to its decreed beneficial

use in the Denver Municipal Waterworks System. Also, in 1999, the United States District Court

determined that the Dillon Reservoir refill decree did not adversely affect the objectives of the

final decree entered by this court in Consolidated Case Nos. 2782, 5016 and 5017.

8.      YOU have repeatedly and expressly waived and are now promissorily and

equitably estopped from asserting any objection to Applicant's service area due to YOUR many

stipulations and agreements over the last fifty-three (53) years as Applicant has invested

hundreds of millions of dollars in reliance thereon. For example, YOU executed the Stipulation

dated October 5, 1955 upon which the United States District Court based its Findings of Fact and

Conclusion of Law and Final Decree entered herein on October 12, 1955, and as amended

October 29, 1957. YOU are a party to a series of Agreements with Applicant that acknowledge

and are based upon the area of Applicant's service, including Agreements listed on Attachment 1

hereto. YOU have repeatedly engaged in conduct contrary to your current posturing. For

example: in 1987 YOU entered into the Rock Creek Lease Agreement without any restrictions

on Applicant's service area; in 1992 YOU agreed to accept Applicant's payment of $43,000,000

to finance the construction and use of Wolford Mountain Reservoir to be used by YOU for west

Applicant's Responses to Colorado River Water Conservation District's First Set of Interrogatories, Requests for
Production of Documents and Requests for Admission to Applicant
November 10, 2008
Page 4 of 50

slope purposes and by the Applicant for substitution in these Civil Action Nos. 2782, 5016 and

5017 without any restrictions on Applicant's service area; and in 1992 YOU agreed to convey to

Applicant a permanent interest in forty percent of the capacity of Wolford Mountain Reservoir

and forty percent of the water right used by the Applicant for substitution under paragraph 4.(c)

of the 1955 Stipulation without any restrictions on Applicant's service area.

9.      These general objections are incorporated into Applicant's responses to each

interrogatory and request for production of documents.

### III. DEFINITIONS

1.      YOU and YOUR – means The Colorado River Water Conservation District and its

agents, employees, consultants, contractors and anyone else acting on its behalf.

### IV. INTERROGATORIES

1.      Please Identify in detail the geographic boundaries of the area to which You

intended to provide water for use pursuant to the Statement of Claim and appropriation of water

rights made by You in Case Nos. 1805/1806 that are the subject of the Application.

**OBJECTION**

Applicant objects to this Interrogatory because it falsely and unfairly assumes that

Applicant possessed an intent in 1942 to provide water to a limited or static geographic area

capable of detailed contemporaneous identification. Such false assumption is belied by

Applicant's Statements of Claim in Civil Action Nos. 1805 and 1806, which state at Part IX:

"The lands lying under and proposed to be irrigated by water from the Blue River Diversion

Project consist of the lands in the City and County of Denver, being approximately 33,000 acres

Applicant's Responses to Colorado River Water Conservation District's First Set of Interrogatories, Requests for
Production of Documents and Requests for Admission to Applicant
November 10, 2008
Page 5 of 50

at the present time, together with such other lands as may hereafter become a part of the City and

County of Denver, and also such other lands in the vicinity of the City and County of Denver as

may from time to time be covered by temporary rental contracts negotiated by Claimant with the

owners of said lands pursuant to the provisions of the charter of Claimant." The premise of the

Interrogatory is also belied by the United States District Court's Findings of Fact and Conclusion

of Law and Final Decree entered herein on October 12, 1955, and as amended October 29, 1957,

at paragraphs 3 and 4(g). Applicant further objects to this Interrogatory to the extent that it seeks

information that is not relevant or reasonably calculated to lead to the discovery of admissible

evidence. More particularly, the area to which Applicant intended to provide water in 1942

when it filed its Statements of Claim in Civil Action Nos. 1805 and 1806 was established by

Stipulation with YOU dated October 5, 1955 and upon which the United States District Court

based and incorporated its Findings of Fact and Conclusion of Law and Final Decree entered

herein on October 12, 1955, and as amended October 29, 1957.

**ANSWER**

Subject to and without waiving these objections or the above general objections,

Applicant states as follows:

In 1942, Applicant sought, and eventually obtained in 1955, water to serve the future

needs of the dynamically expanding Denver metropolitan area, adjacent areas and areas in its

vicinity in order to allow it to reach its greatest potential. More particularly, in 1942 Applicant

intended to serve the lands then in the City and County of Denver, lands that would thereafter

become a part of the City and County of Denver, areas adjacent to Denver to be served by the

Denver Municipal Water System, and also such other lands in the vicinity of the City and County

Applicant's Responses to Colorado River Water Conservation District's First Set of Interrogatories, Requests for
Production of Documents and Requests for Admission to Applicant
November 10, 2008
Page 6 of 50

of Denver as may from time to time be covered by temporary rental contracts negotiated by

Applicant with the owners of said lands. Applicant's 1942 Statements of Claim in Civil Action

Nos. 1805 and 1806 at Part III state: "The Denver Municipal Water System consists of a number

of reservoirs, ditches, pipe lines, and other structures forming an interrelated water works system

whose parts are located in various water districts of the State of Colorado on both sides of the

Continental Divide for supplying the City and County of Denver, its inhabitants, and others with

water, for domestic use and other beneficial purposes." The Statements of Claim in Civil Action

Nos. 1805 and 1806 also state at Part IX: "The lands lying under and proposed to be irrigated by

water from the Blue River Diversion Project consist of the lands in the City and County of

Denver, being approximately 33,000 acres at the present time, together with such other lands as

may hereafter become a part of the City and County of Denver, and also such other lands in the

vicinity of the City and County of Denver as may from time to time be covered by temporary

rental contracts negotiated by Claimant with the owners of said lands pursuant to the provisions

of the charter of Claimant." The March 10, 1952 Decree in Civil Action No. 1806 decreed

Applicant's priority for the diversion of water "for the benefit of the persons lawfully entitled

thereto in Denver and areas adjacent to Denver served by the Denver Municipal Water System."

Paragraph 19 of the United States District Court's Findings of Fact and Conclusion of Law and

Final Decree entered herein on October 12, 1955, and as amended October 29, 1955,

incorporated the Decrees in Case Nos. 1805 and 1806 by reference. The United States District

Court's October 12, 1955 Decree also stated, at Paragraph 3: "It is further stipulated and agreed

by and between the parties to this cause that the City and County of Denver and the City of

Colorado Springs are in need of adequate supplies of water for municipal purposes both present

Applicant's Responses to Colorado River Water Conservation District's First Set of Interrogatories, Requests for
Production of Documents and Requests for Admission to Applicant
November 10, 2008
Page 7 of 50

and future.  Likewise recognized by the parties is that the Blue River constitutes a source of

supply to which each must look in the future if the respective municipalities are to reach their

greatest potential." Paragraph 4(g) of the United States District Court's October 12, 1955 Decree

states: "The City and County of Denver and the City of Colorado Springs will utilize Blue River

water for municipal purposes and no other within their metropolitan areas.  Such metropolitan

area shall be limited to such an area as is reasonably integrated with the development of Denver

or Colorado Springs as the case may be. ... Provided that the limitations in this subparagraph

shall not apply in the case where electrical energy is produced by such water as an incident to its

use for municipal purposes."

Further, YOU are estopped from now objecting to the geographic area to which

Applicant provides water due to YOUR Stipulations and the holdings and decrees entered in this

action and others since at least 1955.  YOU have repeatedly and expressly waived and are now

estopped from asserting any objection to Applicant's service area due to YOUR many

stipulations and agreements over the last fifty-three (53) years as Applicant has invested

hundreds of millions of dollars in reliance thereon.  See General Objections 7 and 8.

2.      Paragraph 4(g) of the Stipulation states that "the City and County of Denver . .

will utilize Blue River water for municipal purposes and no other within [its] metropolitan area."

Please Identify in detail the geographic boundaries of the areas outside the legal boundaries of

the City and County of Denver, as those legal boundaries existed on October 5, 1955, that

You contend were intended to be included within Denver's "metropolitan area" as that term is

used in paragraph 4(g) of the Stipulation, and describe in detail the basis for Your answer.

Applicant's Responses to Colorado River Water Conservation District's First Set of Interrogatories, Requests for
Production of Documents and Requests for Admission to Applicant
November 10, 2008
Page 8 of 50

### OBJECTION

Applicant incorporates herein its objections to Interrogatory No. 1 above. Applicant
objects to this Interrogatory to the extent that the first sentence of this Interrogatory incorrectly
and incompletely quotes the relevant provisions of the Stipulation dated October 5, 1955.
Applicant further objects to this Interrogatory because it falsely and unfairly assumes that
Applicant possessed an intent in 1955 to provide water to a limited or static geographic area
capable of detailed contemporaneous identification. The false premise of the Interrogatory is
belied by paragraphs 3 and 4(g) in the same Stipulation signed by YOU. Applicant further
objects to this Interrogatory to the extent that it seeks information that is not relevant or
reasonably calculated to lead to the discovery of admissible evidence.

### ANSWER

Subject to and without waiving these objections or the above general objections,
Applicant states as follows:

Applicant incorporates herein its responses to Interrogatory No. 1 above.

