IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 49-cv-02782-MSK-CBS

Consolidated Civil Case Nos. 2782, 5016 and 5017 and

DISTRICT COURT, WATER DIVISION NO. 5 STATE OF COLORADO
Case No. 06CW255

**APPLICANT'S SECOND SET OF REQUESTS FOR ADMISSIONS, INTERROGATORIES, AND REQUESTS FOR PRODUCTION TO OPPOSER CLIMAX MOLYBDENUM COMPANY**

CONCERNING THE APPLICATION FOR WATER RIGHTS OF THE CITY AND COUNTY OF DENVER, ACTING BY AND THROUGH ITS BOARD OF WATER COMMISSIONERS, IN SUMMIT COUNTY

Applicant, the City and County of Denver, acting by and through its Board of Water Commissioners ("Denver"), hereby submits its Second Set of Requests for Admissions, Interrogatories, and Requests for Production pursuant to Rules 26, 33, 34, and 36 of the Federal Rules of Civil Procedure, to Opposer Climax Molybdenum Company ("Opposer").

**SECTION I – INSTRUCTIONS**

1. Each Interrogatory and Request for Admission should be answered separately and fully in writing, under oath, in accordance with the Federal Rules of Civil Procedure. The timing of your response is governed by the February 19, 2010 Minute Order entered by Magistrate Judge Craig B. Shaffer.

2. Pursuant to Rule 34, Opposer shall produce the documents requested for inspection and copying at the offices of Denver Water, 1600 West 12th Avenue, Denver, CO 80204, unless another location is agreed upon. The timing of your response is governed by the February 19, 2010 Minute Order entered by Magistrate Judge Craig B. Shaffer.

3. These Requests for Admissions, Interrogatories, and Requests for Production are deemed to be continuing to the fullest extent permitted by Rule 26(e) of the Federal Rules of Civil Procedure. **Opposer is requested to supplement or correct its prior responses under rule 26(e)(1).**

4. Certain terms used in these Requests for Admissions, Interrogatories, and Requests for Production, including these instructions, are defined in Section II – Definitions, below.

{00262552.DOC / 1}

EXHIBIT 3

5.  An answer or other appropriate response must be given to each Interrogatory and Requests for Admissions. If there is any Interrogatory or Request for Admission that you cannot answer in its entirety, or for which you cannot provide the exact information requested, please:

   a.  Answer all of the discovery requests to which you have or can obtain the information requested, and provide the information requested to the extent you know or can obtain the information;

   b.  Provide your most complete account of all information requested which you do not know and cannot obtain, including but not limited to, any names or dates for which you lack exact information;

   c.  Describe in detail the basis of this information;

   d.  Identify each document, person or communication upon which information is based as the word "identify" as defined below.

6.  In responding to these Requests for Admissions, Interrogatories, and Requests for Production, you must furnish all information available to you, including but not limited to, information in the possession or control of your attorneys, experts, consultants, advisors, agents, associates, employees, or any other person or entity over which you exercise any control or influence or have a right to exercise control or influence.

7.  In responding to these Requests for Admissions, Interrogatories, and Requests for Production, please restate in full the Interrogatory, Request for Admission or Request for Production to which each response relates. If requested, a copy of these Requests for Admissions, Interrogatories, and Requests for Production can be provided for your convenience on a disk formatted in MS Word or as an MS Word attachment to e-mail.

8.  Please state as part of each response the name, address, telephone number and relationship to Opposer, of the person or persons responding to each of these Requests for Admissions, Interrogatories, and Requests for Production.

9.  Please state as part of each response the name, address, telephone number and relationship to Opposer of the person or persons with whom you consulted or who constituted a source of information in the preparation of your response to each of these Requests for Admissions, Interrogatories, and Requests for Production.

10. Whenever an Interrogatory may be answered by referring to a document, please attach the document as an exhibit to the response and refer to the document in the response. If the document has more than one page, refer to the page and section where the answer to the Interrogatory can be found.

{00262552.DOC / 1}

11. Whenever an address and telephone number for the same person are requested in more than one Interrogatory, you are required to furnish them in answering only the first Interrogatory asking for that information.

