IN UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

Civil Action No.: 49-cv-02782-MSK-CBS
Consolidated Civil Case Nos. 2782, 5016 and 5017 and

DISTRICT COURT, WATER DIVISION NO. 5 STATE OF COLORADO
Case No. 2006CW255

## STIPULATION RE: WRITTEN DISCOVERY

CONCERNING THE APPLICATION FOR WATER RIGHTS OF THE CITY AND COUNTY OF DENVER, ACTING BY AND THROUGH ITS BOARD OF WATER COMMISSIONERS, IN SUMMIT COUNTY, COLORADO

Applicant, the City and County of Denver, acting by and through its Board of Water Commissioners ("Denver") and Objector, Climax Molybdenum Company ("Climax"), through their undersigned counsel, hereby enter into the following stipulation regarding written discovery:

1. Pursuant to the Court's February 19, 2010 Minute Order (Doc. 311), the Court ordered that written discovery is required to be served on or before March 15, 2010. The Court, however, stayed all discovery relating to Climax's Cross-claims and Counterclaims alleged in Climax's January 6, 2010 Amended Statement of Opposition (Doc. 297) (hereinafter referred to as "Climax's Cross-claims and Counterclaims") until May 19, 2010.

2. On March 15, 2010, Denver served Climax its Second Set of Requests for Admissions, Interrogatories, and Requests for Production ("Second Set of Discovery"). In its Second Set of Discovery, Denver propounded interrogatories (Nos. 2, 5, 6, 7, 8, 14, 15, 16, 17, 18), requests for admission (Nos. 1, 2, 3, 4, 18, 19), and request for production (Nos. 5, 6, 8, 9, 10, 11) that seeks information related to Climax's allegations of injury and water availability but

**EXHIBIT 4**

Consolidated Civil Nos. 2782, 5016 and 5017
Stipulation Re: Written Discovery

also seeks information relating to Climax's Cross-claims and Counterclaims (hereinafter referred to as the "Pertinent Discovery"). Climax has objected to the timeliness of the discovery, arguing that based on the Court's February 19, 2010 Minute Order (Doc. 311), the discovery related to Climax's Cross-claims and Counterclaims has been stayed until May 19, 2010.

3. Although Denver concedes that the Pertinent Discovery may be relevant to issues raised in Climax's Cross-claims and Counterclaims, the Pertinent Discovery is also relevant to Denver's claims for finding of reasonable diligence and to make absolute. Specifically, Climax concedes that Denver's written discovery is relevant to Climax's claim of injury raised in response to Denver's claim to make absolute, and issues raised in Climax's Fed.R.Civ.P. 26(a)(2) disclosure regarding water availability for the remaining conditional portion of the Roberts Tunnel direct flow right.

4. In the interest of resolving Climax's objections, Denver hereby agrees to extend the deadline for Climax to answer Denver's Pertinent Discovery until thirty (30) days after the Court determines any and all motions under Fed.R.Civ.P. 12 addressing whether Climax may assert its Cross-claims and Counterclaims.

5. By entering into this stipulation, neither party waives any claims or defenses it may have in this action. Denver does not concede the timeliness of Climax's Cross-claims or Counterclaims, nor does Denver waive any defenses to Climax's Cross-claims or Counterclaims, including but not limited to the justiciability of such claims.

Respectfully entered this _____ day of May, 2010.

2

Consolidated Civil Nos. 2782, 5016 and 5017
Stipulation Re: Written Discovery

**PATRICIA L. WELLS, GENERAL COUNSEL**
**CASEY S. FUNK, ESQ.**
**DANIEL J. ARNOLD, ESQ.**

*[signature]*

Applicant City & County of Denver acting by and through
its Board of Water Commissioners
1600 W 12th Avenue
Denver, CO 80204-3412

**KAMLET REICHERT, LLP**

*[signature]*

Stephen D. Gurr, Esq.
1515 Arapahoe Street, Tower 1, Suite 1600 Denver, CO 80202
*Counsel for Applicant City & County of Denver, acting by and through its Board of Water Commissioners*

**RYLEY CARLOCK & APPLEWHITE**

*[signature]*

Brian M. Nazarenus, Esq.
Robert J. Pohlman, Esq.
Roger T. Williams, Esq.
1999 Broadway, Suite 1800
Denver, CO 80202
*Counsel for Climax Molybdenum Company*

3