IN UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

Civil Action No.: 49-cv-02782-MSK-CBS
Consolidated Civil Case Nos. 2782, 5016 and 5017 and

DISTRICT COURT, WATER DIVISION NO. 5 STATE OF COLORADO
Case No. 2006CW255
_____

**JOINT UNOPPOSED MOTION TO ADMINISTRATIVELY CLOSE THIS ACTION
PURSUANT TO D.C.COLO.LCivR 41.2**
_____

CONCERNING THE APPLICATION FOR WATER RIGHTS OF THE CITY AND COUNTY OF DENVER, ACTING BY AND THROUGH ITS BOARD OF WATER COMMISSIONERS, IN SUMMIT COUNTY, COLORADO
_____

The parties jointly move the Court to administratively close this action subject to reopening for good cause pursuant to D.C.COLO.LCivR 41.2 and pursuant to the Court's July 8, 2010 Minute Order (Dkt. 334), which directed:

> The court suggests that the parties file a signed agreement, and then file a joint motion to administratively close this case pending discussions with the state, subject to be reopened for good cause.

In support hereof, the parties assert:

1.  Pursuant to D.C.COLO.LCivR 41.2, a "district judge or a magistrate judge exercising consent jurisdiction may direct the clerk to close a civil action administratively subject to reopening for good cause." The Tenth Circuit has construed administrative closure as the practical equivalent of a stay. *U.S. ex rel. LVI Environmental Services, Inc. v. Hunt Building Co., Ltd.*, 2009 WL 4730488, *1 (D. Colo. 2009) (citing *Quinn v. CGR,* 828 F.2d 1463, 1465 and n. 2 (10th Cir.1987)). Administrative closure of a case does not constitute a final judgment and a case may be reopened for good cause. D.C.COLO.LCivR 41.2; *Crystal Clear Communications, Inc.*

Joint Motion to Administratively Close<br>Consolidated Civil Nos. 2782, 5016 and 5017

*v. Southwestern Bell Tel. Co.*, 415 F.3d 1171, 1176 (10th Cir. 2005) (citing *Corion Corp. v. Chen,* 964 F.2d 55, 56-57 (1st Cir. 1992) (holding that a district court's order that a proceeding be administratively closed pending arbitration was not equivalent to a final judgment of dismissal)). Good cause for reopening the case may constitute any further court proceedings the parties deem necessary after the arbitration proceedings are concluded. *U.S. ex rel. LVI Environmental Services, Inc. v. Hunt Building Co., Ltd.*, 2009 WL 4730488, *1 (D. Colo. 2009).

    2. The parties' Joint Motion for Leave to File Documents Under Seal, which seeks leave to file the proposed Settlement Agreement under seal, is filed contemporaneously with this motion. If accepted by the court, the proposed Settlement Agreement will be filed promptly thereafter. The Settlement Agreement is forty nine pages long (excluding numerous attachments) and contains seven substantive sections, each dealing with a discrete set of issues between the parties thereto, and a separate definitions section. Each substantive section contains detailed provisions relating to the settlement of the issues raised in the section. Not all of the parties to this litigation are parties to the Settlement Agreement (but all parties to this litigation join in this motion), nor are all of the parties to the Settlement Agreement parties to this litigation.

    3. The representatives of the parties who have negotiated the Settlement Agreement have agreed in principle to the proposed Settlement Agreement resolving the disputed issues in the application in this action subject to the following caveats:

        (a) The Settlement Agreement must still be formally approved by all of its parties. Most of these parties are governmental entities, whose approval will require formal public processes that will take additional time.

        (b) Approval of the Settlement Agreement will depend upon the actions and

cooperation of third parties not involved this litigation or the Settlement Agreement. Implementation of the Settlement Agreement will also involve participation by third parties.

(c) The proposed settlement of this litigation depends upon a resolution of the administration of Green Mountain Reservoir and Climax's C.A. 1710 water rights. The parties, including Climax Molybdenum Company ("Climax"), have through a separate mediation process reached conceptual agreement on these issues but the resolution will require the approval of the state water court. The parties also hope to obtain the approval of the of the Colorado State Engineer prior to adjudicating the resolution of the Green Mountain Reservoir and Climax C.A. 1710 issues in the state water court. These issues will be resolved through a document separate from the Settlement Agreement, but its terms would be adopted by and incorporated into the Settlement Agreement. The Joint Motion for Leave to File Documents Under Seal, filed contemporaneously with this motion, also seeks leave to file under seal the report of the Green Mountain Reservoir/Climax C.A. 1710 mediator.

