IN UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

Civil Action No.: 49-cv-0287-MSK-CBS

Consolidated Civil Case Nos. 2782, 5016 and 5017

And

DISTRICT COURT, WATER DIVISION NO. 5 STATE OF COLORADO

Case No. 2006CW255

**UNOPPOSED MOTION TO (1) REOPEN AND (2) FOR LEAVE TO FILE SECOND AMENDED APPLICATION**

CONCERNING THE APPLICATION FOR WATER RIGHTS OF THE CITY AND COUNTY OF DENVER, ACTING BY AND THROUGH ITS BOARD OF WATER COMMISSIONERS IN SUMMIT COUNTY

Applicant, City and County of Denver acting by and through its Board of Water Commissioners ("Denver Water"), by and through its attorneys, pursuant to Rule 4 of the Uniform Local Rules for All State Water Court Divisions and Colo. R. Civ. P. 15(a), hereby moves the Court for an Order allowing Denver Water to file a second amended application amending the application originally filed in Case No. 2006CW255 as amended on May 29, 2009, and to reopen the above captioned matter. As grounds for this motion, Applicant states as follows:

### CERTIFICATE OF CONFERRAL

Pursuant to Colo. R. C. P. 121, § 1-15(8) and D.C. Colo. L. Civ. R. Rule 7.1.A, undersigned counsel certifies that he has conferred with all parties of record in Case No. 2006CW255 regarding this motion and the proposed second amendment to the application. The following parties do not oppose this motion: The Colorado River Water Conservation

District; Grand Valley Water Users Association; Palisade Irrigation District; Ute Water Conservancy District; Orchard Mesa Irrigation District; Grand Valley Irrigation Company; Middle Park Water Conservancy District; Northern Colorado Water Conservancy District and Climax Molybdenum Company.

## STANDARD OF REVIEW

The Uniform Rules for all State Water Court Division (U.L.R.) provides that "[f]or purposes of the application of C.R.C.P. 14, the application shall be considered to be a complaint, and a statement of opposition shall be considered to be a responsive pleading." Under Colo. R. Civ. P. Rule 15(a), a party may amend its pleading once as a matter of course at any time before a responsive pleading is filed. U.L.R. 15(a). Otherwise, a party may amend its pleading only by leave of court or by written consent of the adverse party, and such leave shall be freely given when justice so requires. *Id.* Rule 15 of Fed. R. Civ. P. also provides that ". . . a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The rule prescribes a liberal policy of amendment and encourages the courts to look favorably on requests to amend. *Polk v. Denver Dist. Court*, 849 P.2d 23, 25 (Colo. 1993). *See also Arkansas-Platte & Gulf Partnership v. Dow Chemical Co.*, 886 F. Supp. 762, 765 (D. Colo. 1995) (referring to Fed. R. Civ. P. 15 in stating Rule should be liberally construed and freely given based on balancing of factors). In considering a motion to amend, the court must assess the motion in view of the totality of the circumstances, balancing the policy favoring amendments of pleadings against any burdens which granting

2

the amendment may impose on the other parties. *Polk,* 849 P.2d at 26; *Arkansas-Platte & Gulf Partnership,* 886 F. Supp. at 765 (stating that leave to amend should be freely given based on the balancing of factors, including futility, delay, bad faith, dilatory motive, repeated failure to cure deficiencies, and prejudice to the opposing party).

## PROCEDURAL BACKGROUND

1. On or about December 26, 2006, Denver Water filed an application for a finding of diligence and claim to make absolute its conditional water rights for the Blue River Diversion Project (the "Application") decreed in C.A. 1805 and 1806, Summit County District Court and Consolidated Civil Nos. 2782, 5016 and 5017, United States District Court, District of Colorado pursuant to C.R.S. § 37-92-301(4); by order of the United States District Court dated December 14, 2000; and pursuant to the United States District Court's Order dated August 4, 1977. (Docket No. 146)

2. The Colorado River Water Conservation District; Town of Frisco; Grand Valley Water Users Association; Palisade Irrigation District; Ute Water Conservancy District; Orchard Mesa Irrigation District; Grand Valley Irrigation Company; Middle Park Water Conservancy District; and Climax Molybdenum Company filed timely statements of opposition to the application. (Docket Nos. 149-157.) Northern Colorado Water Conservancy District was allowed to file a late statement of opposition by order dated February 22, 2010. (Docket 309-310, 314.) The Town of Frisco subsequently withdrew its statement of opposition. (Docket 183.)

