IN UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

Civil Action No.: 49-cv-0287-MSK-CBS

Consolidated Civil Case Nos. 2782, 5016 and 5017

And

DISTRICT COURT, WATER DIVISION NO. 5 STATE OF COLORADO

Case No. 2006CW255

**SECOND AMENDED APPLICATION FOR FINDING OF REASONABLE DILIGENCE AND TO MAKE ABSOLUTE A CONDITIONAL WATER RIGHT**

CONCERNING THE APPLICATION FOR WATER RIGHTS OF THE CITY AND COUNTY OF DENVER, ACTING BY AND THROUGH ITS BOARD OF WATER COMMISSIONERS IN SUMMIT COUNTY

THIS SECOND AMENDED APPLICATION is filed pursuant to pursuant to Rule 4 of the Uniform Local Rules for All State Water Court Divisions and C.R.C.P. 15(a); and pursuant to the United States District court's Order dated August 4, 1977.

1. On December 26, 2006, the Applicant filed an application for reasonable diligence and to make absolute 654 cfs of the conditional water rights for the Blue River Diversion Project decreed in C.A. 1805 and 1806 Summit County District Court and in Consolidated Civil Nos. 2782, 5016 and 5017, United States District Court, District of Colorado.

2. On May 29, 2009, the Applicant filed an Amended Application with the approval of the United States District Court setting forth the Applicant's defenses to claims raised by the Opposers and adding or correcting some activities claimed for diligence. Since

the relief sought by the Applicant did not change, this amendment was not republished.

3. The purpose of this second amendment is to provide notice that as part of the settlement of contested claims in this action, the Applicant seeks judicial confirmation that water diverted and stored under C.A. 1805 and 1806 and Consolidated Civil Nos. 2782, 5016 and 5017 and made available to water users in Summit County under the West Slope Agreements, as described below, to mitigate impacts due to the Applicant's exercise of these water rights is fully consumable water from the Blue River and its tributaries that may be beneficially used for municipal, domestic, irrigation, industrial, recreation, piscatorial, snowmaking, wastewater treatment, augmentation, and exchange uses, including reuse and successive use to extinction in Summit County; provided that prior to the reuse or successive use of such water, the plan for such reuse and/or successive use shall be incorporated into an approved water court decree or substitute supply plan. The Applicant seeks a determination that such uses are lawful municipal uses of water under, and effectuates the objectives of, the Blue River Stipulation and Decree in Consolidated Civil Nos 2782, 5016 and 5017, United States District Court, District of Colorado.

4. Denver Water provides water stored under the Blue River Diversion Project water rights to users on the West Slope under the following agreements (collectively, "West Slope Agreements"), and implementing agreements, which have been incorporated into subsequent decrees. Under an Agreement between Summit County Board of Commissioners and Denver Water, dated September 19, 1985, Denver Water

2

Second Amended Application
Consolidated Civil Nos. 2782, 5016 and 5017
Case No. 2006CW255

provides 400 acre feet per year of water from Dillon Reservoir and allows up to 3,100 acre feet of depletions to be exchanged through Dillon Reservoir. Under the Clinton Reservoir - Fraser River Water Agreement, dated July 21, 1992. Denver Water provides 351 acre feet per year of Future Dillon water from Dillon Reservoir; bypasses annually from its Fraser River Diversion Project 920 acre feet of water converted from 1985 Summit County Agreement water; operates its Blue River Diversion Project water rights to allow Clinton Reservoir to store up to 3,650 acre feet per year; and augments by exchange from Williams Fork Reservoir snowmaking diversions up to 6,000 acre feet. By a comprehensive settlement agreement known as the Colorado River Cooperative Agreement ("CRCA") , Denver Water has agreed to provide an additional 1,743 acre feet/year of water from the Blue River Diversion Project and its tributaries to users in Summit County; and has also agreed to operate its Blue River Diversion Project water rights to allow Clinton Reservoir to store up to 1,301 acre-feet per year of additional water associated with the dead storage pool and a spillway enlargement. Under the proposed Green Mountain Reservoir Administrative Protocol, Denver Water will also allow an additional 80 acre feet of annual depletions to occur above Dillon Reservoir by beneficiaries of Senate Document 80 that are not covered under the 1985 Summit county agreement or 1992 Clinton Reservoir – Fraser River Water Agreement. The West Slope Agreements include agreements between the Applicant and individual water users that implement the foregoing expressly identified agreements.

