# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

### Civil Action No. 49-cv-02782-MSK-CBS

### Consolidated Case Nos. Civil Action No. 5016 and Civil Action No. 5017

UNITED STATES OF AMERICA,

      Plaintiff,

v.

NORTHERN COLORADO WATER CONSERVANCY DISTRICT, et al.

      Defendants.

In the Matter of the Adjudication of Priorities of Water Rights in
Water District No. 36 for Purposes of Irrigation:
Petitioners:
COLORADO RIVER WATER CONSERVATION DISTRICT, GRAND VALLEY
WATER USERS ASSOCIATION, ORCHARD MESA IRRIGATION DISTRICT,
PALISADE IRRIGATION DISTRICT, GRAND VALLEY IRRIGATION
COMPANY, and MIDDLE PARK WATER CONSERVANCY DISTRICT

In the Matter of the Adjudication of Priorities of Water Rights in
Water District No. 36 for Purposes Other Than Irrigation:
Petitioners;
COLORADO RIVER WATER CONSERVATION DISTRICT, GRAND VALLEY
WATER USERS ASSOCIATION, ORCHARD MESA IRRIGATION DISTRICT,
PALISADE IRRIGATION DISTRICT, GRAND VALLEY IRRIGATION
COMPANY, and MIDDLE PARK WATER CONSERVANCY DISTRICT.

---

## PETITION FOR DETERMINATION THAT ADMINISTRATIVE PROTOCOL IS CONSISTENT WITH THE BLUE RIVER DECREE

---

THIS PETITION is filed pursuant to (1) the supplemental order of this Court dated October 29, 1957 retaining jurisdiction to effectuate the objectives of the final decree entered in Consolidated Civil Cases No. 2782, 5016 and 5017 ("Consolidated Cases") and (2) the Order of this Court in the Consolidated Cases dated August 4, 1977, attached as Exhibit A, regarding further proceedings consonant with the Colorado Water Rights Determination and Administration Act of 1969.

Petitioners the United States of America, City and County of Denver acting by and through its Board of Water Commissioners ("Denver Water"), City of Colorado Springs ("Colorado Springs"), Colorado River Water Conservation District, Northern Colorado Water Conservancy District, Middle Park Water Conservancy District, Grand Valley Water Users Association, Grand Valley Irrigation Company, Orchard Mesa Irrigation District, and Palisade Irrigation District are parties to the Consolidated Cases.  Petitioners seek (1) a determination of this Court that Sections I, II, and III of the proposed Green Mountain Reservoir Administrative Protocol (the entirety of which is attached hereto and incorporated herein by this reference as Exhibit B ("GMR Protocol")) are consistent with the Findings of Fact, Conclusions of Law, and Final Decree in Consolidated Civil Cases No. 5016 and 5017, and the Findings of Fact, Conclusions of Law, and Final Judgment in Consolidated Civil Cases No. 2782, 5016 and 5017, both entered by this Court on October 12, 1955, and all amendments and supplemental orders, judgments, and decrees in said cases ("Blue River Decree") and (2) a separate determination of this Court that Section IV of the GMR Protocol is consistent with the Blue River Decree.

In support of their requested relief, the Petitioners claim:

## PETITIONERS

1.      Petitioner United States of America, ("United States") is the owner and operator of Green Mountain Reservoir ("GMR"), an on-channel reservoir located on the Blue River in Summit County, Colorado, and of the water rights adjudicated thereto in the Consolidated Cases. The United States is a party to the Consolidated Cases.

2.      Petitioner Denver Water is a home rule municipal corporation created and existing under Article XX, section 1 of the Colorado State Constitution, the Charter of the City and County of Denver, and other applicable Colorado law.  Denver Water is the owner of water rights adjudicated and confirmed in the Consolidated Cases and is a party to the Consolidated Cases.

3.      Petitioner Colorado Springs is a home rule city and municipal corporation of the State of Colorado.  Colorado Springs is the owner of water rights adjudicated and confirmed in the Consolidated Cases and is a party to the Consolidated Cases.  Colorado Springs is acting by and through its enterprise Colorado Springs Utilities.

4.      Petitioner Colorado River Water Conservation District is a political subdivision of the State of Colorado created by to Colo. Rev. Stat. (C.R.S.) §§ 37-46-101 et seq., and is a party to the Consolidated Cases.

