IN UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

Civil Action No.: 49-cv-02782-MSK-CBS

Consolidated Civil Case Nos. 2782, 5016 and 5017

And

DISTRICT COURT, WATER DIVISION NO. 5 STATE OF COLORADO

Case No. 2006CW255

**UNOPPOSED MOTION TO FOR LEAVE TO FILE SECOND AMENDED APPLICATION**

CONCERNING THE APPLICATION FOR WATER RIGHTS OF THE CITY AND COUNTY OF DENVER, ACTING BY AND THROUGH ITS BOARD OF WATER COMMISSIONERS IN SUMMIT COUNTY

Applicant, City and County of Denver acting by and through its Board of Water Commissioners ("Denver Water"), by and through its attorneys, pursuant to Rule 4 of the Uniform Local Rules for All State Water Court Divisions, Colo. R. Civ. P. 15(a) and Fed. R. Civ. P. 15(a)(2), hereby moves the Court for an order allowing Denver Water to file a Second Amended Application to the application originally filed in Case No. 2006CW255, as previously amended on May 29, 2009. As grounds for this motion, Applicant states as follows:

**CERTIFICATE OF CONFERRAL**

1. Pursuant to Colo. R. C. P. 121, § 1-15(8) and D.C. Colo. L. Civ. R. Rule 7.1.A, undersigned counsel certifies that he has conferred with all parties of record in Case No. 2006CW255 regarding the relief requested in this motion by circulating a draft of this motion and attachments to opposing counsel via email.

2. The following parties (collectively referred to as "Opposers" herein) do not oppose this motion: The Colorado River Water Conservation District; Grand Valley Water Users Association; Palisade Irrigation District; Ute Water Conservancy District; Orchard Mesa Irrigation District; Grand Valley Irrigation Company; Middle Park Water Conservancy District; Northern Colorado Water Conservancy District and Climax Molybdenum Company.

## PROCEDURAL BACKGROUND

3. On or about December 26, 2006, Denver Water filed an application for a finding of diligence and claim to make absolute its conditional water rights ("Subject Water Rights") for the Blue River Diversion Project (the "Application") decreed in C.A. 1805 and 1806, Summit County District Court and Consolidated Civil Nos. 2782, 5016 and 5017, United States District Court, District of Colorado pursuant to C.R.S. § 37-92-301(4); by order of the United States District Court dated December 14, 2000; and pursuant to the United States District Court's Order dated August 4, 1977. (Docket No. 146)

4. The Colorado River Water Conservation District; Town of Frisco; Grand Valley Water Users Association; Palisade Irrigation District; Ute Water Conservancy District; Orchard Mesa Irrigation District; Grand Valley Irrigation Company; Middle Park Water Conservancy District; and Climax Molybdenum Company filed timely statements of opposition to the application. (Docket Nos. 149-157.) The Town of Frisco subsequently withdrew its statement of opposition. (Docket No. 183.) Northern Colorado Water Conservancy District was allowed to file a late statement of opposition by order dated February 22, 2010. (Docket Nos. 309-310, 314.)

5. A scheduling conference was held in the above captioned matter on May 15, 2008, and a scheduling order was entered on May 20, 2008. (Docket Nos. 208, 209-210.) The scheduling order was subsequently amended by court order on October 15, 2008, November 24, 2008, and December 11, 2008. (Docket Nos. 231, 250, 262.)

6. With the approval of this Court, Denver Water filed an Amended Application on May 29, 2009, setting forth Denver Water's defenses to claims raised by the Opposers and adding or correcting some activities claimed for diligence. (Docket No. 283.)

7. In February 2009, the parties began intensive settlement negotiation. The Court subsequently entered an order staying the matter on June 12, 2009. (Docket No. 286.)

8. A special master was appointed on February 19, 2010, and following a stay of the proceedings, the court administratively closed the above captioned matter on September 24, 2010. (Docket No. 340.) In granting the parties' motion to administratively close the above captioned matter, the Court directed the Clerk of the Court to "close this case, subject to any party moving to reopen the matter upon a showing of good cause." (Docket No. 340)

9. On or about September 23, 2010, the parties agreed to a comprehensive interlocutory settlement agreement subsequently named the Colorado River Cooperative Agreement ("CRCA"). The CRCA was fully executed on September 19, 2013 and became effective on September 26, 2013.