Based upon the fact that the parties did not define a fixed geographic boundary for the
Denver metropolitan area in the Stipulation, Applicant contends the parties did not intend that
the "metropolitan area" be limited or fixed to a static geographic area, but rather a dynamically
expanding area including Denver, adjacent areas and areas in its vicinity in order to allow it to
reach its greatest potential. More particularly, Applicant contends that the parties to the 1955
Stipulation intended to allow Applicant to serve an area reasonably integrated with the
development of the City and County of Denver, lands that would thereafter become a part of the
City and County of Denver, areas adjacent to Denver to be served by the Denver Municipal

Applicant's Responses to Colorado River Water Conservation District's First Set of Interrogatories, Requests for
Production of Documents and Requests for Admission to Applicant
November 10, 2008
Page 9 of 50

Water System, and also such other lands in the vicinity of the City and County of Denver as may

from time to time be covered by contracts negotiated by Applicant with the owners of said lands.

This contention is based in part upon Applicant's Statements of Claim in Civil Action Nos. 1805

and 1806, the Decrees in Civil Action Nos. 1805 and 1806, and the Stipulation with YOU dated

October 5, 1955 and upon which the United States District Court based and incorporated its

Findings of Fact and Conclusion of Law and Final Decree entered herein on October 12, 1955,

and as amended October 29, 1957. This contention is also based upon YOUR agreement in 1955

that the City and County of Denver was in need of adequate supplies of water for municipal

purposes both present and future and that the Blue River constitutes a source of supply to which

both Applicant and the City of Colorado Springs must look in the future if the respective

municipalities are to reach their greatest potential.

     Further, YOU are estopped from now objecting to the geographic area to which

Applicant provides water due to YOUR Stipulations and the holdings and decrees entered in this

action and others since at least 1955. YOU have repeatedly and expressly waived and are now

estopped from asserting any objection to Applicant's service area due to YOUR many

stipulations and agreements over the last fifty-three (53) years as Applicant has invested

hundreds of millions of dollars in reliance thereon. See General Objections 7 and 8.

     3.     Paragraph 4(g) of the Stipulation states that to the extent You utilize water beyond

Your metropolitan area "from sources other than the Blue River, or lease or permit others to

utilize waters from other sources for purposes other than municipal in character, the Blue

River water diversions will be reduced pro tanto." Please describe with specificity all

instances where You have utilized water beyond Your metropolitan area from sources other than

Applicant's Responses to Colorado River Water Conservation District's First Set of Interrogatories, Requests for
Production of Documents and Requests for Admission to Applicant
November 10, 2008
Page 10 of 50

the Blue River, or have leased or permitted others to utilize waters from other sources for purposes

other than municipal purposes, from October 5, 1955 to the date of the Application, and

Identify all documents related thereto.

### OBJECTION

Applicant incorporates herein its objections to Interrogatory Nos. 1 and 2 above.

Applicant objects to this Interrogatory because it is compound and contains two discrete

subparts. Accordingly, Applicant shall consider this two-part Interrogatory to constitute two

separate Interrogatories for purposes of the presumptive limitations on discovery pursuant to

Fed.R.Civ.P.33(a)(1) and the May 16, 2008 Scheduling Order entered herein.

Applicant objects to this Interrogatory to the extent that the first sentence of this

Interrogatory contains only an incomplete excerpt from the relevant provisions of the United

States District Court's Findings of Fact and Conclusion of Law and Final Decree entered herein

on October 12, 1955, and as amended October 29, 1955, and the relevant provisions of the

Decrees for Civil Action Nos. 1805 and 1806 incorporated therein by reference. Applicant

further objects to this Interrogatory because it falsely and unfairly assumes that the Stipulation

restricted Applicant's right to provide water to a limited or static geographic area capable of

detailed contemporaneous identification. The false premise of the Interrogatory is belied by

paragraphs 3 and 4(g) in the same Stipulation signed by YOU.

Applicant also objects to this Interrogatory because it is vague, overly broad, unduly

burdensome, and ambiguous. Applicant objects to this Interrogatory to the extent that it seeks

information that is not relevant or reasonably calculated to lead to the discovery of admissible

evidence. More particularly, Applicant objects to the irrelevant, overly broad and unduly

Applicant's Responses to Colorado River Water Conservation District's First Set of Interrogatories, Requests for
Production of Documents and Requests for Admission to Applicant
November 10, 2008
Page 11 of 50

burdensome fifty-one (51) year time frame of the request; Applicant will limit its response to the

relevant period of time between the date of the December 14, 2000 Findings of Fact,

Conclusions of Law and Decree entered by Judge Nottingham herein and the date of the

Application.

**ANSWER**

Subject to and without waiving these objections or the above general objections,

Applicant states as follows:

Applicant incorporates herein its responses to Interrogatory Nos. 1 and 2 above.

As to the first subpart of this Interrogatory, which requests a description of instances

where Applicant utilized water beyond its metropolitan area from sources other than the Blue

River, for the period of time between December 14, 2000 and the Application, Applicant did not

utilize water from sources other than the Blue River in an area not reasonably integrated with the

development of Denver, not adjacent to Denver and served by the Denver Municipal Water

System, or not in the vicinity of the City and County of Denver as may from time to time be

covered by contracts negotiated by Applicant with the owners of said lands.

As to the second subpart of this Interrogatory, which requests a description of instances

where Applicant has leased or permitted others to utilize waters from sources other than the Blue

River for purposes other than municipal purposes, for the period of time between December 14,

2000 and the Application, Applicant has not leased or permitted others to utilize such waters for

purposes other than municipal purposes.

Further, and as to both subparts, YOU are estopped from now objecting to the geographic

area to which Applicant provides water due to YOUR Stipulations and the holdings and decrees

Applicant's Responses to Colorado River Water Conservation District's First Set of Interrogatories, Requests for
Production of Documents and Requests for Admission to Applicant
November 10, 2008
Page 12 of 50

entered in this action and others since at least 1955. YOU have repeatedly and expressly waived
and are now estopped from asserting any objection to Applicant's service area due to YOUR
many stipulations and agreements over the last fifty-three (53) years as Applicant has invested
hundreds of millions of dollars in reliance thereon. See General Objections 7 and 8.

4.      Please Identify all Agreements pursuant to which You have provided or may
provide water for use outside of the City and County of Denver in effect at any time during the
period from January 1, 1946 to the date of the Application.

**OBJECTION**

Applicant objects to this Interrogatory to the extent that it seeks information that is not
relevant or reasonably calculated to lead to the discovery of admissible evidence. More
particularly, Applicant objects to the irrelevant, overly broad and unduly burdensome sixty (60)
year time frame of the request; Applicant will limit its response to the relevant period of time
between the date of the December 14, 2000 Findings of Fact, Conclusions of Law and Decree
entered by Judge Nottingham herein and the date of the Application.

**ANSWER**

Subject to and without waiving these objections or the above general objections,
Applicant states as follows:

For the period of time between December 14, 2000 and the date of the Application, and
pursuant to Fed.R.Civ.P. 33(d), Applicant identifies the agreements listed on Attachments 1 and 2
hereto. More specifically, Attachment 1 is a list of raw water contracts and Attachment 2 is a list
of treated water contracts.

5.      Please describe in detail what You contend were the components of the "Denver

Applicant's Responses to Colorado River Water Conservation District's First Set of Interrogatories, Requests for
Production of Documents and Requests for Admission to Applicant
November 10, 2008
Page 13 of 50

Municipal Water System," and Identify the geographic boundaries of the "areas

adjacent to Denver served by the Denver Municipal Water System," as those phrases were used

in the Statements of Claim You filed in Case Nos. 1805/1806.

### OBJECTION

Applicant incorporates herein its objections to Interrogatory Nos. 1-3 above. Applicant

objects to this Interrogatory because it is compound and contains two discrete subparts.

Accordingly, Applicant shall consider this two-part Interrogatory to constitute two separate

Interrogatories for purposes of the presumptive limitations on discovery pursuant to

Fed.R.Civ.P.33(a)(1) and the May 16, 2008 Scheduling Order entered herein.

Applicant objects to this Interrogatory because it falsely states that Applicant used the

phrase "areas adjacent to Denver served by the Denver Municipal Water System" in its

Statements of Claim in Case Nos. 1805 and 1806. As such, the Interrogatory is neither

intelligible nor susceptible to a meaningful response. Further, Applicant objects to this

Interrogatory because it falsely and unfairly assumes that Applicant possessed an intent in 1942

to provide water to a limited or static geographic area capable of detailed contemporaneous

identification. Such false assumption is belied by Applicant's Statements of Claim in Civil

Action Nos. 1805 and 1806, which state at Part IX: "The lands lying under and proposed to be

irrigated by water from the Blue River Diversion Project consist of the lands in the City and

County of Denver, being approximately 33,000 acres at the present time, together with such

other lands as may hereafter become a part of the City and County of Denver, and also such

other lands in the vicinity of the City and County of Denver as may from time to time be

covered by temporary rental contracts negotiated by Claimant with the owners of said lands

Applicant's Responses to Colorado River Water Conservation District's First Set of Interrogatories, Requests for
Production of Documents and Requests for Admission to Applicant
November 10, 2008
Page 14 of 50

pursuant to the provisions of the charter of Claimant." The premise of the Interrogatory is also

belied by the United States District Court's Findings of Fact and Conclusion of Law and Final

Decree entered herein on October 12, 1955, and as amended October 29, 1957. Applicant

further objects to this Interrogatory to the extent that it seeks information that is not relevant or

reasonably calculated to lead to the discovery of admissible evidence. More particularly, the

dynamic area to which Applicant intended to provide water in 1942 by its Denver Municipal

Water System when it filed its Statements of Claim in Civil Action Nos. 1805 and 1806 was

established by Stipulation with YOU dated October 5, 1955 on which the United States District

Court based its Findings of Fact and Conclusion of Law and Final Decree entered herein on

October 12, 1955, and as amended October 29, 1957.