12. If any document requested was in existence or available to you but no longer is in existence or available to you, then, with respect to each such document, please:

   a. Describe the nature of the document (letter, memorandum, etc.);

   b. State the date of the document;

   c. Identify the person or persons who sent and received the original and copies of the document;

   d. State in as much detail as possible the contents of the document;

   e. State the circumstances under which the document was lost, destroyed, or otherwise became unavailable.

13. If you object to any Interrogatory or Request for Admission, the reason(s) for the objection must be stated. If the objection is made to part of an Interrogatory or Request for Admission, the part objected to must be specified, the reason for the objection stated, and the remainder of the discovery request must be answered.

14. If you contend that you are entitled to withhold any document that would constitute part of your response to any request made herein on the ground that it requests information that is privileged, or falls within the work product doctrine, or on some other legally recognized grounds, then, with respect to each of those discovery requests, please:

   a. State the nature of the privilege, doctrine or grounds and the basis for the claim;

   b. Identify the type of document affected (e.g. letter, memorandum, etc.);

   c. State the date of any document affected;

   d. Identify any person who sent and who received the original and copies of the document affected and any person who is involved in the subject matter;

   e. State the subject matter of the document affected.

{00262552.DOC / 1}

15. The Answers to the Requests for Admissions, Interrogatories, and Requests for Production must be signed, under oath, by the person making them. All objections must be signed by the attorney making them.

16. If your answer to any of the Requests for Admission is not an unqualified admission, describe with specificity the factual basis for your denial or partial denial, including the identity of any witnesses, documents or other information on which the answer is based.

## SECTION II – DEFINITIONS

When set out in boldface type, the following definitions shall apply:

1. **"1935 priority"** means the priority date of August 1, 1935, for the Colorado-Big Thompson Project from the Blue River and its tributaries for 1726 second feet direct-flow right for the generation of electrical power at the Green Mountain Powerplant; a storage right with the priority of August 1, 1935 in the amount of 154,645 acre feet with the right to refill to the extent of an additional 6,316 acre-feet.

2. **"And"** as well as **"or"** shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these discovery requests any information that might otherwise be construed to be outside their scope.

3. **"Any"** as well as **"each"** shall be construed to include either one or all of a group as necessary to bring within the scope of these discovery requests any information that might otherwise be construed to be outside their scope.

4. **"Application"** means the Application for Finding of Reasonable Diligence and to Make Absolute a Conditional Water Right by the City and County of Denver, acting by and through its Board of Water Commissioners in Case No. 2006CW255 and Civil Nos. 2782, 5016 and 5017, as amended by the January 26, 2009 Amended Application for Finding of Reasonable diligence and to Make Absolute a Conditional Water Right Including Applicant's Initial Statement of Affirmative Defenses.

5. **"Applicant"** and/or **"Denver"** means Applicant the City and County of Denver acting by and through its Board of Water Commissioners.

6. **"Blue River Decree"** means the Findings of Fact, Conclusion of Law, Judgment and Decree dated October 12, 1955 in Consolidated Cases Civil Nos. 2782, 5016, and 5017 in the United States District Court for the District of Colorado, as amended on October 29, 1957, and any subsequent decrees or orders of the court in these Consolidated Cases Civil Nos. 2782, 5016 and 5017 including previous judgments and decrees finding diligence or to make absolute.

{00262552.DOC / 1}

7.  **"CA 1710 water rights"** means your water rights which are diverted from Ten Mile Creek or its tributaries that were adjudicated in Civil Action No. 1710, Summit County District Court.

8.  **"Communication"** means any transmittal or exchange of information (in the form of facts, ideas, inquiries, or otherwise), whether made by oral, written, or electronic means between or among two or more persons, including, but not limited to, correspondence, memoranda, notes, conversations, dialogues, discussions, interviews, consultations, agreements, other understandings, and exchanges of information in any meeting of two or more people whether planned or unplanned, formal or informal and whether for health, social, business, educational, or other purposes.

9.  **"Describe"** means to set forth in detail and with particularities all pertinent facts concerning the subject matter of any inquiry in detail and with particularity.