(d) Approval depends upon the order in which various provisions of the proposed Settlement Agreement can be implemented. This aspect of the proposed Settlement Agreement will be addressed during the approval phase of the settlement.

(e) The attorney for several of the parties to the Settlement Agreement who are not parties to this litigation, Glenn Porzak, is recovering from serious injuries and will be unavailable for several more weeks. His clients have requested that he be allowed to review the final draft of the document before they indicate their support of the Settlement

{00269855.DOC / 1}　　　　　　　　　　　3

Agreement.

4. Climax is a party to this case, but is not a party to the Settlement Agreement or the mediation related thereto. However, Climax has fully participated in the mediation concerning the resolution of the administration of Green Mountain Reservoir and Climax's C.A. 1710 water rights, Climax will be a party to the separate agreement that will be entered to implement this resolution, and has an interest in seeing that the resolution of these matters is approved by the state engineer and the state water court. Additionally, if Climax is unable to obtain a final resolution of its C.A. 1710 water right claims in state court, Climax may need to resolve its counterclaims and cross claim filed in this action.

5. The parties agree that Magistrate Judge Shaffer should continue to monitor the progress of the activities described above and that they will submit periodic status reports upon his request.

WHEREFORE, the parties respectfully request the court to administratively close this case subject to reopening for good cause. The parties intend to reopen the case to (1) submit a final approved settlement document and proposed decree; (2) recommence litigation for failure of any party to formally approve the Settlement Agreement or the resolution of the administration of Green Mountain Reservoir and Climax's C.A. 1710 water rights; (3) recommence litigation of Climax's counterclaims and cross claim if Climax cannot get final resolution of its CA 1710 water right claims in state court; or (4) recommence litigation if actions of or failure to act by third parties make it impossible to implement to provisions of the Settlement Agreement. Magistrate Judge Shaffer should continue to monitor the progress of the settlement and that the parties shall submit periodic status reports upon his request.

{00269855.DOC / 1}    4

Joint Motion to Administratively Close
Consolidated Civil Nos. 2782, 5016 and 5017

Respectfully filed this 24th day of September, 2010.

**Applicant City & County of Denver acting by and through its Board of Water Commissioners**

/s/ Casey S. Funk
Patricia L. Wells, General Counsel
Casey S. Funk, Esq.
Daniel J. Arnold, Esq.
1600 W 12th Avenue
Denver, CO 80204-3412

**KAMLET & REICHERT, LLP**

/s/ Stephen D. Gurr
Stephen D. Gurr, Esq.
950 17th Street, Suite 2400, Denver, CO 80202

*Counsel for Applicant City & County of Denver, acting by and through its Board of Water Commissioners*

Joint Motion to Administratively Close<br>
Consolidated Civil Nos. 2782, 5016 and 5017

Brian M. Nazarenus, Esq.
Robert J. Pohlman, Esq.
Roger T. Williams, Esq.


/s/ Brian M. Nazarenus
**RYLEY CARLOCK & APPLEWHITE**
1999 Broadway, Suite 1800
Denver, CO 80202


Robert J. Pohlman, Esq.


*/s/ Robert J. Pohlman*
**HOLME ROBERTS & OWEN, LLP**
16427 N. Scottsdale Road, Suite 300
Scottsdale, Arizona  85254


*Counsel for Climax Molybdenum Company*

Joint Motion to Administratively Close
Consolidated Civil Nos. 2782, 5016 and 5017

Douglas L. Abbott, Esq.
Christopher L. Thorne, Esq.

*/s/ Christopher L. Thorne*
**Holland & Hart, LLP**
P.O. Box 8749
555 17th Street #3200
Denver, CO 80201-8749
*Counsel for Colorado River Water Conservation District*

Peter C. Fleming, Esq.
Jason V. Turner, Esq.

*/s/ Jason V. Turner*
P. O. Box 1120
Glenwood Springs, CO 81602
*Counsel for Colorado River Water Conservation District*

Joint Motion to Administratively Close<br>
Consolidated Civil Nos. 2782, 5016 and 5017

Mark A. Hermundstad, Esq.
Kirsten M. Kurath, Esq.