Case No. 1:49-cv-02782-MSK-CBS   Document 351   filed 10/31/13   USDC Colorado
pg 4 of 10

Motion for Leave to File Second Amended Application and to Reopen Matter
Consolidated Civil Nos. 2782, 5016 and 5017
Case No. 2006CW255

3. A scheduling conference was held in the above captioned matter on May 15, 2008, and a scheduling order was entered on May 20, 2008. (Docket No. 208, 209-210.) The scheduling order was subsequently amended by court order on October 15, 2008, November 24, 2008, and December 11, 2008. (Docket 231, 250, 262.)

4. With the approval of this Court, Denver Water filed an Amended Application on May 29, 2009, setting forth Denver Water's defenses to claims raised by the Opposers and adding or correcting some activities claimed for diligence. (Docket No. 283.)

5. In February 2009, the parties began intensive settlement negotiation. The Court subsequently entered an order staying the matter on June 12, 2009. (Docket No. 286.)

6. A special master was appointed on February 19, 2010, and following a stay of the proceedings, the court administratively closed the above captioned matter on September 24, 2010. (Docket No. 340.) In granting the parties' motion to administratively close the above captioned matter, the Court directed the court to "close this case, subject to any party moving to reopen the matter upon a showing of good cause." (Docket No. 340)

**GROUNDS TO REOPEN THIS MATTER AND FOR LEAVE TO FILE SECOND AMENDED APPLICATION**

7. On or about September 23, 2010, the parties agreed to a comprehensive interlocutory settlement agreement subsequently named the Colorado River Cooperative Agreement ("CRCA"). Based upon a joint motion to administratively close the case until conditions of the settlement agreement was implemented, the Federal District Court entered an order closing the case subject to any party moving to reopen the matter upon a showing of good cause.

Case No. 1:49-cv-02782-MSK-CBS    Document 351    filed 10/31/13    USDC Colorado
pg 5 of 10

Motion for Leave to File Second Amended Application and to Reopen Matter
Consolidated Civil Nos. 2782, 5016 and 5017
Case No. 2006CW255

8. The CRCA was fully executed on September 19, 2013 and became effective on September 26, 2013. Under the CRCA, Denver Water is required to implement the CRCA by filing a second amended application and providing resume notice of the application. Because the filing of the amended application and resume notice is necessary to implement the CRCA settlement agreement, good cause exists to reopen this matter.

9. Good cause also exists for granting Denver Water leave to file the second amended application. The purpose of the second amendment to the application is to provide notice that as part of the settlement of contested claims in this action, Denver Water seeks judicial confirmation that water diverted and stored under C.A. 1805 and 1806 and Consolidated Civil Nos. 2782, 5016 and 5017 and made available to water users in Summit County under the West Slope Agreements to mitigate impacts due to the Applicant's exercise of these water rights is fully consumable water from the Blue River and its tributaries that may be beneficially used for municipal, domestic, irrigation, industrial, recreation, piscatorial, snowmaking, wastewater treatment, augmentation, and exchange uses, including reuse and successive use to extinction in Summit County; provided that prior to the reuse or successive use of such water, the plan for such reuse and/or successive use shall be incorporated into an approved water court decree or substitute supply plan. Denver Water seeks a determination that such uses are lawful municipal uses of water under, and effectuates the objectives of, the Blue River Stipulation and Decree.

10. Denver Water provides water stored under the Blue River Diversion Project water rights to users on the West Slope under the following agreements (collectively, "West

5

Slope Agreements"), and implementing agreements, which have been incorporated into subsequent decrees. Under an Agreement between Summit County Board of Commissioners and Denver Water, dated September 19, 1985, Denver Water provides 400 acre feet per year of water from Dillon Reservoir and allows up to 3,100 acre feet of depletions to be exchanged through Dillon Reservoir. Under the Clinton Reservoir - Fraser River Water Agreement, dated July 21, 1992. Denver Water provides 351 acre feet per year of Future Dillon water from Dillon Reservoir; bypasses annually from its Fraser River Diversion Project 920 acre feet of water converted from 1985 Summit County Agreement water; operates its Blue River Diversion Project water rights to allow Clinton Reservoir to store up to 3,650 acre feet per year; and augments by exchange from Williams Fork Reservoir snowmaking diversions up to 6,000 acre feet. In the CRCA, Denver Water has agreed to provide an additional 1,743 acre feet/year of water from the Blue River Diversion Project and its tributaries to users in Summit County; and has also agreed to operate its Blue River Diversion Project water rights to allow Clinton Reservoir to store up to 1,301 acre-feet per year of additional water associated with the dead storage pool and a spillway enlargement. Under the proposed Green Mountain Reservoir Administrative Protocol, Denver Water will also allow an additional 80 acre feet of annual depletions to occur above Dillon Reservoir by beneficiaries of Senate Document 80 that are not covered under the 1985 Summit county agreement or 1992 Clinton Reservoir – Fraser River Water Agreement. The West Slope Agreements include agreements between the Applicant and individual water users that implement the foregoing expressly identified agreements.