3

5. Further, the Applicant seeks judicial approval that water derived from Colorado River return flows, which are legally available to be reused, may be provided to users outside of the Applicant's existing service area including, Adams, Arapahoe, Jefferson, Broomfield and Douglas Counties in accordance with the limitations of the CRCA. Such use is lawful and consistent with the provisions of the Blue River Stipulation and Decree and is not contrary to the objectives of the Blue River Stipulation and Decree.

6. There are no other changes to the amended application filed on or about May 29, 2009.

7. Denver Water seeks judicial approval of the proposed Roberts Tunnel decree attached as Exhibit N to the CRCA and attached to this amendment.

WHEREFORE, it is requested that the Court enter a finding and decree of Reasonable Diligence and to make absolute for the Blue River Diversion project in the form and substance of Exhibit N to the CRCA and continuing the remaining conditional decree in full force and effect.

Respectfully submitted this 31st day of October 2013.

PATRICIA L. WELLS, GENERAL COUNSEL
**CASEY S. FUNK, No. 11638***
DANIEL J. ARNOLD, No. 35458

By: *S/Casey S. Funk*
    Attorneys for Applicant, the City and County of
    Denver, acting by and through its Board of
    Water Commissioners
    1600 West 12th Ave.
    Denver, CO 80204-3412
    Phone Number: (303)628-6460
    Casey.Funk@denverwater.org

Second Amended Application<br>
Consolidated Civil Nos. 2782, 5016 and 5017<br>
Case No. 2006CW255

# VERIFICATION

| | |
|---|---|
| STATE OF COLORADO | )<br>) ss.<br>) |
| CITY AND COUNTY OF DENVER | ) |

I, William G. Bates being first duly sworn, state under oath that I have read this Second Amended Application and verify its content.

_____
Signature

The above and foregoing was subscribed and sworn to before me this 31st day of October, 2013.

Witness my hand and official seal.

My commission expires: October 11, 2016

TRACY MARIE GOMEZ
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20124063051
MY COMMISSION EXPIRES OCTOBER 11, 2016

_____
Notary Public

5

Second Amended Application
Consolidated Civil Nos. 2782, 5016 and 5017
Case No. 2006CW255

# CERTIFICATE OF SERVICE

I hereby certify that on this __31st__ day of October 2013, a true and correct copy of **SECOND AMENDED APPLICATION FOR FINDING OF REASONABLE DILIGENCE AND TO MAKE ABSOLUTE A CONDITIONAL WATER RIGHT** was filed and served via ECF and ICCES E-FILING to the following:

| Party Name | Party Type | Attorney Name |
|---|---|---|
| Climax Molybdenum Company | Opposer | Brian Nazarenus, Olivia Lucas, Robert Pohlman, Roger Williams |
| Colorado River Water Conservation Dist. | Opposer | Jason Turner, Peter Fleming, Arthur Ferguson, Leah Martinsson, Christopher Thorne, Meghan Winokur |
| Division 5 Engineer | Division Engineer | Division 5 Water Engineer |
| Frisco, Town Of | Opposer | James Montgomery |
| Grand Valley Irrigation | Opposer | Frederick Aldrich |
| Grand Valley Water Users Association | Opposer | Mark Hermundstad, Kirsten Kurath |
| Middle Park Conservancy District | Opposer | Stanley Cazier, John Walker |
| Northern Colorado Water Conservancy Dist | Opposer | Bennett Raley, Lisa Thompson |
| Orchard Mesa Irrigation District | Opposer | Mark Hermundstad, Kirsten |

6

Second Amended Application
Consolidated Civil Nos. 2782, 5016 and 5017
Case No. 2006CW255

| Party Name | Party Type | Attorney Name |
|---|---|---|
|  |  | Kurath |
| Palisade Irrigation District | Opposer | Nathan Keever |
| State Engineer | State Engineer | Colorado Division Of Water Resources |
| Ute Water Conservancy District | Opposer | Mark Hermundstad, Kirsten Kurath |

E-filed per Rule 121; a duly signed original is on file in the Legal Division of Denver Water.

   s/Tracy Gomez

7