5.      Petitioner Northern Colorado Water Conservancy District is a water conservancy district organized pursuant to C.R.S. §§ 37-45-101 et seq., and is a party to the Consolidated Cases.

6.      Petitioner Middle Park Water Conservancy District is a water conservancy district

organized pursuant to C.R.S. §§ 37-45-101 et seq., and is a party to the Consolidated Cases.

7.      Petitioner Grand Valley Water Users Association operates the Grand Valley

Project under contract with the United States.  That project delivers irrigation water supply from

the Colorado River to approximately 23,341 acres of land in the vicinity of Grand Junction,

Colorado.  Grand Valley Water Users Association is a party to the Consolidated Cases.

8.      Petitioner Orchard Mesa Irrigation District is an irrigation district organized and

operating under Colorado state law, which delivers irrigation water supply from the Colorado

River to approximately 9,200 acres of land in the vicinity of Grand Junction, Colorado.  Orchard

Mesa Irrigation District is a party to the Consolidated Cases.

9.      Petitioner Palisade Irrigation District is an irrigation district organized and

operating under Colorado state law, which delivers irrigation water supply from the Colorado

River to approximately 3,640 acres of land in the vicinity of Palisade, Colorado.  Palisade

Irrigation District is a party to the Consolidated Cases.

10.     Petitioner Grand Valley Irrigation Company is a mutual ditch company organized

and operating under Colorado state law, which holds decrees that authorize the delivery of

irrigation water from the Colorado River to approximately 35,000 acres of land in the vicinity of

Grand Junction, Colorado.  Grand Valley Irrigation Company is a party to the Consolidated

Cases.

## I.    JURISDICTION AND PROCEDURE

11.    This petition is filed for the purpose of settling and ending controversies that have arisen regarding (1) the administration of the water rights decreed to GMR and the Green Mountain Reservoir Powerplant ("GMR Powerplant") by the Blue River Decree and (2) the priority of water rights owned by Climax Molybdenum Co., a Delaware corporation ("Climax"), that were adjudicated in the decree of the Summit County District Court in Civil Action No. 1710 ("C.A. 1710") entered on October 26, 1937, vis-à-vis those adjudicated by the Blue River Decree.

12.    This Court has jurisdiction over this matter pursuant to the Blue River Decree, specifically: (1) the October 12, 1955 Final Decree; (2) October 12, 1955 Final Judgment; and (3) the October 29, 1957 Supplemental Order Dismissing Reserved Question and Amending Decree, which provided that "this Court retains continuing jurisdiction for the purpose of effectuating the objectives of this Final Decree, including specifically but not by way of limitation, further interpretation of Senate Document No. 80 and the enforcement of the provisions thereof."

13.    This Court also has jurisdiction pursuant to 28 U.S.C. §1331 because the claims arise under the laws of the United States of America.  The Court is authorized to grant the relief requested under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, and 28 U.S.C. § 1345.

14.    Finally, this Court has exercised jurisdiction as the District Court in and for Water Division No. 5, State of Colorado ("Division 5 Water Court"), pursuant to removal of Civil Actions No. 1805 and 1806 from the Summit County District Court and consolidation with Case

No. 2782 as Cases No. 5016 and 5017, in proceedings in the Consolidated Cases involving both

effectuation of the objectives of the Blue River Decree, and determination of water rights under

Colorado water statutes.  It has been the practice of this Court in such matters since entering its

Order of August 4, 1977 herein to employ the notice procedures established for determination of

water rights by the Colorado Water Right Determination and Administration Act, C.R.S. §§ 37-

92-101 et seq. ("1969 Act"). [1]

      15.     The Petitioners believe that Sections I, II, and III of the GMR Protocol involve

both effectuation of the objectives of the Blue River Decree and a determination of water rights

within the meaning of Colorado water statutes.  Concurrent with the filing of this Petition, and

pursuant to C.R.S. § 37-92-302(1)(a), the Petitioners and Climax have filed an application in the

Division 5 Water Court seeking a determination that Sections I, II, and III of the GMR Protocol

are consistent with the Blue River Decree ("Water Court Application").  Notwithstanding such

filing, the Petitioners submit that pursuant to its retained jurisdiction herein to effectuate the

objectives of the Blue River Decree, this Court is the appropriate forum to determine whether the

provisions of the GMR Protocol are consistent with the Blue River Decree.  Accordingly, after

expiration of the statutory time for filing statements of opposition to the Water Court

Application, the Petitioners intend to request a stay of the Water Court Application pending a

determination by this Court.