10. On October 31, 2013, Denver Water filed an unopposed motion to reopen the case. (Docket No. 351.) On November 1, 2013, the Court issued an order granting the motion to reopen the case "for the purpose of filing a Second Amendment of the Application

3

in this matter, publication of same and consideration (if appropriate) of the parties' settlement." (Docket No. 343.)

11.  Denver Water now files this motion requesting leave to file its Second Amended Application, a copy of which is conditionally filed with this motion.

## STANDARD OF REVIEW

12.  Pursuant to this Court's order dated August 4, 1977, "[t]his court will act as the Water Judge provided for by the 1969 Act for Water Division No. 5 insofar as proceedings in connection with cases numbered 5016 and 5017 are concerned." (Order Regarding Further Proceedings Consonant With The Colorado Water Right Determination And Administration Act Of 1969, ¶1). The proceeding by which this Court acts as the Water Judge under the 1977 Order are limited to matters relating to the filing of applications of due diligence and application for making absolute conditional decrees or portions thereof. (1977 Order, supra at ¶4). This action, filed in 2006, is an application for diligence and to make absolute a portion of the remaining conditional amounts associated with the water rights adjudicated in case numbers 5016 and 5017. Thus, this court has jurisdiction to confirm and enter a decree in this matter.

13.  The Uniform Rules for all State Water Court Divisions (U.L.R.) provides that "[f]or purposes of the application of C.R.C.P. 15, the application shall be considered to be a complaint, and a statement of opposition shall be considered to be a responsive pleading." U.L.R. Rule 4(a). Under Colo. R. Civ. P. Rule 15(a), a party may amend its pleading once as a matter of course at any time before a responsive pleading is filed. Colo. R. Civ. P. 15(a).

4

Otherwise, a party may amend its pleading only by leave of court or by written consent of the adverse party, and such leave shall be freely given when justice so requires. *Id*. Rule 15 of Fed. R. Civ. P. also provides that ". . . a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

14. Rule 15(a) of Colo. R. Civ. P. and Rule 15(a)(2) of Fed. R. Civ. P. prescribes a liberal policy of amendment and encourages the courts to look favorably on requests to amend. *Polk v. Denver Dist. Court*, 849 P.2d 23, 25 (Colo. 1993) (referring to Colo. R. Civ. P. 15(a)). *See also Arkansas-Platte & Gulf Partnership v. Dow Chemical Co*., 886 F. Supp. 762, 765 (D. Colo. 1995) (referring to Fed. R. Civ. P. 15 in stating Rule should be liberally construed and freely given based on balancing of factors). In considering a motion to amend, the court must assess the motion in view of the totality of the circumstances, balancing the policy favoring amendments of pleadings against any burdens which granting the amendment may impose on the other parties. *Polk,* 849 P.2d at 26; *Arkansas-Platte & Gulf Partnership*, 886 F. Supp. at 765 (stating that leave to amend should be freely given based on the balancing of factors, including futility, delay, bad faith, dilatory motive, repeated failure to cure deficiencies, and prejudice to the opposing party).

**GROUNDS FOR LEAVE TO FILE SECOND AMENDED APPLICATION**

15. On or about September 23, 2010, the parties agreed to a comprehensive interlocutory settlement agreement subsequently named the Colorado River Cooperative Agreement ("CRCA").

16. The CRCA was fully executed on September 19, 2013 and became effective on September 26, 2013. Under the CRCA, Denver Water is required to implement the CRCA by filing a second amended application and providing resume notice of the application. Because the filing of the Second Amended Application and resume notice is necessary to implement the CRCA, good cause exists to grant Denver Water leave to file the Second Amended Application.

17. Good cause also exists for allowing the filing of the Second Amended Application in order to provide notice to water users not a party to Case No. 2006CW255 that Denver Water seeks judicial confirmation concerning its use of water diverted and/or stored under the Blue River Diversion Project for West Slope Uses, and Denver Water's use of Blue River Diversion Project water on the Front Range.

18. Specifically, the Second Amended Application seeks confirmation pursuant to the CRCA, that water diverted and stored under the Blue River Diversion Project may be used on the West Slope for West Slope purposes. Through the Second Amended Application, Denver Water seeks to provide notice that the Subject Water Right it seeks to make absolute under C.A. 1805 and 1806 and Consolidated Civil Nos. 2782, 5016 and 5017 has been and will continue to be made available to water users in Summit County under the West Slope Agreements to mitigate impacts due to Denver Water's exercise of these water rights is fully consumable water from the Blue River and its tributaries that may be beneficially used for municipal, domestic, irrigation, industrial, recreation, piscatorial, snowmaking, wastewater treatment, augmentation, and exchange uses, including reuse and successive use to extinction

in Summit County; provided that prior to the reuse or successive use of such water, the plan for such reuse and/or successive use shall be incorporated into an approved water court decree or substitute supply plan. Denver Water seeks a determination that the beneficial use of the Subject Water Rights on the West Slope is a lawful municipal use of water under, and effectuates the objectives of, the Blue River Stipulation and Decree.