Applicant further objects to this Interrogatory as vague, ambiguous and unduly

burdensome because it contains no time frame.

### ANSWER

Subject to and without waiving these objections or the above general objections,

Applicant states as follows:

Applicant incorporates herein its responses to Interrogatory Nos. 1-3 above.

As to the first subpart of this Interrogatory, which requests a description of the

components of the "Denver Municipal Water System," as of the 1942 date of filing of the

Applicant's Statements of Claim in Civil Action Nos. 1805 and 1806, Applicant's 1942

Statements of Claim in Case Nos. 1805 and 1806 state at Part III: "The Denver Municipal Water

System consists of a number of reservoirs, ditches, pipe lines, and other structures forming an

interrelated water works system whose parts are located in various water districts of the State of

Applicant's Responses to Colorado River Water Conservation District's First Set of Interrogatories, Requests for
Production of Documents and Requests for Admission to Applicant
November 10, 2008
Page 15 of 50

Colorado on both sides of the Continental Divide for supplying the City and County of Denver,
its inhabitants, and others with water, for domestic use and other beneficial purposes."

As to the second subpart of this Interrogatory, in 1942 Applicant sought, and eventually
obtained in 1955, water to serve the future needs of the dynamically expanding Denver
metropolitan area, adjacent areas and areas in its vicinity in order to allow it to reach its greatest
potential. More particularly, in 1942 Applicant intended to serve the lands then in the City and
County of Denver, lands that would thereafter become a part of the City and County of Denver,
areas adjacent to Denver to be served by the Denver Municipal Water System, and also such
other lands in the vicinity of the City and County of Denver as may from time to time be covered
by contracts negotiated by Applicant with the owners of said lands. The Statements of Claim in
Civil Action Nos. 1805 and 1806 state at Part IX: "The lands lying under and proposed to be
irrigated by water from the Blue River Diversion Project consist of the lands in the City and
County of Denver, being approximately 33,000 acres at the present time, together with such
other lands as may hereafter become a part of the City and County of Denver, and also such
other lands in the vicinity of the City and County of Denver as may from time to time be covered
by temporary rental contracts negotiated by Claimant with the owners of said lands pursuant to
the provisions of the charter of Claimant." The March 10, 1952 Decree in Civil Action No. 1806
decreed Applicant's priority for the diversion of water "for the benefit of the persons lawfully
entitled thereto in Denver and areas adjacent to Denver served by the Denver Municipal Water
System." Paragraph 19 of the United States District Court's Findings of Fact and Conclusion of
Law and Final Decree entered herein on October 12, 1955, and as amended October 29, 1955,
incorporated the Decrees in Case Nos. 1805 and 1806 by reference. The United States District

Applicant's Responses to Colorado River Water Conservation District's First Set of Interrogatories, Requests for
Production of Documents and Requests for Admission to Applicant
November 10, 2008
Page 16 of 50

Court's October 12, 1955 Decree also stated, at Paragraph 3: "It is further stipulated and agreed

by and between the parties to this cause that the City and County of Denver and the City of

Colorado Springs are in need of adequate supplies of water for municipal purposes both present

and future. Likewise recognized by the parties is that the Blue River constitutes a source of

supply to which each must look in the future if the respective municipalities are to reach their

greatest potential." Paragraph 4(g) of the United States District Court's October 5, 1955

Stipulation states: "The City and County of Denver and the City of Colorado Springs will utilize

Blue River water for municipal purposes and no other within their metropolitan areas. Such

metropolitan area shall be limited to such an area as is reasonably integrated with the

development of Denver or Colorado Springs as the case may be. ... Provided that the limitations

in this subparagraph shall not apply in the case where electrical energy is produced by such water

as an incident to its use for municipal purposes."

Further, and as to both subparts, YOU are estopped from now objecting to the geographic

area to which Applicant provides water due to YOUR Stipulations and the holdings and decrees

entered in this action and others since at least 1955. YOU have repeatedly and expressly waived

and are now estopped from asserting any objection to Applicant's service area due to YOUR

many stipulations and agreements over the last fifty-three (53) years as Applicant has invested

hundreds of millions of dollars in reliance thereon. See General Objections 7 and 8.

6.    Please describe in detail what You contend are the components of the "Denver

Municipal Water Works System (sometimes referred to as the Denver Municipal Waterworks

System)," and the geographic boundaries of the "area served by the Denver Municipal

Waterworks System," as those phrases are used in the Application.

Applicant's Responses to Colorado River Water Conservation District's First Set of Interrogatories, Requests for
Production of Documents and Requests for Admission to Applicant
November 10, 2008
Page 17 of 50

### OBJECTION

Applicant incorporates herein its objections to Interrogatory Nos. 1-3 and 5 above.

Applicant objects to this Interrogatory because it is compound and contains two discrete

subparts. Accordingly, Applicant shall consider this two-part Interrogatory to constitute two

separate Interrogatories for purposes of the presumptive limitations on discovery pursuant to

Fed.R.Civ.P.33(a)(1) and the May 16, 2008 Scheduling Order entered herein.

Applicant further objects to this Interrogatory because it contains no time frame.

Applicant will respond based on its reasonable assumption that the Interrogatory seeks a

response as of the date of filing of the Application.

Applicant also objects to this Interrogatory because it falsely and unfairly assumes that

the "area served by the Denver Municipal Waterworks System" was limited or static. See

Objections to Interrogatory Numbers 1, 2 and 5 above. That false assumption is also belied by

Applicant's Statements of Claim in Case Nos. 1805 and 1806; the Stipulation YOU executed and

the resulting Findings of Fact and Conclusion of Law and Final Decree entered herein on

October 12, 1955, and as amended October 29, 1955; and all other judgments and decrees

entered in Consolidated Civil Nos. 2782, 5016 and 5017.

### ANSWER

Subject to and without waiving these objections or the above general objections,

Applicant states as follows:

Applicant incorporates herein its responses to Interrogatory Nos. 1-3 and 5 above.

As to the first subpart of this Interrogatory, the components of the Denver Municipal

Waterworks System continue to "consist of a number of reservoirs, ditches, pipe lines, and other

Applicant's Responses to Colorado River Water Conservation District's First Set of Interrogatories, Requests for
Production of Documents and Requests for Admission to Applicant
November 10, 2008
Page 18 of 50

structures forming an interrelated water works system whose parts are located in various water
districts of the State of Colorado on both sides of the Continental Divide for supplying the City
and County of Denver, its inhabitants, and others with water, for domestic use and other
beneficial purposes." See Answer to Interrogatory No. 5 above.

As to the second subpart of this Interrogatory (area served by the Denver Municipal
Waterworks System), Applicant serves lands that are a part of the City and County of Denver,
the area reasonably integrated with the development of the City and County of Denver, areas
adjacent to Denver that are served by the Denver Municipal Water System, and also such other
lands in the vicinity of the City and County of Denver as may from time to time be covered by
contracts negotiated by Applicant with the owners of said lands.

Further, and as to both subparts, YOU are estopped from now objecting to the geographic
area to which Applicant provides water due to YOUR Stipulations and the holdings and decrees
entered in this action and others since at least 1955. YOU have repeatedly and expressly waived
and are now estopped from asserting any objection to Applicant's service area due to YOUR
many stipulations and agreements over the last fifty-three (53) years as Applicant has invested
hundreds of millions of dollars in reliance thereon. See General Objections 7 and 8.

7.     Please Identify all instances in which You have delivered or provided untreated
water diverted from the Blue River to any Person located east of the Continental Divide from
October 5, 1955 to the date of the Application.

**OBJECTION**

Applicant objects to this Interrogatory to the extent that it is vague, overly broad, unduly
burdensome and seeks information that is not relevant or reasonably calculated to lead to the

Applicant's Responses to Colorado River Water Conservation District's First Set of Interrogatories, Requests for
Production of Documents and Requests for Admission to Applicant
November 10, 2008
Page 19 of 50

discovery of admissible evidence. More particularly, Applicant objects to the irrelevant, overly

broad and unduly burdensome fifty-one (51) year time frame of the request; Applicant will limit

its response to the relevant period of time between the date of the December 14, 2000 Findings

of Fact, Conclusions of Law and Decree entered by Judge Nottingham herein and the date of the

Application.

### ANSWER

Subject to and without waiving these objections or the above general objections,

Applicant states as follows:

Pursuant to Fed.R.Civ.P. 33(d) and for the period of time between December 14, 2000 and

the date of the Application, Applicant identifies its Lease accounting sheets and Chatfield

Reservoir accounting sheets. YOU may derive the answer to this Interrogatory by reviewing these

business records.

8.    Please Identify in detail the steps You have taken to utilize return flow of water

diverted from the Colorado River System by exchange or otherwise pursuant to paragraphs 4(e)

and (f) of the Stipulation.

### OBJECTION

Applicant objects to this Interrogatory because it is vague, overly broad, unduly

burdensome and seeks information that is not relevant or reasonably calculated to lead to the

discovery of admissible evidence. Pursuant to paragraph 4(f) of the Stipulation signed by YOU,

only the United States has the reserved right to act upon Applicant's exercise of due diligence in

utilizing return flows of water diverted from the Colorado River System. This issue is not the

subject of or relevant to the pending Application nor has the United States taken the position or

Applicant's Responses to Colorado River Water Conservation District's First Set of Interrogatories, Requests for
Production of Documents and Requests for Admission to Applicant
November 10, 2008
Page 20 of 50

established that Applicant has failed to exercise due diligence in utilizing return flows of water

diverted from the Colorado River System.