10. **"Document"** is used in its broadest sense and means any item that is subject to a request for production of documents pursuant to Fed. R. Civ. P. 34 and Fed. R. Evid. 1001, including, but not limited to, any medium (including but not limited to those related to computers) on which information can be recorded or from which it can be retrieved, book, pamphlet, letter, memorandum, (including memorandum or report of a meeting or conversation), invoice, bill, order form, receipt, financial statement, statement, accounting entry, diary, calendar, telex, telegram, e-mail, cable, report, record, contract, agreement, study, blueprint, map, plan, handwritten note, working paper, chart, paper, rent, laboratory record, drawing, sketch, grant, index, list, tape, photograph, microfilm, data sheet, data processing card, or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced. Additionally, the terms "document" or "documents" includes, without limitation, all enclosures, attachments, and related materials attached to or referenced in any document as defined above.

11. **"Green Mountain Reservoir"** is the reservoir located approximately sixteen miles south east of the town of Kremmling, in Summit County, Colorado, and more particularly in all or parts of Sections 11, 12, 13, 14, 15 and 24 T. 2 S., R. 80 W., and Sections 17, 18, 19, 20, 21, 28, 29, 33 and 34, T. 2 S., R. 79 W., 6th Principal Meridian. This reservoir provides storage of water and the utilization of it in accordance with Senate Document No. 80.

12. **"Identify,"** when used with respect to a document, requests the following information:

    a. The title of the document;

    b. A summary of the contents of the document;\

    c. The date of the document;

    d. The identity of the person or persons who wrote, contributed to, prepared or originated such document;

{00262552.DOC / 1}

5

e. The identity of the person or persons to whom the document was directed or who received or reviewed the document or copies of the document or any portion thereof;

f. The present or last-known address and custodian of the document and the address and phone number of each such custodian.

13. **"Identify,"** when used to refer to a water right, requests the following information:

   a. The name of the water right;

   b. The location of the point of diversion or withdrawal;

   c. The priority date and the date of adjudication;

   d. The court and case number of the decree adjudicating the water right;

   e. The well permit number(s), date(s) of approval and permit expiration date(s);

   f. The source of the water right;

   g. The amount of the water right;

   h. The uses of the water right;

   i. Whether the water right is conditional or absolute.

14. **"Identify,"** when used to refer to a water rights case, requests the following information:

   a. The court adjudicating the case;

   b. Court case number;

   c. Applicant;

   d. The name of the water rights that were the subject of the case;

   e. The disposition of the case, including the decree date if a decree was granted.

15. **"Identify,"** when used to refer to an entity other than a natural person, requests the following information about the entity:

   a. Full name;

{00262552.DOC / 1}

6

    b. The present or last-known address of its principal office or place of doing business and the telephone number;

    c. The type of entity (*e.g.*, corporation, partnership, unincorporated association, municipality, etc.).

16. **"Identify,"** when used to refer to a natural person, requests the following information:

    a. The person's full name and present or last-known address and telephone number;

    b. The person's present title and employer or other business affiliation;

    c. The person's employer and title at the time of the actions at which each interrogatory is directed.

17. **"Person"** means any natural individual in any capacity whatsoever, and any entity or organization, including but not limited to, public or private corporations, partnerships, joint ventures, voluntary or unincorporated associations, organizations, proprietorships, trusts, estates, governmental agencies, commissions, or bureaus.

18. **"Relate(s),"** **"related"** or **"relating,"** in addition to their common meaning, mean pertain, connect, support, evidence, describe, mention, or refer.

19. **"Specific factual basis"** includes all information known to you or obtainable by you after reasonable inquiry, together with any related opinion or contention that relates to facts or the application of law to fact. When related to an assertion in your statement of opposition in this case, Denver further requests a precise explanation of the intended meaning of the assertion.

20. **"State Engineer's Interim Policy"** means the State Engineer's year to year policy concerning the administration of **Green Mountain Reservoir**.

21. **"Amended Statement of Opposition"** means the Statement of Opposition filed by Climax Molybdenum Company on or about January 6, 2010.

22. **"Subject Water Rights"** are those decreed to the Blue River Diversion Project in Summit County District Court in Civil Action Nos. 1805 and 1806, and then removed to the United States District Court, District of Colorado in Consolidated Case Nos. 2782, 5016 and 5017.

23. **"You"** or **"Your"** means the Opposer, Climax Molybdenum Company, its officers, agents, employees, attorneys, consultants, engineers, subsidiaries, parent companies, **and** anyone else acting on such **person's** behalf.