*/s/ Mark A. Hermundstad*
**Williams Turner & Holmes, P.C.**
200 North 6th Street
P. O. Box 338
Grand Junction, CO 81502
*Counsel for Grand Valley Water Users Association Counsel for Orchard Mesa Irrigation District Counsel for Ute Water Conservancy District*

Joint Motion to Administratively Close
Consolidated Civil Nos. 2782, 5016 and 5017

Frederick G. Aldrich, Esq.

*/s/ Frederick G. Aldrich*
**Frederick Aldrich, LLC**
601A 28 1/4 Road
Grand Junction, CO 81506
*Counsel Grand Valley Irrigation Company*

{00269855.DOC / 1}   9

Joint Motion to Administratively Close<br>
Consolidated Civil Nos. 2782, 5016 and 5017

    Stanley W. Cazier, Esq.
    John D. Walker, Esq.

    */s/ Stanley W. Cazier*
    **Cazier McGowan & Walker**
    P. O. Box 500
    Granby, CO 80446
    *Counsel for Middle Park Water Conservancy District*

Joint Motion to Administratively Close<br>
Consolidated Civil Nos. 2782, 5016 and 5017

TROUT, RALEY, MONTAÑO,
WITWER & FREEMAN, PC


*/s/ Bennett W. Raley*

_____
Bennett W. Raley, #13429
Robert V. Trout, #7190
Lisa M. Thompson, #35923
1120 Lincoln St., Suite 1600
Denver, Colroado 80203
Telephone:  303-861-1963
Facsimile:   303-832-4465

Attorneys for Northern Colorado
Water Conservancy District

Case No. 1:49-cv-02782-MSK-CBS    Document 338    filed 09/24/10    USDC Colorado
pg 11 of 14

Joint Motion to Administratively Close
Consolidated Civil Nos. 2782, 5016 and 5017

Nathan A. Keever, Esq.


*/s/ Nathan A. Keever*
**Dufford Waldeck Milburn & Krohn, LLP**
744 Horizon Court, Suite 300
Grand Junction, CO 81506
*Counsel for Palisade Irrigation District*

Joint Motion to Administratively Close
Consolidated Civil Nos. 2782, 5016 and 5017

# CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of September, 2010, a true and correct copy of the foregoing **JOINT MOTION TO ADMINISTRATIVELY CLOSE** was served upon the following counsel:

Brian M. Nazarenus, Esq.
Robert J. Pohlman, Esq.
Roger T. Williams, Esq.
RYLEY CARLOCK & APPLEWHITE
1999 Broadway, Suite 1800
Denver, CO   80202
***Counsel for Climax Molybdenum Company***

Douglas L. Abbott, Esq.
Christopher L. Thorne, Esq.
Holland & Hart, LLP-Denver
P.O. Box 8749
555 17th Street , #3200
Denver, CO 80201-8749
***Counsel for Colorado River Water Conservation District***

Mark A. Hermundstad, Esq.
Kirsten M. Kurath, Esq.
Williams Turner & Holmes, P.C.
200 North 6th Street
PO Box 338
Grand Junction, CO 81502
***Counsel for Grand Valley Water Users Association***
***Counsel for Orchard Mesa Irrigation District***
***Counsel for Ute Water Conservancy District***

Peter C. Fleming, Esq.
Jason V. Turner, Esq.
PO Box 1120
Glenwood Springs, CO 81602
***Counsel for Colorado River Water Conservation District***

Frederick G. Aldrich, Esq.
Aldrich Frederick, LLC
601A 28 ¼ Road
Grand Junction, CO 81506
***Counsel for Grand Valley Irrigation Company***

{00269855.DOC / 1}    13

Joint Motion to Administratively Close
Consolidated Civil Nos. 2782, 5016 and 5017

Stanley W. Cazier, Esq.
John D. Walker, Esq.
Cazier McGowan & Walker
PO Box 500
Granby, CO 80446
*Counsel for Middle Park Water Conservancy District*

Nathan A. Keever, Esq.
Dufford Waldeck Milburn & Krohn, LLP
744 Horizon Court, Suite 300
Grand Junction, CO 81506
*Counsel for Palisade Irrigation District*

Bennett W. Raley, Esq.
Robert V. Trout, Esq.
Lisa M. Thompson, Esq.
Trout, Raley, Montano, Witwer & Freeman, P.C.
1120 Lincoln Street, Suite 1600
Denver, CO 80202
*Counsel for Northern Colorado Water Conservancy District*

James J. DuBois, Esq.
U.S. Department of Justice
james.dubois@usdoj.gov
*Counsel for the United States of America*

*s/Michele Bradbury*

00269855.DOC