Case No. 1:49-cv-02782-MSK-CBS   Document 351   filed 10/31/13   USDC Colorado
pg 7 of 10

Motion for Leave to File Second Amended Application and to Reopen Matter
Consolidated Civil Nos. 2782, 5016 and 5017
Case No. 2006CW255

11. The filing of the second amended application is also necessary because, under the CRCA, Denver Water has agreed to seek judicial approval that water derived from Colorado River return flows, which are legally available to be reused, may be provided to users outside of the Denver Water's existing service area including Adams, Arapahoe, Jefferson, Broomfield and Douglas Counties in accordance with the limitations of the CRCA. Such use is lawful and consistent with the provisions of the Blue River Stipulation and Decree and is not contrary to the objectives of the Blue River Stipulation and Decree.

12. Finally, as provided by the CRCA, Opposers have agreed to the terms of the version of the proposed decree attached to the second amendment to the application labeled Attachment N. Because Attachment N contains modifications not included in Denver Water's first amended application filed in this matter, Denver Water requests leave to file this second amended application so as to provide resume notice and publication of the amended application.

13. Because all Opposers to this matter consent to the relief requested herein, the filing of the second amended application does not cause prejudice to any party to this matter. As such, the balance of factors to be weighed by the Court in allowing the filing of a second amended application weighs in favor of amendment.

WHEREFORE, for the reasons stated above, Denver Water respectfully requests that the Court enter an order allowing the second amendment of the application in this matter and accept the attached Second Amendment for filing and publication in a newspaper of general circulation in Summit, Garfield and Mesa Counties and posting and mailing the Water

Resume and in for Water Division No. 5 to any person the water referee believes would be affected pursuant to C.R.S. §37-92-302(3).

Respectfully submitted this 31st day of October, 2013.

        Patricia L. Wells, General Counsel
        Casey S. Funk, No. 11638
        Daniel J. Arnold, No. 35458

By: _S/Casey S. Funk_
Attorneys for Applicant, City and County of Denver, acting by and through its Board of Water Commissioners
1600 W. 12th Avenue
Denver CO 80204
Telephone: (303) 628-6460
Casey.Funk@denverwater.org

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of October 2013, a true and correct copy of **UNOPPOSED MOTION TO (1) REOPEN AND (2) FOR LEAVE TO FILE SECOND AMENDED APPLICATION** was filed and served via ECF and ICCES E-FILING to the following:

| Party Name | Party Type | Attorney Name |
|---|---|---|
| Climax Molybdenum Company | Opposer | Brian Nazarenus, Olivia Lucas, Robert Pohlman, Roger Williams |
| Colorado River Water Conservation Dist. | Opposer | Jason Turner, Peter Fleming, Arthur Ferguson, Leah Martinsson, Christopher Thorne, Meghan Winokur |
| Division 5 Engineer | Division Engineer | Division 5 Water Engineer |
| Frisco, Town Of | Opposer | James Montgomery |
| Grand Valley Irrigation | Opposer | Frederick Aldrich |
| Grand Valley Water Users Association | Opposer | Mark Hermundstad, Kirsten Kurath |
| Middle Park Conservancy District | Opposer | Stanley Cazier, John Walker |
| Northern Colorado Water Conservancy Dist | Opposer | Bennett Raley, Lisa Thompson |
| Orchard Mesa Irrigation District | Opposer | Mark Hermundstad, Kirsten |

9

Motion for Leave to File Second Amended Application and to Reopen Matter
Consolidated Civil Nos. 2782, 5016 and 5017
Case No. 2006CW255

| Party Name | Party Type | Attorney Name |
|---|---|---|
|  |  | Kurath |
| Palisade Irrigation District | Opposer | Nathan Keever |
| State Engineer | State Engineer | Colorado Division Of Water Resources |
| Ute Water Conservancy District | Opposer | Mark Hermundstad, Kirsten Kurath |

E-filed per Rule 121; a duly signed original is on file in the Legal Division of Denver Water.

_s/Tracy Gomez_

10