      16.     Further, in view of the importance and widespread impact of the GMR water

rights, and of the administration of such rights proposed in Sections I, II, and III of the GMR

---

[1] Such procedures have been adopted in this matter in relation to Water Court Cases No. 87CW375 and 87CW378, and 88CW22 and 88CW382.

Protocol, on other water rights in Colorado Water Division No. 5 (the drainage basins of the

Colorado River and all tributaries arising within Colorado, with the exception of the Gunnison

River) [2], the Petitioners believe that this Court should employ the notice and participation

procedures prescribed by the 1969 Act as it has in past proceedings where effectuation of the

objectives of the Blue River Decree has overlapped with a determination of water rights.  The

Petitioners therefore request that this Court enter a procedural order specifying that the

procedures set forth in its August 4, 1977 Order Regarding Further Proceedings Consonant With

the Colorado Water Right Determination and Administration Act of 1969 shall apply to that

portion of the Petition herein seeking a determination that Sections I, II, and III of the GMR

Protocol are consistent with the Blue River Decree, and to that part of the Petition only, and that

all persons and entities filing statements of opposition to the Water Court Application will be

entitled to participate fully in the adjudication of that part of the Petition herein.

## III.     GENERAL STATEMENT OF THE NATURE OF THE CONTROVERSY

### A.     Facts related to Green Mountain Reservoir fill controversy

17.     <u>GMR Water Rights</u>.  The United States has a priority date of August 1, 1935 for

the Colorado-Big Thompson Project from the Blue River and its tributaries for a direct flow right

of 1,726 cubic feet per second ("c.f.s.") for the generation of electrical power at the GMR

Powerplant ("GMR Power Right"), and for a storage right of 154,645 acre-feet in GMR ("1935

First Fill Storage Right"), with the right to refill to the extent of an additional 6,316 acre-feet.

("GMR Senior Refill Right").  Final Decree, Consolidated Civil Nos. 2782, 5016 and 5017,

---

[2] C.R.S. §37-92-201(1)(e).

October 12, 1955, ¶ 2, at pp 2-3.  The United States also operates exchanges involving GMR as of that priority date, and the August 1, 1935 priority date of the direct flow, storage, and exchange rights for the operation of the facilities at GMR is administered as though adjudicated in the first available adjudication following that date, i.e., "without postponement for any reason."  Decree, Consolidated Civil Nos. 2782, 5016 5017, 88CW382, November 10, 1992, Findings ¶ 4 at p. 5 and Decree ¶ 1 at p. 6.

18.    Except as provided in the Blue River Decree, use by the United States through the GMR Powerplant of water that would otherwise be available for storage is an exercise of the GMR Power Right and not a bypass or failure to exercise any storage right.  Decree, Case No. 88CW22, ¶ 10, at p. 3.

19.    Denver Water's 1946 Blue River Water Rights.  Denver Water has, *inter alia*, a priority date of June 24, 1946 from the Blue River and its tributaries for 788 c.f.s. of direct flow for the Roberts Tunnel and for 252,678 acre-feet of storage for Dillon Reservoir, both for municipal purposes.

20.    Colorado Springs' 1948 Blue River Water Rights.  Colorado Springs has, *inter alia*, a priority date of May 13, 1948 from the Blue River and its tributaries for 400 c.f.s. of direct flow and 5,306 acre-feet of storage for the Continental-Hoosier Diversion System, both for municipal purposes.

21.    Cities' Diversions.  Notwithstanding their priority dates, and subject to the decision of the Secretary of the Interior that it will not adversely affect the ability of GMR to fulfill its function as set forth in the "Manner of Operations of Project Facilities and Auxiliary

Features" contained in S.D. 80, except as to production of power, diversions by Denver Water

and Colorado Springs (collectively, the "Cities") may be made as approved by the Secretary after

the snow pack has been estimated by the United States and a determination has been made that it

is reasonably probable that GMR will be filled during the season.  Findings of Fact and

Conclusions of Law, Consolidated Cases, October 12, 1955, at p. 30 (Stipulation ¶ 4);

Supplemental Judgment and Decree, Consolidated Cases, February 9, 1978, ¶ 4(a), at p. 2.