19.     The filing of the Second Amended Application is also necessary because, under the CRCA, Denver Water has agreed to seek judicial approval that water derived from Colorado River return flows, which are legally available to be reused, may be provided to users on the Front Range who are located outside of Denver Water's existing service area including Adams, Arapahoe, Jefferson, Broomfield and Douglas Counties in accordance with the limitations of the CRCA.  Denver contends such use is lawful and consistent with the provisions of the Blue River Stipulation and Decree and is not contrary to the objectives of the Blue River Stipulation and Decree. Denver Water therefore seeks to provide notice to water users who are not a party to this matter of this claim so as to provide them with an opportunity to object and participate in this matter.

20.     Finally, as provided by the CRCA, Opposers have agreed to the terms of the version of the proposed decree attached to the Second Amended Application labeled Attachment N.  Because Attachment N contains modifications not included in Denver Water's First Amended Application filed in this matter, Denver Water requests leave to file this Second Amended Application so as to provide resume notice and publication of the new

claims raised in the Second Amended Application to any water user who might oppose these changes and want to participate in Case No. 2006CW255.

21.    Because all Opposers to this matter consent to the relief requested herein, the filing of the Second Amended Application does not cause prejudice to any party to this matter. As such, the balance of factors to be weighed by the Court in allowing the filing of the Second Amended Application weighs in favor of amendment.

WHEREFORE, for the reasons stated above, Denver Water respectfully requests that the Court enter an order allowing leave to file the Second Amended Application in this matter and accept the attached Second Amended Application for filing and publication in a newspaper of general circulation in Summit, Garfield and Mesa Counties and posting and mailing the Water Resume and in for Water Division No. 5 to any person the water referee believes would be affected pursuant to C.R.S. §37-92-302(3).

Respectfully filed this 12th day of December, 2013.

>    Patricia L. Wells, General Counsel
>    Casey S. Funk, No. 11638
>    Daniel J. Arnold, No. 35458
>
>    By:  *S/Casey S. Funk*
>    Attorneys for Applicant, City and County of Denver, acting by and through its Board of Water Commissioners
>    1600 W. 12th Avenue
>    Denver CO 80204
>    Telephone: (303) 628-6460
>    Casey.Funk@denverwater.org

Unopposed Motion for Leave to File Second Amended Application<br>
Civil Action No.: 49-cv-02782-MSK-CBS<br>
Case No. 2006CW255

## CERTIFICATE OF SERVICE

I hereby certify that on this  13th  day of December 2013, a true and correct copy of **UNOPPOSED MOTION FOR LEAVE TO FILE SECOND AMENDED APPLICATION** was filed and served via ECF to the following:

| Party Name | Party Type | Attorney Name |
|---|---|---|
| Climax Molybdenum Company | Opposer | Brian Nazarenus, Olivia Lucas, Robert Pohlman, Roger Williams |
| Colorado River Water Conservation Dist. | Opposer | Jason Turner, Peter Fleming, Arthur Ferguson, Leah Martinsson, Christopher Thorne, Meghan Winokur |
| Division 5 Engineer | Division Engineer | Division 5 Water Engineer |
| Frisco, Town Of | Opposer | James Montgomery |
| Grand Valley Irrigation | Opposer | Frederick Aldrich |
| Grand Valley Water Users Association | Opposer | Mark Hermundstad, Kirsten Kurath |
| Middle Park Conservancy District | Opposer | Stanley Cazier, John Walker |
| Northern Colorado Water Conservancy Dist | Opposer | Bennett Raley, Lisa Thompson |
| Orchard Mesa Irrigation District | Opposer | Mark Hermundstad, Kirsten Kurath |
| Palisade Irrigation District | Opposer | Nathan Keever |
| State Engineer | State Engineer | Colorado Division Of Water Resources |
| Ute Water Conservancy District | Opposer | Mark Hermundstad, Kirsten Kurath |

E-filed per Rule 121; a duly signed original is on file in the Legal Division of Denver Water.

  s/Tracy Gomez

9