Applicant further objects to the absence of any relevant time period making such request,

irrelevant, overly broad and unduly burdensome. Applicant will limit its response to the relevant

period of time between the date of the December 14, 2000 Findings of Fact, Conclusions of Law

and Decree entered by Judge Nottingham herein and the date of the Application.

**ANSWER**

Subject to and without waiving these objections or the above general objections,

Applicant states as follows:

Pursuant to Fed.R.Civ.P. 33(d) and for the period of time between December 14, 2000 and

the date of the Application, Applicant identifies its Colorado River Return Flow reports submitted

to the Secretary of the Interior pursuant to paragraph 4(f) of the Stipulation for the years 2000

through 2006. These reports describe Applicant's process for utilizing return flows from the

Colorado River System. In addition, for each of the years 2000 through 2006 and without

exception, the United States Department of Interior has confirmed its receipt of Applicant's

Colorado River Return Flow reports, reviewed such reports, and confirmed its concurrence with

the reports; Applicant identifies the correspondence from the United States Department of Interior

pursuant to Fed.R.Civ.P. 33(d). YOU may derive the answer to this Interrogatory by reviewing

these business records.

9.      Please Identify in detail all legal limitations and factors related to economic

feasibility that have prevented You from utilizing more of the return flow of water diverted from the

Colorado River System than You have utilized to date and Identify all Documents that relate

Applicant's Responses to Colorado River Water Conservation District's First Set of Interrogatories, Requests for
Production of Documents and Requests for Admission to Applicant
November 10, 2008
Page 21 of 50

thereto.

### OBJECTION

Applicant objects to this Interrogatory because it is compound and contains two discrete

subparts. Accordingly, Applicant shall consider this two-part Interrogatory to constitute two

separate Interrogatories for purposes of the presumptive limitations on discovery pursuant to

Fed.R.Civ.P.33(a)(1) and the May 16, 2008 Scheduling Order entered herein.

Applicant also objects to this Interrogatory because it is vague, overly broad, unduly

burdensome, and seeks information that is not relevant or reasonably calculated to lead to the

discovery of admissible evidence. Pursuant to paragraph 4(f) of the Stipulation signed by YOU,

only the United States has the reserved right to act upon Applicant's exercise of due diligence in

utilizing return flows of water diverted from the Colorado River System. This issue is not the

subject of or relevant to the pending Application nor has the United States taken the position or

established that Applicant has failed to exercise due diligence in utilizing return flows of water

diverted from the Colorado River System. In fact, for each of the years 2000 through 2006 and

without exception, the United States Department of Interior has confirmed its receipt of

Applicant's Colorado River Return Flow reports, reviewed such reports, and confirmed its

concurrence with the reports. Importantly, Applicant has substantially reused Colorado River

Return flows in amounts over and above that amount generated by the 47,810 acre feet diverted

from the Colorado River System in the period October 1, 1954 to September 30, 1955.

Applicant further objects to the first subpart of this Interrogatory because it seeks obviously

attorney-client privileged information and communications concerning any "legal limitations"

Applicant's Responses to Colorado River Water Conservation District's First Set of Interrogatories, Requests for
Production of Documents and Requests for Admission to Applicant
November 10, 2008
Page 22 of 50

upon Applicant. In addition, the first subpart of this Interrogatory improperly requests a purely

legal position and not application of law to fact as allowed under Fed.R.Civ.P. 33(a)(2).

Applicant further objects to the absence of any relevant time period making such request,

irrelevant, overly broad and unduly burdensome. Applicant will limit its response to the relevant

period of time between the date of the December 14, 2000 Findings of Fact, Conclusions of Law

and Decree entered by Judge Nottingham herein and the date of the Application.

**ANSWER**

Subject to and without waiving these objections or the above general objections,

Applicant states as follows:

As to the first subpart of this Interrogatory, YOU are not entitled to inquire into the

attorney-client and work-product privileged legal opinions of Applicant concerning the legal

limitations on utilization of return flow of water diverted from the Colorado River System.

Further, under the Stipulation YOU executed only the Secretary of the Interior has the reserved

right to pursue the subject of this Interrogatory. Pursuant to Fed.R.Civ.P. 33(d) and for the

period of time between December 14, 2000 and the date of the Application, Applicant identifies its

Colorado River Return Flow reports submitted to the Secretary of the Interior pursuant to

paragraph 4(f) of the Stipulation for the years 2000 through 2006. In addition, for each of the years

2000 through 2006 and without exception, the United States Department of Interior has confirmed

its receipt of Applicant's Colorado River Return Flow reports, reviewed such reports, and

confirmed its concurrence with the reports; Applicant identifies the correspondence from the

United States Department of Interior pursuant to Fed.R.Civ.P. 33(d).

Applicant's Responses to Colorado River Water Conservation District's First Set of Interrogatories, Requests for
Production of Documents and Requests for Admission to Applicant
November 10, 2008
Page 23 of 50

Also as to the first subpart of this Interrogatory, Applicant has substantially reused

Colorado River Return flows in amounts over and above that amount generated by the 47,810

acre feet diverted from the Colorado River System in the period October 1, 1954 to September

30, 1955. Legal limitations that have prevented, may have prevented, or may prevent the

Applicant from using Colorado River return flows over and above the 47,810 acre feet (see

Answer to Interrogatory No. 10 below) diverted from the Colorado River System during the

period October 1, 1954 to September 30, 1955 by exchange or otherwise include, but are not

limited to, the holding in *Pulaski Irr. Ditch Co. v. City of Trinidad*, 70 Colo. 565, 203 P. 681

(Colo. 1922); May 1, 1940 Agreement; holding in *City and County of Denver v. Fulton

Irrigating Ditch Co.*, 179 Colo. 47, 506 P.2d 144 (Colo. 1972); decision in Case No. 81CW405;

holding in *City and County of Denver v. Consolidated Ditches Co.,* 807 P.2d 23 (Colo. 1991);

suitability of substitute supply under §37-92-305(5) and §37-80-120(3); quantification and

adjudication of lawn irrigation return flows; adjudication of gravel pit storage; adjudication and

confirmation of exchanges from gravel pits of reusable return flows; order in Case No.

2002CW403 re Metro Pumps; Englewood's appeal of Case No. 2002CW403 re 1999 agreement;

possible challenges to the Applicant's method of quantifying reusable return flows; uncertainty

that Blue River water stored in Dillon by exchange from William Fork Reservoir is subject to

1940 agreement; possible challenges to Denver's exchange operations under C.A. 3635;

opposition to diligence and to make absolute in Case No. 2008CW159; possible challenges or

possible regulatory constraints for using return flows; possible permitting constraints for using

return flows; the absence of definitive guidelines or regulations permitting and authorizing

Applicant's Responses to Colorado River Water Conservation District's First Set of Interrogatories, Requests for
Production of Documents and Requests for Admission to Applicant
November 10, 2008
Page 24 of 50

certain types of reuse; and other unknown legal challenges brought against the Applicant by

clever attorneys.

As to the second subpart of this Interrogatory, under the Stipulation YOU executed only

the Secretary of the Interior has the reserved right to pursue the subject of this Interrogatory.

Pursuant to Fed.R.Civ.P. 33(d) and for the period of time between December 14, 2000 and the

date of the Application, Applicant identifies pursuant to Fed.R.Civ.P. 33(d) its Colorado River

Return Flow reports submitted to the Secretary of the Interior pursuant to paragraph 4(f) of the

Stipulation for the years 2000 through 2006. In addition, for each of the years 2000 through 2006

and without exception, the United States Department of Interior has confirmed its receipt of

Applicant's Colorado River Return Flow reports, reviewed such reports, and confirmed its

concurrence with the reports; Applicant identifies the correspondence from the United States

Department of Interior pursuant to Fed.R.Civ.P. 33(d).

Also as to the second subpart of this Interrogatory, Applicant has substantially reused

Colorado River Return flows in amounts over and above that amount generated by the 47,810

acre feet diverted from the Colorado River System in the period October 1, 1954 to September

30, 1955. Economic limitations that have prevented, may have prevented, or may prevent the

Applicant from using Colorado River return flows over and above the 47,810 acre feet (see

Answer to Interrogatory No. 10 below) diverted from the Colorado River System during the

period October 1, 1954 to September 30, 1955 by exchange or otherwise include, but are not

limited to reduced exchange potential; unknown regulatory requirements; lack of demand during

periods of exchange potential; development of downstream storage; customers; location of

customers; capital costs of new reuse water treatment plant or indirect treatment plant;

Applicant's Responses to Colorado River Water Conservation District's First Set of Interrogatories, Requests for Production of Documents and Requests for Admission to Applicant
November 10, 2008
Page 25 of 50

distributions lines; pumping costs; capital costs of scalping plants; operation costs; and brine disposal.

      10.    Paragraph 4(e) of the Stipulation refers to the quantity of water that was diverted by You from the Colorado River System from "October 1st, 1954 to September 30, 1955." Please state what that quantity of water was, and Identify all Documents that support, refute or otherwise relate to the quantification of such amount.