{00262552.DOC / 1}

24.  "**This case**," for purposes of these interrogatories and requests for admission, means the Application for Finding of Reasonable Diligence and to Make Absolute a Conditional Water Right by the City and County of Denver, acting by and through its Board of Water Commissioners in Case No. 2006CW255 and Civil Nos. 2782, 5016 and 5017, filed on or about December 26, 2006 and amended on January 26, 2009.

## SECTION III – REQUESTS FOR ADMISSION

### REQUEST FOR ADMISSION NO. 1

Admit that, as currently tabulated by the State Engineer, **your CA 1710 water rights** are junior to the United States' **Green Mountain Reservoir** water rights under its **1935 Priority** for storage and the generation of electrical power.

### REQUEST FOR ADMISSION NO. 2

Admit that **you** do not have a power interference agreement with the Bureau of Reclamation to divert **your CA 1710 water rights** water rights against the United States' water right for the generation of electrical power under its **1935 Priority** at **Green Mountain Reservoir**.

### REQUEST FOR ADMISSION NO. 3

Admit that **Denver** may divert or store Blue River water notwithstanding the August 1, 1935 priority for 1726 cfs direct flow right for the generation of electricity at the Green Mountain Powerplant, pursuant to and in accordance with the provisions of the **Blue River Decree**.

### REQUEST FOR ADMISSION NO. 4

Admit that, as currently tabulated by the State Engineer, **you cannot divert under your CA 1710 water rights** until the United States' **Green Mountain Reservoir** has achieved its annual fill under its **1935 Priority**.

### REQUEST FOR ADMISSION NO. 5

Admit that on or before June 23, 2006, the United States' **Green Mountain Reservoir** had achieved its annual fill under its **1935 Priority**.

### REQUEST FOR ADMISSION NO. 6

Admit that on June 23, 2006, the power plant at the United States' **Green Mountain Reservoir** was not generating electricity and water was bypassing the power plant.

{00262552.DOC / 1}

REQUEST FOR ADMISSION NO. 7

Admit that on June 23, 2006, there was no call for water on the main stem of the Colorado River below its confluence with the Blue River.

REQUEST FOR ADMISSION NO. 8

Admit that on June 23, 2006, the sum of the average daily stream flow in cfs from the following streamflow river gauges upstream of Dillon Reservoir exceeded 654 cfs: Tenmile Creek below North Tenmile Creek at Frisco; Blue River near Dillon; Snake River near Montezuma; and Keystone Gulch near Dillon.

REQUEST FOR ADMISSION NO. 9

Admit that in those years that the United States' **Green Mountain Reservoir** required all or a portion of the water diverted at Dillon Reservoir, including water diverted directly through the Roberts Tunnel, in order to fill under its **1935 Priority**, **Denver** repaid its depletions necessary to fill Green Mountain Reservoir.

REQUEST FOR ADMISSION NO. 10

Admit that with the adoption of the **State Engineer's Interim Policy** in 2004, both **Denver's** depletions of water diverted through the Roberts Tunnel on a direct flow basis and **Denver's** depletions of water for storage in Dillon Reservoir have counted toward the annual fill of the United States' **Green Mountain Reservoir** under its **1935 Priority**.

REQUEST FOR ADMISSION NO. 11

Admit that since 2000 in years that **Green Mountain Reservoir** has not physically filled, **Denver** has repaid all of its depletions to **Green Mountain Reservoir** directly or by exchange or substitution.

REQUEST FOR ADMISSION NO. 12

Admit that the amount of water made absolute under the decree entered in Consolidated Civil Case Nos. 2782, 5016 and 5017 and District Court, Water Division 5, Case No. 90CW112, was based upon a diversion with a duration of less than 24 hours.

REQUEST FOR ADMISSION NO. 13

Admit that in 1952, Antero, Eleven Mile, Cheesman, Platte Canon, Marston, and Ralston Reservoirs were part of the Denver Municipal Water System.

REQUEST FOR ADMISSION NO. 14

Admit that in 1993, Antero, Eleven Mile, Cheesman, Platte Canon, Strontia Springs, Chatfield, Marston, Gross and Ralston Reservoirs were part of the Denver Municipal Water System.

REQUEST FOR ADMISSION NO. 15

Admit that in the September 15, 1978 Decree and Determination entered by the United States District Court for the District of Colorado, the Court found that the "as-constructed capacity of the Blue River Diversion Project (Roberts Tunnel) is in excess of 1000 cubic feet of water per second of time."