     22.    <u>GMR Fill Administration</u>.  Since the adjudication of the GMR water rights in

1955, the administration of the fill of GMR has varied; this has adversely affected the rights of

the Petitioners under the Blue River Decree.  GMR is currently administered pursuant to an

Interim Policy of the State and Division Engineers that has resulted in controversy and

anticipated litigation among the Petitioners, and between the Petitioners and others.

     **B.**    **Facts related to Climax's C.A. 1710 Water Rights controversy**

     23.    Climax's C.A. 1710 Water Rights.  Climax holds the following water rights

("Climax's C.A. 1710 Water Rights"), which were decreed on October 26, 1937, by the Summit

County District Court in C.A. 1710, an adjudication proceeding in Water District No. 36 that

preceded and was completed prior to the removal to this Court of Civil Actions No. 1805 and

1806 of the Summit County District Court.[3] The descriptions of Climax's C.A.1710 Water

Rights are taken from the Decree in Consolidated Cases No. 92CW233 and 92CW336.

     a.    <u>The Supply Canal No. 1</u>:

---

[3] Consolidated Civil Cases No. 5016 and 5017 in this Court.

        i.        Sources:  Humbug Creek, Mayflower Creek, Clinton Gulch Creek, and run-off, surface flow, and underground flow from the area above the Supply Canal No. 1, all of which are tributary to Tenmile Creek.

        ii.       Points of diversion:

        (a)     on the west bank of Humbug Creek at a point whence the Northwest corner of Section 2, Township 8 South, Range 79 West, 6th P.M., bears south 35°33' west 22,680 feet;

        (b)     on the south bank of Mayflower Creek at a point whence the Northwest corner of Section 2, Township 8 South, Range 79 West 6th P.M., bears south 35°17' west, 16,894 feet;

        (c)     on the south bank of Clinton Gulch Creek at a point whence the Northwest corner of Section 2, Township 8 South, Range 79 West, 6th P.M., bears south 40°20' west 10,632 feet; and

        (d)     runoff, surface flow, and underground flow of the area above the Supply Canal No. 1 as it runs between the above-described points of diversion and to the Climax Mine.

        iii.     Amounts:

        (a)     Humbug Creek:  20.0 c.f.s.

        (b)     Mayflower Creek:  30.0 c.f.s.

        (c)     Clinton Gulch Creek:  50.0 c.f.s.

(d)    Run-off, surface flow, and underground flow of the area above the line of Supply Canal No. 1.

(e)    Storage in Robinson Reservoir of 3,136 acre-feet, with right of refill, as finally decreed by the Eagle County District Court in Civil Action Nos. 970 and 1193.  Robinson Reservoir is a 3,136 acre-feet reservoir located in the drainage of the East Fork of the Eagle River in the Southwest ¼ of Section 34 and the Southeast ¼ of Section 33, all in Township 7 South, Range 79 West, 6th P.M.

(f)    Storage in Chalk Mountain Reservoir of 204.1 acre-feet, with right of refill, as finally decreed by the Eagle County District Court in Civil Action No. 1193.  Chalk Mountain Reservoir is a 205 acre-feet reservoir located in the drainage of the East Fork of the Eagle River in the Southwest corner of Section 34, Township 7 South, Range 79 West, 6th P.M.

iv.    Appropriation date:   August 15, 1935

v.    Historical use:   mining, milling, manufacturing, and domestic purposes at the Climax Mine.  The amount and timing of the historical diversions and consumptive use of the water rights were determined by the Division 5 Water Court in Case Nos. 92CW233 and 92CW336.  The water rights remain subject to said determinations and the terms and conditions of the 92CW233 and 92CW336 decree.

b.    The Supply Canal No. 2:  The decreed points of diversion for Supply Canal No. 2 were changed on June 14, 1962 by the Summit County District Court in Civil Action No. 2122.

i.        Sources:   Searle Creek, Kokomo Creek, and run-off,

surface flow, and underground flow of the area above the Supply Canal No. 2, all of which are

tributary to Tenmile Creek.

ii.        Points of diversion:

(a)        on the west bank of Searle Creek at a point whence

U.S.L.M. Kokomo bears South 45°58' east 3740 feet (located in the Southwest ¼ of the

Southeast ¼ of Section 15, Township 7 South, Range 79 West, 6th P.M.);

(b)        on the south bank of Kokomo Creek at a point

whence U.S.L.M. Kokomo bears North 39°36' East 2635 feet (located in the Southwest ¼ of

Section 22, Township 7 South, Range 79 West, 6th P.M.); and

(c)        run-off, surface flow, and underground flow of the

area above the Supply Canal No. 2 as it runs between the above-described points of diversion

and to the Climax Mine.

iii.        Amounts:

(a)        Searle Creek:   35.0 c.f.s.