### OBJECTION

      Applicant objects to this Interrogatory because it is vague, overly broad, unduly burdensome and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Pursuant to paragraph 4(f) of the Stipulation signed by YOU, only the United States has the reserved right to act upon Applicant's exercise of due diligence in utilizing return flows of water diverted from the Colorado River System. This issue is not the subject of or relevant to the pending Application nor has the United States taken the position or established that Applicant has failed to exercise due diligence in utilizing return flows of water diverted from the Colorado River System. In fact, for each of the years 2000 through 2006 and without exception, the United States Department of Interior has confirmed its receipt of Applicant's Colorado River Return Flow reports, reviewed such reports, and confirmed its concurrence with the reports.

### ANSWER

      Subject to and without waiving these objections or the above general objections, Applicant states as follows:

Applicant's Responses to Colorado River Water Conservation District's First Set of Interrogatories, Requests for
Production of Documents and Requests for Admission to Applicant
November 10, 2008
Page 26 of 50

47,810 acre feet. Applicant identifies the following documents relating to the

quantification of that amount: Applicant's Exhibits 242 and 364 from Case No. 81CW405,

Water Division No. 1; Table – "1954 The Denver Municipal Water Works Williams Fork

Diversion at East Portal Cubic Feet Per Second"; Table – "1955 The Denver Municipal Water

Works Williams Fork at East Portal Sec. Feet"; Table – "1954 The Denver Municipal Water

Works Fraser River at East Portal Cubic Feet Per Second"; Table – "1955 The Denver

Municipal Water Works Fraser River Diversion at East Portal Cubic Feet Per Second"; Table –

"1954 The Denver Municipal Water Works Fraser River Diversion at East Portal All Quantities

in Second Feet"; Table – "1955 The Denver Municipal Water Works Fraser River Diversion at

East Portal All Quantities in Second Feet"; Table – "1954 Fraser River Diversion" Nov.1 - 30;

Table – "1954 Fraser River Diversion" Oct 1 - 31; Table – "1955 Fraser River Diversion" Sep.1

- 30; Table – "1955 Fraser River Diversion" Aug. 1 - 31; Table – "1955 Fraser River Diversion"

July 1 - 31; Table – "1955 Fraser River Diversion" June 1 - 30; Table – "1955 Fraser River

Diversion" May 1 - 31; Table – "1955 Fraser River Diversion" April 1 – 30.

10.     Please Identify the carrying capacity of the North Fork of the South Platte River

in the reach between the Roberts Tunnel outfall and Strontia Springs Reservoir, and Identify all

documents relating to or addressing such carrying capacity, including all documents evidencing

any agreements or commitments You have concerning water flows in the North Fork of the South

Platte River, including, without limitation, all governmental permits, plans, licenses, easements,

and rights-of-way.

Applicant's Responses to Colorado River Water Conservation District's First Set of Interrogatories, Requests for
Production of Documents and Requests for Admission to Applicant
November 10, 2008
Page 27 of 50

### OBJECTION

Applicant objects to this Interrogatory because it is compound and contains at least two

discrete subparts. Accordingly, Applicant shall consider this multi-part Interrogatory to

constitute two separate Interrogatories for purposes of the presumptive limitations on discovery

pursuant to Fed.R.Civ.P.33(a)(1) and the May 16, 2008 Scheduling Order entered herein.

Applicant further objects to the absence of any relevant time period making such request,

irrelevant, overly broad and unduly burdensome. Applicant will limit its response to the relevant

period of time between the date of the December 14, 2000 Findings of Fact, Conclusions of Law

and Decree entered by Judge Nottingham herein and the date of the Application.

### ANSWER

Subject to and without waiving these objections or the above general objections,

Applicant states as follows:

As to the first subpart of this Interrogatory, which requests identification of the carrying

capacity of the North Fork of the South Platte River, YOU are directed pursuant to Fed.R.Civ.P.

33(d) and 26(a)(2), to the disclosure and expert report by John H. Bambei, Jr. dated October 15,

2008, particularly pages 2 through 5 of his disclosure and the multiple calculations attached

thereto. As to the request in the first subpart of this Interrogatory for documents relating to or

addressing such carrying capacity, YOU are directed pursuant to Fed.R.Civ.P. 33(d) to the

documents and information considered by Mr. Bambei, which are disclosed on pages 4 and 5 of

his report and which have been produced and also to the documents relating to carrying capacity

disclosed by Applicant through its Fed.R.Civ.P. 26(a)(1) disclosures and the supplements

thereto.

Applicant's Responses to Colorado River Water Conservation District's First Set of Interrogatories, Requests for
Production of Documents and Requests for Admission to Applicant
November 10, 2008
Page 28 of 50

As to the second subpart of this Interrogatory, which requests agreements or

commitments concerning water flows in the North Fork of the South Platte River, Applicant

identifies its license, easement and right-of-way agreements with various landowners and

governmental entities for the years 2000 through 2006, which documents have been or will be

produced by Applicant through its Fed.R.Civ.P. 26(a)(1) disclosures and the supplements

thereto.

12.    If Your response to any of the Requests for Admission served upon You

concurrently herewith, is anything but an unqualified admission, then state the factual basis for

Your response and Identify all Persons and Documents that support, refute or otherwise relate

to Your response.

### OBJECTION

Applicant incorporates herein its objections to Interrogatory Nos. 1-3, 5 and 6 above.

Applicant incorporates herein its objections and responses to Requests for Admission Nos. 1, 2,

3 and 4 above.

### ANSWER

Subject to and without waiving these objections or the above general objections,

Applicant states as follows:

As to Applicant's responses to Requests for Admission Nos. 1, 2, 3 and 4, the factual

basis for each denial is the factual falsity of the requested admission and/or the assumptions

underlying each.

Further as to Requests for Admission Nos. 1, 2 and 3, Applicant incorporates herein its

objections to Interrogatory Nos. 1-3, 5 and 6 above.

Applicant's Responses to Colorado River Water Conservation District's First Set of Interrogatories, Requests for
Production of Documents and Requests for Admission to Applicant
November 10, 2008
Page 29 of 50

Also as to Requests for Admission Nos. 1, 2 and 3, YOU are estopped from now

objecting to the geographic area to which Applicant provides water due to YOUR Stipulations

and the holdings and decrees entered in this action and others since at least 1955. YOU have

repeatedly and expressly waived and are now estopped from asserting any objection to

Applicant's service area due to YOUR many stipulations and agreements over the last fifty-three

(53) years as Applicant has invested hundreds of millions of dollars in reliance thereon. See

General Objections 7 and 8.

## V. REQUESTS FOR PRODUCTION OF DOCUMENTS

1.    All Agreements and Documents identified pursuant to Interrogatories 1 through

12.

### OBJECTION

Applicant incorporates herein its general objections and the specific objections to

Interrogatories 1 through 12 set forth above.

### ANSWER

Subject to and without waiving these objections or the above general objections,

Applicant states as follows:

Applicant is producing herewith certain relevant, responsive and non-privileged

documents, particularly with respect to documents identified in response to Interrogatory Nos. 7,

8 and 10 above. Upon the entry of a Protective Order and ESI Protocol Agreements with all

Opposers, Applicant may produce additional relevant, responsive and non-privileged electronic

documents after conducting a search per the terms of the ESI Protocol. Further, Applicant has

Applicant's Responses to Colorado River Water Conservation District's First Set of Interrogatories, Requests for
Production of Documents and Requests for Admission to Applicant
November 10, 2008
Page 30 of 50

produced relevant, responsive and non-privileged documents through its Fed.R.Civ.P. 26(a)(1)

disclosures and the supplements thereto.

    2.    All Documents depicting or describing the Denver "metropolitan area" as that

term is used in paragraph 4(g) of the Stipulation.

### OBJECTION

Applicant incorporates herein its objections to Interrogatory Nos. 1 - 3, 5 and 6 above.

Applicant objects to this Request for Production because it falsely and unfairly assumes the

Denver "metropolitan area" is a limited or static geographic area capable of documentary

depiction or description. Based upon the fact that the parties did not define a fixed geographic

boundary for the Denver metropolitan area in the Stipulation YOU executed, the parties did not

intend that the "metropolitan area" be limited or fixed to a static geographic area, but rather a

dynamically expanding area including Denver, adjacent areas and areas in its vicinity in order to

allow it to reach its greatest potential. More particularly, the parties to the 1955 Stipulation

intended to allow Applicant to serve the lands then in the City and County of Denver, lands that

would thereafter become a part of the City and County of Denver, areas adjacent to Denver to be

served by the Denver Municipal Water System, and also such other lands in the vicinity of the

City and County of Denver as may from time to time be covered by contracts negotiated by

Applicant with the owners of said lands. This contention is also based upon YOUR agreement in

1955 that the City and County of Denver was in need of adequate supplies of water for municipal

purposes both present and future and that the Blue River constitutes a source of supply to which

both Applicant and the City of Colorado Springs must look in the future if the respective

municipalities are to reach their greatest potential.

Applicant's Responses to Colorado River Water Conservation District's First Set of Interrogatories, Requests for
Production of Documents and Requests for Admission to Applicant
November 10, 2008
Page 31 of 50

Applicant further objects to the absence of any relevant time period making such request

vague, irrelevant, overly broad and unduly burdensome. The dynamic geographic region in

which Applicant may properly use or deliver Blue River waters under the Stipulation and Civil

Action Nos. 1805 and 1806 has changed significantly since 1955 and since Applicant filed the

Application.