REQUEST FOR ADMISSION NO. 16

Admit that **Denver** is capable of diverting Blue River water at Conduits 20 and 26 in amounts up to 788 cfs.

REQUEST FOR ADMISSION NO. 17

Admit that under the decrees entered in C.A. 3635 and Case No. W-8783-77, Denver may divert and store Blue River water by exchange at Cheesman Reservoir, Denver Platte Canon Intake, Platte Canon Reservoir, the Roxborough Treatment Diversion Facility, Highline Canal Diversion Works, Marston Reservoir, the Farmers and Gardeners Ditch Diversion Works, and Chatfield Reservoir.

REQUEST FOR ADMISSION NO. 18

Admit that the Climax molybdenum mine has been on care-and-maintenance status since 1995.

REQUEST FOR ADMISSION NO. 19

Admit that **you** have suspended construction activities associated with the project to restart the Climax molybdenum mine.

## SECTION IV – INTERROGATORIES

INTERROGATORY NO. 1

If **your** response to any of the above Requests for Admissions is anything but an unqualified admission, then state the **specific factual basis** for **your** response and **identify all persons** and **documents** that support, refute or otherwise **relate to your** response.

{00262552.DOC / 1}

10

INTERROGATORY NO. 2

Please state whether **you** have applied for a power interference agreement with the Bureau of Reclamation to divert against the United States' **Green Mountain Reservoir** water right for the generation of electrical power decreed in Consolidated Case Nos. 2782, 5016 and 5017. If so, please **identify** what action has been taken by the Bureau of Reclamation on any such application, and please **identify** the **documents** and **communications relating** to such application.

INTERROGATORY NO. 3.

With regard to paragraph 2.C of your **Amended Statement of Opposition**, state whether it is **your** contention that **Denver's** diligence activities disclosed in **Denver's Application** do not reflect a steady application of effort to complete the appropriation in a reasonable and expedient manner, and if so, please **describe the specific factual basis** for **your** contention, **identify all persons** with knowledge of such facts, **and identify** all **documents relating** to your contention. In addition, please **identify** the activities disclosed in **Denver's Application** which you do not believe further the completion of the appropriation in a reasonable and expedient manner.

INTERROGATORY NO. 4

Please state whether **you** contend that **you** did not have notice of **Denver's** prior diligence applications including claims to make absolute portions of its Blue River Diversion Project, and if so please **describe the specific factual basis** for **your** contention, **identify all persons** with knowledge of such facts, **and identify** all **documents relating** to **your** contention.

INTERROGATORY NO. 5

Please **describe** the **specific factual basis** for **your** claim of injury in your opposition to **Denver's** Application herein, **identify all persons** with knowledge of such facts, **and identify** all **documents relating** to **your** claim of injury.

INTERROGATORY NO. 6

To the extent that **your** opposition to **Denver's Application** is based in whole or in part on your contention that during the diligence period from 2000 through 2006 **Denver** diverted Blue River water out of priority under the Power Interference Agreement (as defined in **your Amended Statement of Opposition**), please **describe the specific factual basis** for **your** contention particularly including the **each** out-of-priority diversion, **identify** all **persons** with knowledge of such facts, **and identify** all **documents relating** to such facts.

{00262552.DOC / 1}

11

INTERROGATORY NO. 7

Please **identify each** instance during the diligence period from 2000 through 2006 in which **Denver** diverted Blue River water out of priority under the Power Interference Agreement without the permission of the "Secretary of Interior" (as defined in **your Amended Statement of Opposition**) and before **Green Mountain Reservoir** filled. Please state **the specific factual basis** for **your identification of each** out-of-priority use, **identify all persons** with knowledge of such facts, **and identify all documents relating** to such facts.

INTERROGATORY NO. 8

To the extent that **your** opposition to **Denver's Application** is based in whole or in part on your contention that **Denver** is relying on water attributable to **your CA 1710 water rights** to show diligence, please **describe the specific factual basis** for **your** contention particularly including the **each** alleged instance of Denver's reliance upon **your** water rights, **identify all persons** with knowledge of such facts, **and identify all documents relating** to such facts.