(b)        Kokomo Creek:   25.0 c.f.s.

(c)        Run-off, surface flow, and underground flow of the

area above the line of Supply Canal No. 2.

(d)        Storage in Robinson Reservoir of 3,136 acre-feet,

with right of refill, as finally decreed by the Eagle County District Court in Civil Action Nos.

970 and 1193.

(e)     Storage in Chalk Mountain Reservoir of 204.1 acre-feet, with right or refill, as finally decreed by the Eagle County District Court in Civil Action No. 1193.

iv.     Appropriation date:   August 15, 1935

v.     Historical use:   mining, milling, manufacturing, and domestic purposes at the Climax Mine.  The amount and timing of the historical diversions and consumptive use of the water rights were determined by the Division Water Court in Case Numbers 92CW233 and 92CW336.  The water rights remain subject to said determinations and the terms and conditions of the 92CW233 and 92CW336 decree.

c.     <u>The Tenmile Diversion Ditch No. 1 and the Tenmile Diversion Ditch No. 2.</u>  The water rights for the Tenmile Diversion Ditch No. 1 and the Tenmile Diversion Ditch No. 2 were originally decreed on October 26, 1937 by the Summit County District Court in Civil Action 1710.  On July 24, 1945, the Summit County District Court entered a decree in Civil Action 1830 changing the points of diversion of a portion of the water rights for the Tenmile Diversion Ditch No. 1 and all of the water rights for the Tenmile Diversion Ditch No. 2 to the Tailings Riser Line, described below:

| Headgate No. | Tailings Riser No. | Location | Bearing | Distance |
|---|---|---|---|---|
| 1 | 20 | NW Corner, Section 2, Township 8 South, Range 79 West | South 31°27' East | 567.8 feet |
| 2 | 37 | NW Corner, Section 2, Township 8 South, Range 79 West | North 17°08' East | 804.5 feet |
| 3 | 38 | NW Corner, Section 2, Township 8 South, Range 79 West | North 17°21' West | 1275.2 feet |
| 4 | 39 | West ¼ Corner, Section 2, Township 8 South, Range 79 West | South 25°49' West | 1502.8 feet |

| 5 | 40 | West ¼ Corner, Section 2, Township 8 South, Range 79 West | South 71°10' West | 1066.1 feet |
| 6 | 41 | West ¼ Corner, Section 2, Township 8 South, Range 79 West | North 65°31' West | 1592.8 feet |

        i.        The Tenmile Diversion Ditch No. 1:

        (a)        Sources:   Tenmile Creek and the run-off, surface flow, and underground flow from the area above the line of the Tenmile Diversion Ditch No. 1.

        (b)        Amounts:

        (1)        20.0 c.f.s. from Tenmile Creek

        (2)        Run-off, surface flow, and underground flow from the area above the line of the Tenmile Diversion Ditch No. 1.

        (3)        Storage in Robinson Reservoir of 3,136 acre-feet, with right of refill, as finally decreed by the Eagle County District Court in Civil Action Nos. 970 and 1193.

        (4)        Storage in Chalk Mountain Reservoir of 204.1 acre-feet, with right of refill, as finally decreed by the Eagle County District Court in Civil Action No. 1193.

        (c)        Appropriation date:  June 4, 1936

        (d)        Historical use:   mining, milling, manufacturing, and domestic purposes at the Climax Mine.  The amount and timing of the historical diversions and consumptive use of the water rights were determined by the Division 5 Water Court in Case Nos. 92CW233 and 92CW336.  The water rights remain subject to said determinations and the terms and conditions of the 92CW233 and 92CW336 decree.

ii.     The Tenmile Diversion Ditch No. 2:

(a)     Sources:   Tenmile Creek and the run-off, surface flow, and underground flow from the area above the line of Tenmile Diversion Ditch No. 2.