**ANSWER**

Applicant incorporates herein its responses to Interrogatory Nos. 1 - 3, 5 and 6. Further,

YOU are estopped from now objecting to the geographic area to which Applicant provides water

due to YOUR Stipulations and the holdings and decrees entered in this action and others since at

least 1955. YOU have repeatedly and expressly waived and are now estopped from asserting

any objection to Applicant's service area due to YOUR many stipulations and agreements over

the last fifty-three (53) years as Applicant has invested hundreds of millions of dollars in reliance

thereon. See General Objections 7 and 8. The wholly objectionable nature of this Request for

Production precludes a further response.

3.      All Documents depicting or describing: the "Denver Municipal Water System" as

that term is used in the Statements of Claim You filed in Case Nos. 1805/1806, the "areas

adjacent to Denver served by the Denver Municipal Water System" as that phrase is used in the

Judgments and Decrees entered in Case Nos. 1805/1806, and/or the area served by the "Denver

Municipal Water Works System (sometimes referred to as the Denver Municipal Waterworks

System)" as that term is used in the Application.

Applicant's Responses to Colorado River Water Conservation District's First Set of Interrogatories, Requests for
Production of Documents and Requests for Admission to Applicant
November 10, 2008
Page 32 of 50

### OBJECTION

Applicant objects to this Request for Production because it is compound and contains at

least three discrete subparts. Accordingly, Applicant shall consider this multi-part Request for

Production to constitute three separate Requests for Production for purposes of the established

limitations on discovery pursuant to the May 16, 2008 Scheduling Order entered herein, as

amended.

Applicant objects to the irrelevant, overbroad and unduly burdensome sixty-four (64)

year time frame of the Request. Applicant will limit its response to the relevant period of time

between the date of the December 14, 2000 Findings of Fact, Conclusions of Law and Decree

entered by Judge Nottingham herein and the date of the Application.

As to the first subpart of this Request, which seeks "All documents depicting or

describing the 'Denver Municipal Water System'", Applicant incorporates herein its objections

to Interrogatory Nos. 5 and 6. Further, Applicant objects because the overly broad Request

unreasonably encompasses every diagram, schematic, plan, photo and image of every element of

the Applicant's properties and systems, including reservoirs and hundreds of miles of ditches,

pipelines, tunnels, rivers, canals and other water work elements. Applicant's 1942 Statements of

Claim in Civil Action Nos. 1805 and 1806 at Part III state: "The Denver Municipal Water

System consists of a number of reservoirs, ditches, pipe lines, and other structures forming an

interrelated water works system whose parts are located in various water districts of the State of

Colorado on both sides of the Continental Divide for supplying the City and County of Denver,

its inhabitants, and others with water, for domestic use and other beneficial purposes."

Applicant's Responses to Colorado River Water Conservation District's First Set of Interrogatories, Requests for
Production of Documents and Requests for Admission to Applicant
November 10, 2008
Page 33 of 50

As to the second and third subparts of this Request, Applicant incorporates herein its

objections to Interrogatory Nos. 1 - 3, 5 and 6 and Request for Production No. 2.

**ANSWER**

Subject to and without waiving these objections or the above general objections,

Applicant states as follows:

Applicant incorporates herein its responses to Interrogatory Nos. 1 - 3, 5 and 6 and

Request for Production No. 2. Further, YOU are estopped from now objecting to the geographic

area to which Applicant provides water due to YOUR Stipulations and the holdings and decrees

entered in this action and others since at least 1955. YOU have repeatedly and expressly waived

and are now estopped from asserting any objection to Applicant's service area due to YOUR

many stipulations and agreements over the last fifty-three (53) years as Applicant has invested

hundreds of millions of dollars in reliance thereon. See General Objections 7 and 8.

Upon the entry of a Protective Order and ESI Protocol Agreements with all Opposers,

Applicant may produce additional relevant, responsive and non-privileged electronic documents

after conducting a search per the terms of the ESI Protocol. Further, Applicant has produced

relevant, responsive and non-privileged documents through its Fed.R.Civ.P. 26(a)(1) disclosures

and the supplements thereto.

4.      All Documents, including all water accounting records, which evidence the

diversion and application to beneficial use of 654 cfs through the Roberts Tunnel on or about June

23, 2006, as alleged in the Application.

**ANSWER**

Subject to and without waiving the above general objections, Applicant states as follows:

Applicant's Responses to Colorado River Water Conservation District's First Set of Interrogatories, Requests for
Production of Documents and Requests for Admission to Applicant
November 10, 2008
Page 34 of 50

Upon the entry of a Protective Order and ESI Protocol Agreements with all Opposers,

Applicant may produce additional relevant, responsive and non-privileged electronic documents

after conducting a search per the terms of the ESI Protocol.  Further, Applicant has produced

relevant, responsive and non-privileged documents through its Fed.R.Civ.P. 26(a)(1) and

26(a)(2) disclosures and the supplements thereto.

5.    Any and all computer models calculating or estimating yield from Your water

rights, both absolute and conditional, and all documentation concerning such models, including

without limitation documentation of assumptions incorporated into such models.

**OBJECTION**

Applicant objects to this Request for Production as vague, ambiguous, overly broad,

unduly burdensome and contrary to the terms of the ESI Protocol Agreements.  Applicant further

objects to the absence of any relevant time period making such Request irrelevant, overly broad

and unduly burdensome.

**ANSWER**

Subject to and without waiving these objections or the above general objections,

Applicant states as follows:

Applicant is producing herewith certain relevant, responsive and non-privileged

documents.  Upon the entry of a Protective Order and ESI Protocol Agreements with all

Opposers, Applicant may produce additional relevant, responsive and non-privileged electronic

documents after conducting a search per the terms of the ESI Protocol.  Further, Applicant has

produced relevant, responsive and non-privileged documents through its Fed.R.Civ.P. 26(a)(1)

disclosures and the supplements thereto.  Denver uses a model called the Platte and Colorado

Applicant's Responses to Colorado River Water Conservation District's First Set of Interrogatories, Requests for
Production of Documents and Requests for Admission to Applicant
November 10, 2008
Page 35 of 50

Simulation Model (PACSM) to estimate the yield from its water rights and facilities, including
the Blue river water rights. PACSM is an integrated system of computer programs, relational
databases, reference documents, information tables, subroutines and complex computer coding.
The computer programs (including VBA, FORTRAN and MAPBASIC) are applied to model
nodes (currently 480 nodes) to simulate a very complex physical system operation under
Colorado's water rights laws and numerous agreements, and include the operation of Denver's
entire raw water collection system as well as the system operations of many other entities. The
results of any particular simulation are based upon thousands of operating assumptions and
conditions. The model is used for planning purposes only, and is subject to constant change.
The model contains proprietary and confidential information. Denver will produce under the
Protective Order documents that pertain to the estimate firm annual yield from full use of its
existing system with a strategic water reserve.

6. All water accounting records and documentation for the year 2006 relating to the
storage of water diverted under the Blue Rive River decree by exchange or otherwise, and the
reuse of such water, for the following reservoirs: Strontia Springs, Chatfield, Cheesman,
Eleven Mile, Marston, and Dillon.

**OBJECTION**

Applicant objects to this Request for Production because it is compound and contains at
least six discrete subparts. Accordingly, Applicant shall consider this multi-part Request for
Production to constitute six separate Requests for Production for purposes of the established
limitations on discovery pursuant to the May 16, 2008 Scheduling Order entered herein, as
amended.

Applicant's Responses to Colorado River Water Conservation District's First Set of Interrogatories, Requests for
Production of Documents and Requests for Admission to Applicant
November 10, 2008
Page 36 of 50

### ANSWER

Subject to and without waiving the above general objections, Applicant states as follows:

Applicant is producing herewith certain relevant, responsive and non-privileged

documents. Upon the entry of a Protective Order and ESI Protocol Agreements with all

Opposers, Applicant may produce additional relevant, responsive and non-privileged documents,

if any. Further, Applicant has produced relevant, responsive and non-privileged documents

through its Fed.R.Civ.P. 26(a)(1) disclosures and the supplements thereto.

7.      All records of water flow measurements taken during 2006 for Ten-Mile Creek,

Blue River, Snake River, and North Fork of the South Platte River.

### OBJECTION

Applicant objects to this Request for Production because it is compound and contains at

least four discrete subparts. Accordingly, Applicant shall consider this multi-part Request for

Production to constitute four separate Requests for Production for purposes of the established

limitations on discovery pursuant to the May 16, 2008 Scheduling Order entered herein, as

amended.

### ANSWER

Subject to and without waiving the above general objections, Applicant states as follows:

Applicant is producing herewith certain relevant, responsive and non-privileged

documents. Upon the entry of a Protective Order and ESI Protocol Agreements with all

Opposers, Applicant may produce additional relevant, responsive and non-privileged electronic

documents after conducting a search per the terms of the ESI Protocol. Further, Applicant has

Applicant's Responses to Colorado River Water Conservation District's First Set of Interrogatories, Requests for
Production of Documents and Requests for Admission to Applicant
November 10, 2008
Page 37 of 50

produced relevant, responsive and non-privileged documents through its Fed.R.Civ.P. 26(a)(1)

disclosures and the supplements thereto.

8.    All correspondence, including electronic correspondence, regarding any

measurements of water flows in the Roberts Tunnel, or other Blue River Diversion Project

sources or components, on June 23, 2006, and the impact of such flows on the North Fork of

the South Platte River.

### OBJECTION

Applicant objects to this Request for Production because it is compound and contains at

least two discrete subparts. Accordingly, Applicant shall consider this multi-part Request for

Production to constitute two separate Requests for Production for purposes of the established

limitations on discovery pursuant to the May 16, 2008 Scheduling Order entered herein, as

amended.