INTERROGATORY NO. 9

To the extent that **your** opposition to **Denver's Application** is based in whole or in part on your contention that **Denver** has not diverted water at the decreed point(s) of diversion allowed by the **Blue River Decree**. Please:

a. State when and how **you** first discovered that **Denver** had not diverted water at the decreed point(s) of diversion. Please explain the circumstances of **your** discovery, **identify all persons** with knowledge of **your** discovery, **and identify** all **documents relating** to or **communicating your** discovery.

b. State when and how **you** first **communicated** to **Denver or** any court an objection to the place of **Denver's** diversion. Please **identify** all **persons** with knowledge of that **communication, identify** all **documents relating** that **communication**, and **identify** all subsequent **communications** of any objection to the place of **Denver's** diversion.

INTERROGATORY NO. 10

Please state whether **you** have ever participated in water court proceedings or have knowledge of water court proceedings making a conditional flow rate absolute based upon a diversion with a duration of less than 24 hours. If so, **identify each** instance by water right **or** water rights case number, **describe the specific factual basis** for your position in **each** identified water right or water rights case, **identify all persons** with knowledge of **your** positions in **each** identified water right or water rights case, **and identify** all **communications and documents relating** to **your** positions therein.

{00262552.DOC / 1}

12

INTERROGATORY NO. 11

To the extent that **your** opposition to Denver's **Application** is based in whole or in part on your contention that **Denver** did not divert the amount of water for which it claims an absolute right for a sufficient duration of time, please **describe the specific factual basis** for **your** contention, **identify all persons** with knowledge of such facts, **identify all documents and communications relating** to such facts, and **identify** all provisions in the **Blue River Decree** and the Decrees in Civil Action Nos. 1805 and 1806 that require **Denver** to divert water for a particular duration of time before obtaining absolute rights.

INTERROGATORY NO. 12

Please state whether **you** are aware of any evidence that **Denver** does not have a legitimate, non-speculative need for the claimed water right, and if so, please **describe the specific factual basis for your response, identify all persons** with knowledge of such facts, **and identify all documents and communications relating** to such facts.

INTERROGATORY NO. 13

Please state whether **you** are aware of any evidence that **Denver** does not have a continuing intent to use the decreed water for the decreed purposes in accordance with C.R.S. § 37-92-103(3)(a), and if so, please **describe the specific factual basis** for **your** response, **identify all persons** with knowledge of such facts, **and identify all documents and communications relating** to such facts.

INTERROGATORY NO. 14

Please **identify** the annual amounts of water diverted and used from **your CA 1710 water rights** since the Climax molybdenum mine was placed on care and maintenance status. **Identify all persons** with knowledge of the amounts diverted and how the water was used and **identify** all **documents** quantifying the amounts diverted and used.

INTERROGATORY NO. 15.

Please **identify** all leases of water and leased water amounts diverted under **your CA 1710 water rights** since 2000. **Identify all persons** with knowledge of such facts, **and identify** all **documents and communications relating** to such leases.

INTERROGATORY NO. 16

Please **identify** the **persons** who decided to suspend construction activities associated with the project to restart the Climax molybdenum mine, state when that decision was made, **and**

{00262552.DOC / 1}

13

**identify** all **documents and communications relating** to that decision that also **relate** to **your** use of water or water rights.

INTERROGATORY NO. 17

Please **identify** the **persons** who, since 2000, have been responsible for determining the timing for restarting the Climax molybdenum mine project, **and identify** all **documents and communications relating** to **your** restart analysis that also **relate** to **your** use of water or water rights.

INTERROGATORY NO. 18

Please **describe your** current plans and forecasted timeline, if any, to resume mining and milling operations and divert and place to beneficial use **your CA 1710 water rights, identify** all **persons** with knowledge of such plans and forecasted timeline, **and identify** all **documents** reflecting or **relating** to such plans and forecasted timeline.

## SECTION V – REQUESTS FOR PRODUCTION

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1

Please produce for inspection and copying all **documents identified** in response to the above Requests for Admissions and Interrogatories.

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2

Please produce for inspection and copying all **documents you** reviewed or considered in preparing **your** response to the above Interrogatories and Requests for Admission.

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3

Please produce all **documents relating** to **your communications** with **your** designated FRCP 26(a)(2) expert witnesses in **this case**, including but not limited to all draft reports **and** all notes to **or** from, all correspondence with, and **documents** shown or provided to such **persons**.