(b)     Amounts:

(1)     20.0 c.f.s. from Tenmile Creek

(2)     Run-off, surface flow, and underground flow from the area above the line of Tenmile Diversion Ditch No. 2.

(3)     Storage in Robinson Reservoir of 3,136 acre-feet, with right of refill, as finally decreed by the Eagle County District Court in Civil Action Nos. 970 and 1193.

(4)     Storage in Chalk Mountain Reservoir of 204.1 acre-feet, with right of refill, as finally decreed by the Eagle County District Court in Civil Action No. 1193.

(c)     Appropriation date:   June 4, 1936

(d)     Historical use:   mining, milling, manufacturing, and domestic purposes at the Climax Mine.  The amount and timing of the historical diversions and consumptive use of the water rights were determined by the Division 5 Water Court in Case Nos. 92CW233 and 92CW336.  The water rights remain subject to said determinations and the terms and conditions of the 92CW233 and 92CW336 decree.

d.     <u>McNulty Ditch (a.k.a. Ten Mile Diversion Ditch No. 1)</u>.  The decreed point of diversion for the McNulty Ditch is a point on the north bank of McNulty Gulch Creek

whence the North ¼ Corner of Section 2, Township 8 South, Range 79 West, 6th P.M., bears

South 60°50' West 729.4 feet.  The water right for the McNulty Ditch consists of 15.0 c.f.s., plus

run-off, surface flow and underground flow, and constitutes that portion of the water rights for

the Ten Mile Diversion Ditch No. 1 that were adjudicated rights to McNulty Gulch Creek.  The

applicable portion of the Ten Mile Diversion Ditch No. 1 water right was transferred to the

McNulty Ditch from the Ten Mile Diversion Ditch No. 1 pursuant to a decree entered by the

Summit County District Court on July 24, 1945 in Civil Action No. 1829.  As transferred, the

McNulty Ditch water right is as follows:

       i.      Sources:   McNulty Gulch Creek and run-off, surface flow, and

underground flow from the area above the ditch.

       ii.      Amounts:

       (a)      15.0 c.f.s. from McNulty Gulch Creek.

       (b)      Run-off, surface flow, and underground flow from the area

above the McNulty Ditch.

       (c)      Storage in Robinson Reservoir of 3,136 acre-feet, with

right of refill, as finally decreed by the Eagle County District Court in Civil Action Nos. 970 and

1193.

       (d)      Storage in Chalk Mountain Reservoir of 204.1 acre-feet,

with right of refill, as finally decreed by the Eagle County District Court in Civil Action No.

1193.

       iii.      Appropriation date:   June 4, 1936

iv.    Historical use:   mining, milling, manufacturing, and domestic purposes at the Climax Mine.  The amount and timing of the historical diversions and consumptive use of the water rights were determined by the Division Water Court in Case Nos. 92CW233 and 92CW336.  The water rights remain subject to said determinations and the terms and conditions of the 92CW233 and 92CW336 decree.

24.    Since the Blue River Decree was entered in 1955, the administration of Climax's C.A. 1710 Water Rights vis-à-vis those adjudicated in the Blue River Decree has varied, has resulted in litigation, and is likely to lead to additional litigation.  In addition, Climax's C.A. 1710 Water Rights are currently tabulated by the Colorado State Engineer as junior in priority to the water rights for GMR adjudicated in the Blue River Decree.  As more particularly set forth in the GMR Protocol, the Petitioners believe that Section III of the Administrative Protocol describes the relative priority of Climax's C.A. 1710 Water Rights in a manner consistent with the Blue River Decree.

**C.    State Water Administration**

25.    The Colorado State and Division 5 Engineers will not administer, distribute, and regulate waters in accordance with the GMR Protocol until a final judgment or order determining that Sections I, II, and III of the GMR Protocol are consistent with the Blue River Decree is entered pursuant to the notice procedures of the 1969 Act for determinations of water rights, by either this Court or the Division 5 Water Court.

**D.    Facts Related to The Cities' Replacement Obligations**

26.    The Petitioners disagree over certain provisions of the Blue River Decree regarding rights and obligations of the Cities in diverting against the GMR water rights pursuant to Paragraph 4 of the Stipulation set forth in the Findings of Fact and Conclusions of Law entered in the Consolidated Cases on October 12, 1955; Paragraph 4 of the Decree in the Consolidated Cases entered on April 16, 1964; and  Paragraph 4(a) of the Supplemental Decree in the Consolidated Cases entered on February 9, 1978.