Applicant further objects to this Request for Production as vague, ambiguous, overly

broad, unduly burdensome and contrary to the terms of the ESI Protocol Agreements.

As to the second subpart of the Request, and particularly the phrase "impact of such

flows on the North Fork of the South Platte River," Applicant objects because it is irrelevant,

vague, ambiguous, overly broad and unduly burdensome. More specifically, the Request

assumes "impact," which is neither defined nor relevant, nor is it reasonably calculated to lead to

the discovery of admissible evidence.

### ANSWER

Subject to and without waiving these objections or the above general objections,

Applicant states as follows:

Applicant's Responses to Colorado River Water Conservation District's First Set of Interrogatories, Requests for
Production of Documents and Requests for Admission to Applicant
November 10, 2008
Page 38 of 50

Applicant is producing herewith certain relevant, responsive and non-privileged

documents. Upon the entry of a Protective Order and ESI Protocol Agreements with all

Opposers, Applicant may produce additional relevant, responsive and non-privileged documents,

if any. Further, Applicant has produced relevant, responsive and non-privileged documents

through its Fed.R.Civ.P. 26(a)(1) disclosures and the supplements thereto.

     9.     All models and calculations of the water carrying capacity of Roberts Tunnel,

including all Documents and information relating to gains of water in the Roberts Tunnel from

inflow emanating from the tunnel walls or otherwise.

### OBJECTION

Applicant objects to this Request for Production because it is compound and contains at

least two discrete subparts. Accordingly, Applicant shall consider this multi-part Request for

Production to constitute two separate Requests for Production for purposes of the established

limitations on discovery pursuant to the May 16, 2008 Scheduling Order entered herein, as

amended.

Applicant objects to this Request for Production as vague, ambiguous, overly broad,

unduly burdensome and contrary to the terms of the ESI Protocol Agreements. Applicant further

objects to the absence of any relevant time period making such Request irrelevant, overly broad

and unduly burdensome. Applicant will limit its response to the relevant period of time between

the date of the December 14, 2000 Findings of Fact, Conclusions of Law and Decree entered by

Judge Nottingham herein and the date of the Application.

Applicant's Responses to Colorado River Water Conservation District's First Set of Interrogatories, Requests for
Production of Documents and Requests for Admission to Applicant
November 10, 2008
Page 39 of 50

### ANSWER

Subject to and without waiving these objections or the above general objections,
Applicant states as follows:

Applicant is producing herewith certain relevant, responsive and non-privileged
documents.  Upon the entry of a Protective Order and ESI Protocol Agreements with all
Opposers, Applicant may  produce additional relevant, responsive and non-privileged
documents.   Further, Applicant has produced relevant, responsive and non-privileged documents
through its Fed.R.Civ.P. 26(a)(1) and 26(a)(2) disclosures and the supplements thereto.

10.    All correspondence, including electronic correspondence, with the U.S. Bureau of
Reclamation, the State Engineer's Office, the Water Division 1 Engineer's Office, the Water
Division 5 Engineer's Office, or any other governmental agency, concerning operation of the
Roberts Tunnel or Green Mountain or Dillon Reservoirs in June 2006.

### OBJECTION

Applicant objects to this Request for Production as vague, ambiguous, overly broad,
unduly burdensome and contrary to the terms of the ESI Protocol Agreements.

### ANSWER

Subject to and without waiving these objections or the above general objections,
Applicant states as follows:

Upon the entry of a Protective Order and ESI Protocol Agreements with all Opposers,
Applicant may produce additional relevant, responsive and non-privileged electronic documents
after conducting a search per the terms of the ESI Protocol.  Further, Applicant has produced

Applicant's Responses to Colorado River Water Conservation District's First Set of Interrogatories, Requests for
Production of Documents and Requests for Admission to Applicant
November 10, 2008
Page 40 of 50

relevant, responsive and non-privileged documents through its Fed.R.Civ.P. 26(a)(1) disclosures
and the supplements thereto.

11.     All Documents which evidence the steps You have taken to utilize return flow of
water diverted from the Blue River by exchange or otherwise pursuant to paragraphs 4(e) and (f)
of the Stipulation.

**OBJECTION**

Applicant objects to this Request for Production as vague, ambiguous, overly broad,
unduly burdensome and contrary to the terms of the ESI Protocol Agreements.  Applicant further
objects to the absence of any relevant time period making such Request irrelevant, overly broad
and unduly burdensome.  Applicant will limit its response to the relevant period of time between
the date of the December 14, 2000 Findings of Fact, Conclusions of Law and Decree entered by
Judge Nottingham herein and the date of the Application.

**ANSWER**

Subject to and without waiving these objections or the above general objections,
Applicant states as follows:

Applicant is producing herewith certain relevant, responsive and non-privileged
documents.  Upon the entry of a Protective Order and ESI Protocol Agreements with all
Opposers, Applicant may produce additional relevant, responsive and non-privileged electronic
documents after conducting a search per the terms of the ESI Protocol.  Further, Applicant has
produced relevant, responsive and non-privileged documents through its Fed.R.Civ.P. 26(a)(1)
disclosures and the supplements thereto.

12.     All Documents that relate to the projected population to be served by water from

Applicant's Responses to Colorado River Water Conservation District's First Set of Interrogatories, Requests for
Production of Documents and Requests for Admission to Applicant
November 10, 2008
Page 41 of 50

the "Denver Municipal Water Works System," as that term is used in the Application.

### OBJECTION

Applicant objects to this Request for Production as vague, ambiguous, overly broad,

unduly burdensome and contrary to the terms of the ESI Protocol Agreements. Applicant further

objects to the absence of any relevant time period making such Request irrelevant, overly broad

and unduly burdensome. Applicant will limit its response to the relevant period of time between

the date of the December 14, 2000 Findings of Fact, Conclusions of Law and Decree entered by

Judge Nottingham herein and the date of the Application.

### ANSWER

Subject to and without waiving these objections or the above general objections,

Applicant states as follows:

Applicant is producing herewith certain relevant, responsive and non-privileged

documents. Upon the entry of a Protective Order and ESI Protocol Agreements with all

Opposers, Applicant may produce additional relevant, responsive and non-privileged electronic

documents after conducting a search per the terms of the ESI Protocol. Further, Applicant has

produced relevant, responsive and non-privileged documents through its Fed.R.Civ.P. 26(a)(1)

and 26(a)(2) disclosures and the supplements thereto.

13.     All Documents that relate to the volume of water needed to satisfy the projected

demand for water from the "Denver Municipal Water Works System, as that term is used in the

Application.

Applicant's Responses to Colorado River Water Conservation District's First Set of Interrogatories, Requests for
Production of Documents and Requests for Admission to Applicant
November 10, 2008
Page 42 of 50

### OBJECTION

Applicant objects to this Request for Production as vague, ambiguous, overly broad,

unduly burdensome and contrary to the terms of the ESI Protocol Agreements. Applicant further

objects to the absence of any relevant time period making such Request irrelevant, overly broad

and unduly burdensome. Applicant will limit its response to the relevant period of time between

the date of the December 14, 2000 Findings of Fact, Conclusions of Law and Decree entered by

Judge Nottingham herein and the date of the Application.

### ANSWER

Subject to and without waiving these objections or the above general objections,

Applicant states as follows:

Applicant is producing herewith certain relevant, responsive and non-privileged

documents. Upon the entry of a Protective Order and ESI Protocol Agreements with all

Opposers, Applicant may produce additional relevant, responsive and non-privileged electronic

documents after conducting a search per the terms of the ESI Protocol. Further, Applicant has

produced relevant, responsive and non-privileged documents through its Fed.R.Civ.P. 26(a)(1)

and 26(a)(2) disclosures and the supplements thereto.

### VI. REQUESTS FOR ADMISSION

1.    Admit that Exhibit O attached hereto and incorporated by reference is a true and

correct copy of an exhibit that was introduced into evidence by Denver in support of its

applications in Case Nos. 1805/1806 and is authentic.

Applicant's Responses to Colorado River Water Conservation District's First Set of Interrogatories, Requests for
Production of Documents and Requests for Admission to Applicant
November 10, 2008
Page 43 of 50

### OBJECTION

Applicant objects to this Request for Admission because it is compound and contains at

least two discrete subparts. Accordingly, Applicant shall consider this multi-part Request for

Admission to constitute two separate Requests for Admission for purposes of the established

limitations on discovery pursuant to the May 16, 2008 Scheduling Order entered herein, as

amended.

Applicant incorporates herein its objections and responses to Interrogatory Nos. 1 - 3, 5

and 6.

### ANSWER

Subject to and without waiving these objections or the above general objections,

Applicant states as follows:

As to the first subpart, the circumstances of the admission of Exhibit O are set forth in the

transcript of the testimony of Dwight Gross, attached hereto as Attachment 3, where

demonstrative Exhibit O was identified, offered and conditionally admitted. The first subpart of

the Request for Admission does not fairly and fully describe the conditional admission of Exhibit

O and is therefore denied. Applicant further denies any inference that the document was

introduced "in support of its applications in Case Nos. 1805/1806" to the extent it was intended

to "fix" or establish a static or limited service area. Applicant incorporates herein its responses

to Interrogatory Nos. 1 – 3, 5 and 6 above.

As to the second subpart, at this time, Applicant is without sufficient information to admit

or deny the authenticity of the attached document. Applicant therefore denies the Request,

subject to further investigation of the records of the trial exhibits which is ongoing.