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4

Please produce all documents, if any, considered by **your** designated FRCP 26(a)(2) expert witness, Gary B. Thompson, for his opinions provided in the section titled "Impact to Climax Industrial Operations" in his report dated October 15, 2008.

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5

Please produce for inspection and copying all **documents relating** to **your communications** with the Bureau of Reclamation to obtain a power interference right or agreement to allow Climax to divert its water rights during a call by the United States' **Green Mountain Reservoir.**

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 6

Please produce for inspection and copying all **documents relating** to **your communications** since 2000 with Colorado state water officials concerning **your CA 1710 water rights.**

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 7

Please produce for inspection and copying all **documents relating** to **your** need or demand for the **CA 1710 water rights.**

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 8

Please produce for inspection and copying all **documents relating** to **your** plans and efforts to resume industrial operations as they pertain to **your CA 1710 water rights.**

REQUEST FOR PRODUCTION NO. 9

Please produce for inspection and copying all **documents relating** to **your** intention to continue to operate and divert **your CA 1710 water rights.**

REQUEST FOR PRODUCTION NO. 10

Please produce for inspection and copying all **documents relating** to **your** contracts, if any, for uses of **your CA 1710 water rights** for purposes other than mining and milling operations.

REQUEST FOR PRODUCTION NO. 11

Please produce for inspection and copying all documents that quantify the diversion and use of **your CA 1710 water rights** for the period 1988-2006.

{00262552.DOC / 1}

Dated this 15th day of March, 2010.

**DENVER WATER**
Casey S. Funk
Daniel J. Arnold
1600 W 12th Avenue
Denver, CO 80204-3412

**KAMLET REICHERT, LLP**

/s/ Stephen D. Gurr
Stephen D. Gurr
1515 Arapahoe Street, Tower 1, Suite 1600
Denver, CO 80202

*Counsel for Applicant City & County of Denver, acting by and through its Board of Water Commissioners*

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of March, 2010 a true and correct copy of the foregoing **APPLICANT'S SECOND SET OF REQUESTS FOR ADMISSIONS, INTERROGATORIES, AND REQUESTS FOR PRODUCTION TO OPPOSER CLIMAX MOLYBDENUM COMPANY** was served upon the following counsel:

*Via Email and LexisNexis under Case No 06CW255 (serve only):*
Brian M. Nazarenus, Esq.
Robert J. Pohlman, Esq.
Roger T. Williams, Esq.
RYLEY CARLOCK & APPLEWHITE
1999 Broadway, Suite 1800
Denver, CO 80202
***Counsel for Climax Molybdenum Company***

Douglas L. Abbott, Esq.
Christopher L. Thorne, Esq.
Holland & Hart, LLP-Denver
P.O. Box 8749
555 17th Street, #3200
Denver, CO 80201-8749
***Counsel for Colorado River Water Conservation District***

{00262552.DOC / 1}

Mark A. Hermundstad, Esq.
Kirsten M. Kurath, Esq.
Williams Turner & Holmes, P.C.
200 North 6th Street, PO Box 338
Grand Junction, CO 81502
*Counsel for Grand Valley Water Users Association*
*Counsel for Orchard Mesa Irrigation District*
*Counsel for Ute Water Conservancy District*

Peter C. Fleming, Esq.
Jason V. Turner, Esq.
PO Box 1120
Glenwood Springs, CO 81602
*Counsel for Colorado River Water Conservation District*

Frederick G. Aldrich, Esq.
Aldrich Frederick, LLC
601A 28 ¼ Road
Grand Junction, CO 81506
*Counsel for Grand Valley Irrigation Company*

Stanley W. Cazier, Esq.
John D. Walker, Esq.
Cazier McGowan & Walker
PO Box 500
Granby, CO 80446
*Counsel for Middle Park Water Conservancy District*

Nathan A. Keever, Esq.
Dufford Waldeck Milburn & Krohn, LLP
744 Horizon Court, Suite 300
Grand Junction, CO 81506
*Counsel for Palisade Irrigation District*

Benett W. Raley, Esq.
Robert V. Trout, Esq.
Lisa M. Thompson, Esq.
Trout, Raley, Montano, Witwer & Freeman, P.C.
1120 Lincoln Street, Suite 1600
Denver, CO 80202
*Counsel for Northern Colorado Water Conservancy District*

/s/ Michele Bradbury

{00262552.DOC / 1}