27.    Section IV of the Administrative Protocol sets forth the Petitioners' compromise understanding of the rights and obligations of the Cities and the United States under the provisions of the Blue River Decree in order to resolve existing controversies and prevent future controversies and litigation among the Petitioners regarding those rights and obligations, and the Petitioners accordingly seek a determination by this Court that Section IV of the GMR Protocol is consistent with the Blue River Decree.  The Petitioners aver that Section IV of the GMR Protocol involves effectuation of the objectives of the Blue River Decree; in addition, certain of the Petitioners aver that Section IV of the GMR Protocol does not constitute a determination of a water right under Colorado water statutes.

**E.    The GMR Protocol**

28.    The Petitioners have accordingly negotiated and agreed to the GMR Protocol in order to clarify and implement certain provisions of the Blue River Decree by (1) setting forth a protocol for, among other things, (a) preparation, review, and modification of a fill schedule for GMR; (b) definition and administration of a fill season for exercise of the 1935 First Fill Storage

Right; (c) administration of water rights during the fill season; and (d) operation of the GMR

water rights and the water rights of the Cities in response to downstream calls senior to the

Cities' water rights; (2) making as much water as possible available for upstream use, including

use by the Cities, without impairment of the fill of GMR and without impairment of legal calls of

downstream water rights; (3) providing a clear definition of the Cities' replacement obligation

operations pursuant to the Blue River Decree; (4) ensuring that the administration of the GMR

water rights does not allow the water rights of the Cities to benefit improperly; (5) reducing as

much as possible or potentially eliminating the extent to which the bypass of 60 c.f.s. by GMR is

accounted toward the fill of the GMR storage rights, and assuring, to the extent possible, the

refilling of GMR to the extent that such bypass is accounted toward the fill of the GMR storage

rights; and (6) addressing the relative priority of the GMR water rights, the Cities' water rights,

and Climax's C.A. 1710 Water Rights in a manner agreed by the Petitioners and Climax; all in a

manner that is consistent with the Blue River Decree.

### IV.    CLAIMS FOR RELIEF

WHEREFORE, the Petitioners seek (1) a judicial determination that Sections I, II, and III

of the GMR Protocol are consistent with the Blue River Decree and (2) a judicial determination

that Section IV of the GMR Protocol is consistent with the Blue River Decree.  Nothing in this

Petition or proceeding is intended to request or adjudicate a change to any of the water rights

described herein.

Submitted this 15th day of November, 2013.

**United States of America**
ROBERT G. DREHER
Acting Assistant Attorney General


By:  s/James J. DuBois
James J. DuBois, Reg. No. 13206
United States Department of Justice
Environment & Natural Resources Division
999 18th Street, South Terrace, Suite 370
Denver, CO 80202

Attorneys for Petitioner United States of
America


**Colorado River Water Conservation
District**

By:  s/Peter C. Fleming
Peter C. Fleming, Reg. No. 20805
Jason V. Turner, Reg. No. 35665
Colorado River Water Conservation District
P.O. Box 1120
Glenwood Springs, CO 81602-1120

Attorneys for Petitioner
Colorado River Water Conservation District

Patricia L. Wells, General Counsel
Casey S. Funk, No. 11638*
Daniel J. Arnold, No. 35458


By:   s/Casey S. Funk
Attorneys for Petitioner, the City and County
of Denver, acting by and through its Board of
Water Commissioners
1600 West 12th Ave.
Denver, CO  80204-3412
Phone Number: (303) 628-6460
Fax Number: (303) 628-6478
*Counsel of Record


**Northern Colorado Water Conservancy
District**

By:  s/Bennett W. Raley
Bennett W. Raley, Reg. No. 13429
Peggy Montaño, Reg. No. 11075
Trout, Raley, Montaño, Witwer & Freeman,
P.C.
1120 Lincoln Street, Suite 1600
Denver, CO  80203-2141

Attorneys for Petitioner
Northern Colorado Water Conservancy District

**City of Colorado Springs**


By: _s/Mary Mead Hammond_____
Mary Mead Hammond, Reg. No. 9851
William A. Paddock, Reg. No. 9478
Carlson, Hammond & Paddock, L.L.C.
1900 Grant Street, Suite 1200
Denver, CO 80233