Applicant's Responses to Colorado River Water Conservation District's First Set of Interrogatories, Requests for
Production of Documents and Requests for Admission to Applicant
November 10, 2008
Page 44 of 50

2.    Admit that the red and blue shaded areas on Exhibit O attached hereto and

incorporated by reference accurately depicts the full geographic extent of the Denver

"metropolitan area" as that term is used in Paragraph 4(g) of the Stipulation.

**OBJECTION**

Applicant incorporates herein its objections and responses to Interrogatory Nos. 1 - 3, 5

and 6.

**ANSWER**

Subject to and without waiving these objections or the above general objections,

Applicant states as follows:

Denied. This Request for Admission falsely and unfairly assumes the Denver

"metropolitan area" is a limited or static geographic area capable of contemporaneous depiction

or description. Based upon the fact that the parties did not define a fixed geographic boundary

for the Denver metropolitan area in the Stipulation YOU executed, the parties did not intend that

the "metropolitan area" be limited or fixed to a static geographic area, but rather a dynamically

expanding area including Denver, adjacent areas and areas in its vicinity in order to allow it to

reach its greatest potential. More particularly, the parties to the 1955 Stipulation intended to

allow Applicant to serve the lands then in the City and County of Denver, lands that would

thereafter become a part of the City and County of Denver, areas adjacent to Denver to be served

by the Denver Municipal Water System, and also such other lands in the vicinity of the City and

County of Denver as may from time to time be covered by contracts negotiated by Applicant

with the owners of said lands. This denial is also based upon YOUR agreement in 1955 that the

City and County of Denver was in need of adequate supplies of water for municipal purposes

Applicant's Responses to Colorado River Water Conservation District's First Set of Interrogatories, Requests for
Production of Documents and Requests for Admission to Applicant
November 10, 2008
Page 45 of 50

both present and future and that the Blue River constitutes a source of supply to which both

Applicant and the City of Colorado Springs must look in the future if the respective

municipalities are to reach their greatest potential.

Further, YOU are estopped from now objecting to the geographic area to which

Applicant provides water due to YOUR Stipulations and the holdings and decrees entered in this

action and others since at least 1955. YOU have repeatedly and expressly waived and are now

estopped from asserting any objection to Applicant's service area due to YOUR many

stipulations and agreements over the last fifty-three (53) years as Applicant has invested

hundreds of millions of dollars in reliance thereon. See General Objections 7 and 8.

3.    Admit that the red and blue shaded areas on Exhibit O attached hereto and

incorporated by reference accurately depict the full geographic extent of the area to which

Denver intended to provide water by the statement of claim and appropriation of water rights

made in Case Nos. 1805/1806 that are the subject of the Application.

**OBJECTION**

Applicant incorporates herein its objections to Interrogatory Nos. 1 - 3, 5 and 6.

**ANSWER**

Subject to and without waiving these objections or the above general objections,

Applicant states as follows:

Denied. Applicant incorporates herein its responses to Interrogatory Nos. 1 – 3, 5 and 6

above. This Request for Admission falsely and unfairly assumes that Applicant possessed an

intent in 1942 to provide water to a limited or static geographic area capable of detailed

contemporaneous identification. Such false assumption is belied by Applicant's Statements of

Applicant's Responses to Colorado River Water Conservation District's First Set of Interrogatories, Requests for
Production of Documents and Requests for Admission to Applicant
November 10, 2008
Page 46 of 50

Claim in Civil Action Nos. 1805 and 1806, which state at Part IX: "The lands lying under and proposed to be irrigated by water from the Blue River Diversion Project consist of the lands in the City and County of Denver, being approximately 33,000 acres at the present time, together with such other lands as may hereafter become a part of the City and County of Denver, and also such other lands in the vicinity of the City and County of Denver as may from time to time be covered by temporary rental contracts negotiated by Claimant with the owners of said lands pursuant to the provisions of the charter of Claimant." The premise of the Request for Admission is also belied by the Stipulation signed by YOU in 1955 herein.

Further, YOU are estopped from now objecting to the geographic area to which Applicant provides water due to YOUR Stipulations and the holdings and decrees entered in this action and others since at least 1955. YOU have repeatedly and expressly waived and are now estopped from asserting any objection to Applicant's service area due to YOUR many stipulations and agreements over the last fifty-three (53) years as Applicant has invested hundreds of millions of dollars in reliance thereon. See General Objections 7 and 8.

4.    Admit that You place water diverted by You pursuant to the Blue River Decree into storage in the following reservoirs, among others: Strontia Springs, Chatfield, Eleven Mile, and Cheeseman.

**OBJECTION**

Applicant objects to this Request for Admission as vague, irrelevant, overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. More particularly, the Blue River Decree includes waters stored in Dillon Reservoir

Applicant's Responses to Colorado River Water Conservation District's First Set of Interrogatories, Requests for
Production of Documents and Requests for Admission to Applicant
November 10, 2008
Page 47 of 50

and water diverted directly through the Roberts Tunnel. This application involves only the direct

flow right and not the storage right which was made absolute in 1978.

### ANSWER

Subject to and without waiving these objections or the above general objections,

Applicant states as follows:

Applicant admits only that under the Blue River Decree and other decrees, waters

diverted from the Blue River have been conveyed directly through the Roberts Tunnel and

placed in storage in the facilities described, which are all part of the Denver Municipal Water

System.

Applicant's Responses to Colorado River Water Conservation District's First Set of Interrogatories, Requests for
Production of Documents and Requests for Admission to Applicant
November 10, 2008
Page 48 of 50

As to form and objections:

DENVER WATER

Casey S. Funk
Daniel J. Arnold
1600 W 12th Avenue
Denver, CO 80204-3412

*Counsel for Applicant City & County of Denver,
acting by and through its Board of Water
Commissioners*

KAMLET SHEPHERD & REICHERT, LLP

*/s/ Stephen D. Gurr*
Stephen D. Gurr
Barry A. Schwartz
1515 Arapahoe Street, Tower 1, Suite 1600
Denver, CO 80202

*Counsel for Applicant City & County of Denver,
acting by and through its Board of Water
Commissioners*

Applicant's Responses to Colorado River Water Conservation District's First Set of Interrogatories, Requests for
Production of Documents and Requests for Admission to Applicant
November 10, 2008
Page 49 of 50

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of November, 2008, a true and correct copy of the
foregoing **APPLICANT'S RESPONSES TO COLORADO RIVER WATER
CONSERVATION DISTRICT'S FIRST SET OF INTERROGATORIES, REQUESTS
FOR PRODUCTION OF DOCUMENTS AND REQUESTS FOR ADMISSION TO
APPLICANT** was served upon the following counsel:

_Via Email and LexisNexis under Case No 06CW255 (serve only) with CD of disclosed
documents via hand delivery:_

Brian M. Nazarenus, Esq.
Robert J. Pohlman, Esq.
Roger T. Williams, Esq.
RYLEY CARLOCK & APPLEWHITE
1999 Broadway, Suite 1800
Denver, CO  80202
*Counsel for Climax Molybdenum Company*


Anne Jamieson Castle, Esq.
Douglas L. Abbott, Esq.
Christopher L. Thorne, Esq.
Holland & Hart, LLP-Denver
P.O. Box 8749
555 17th Street
#3200
Denver, CO 80201-8749
*Counsel for Colorado River Water Conservation District*

_Via Email and LexisNexis under Case No 06CW255 (serve only) with CD of disclosed
documents via overnight mail:_

Mark A. Hermundstad, Esq.
Kirsten M. Kurath, Esq.
Williams Turner & Holmes, P.C.
200 North 6th Street
PO Box 338
Grand Junction, CO 81502
*Counsel for Grand Valley Water Users Association*
*Counsel for Orchard Mesa Irrigation District*
*Counsel for Ute Water Conservancy District*

Applicant's Responses to Colorado River Water Conservation District's First Set of Interrogatories, Requests for
Production of Documents and Requests for Admission to Applicant
November 10, 2008
Page 50 of 50

Peter C. Fleming, Esq.
Jason V. Turner, Esq.
PO Box 1120
Glenwood Springs, CO 81602
**Counsel for Colorado River Water Conservation District**

Frederick G. Aldrich, Esq.
Aldrich Frederick, LLC
601A 28 ¼ Road
Grand Junction, CO 81506
**Counsel for Grand Valley Irrigation Company**

Stanley W. Cazier, Esq.
John D. Walker, Esq.
Cazier McGowan & Walker
PO Box 500
Granby, CO 80446
**Counsel for Middle Park Water Conservancy District**

Nathan A. Keever, Esq.
Dufford Waldeck Milburn & Krohn, LLP
744 Horizon Court, Suite 300
Grand Junction, CO 81506
**Counsel for Palisade Irrigation District**

_/s/ Melissa S. Kruger_

VERIFICATION

STATE OF COLORADO                    )
                                     ) ss.
CITY AND COUNTY OF DENVER            )


I, William G. Bates, Manager of Water Rights Protection for the Applicant, declare under penalty of perjury under the laws of the United Sates of America that I have read the foregoing answers to interrogatories and that the answers are true and correct based upon my information and belief, and the unprivileged information in my possession.

WILLIAM G. BATES

Subscribed and sworn to before me this 10th day of November, 2008, by William G. Bates.

WITNESS MY HAND AND OFFICIAL SEAL.

Notary Public

My Commission expires: 4/28/2011

My Commission Expires April 28, 2011

{00205406.DOC / 1}