By: _s/Michael J. Gustafson_____
Michael J. Gustafson, Reg. No. 37364
City Attorney's Office – Utilities Division
Colorado Springs Utilities
P.O. Box 1575, Mail Code 510
Colorado Springs, CO 80901

Attorneys for Petitioner City of Colorado
Springs




**Grand Valley Irrigation Company**


By: _s/Frederick G. Aldrich_____
Frederick G. Aldrich, Reg. No. 428
Aldrich Law Firm, LLC
601A 28 1/4 Road
Grand Junction, Colorado 81506

Attorney for Petitioner
Grand Valley Irrigation Company

**Middle Park Water Conservancy District**


By: _s/Stanley W. Cazier_____
Stanley W. Cazier, Reg. No. 4648
John D. Walker, Reg. No. 31286
Cazier, McGowan, Walker
P.O. Box 145
62495 U.S. Hwy 40
Granby, CO 80446

Attorneys for Petitioner Middle Park Water
Conservancy District

**Orchard Mesa Irrigation District**
**Grand Valley Water Users Association**


By: _s/Mark A. Hermundstad_____
Mark A. Hermundstad, Reg. No. 10527
Williams, Turner & Holmes, P.C.
P.O. Box 338
Grand Junction, CO 81502-0338

Attorneys for Petitioners Orchard Mesa
Irrigation District and Grand Valley Water
Users Association




**Palisade Irrigation District**


By: _s/Nathan A. Keever_____
Nathan A. Keever, Reg. No. 24630
Dufford Waldeck Milburn & Krohn, LLP
744 Horizon Ct., Suite 300
Grand Junction, CO 81506-3947

Attorneys for Petitioner
Palisade Irrigation District

## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Ann M. Rhodes    amr@bhgrlaw.com

Anne Jamieson Castle    acastle@hollandhart.com

Austin C. Hamre    ahamre@dodpc.com

Barry Alan Schwartz    barry.schwartz@denvergov.org

Bennett W. Raley    bwraley@mac.com

Brian Max Nazarenus    bnazarenus@rcalaw.com

Casey S. Funk    casey.funk@denverwater.org

Chad Matthew Wallace    chad.wallace@state.co.us

Charles B. White    cwhite@petros-white.com

Christopher Graham McAnany    howard@dwmk.com

Christopher L. Thorne    cthorne@hollandhart.com

Daniel John Arnold    daniel.arnold@denverwater.org

David G. Hill    dgh@bhgrlaw.com

Donald E. Phillipson    dbls99@comcast.net

Douglas L. Abbott    dabbott@hollandhart.com

Frederick G. Aldrich    faldrich@aldrich-law.com

Gail Rosenschein    gail.rosenschein@denverwater.org

James R. Montgomery    jmontgomery@mwhw.com

Jason V. Turner    jturner@crwcd.org

Jeffrey Flinn Davis    jeff.davis@denverwater.org

1

John Dorsey Walker      jdorseywalk@yahoo.com

John Leonard Watson      jwatson@bw-legal.com

Julie Elise Maurer      jmaurer@rcalaw.com

Karl D. Ohlsen      kohlsen@chp-law.com

Kathleen M. Morgan      kathi_M8@yahoo.com

Lisa M. Thompson      lthompson@troutlaw.com

Mark A. Hermundstad      mherm@wth-law.com

Mary Mead Hammond      mhammond@chp-law.com

Meghan Nichols Winokur      mwinokur@hollandhart.com

Nathan A. Keever      howard@dwmk.com , keever@dwmk.com

Olivia Denton Lucas      olivia.lucas@faegrebd.com

Peter Cheney Fleming      pfleming@crwcd.org

Robert James Pohlman      rpohlman@swlaw.com

Robert V. Trout      rtrout@troutlaw.com

Roger T. Williams , Jr      rwilliams@rcalaw.com

Stanley W. Cazier      cazier_mcgowan@hotmail.com

William A. Paddock      bpaddock@chp-law.com

s/ James J. DuBois
JAMES J. DUBOIS
Trial Attorney, Natural Resources Section
United States Department of Justice
Environment & Natural Resources Division
999 18th Street
South Terrace, Suite 370
Denver, CO 80202
(303) 844-1354; | Phone
(303) 844-1350 | Fax
James.Dubois@usdoj.gov