# EXHIBIT DW-4

| DISTRICT COURT, WATER DIVISION NO. 5, COLORADO | DATE FILED: November 15, 2013 5:06 PM |
|---|---|
| **Garfield Co. Courthouse** | FILING ID: 2FDAC5E9F1869 |
| 109 8th Street, Suite 104 | CASE NUMBER: 2013CW3077 |
| Glenwood Springs, CO 81601 | |

**DISTRICT COURT, WATER DIVISION NO. 5, COLORADO**

**Garfield Co. Courthouse**
109 8th Street, Suite 104
Glenwood Springs, CO 81601

_____

CONCERNING THE APPLICATION OF THE UNITED STATES OF AMERICA, THE CITY AND COUNTY OF DENVER, ACTING BY AND THROUGH ITS BOARD OF WATER COMMISSIONERS, THE CITY OF COLORADO SPRINGS, ACTING THROUGH ITS ENTERPRISE COLORADO SPRINGS UTILITIES, THE COLORADO RIVER WATER CONSERVATION DISTRICT, THE NORTHERN COLORADO WATER CONSERVANCY DISTRICT, THE MIDDLE PARK WATER CONSERVANCY DISTRICT, THE GRAND VALLEY WATER USERS ASSOCIATION, THE ORCHARD MESA IRRIGATION DISTRICT, THE GRAND VALLEY IRRIGATION COMPANY, THE PALISADE IRRIGATION DISTRICT, AND CLIMAX MOLYBDENUM COMPANY FOR A DETERMINATION OF WATER RIGHTS

IN SUMMIT, GRAND, GARFIELD, EAGLE, PITKIN, ROUTT, GUNNISON, RIO BLANCO, AND MESA COUNTIES

***COURT USE ONLY***

James J. DuBois, Reg. No. 13206
U.S. Department of Justice
Environment and Natural Resources Division
999 18th Street
South Terrace – Suite 370
Denver, CO 80202
Phone Number:     (303) 844-1375
Fax Number:       (303) 844-1350
E-mail:           james.dubois@usdoj.gov

Case Number:

Division:              Courtroom:

EXHIBIT DW-4

Casey S. Funk, Reg. No. 11638
Board of Water Commissioners
City and County of Denver
1600 West 12th Avenue
Denver, CO  80204
Phone Number:    (303) 628-6466
E-mail:              casey.funk@denverwater.org

Mary Mead Hammond, Reg. No. 9851
William A. Paddock, Reg. No. 9478
Carlson, Hammond & Paddock, L.L.C.
1900 Grant Street, Suite 1200
Denver, CO 80233
Phone Number:    (303) 861-9000
Fax Number:       (303) 861-9026
E-mail:              mhammond@chp-law.com
                       bpaddock@chp-law.com

Michael J. Gustafson, Reg. No. 37364
City Attorney's Office – Utilities Division
Colorado Springs Utilities
P.O. Box 1575, Mail Code 510
Colorado Springs, CO  80901
Phone Number:    (719) 385-5909
Fax Number:       (719) 385-5535
E-mail:              mgustafson@springsgov.com

Peter C. Fleming, Reg. No. 20805
Jason V. Turner, Reg. No. 35665
Colorado River Water Conservation District
P.O. Box 1120
Glenwood Springs, CO  81602-1120
Phone Number:    (970) 945-8522
Fax Number:       (970) 945-8799
E-mail:              pfleming@crwcd.org
                       jturner@crwcd.org

Bennett W. Raley, Reg. No. 13429
Peggy Montaño, Reg. No. 11075
Trout, Raley, Montaño, Witwer & Freeman, P.C.
1120 Lincoln Street, Suite 1600
Denver, CO  80203-2141
Phone Number:    303-861-1963
E-mail:              bwraley@mac.com

Application of United States, et al.                                    Page 2

EXHIBIT DW-4

Stanley W. Cazier, Reg. No. 4648
John D. Walker, Reg. No. 31286
 Cazier, McGowan, & Walker
62495 U.S. Hwy 40
P.O. Box 500
Granby, CO  80446
Phone Number:    (970) 887-3376
Fax Number:       (970) 887-9430
E-mail:               Cazier_mcgowan@hotmail.com

Mark A. Hermundstad, Reg. No. 10527
Williams, Turner & Holmes, P.C.
P.O. Box 338
Grand Junction, CO  81502-0338
Phone Number:    (970) 242-6262
Fax Number:       (970) 241-3026
E-mail:               mherm@wth-law.com

Brian M. Nazarenus, Reg. No. 16984
Ryley Carlock & Applewhite
1700 Lincoln Street, Suite 3500
Denver, CO 80202
Phone Number:    (303) 863-7500
Fax Number:       (303) 595-3195
E-mail:               bnazarenus@rcalaw.com

Frederick G. Aldrich, Reg. No. 428
Aldrich Law Firm, LLC
601A 28 1/4  Road
Grand Junction, CO  81506
Phone Number:    (970) 245-7950
Fax Number:       (970) 245-0664
E-mail:               faldrich@aldrich-law.com

Nathan A. Keever, Reg. No. 24630
Dufford, Waldeck, Milburn & Krohn, LLP
744 Horizon Ct., Suite 300
Grand Junction, CO 81506-3947
Phone Number:    (970) 241-5500
Fax Number:       (970) 243-7738
E-mail:               keever@dwmk.com

Application of United States, et al.                                                    Page 3

EXHIBIT DW-4

**APPLICATION FOR A DETERMINATION OF WATER RIGHTS: CONFIRMATION OF ADMINISTRATIVE PROTOCOL FOR GREEN MOUNTAIN RESERVOIR AND OTHER WATER RIGHTS**

BACKGROUND

1.      THIS APPLICATION is filed pursuant to C.R.S. §37-92-302(1)(a) of the Water Right Determination and Administration Act to obtain, in accordance with the holding of *Southern Ute Indian Tribe v. King Consolidated Ditch Company*, 250 P.3d 1226 (Colo. 2011), a determination that Sections I, II, and III of the Green Mountain Reservoir Administrative Protocol ("GMR Protocol"), attached hereto as Exhibit 1 and incorporated herein by this reference, are consistent with the "Blue River Decree," being the Findings of Fact, Conclusions of Law, and Final Decree in Consolidated Civil Cases No. 5016 and 5017, and the Findings of Fact, Conclusions of Law, and Final Judgment in Consolidated Civil Cases No. 2782, 5016 and 5017, both entered on October 12, 1955 by the United States District Court, District of Colorado ("Federal Court"), and all amendments and supplemental orders, judgments, and decrees in said cases (collectively, the "Consolidated Cases").  Those Applicants in this matter that are also parties to the Consolidated Cases concurrently seek a similar determination from the Federal Court pursuant to that court's retained jurisdiction in the Consolidated Cases.

2.      Names and addresses of Applicants:

United States of America ("United States")
Bureau of Reclamation
11056 West County Road 18E
(EC-1310)
Loveland, CO 80537-9711

City and County of Denver, acting by and through its Board of Water Commissioners ("Denver Water")
1600 W. 12th Ave.
Denver, CO  80204

City of Colorado Springs, acting through its enterprise Colorado Springs Utilities ("Colorado Springs Utilities")
c/o M. Pat Wells
P.O. Box 1103, Mail Code 930
Colorado Springs, CO  80947-0930

Colorado River Water Conservation District
Attention:  General Manager
201 Centennial Street, Suite 200

Application of United States, et al.                                                    Page 4

EXHIBIT DW-4

P.O. Box 1120
Glenwood Springs, CO  81602
(970) 945-8522

Northern Colorado Water Conservancy District
Attention: General Manager
220 Water Avenue
Berthoud, CO  80513
(970) 532-7700

Middle Park Water Conservancy District
c/o Duane Scholl
P.O. Box 145
Granby, CO  80446
(970) 887-3377

Grand Valley Water Users Association
Attn:  Mark Harris, Manager
1147 24 Road
Grand Junction, CO  81505
(970) 242-5065

Grand Valley Irrigation Company
Attn:  Phil Bertrand, Superintendent
668 26 Road
Grand Junction, CO  81506
(970) 242-2762

Orchard Mesa Irrigation District
Attn:  Max Schmidt, Manager
668 38 Road
Palisade, CO  81526
(970) 464-7885

Palisade Irrigation District
777 35 3/10 Road
Palisade, CO  81526
(970) 464-4700

Climax Molybdenum Company
("Climax")
1742 County Road 202
P.O. Box 68

EXHIBIT DW-4

Empire, CO  80438
Attn: Bryce Romig
303-569-3221 ext. 1204

The United States, Denver Water, Colorado Springs Utilities, Colorado River Water Conservation District, Northern Colorado Water Conservancy District, Middle Park Water Conservancy District, Grand Valley Water Users Association, Grand Valley Irrigation Company, Orchard Mesa Irrigation District, and Palisade Irrigation District are parties to the Blue River Decree ("Blue River Decree Parties").  Applicant Climax is the owner of water rights decreed in Civil Action No. 1710, of the Summit County District Court entered on October 26, 1937 ("C.A.1710").

3.      Description of Green Mountain Reservoir ("GMR") and the Green Mountain Reservoir Powerplant ("GMR Powerplant") Water Rights.

3.1.      Location: GMR is located approximately sixteen miles southeast of the town of Kremmling, in Summit County, Colorado, and more particularly in all or parts of Sections 11, 12, 13, 14, 15, and 24, Township 2 South, Range 80 West, and Sections 17, 18, 19, 20, 21, 28, 29, 33, and 34, Township 2 South, Range 79 West of the 6th Principal Meridian. GMR is formed by the construction of Green Mountain Dam ("GMD") across the Blue River. The GMR Powerplant is located adjacent to the downstream toe of the GMD and is also adjacent to the Blue River channel, in Section 15, Township 2 South, Range 80 West of the 6th Principal Meridian.

3.2.      Source: Blue River and all tributaries upstream of the GMD, and Elliott Creek by means of its diversion canal.

3.3.      Date of Original Decree: October 12, 1955, Consolidated Civil Cases No. 2782, 5016 and 5017, United States District Court, District of Colorado.

3.4.      Priority Date: August 1, 1935.

3.5      Amounts: a direct flow right in the amount of 1,726 c.f.s. for generation of electrical power at the GMR Powerplant; a storage right in the amount of 154,645 acre-feet with the right to refill to the extent of an additional 6,316 acre-feet.

3.6.      Uses:  As provided in "Manner of Operations of Project Facilities and Auxiliary Features" in Senate Document No. 80, 75th Congress, 1st Session, ("S.D. 80").

4.      Description of Climax's C.A.1710 Water Rights taken from the Decree in Consolidated Case Nos. 92CW233 and 92CW336 .

EXHIBIT DW-4

4.1.    <u>The Supply Canal No. 1</u>. The water rights for the Supply Canal No. 1 were decreed as follows on October 26, 1937 by the Summit County District Court in C.A.1710:

4.1.1.    Sources: Humbug Creek, Mayflower Creek, Clinton Gulch Creek, and run-off, surface flow, and underground flow from the area above the Supply Canal No. 1, all of which are tributary to Tenmile Creek.

4.1.2.    Points of diversion:

4.1.2.1.    on the west bank of Humbug Creek at a point whence the Northwest corner of Section 2, Township 8 South, Range 79 West, 6th P.M., bears south 35°33' west 22,680 feet;

4.1.2.2.    on the south bank of Mayflower Creek at a point whence the Northwest corner of Section 2, Township 8 South, Range 79 West, 6th P.M., bears south 35°17' west, 16,894 feet;

4.1.2.3.    on the south bank of Clinton Gulch Creek at a point whence the Northwest corner of Section 2, Township 8 South, Range 79 West, 6th P.M., bears south 40°20'west 10,632 feet; and

4.1.2.4.    runoff, surface flow, and underground flow of the area above the Supply Canal No. 1 as it runs between the above-described points of diversion and to the Climax Mine.

4.1.3.    Amounts:

4.1.3.1.    Humbug Creek: 20.0 c.f.s.

4.1.3.2.    Mayflower Creek: 30.0 c.f.s.

4.1.3.3.    Clinton Gulch Creek: 50.0 c.f.s.

4.1.3.4.    Run-off, surface flow, and underground flow of the area above the line of Supply Canal No. 1.

4.1.3.5.    Storage in Robinson Reservoir of 3,136 acre-feet, with right of refill, as finally decreed by the Eagle County District Court in Civil Action Nos. 970 and 1193.  Robinson Reservoir is a 3,136 acre-feet reservoir located in the drainage of the East Fork of the Eagle River in the Southwest ¼ of Section 34 and the Southeast ¼ of Section 33, all in Township 7 South, Range 79 West, 6th P.M.

Application of United States, et al.    Page 7

EXHIBIT DW-4

          4.1.3.6.          Storage in Chalk Mountain Reservoir of 204.1 acre-feet, with right of refill, as finally decreed by the Eagle County District Court in Civil Action No. 1193.  Chalk Mountain Reservoir is a 205 acre-feet reservoir located in the drainage of the East Fork of the Eagle River in the Southwest corner of Section 34, Township 7 South, Range 79 West, 6th P.M.

          4.1.4.   Appropriation date: August 15, 1935.

          4.1.5.   Historical use: mining, milling, manufacturing, and domestic purposes at the Climax Mine.  The amount and timing of the historical diversions and consumptive use of the water rights were determined by the Division 5 Water Court in Case Nos. 92CW233 and 92CW336.  The water rights remain subject to said determinations and the terms and conditions of the 92CW233 and 92CW336 decree.

          4.2.     <u>The Supply Canal No. 2</u>.  The water rights for the Supply Canal No. 2 were decreed on October 26, 1937 by the Summit County District Court in C.A.1710.  In addition, the decreed points of diversion for Supply Canal No. 2 were changed on June 14, 1962 by the Summit County District Court in Civil Action No. 2122.

          4.2.1.   Sources: Searle Creek, Kokomo Creek, and run-off, surface flow, and underground flow of the area above the Supply Canal No. 2, all of which are tributary to Tenmile Creek.

          4.2.2.   Points of diversion:

          4.2.2.1.          on the west bank of Searle Creek at a point whence U.S.L.M. Kokomo bears South 45°58' east 3740 feet (located in the Southwest ¼ of the Southeast ¼ of Section 15, Township 7 South, Range 79 West, 6th P.M.);

          4.2.2.2.          on the south bank of Kokomo Creek at a point whence U.S.L.M. Kokomo bears North 39°36' East 2635 feet (located in the Southwest ¼ of Section 22, Township 7 South, Range 79 West, 6th P.M.); and

          4.2.2.3.          run-off, surface flow, and underground flow of the area above the Supply Canal No. 2 as it runs between the above-described points of diversion and to the Climax Mine.

          4.2.3.   Amounts:

          4.2.3.1.          Searle Creek: 35.0 c.f.s.

          4.2.3.2.          Kokomo Creek: 25.0 c.f.s.

4.2.3.3.        Run-off, surface flow, and underground flow of the area above the line of Supply Canal No. 2.

4.2.3.4.        Storage in Robinson Reservoir of 3,136 acre-feet, with right of refill, as finally decreed by the Eagle County District Court in Civil Action Nos. 970 and 1193.

4.2.3.5.        Storage in Chalk Mountain Reservoir of 204.1 acre-feet, with right or refill, as finally decreed by the Eagle County District Court in Civil Action No. 1193.

4.2.4.    Appropriation date: August 15, 1935.

4.2.5.    Historical use: mining, milling, manufacturing, and domestic purposes at the Climax Mine.  The amount and timing of the historical diversions and consumptive use of the water rights were determined by the Division 5 Water Court in Case Nos. 92CW233 and 92CW336.  The water rights remain subject to said determinations and the terms and conditions of the 92CW233 and 92CW336 decree.

4.3.    The Tenmile Diversion Ditch No. 1 and the Tenmile Diversion Ditch No. 2.  The water rights for the Tenmile Diversion Ditch No. 1 and the Tenmile Diversion Ditch No. 2 were originally decreed on October 26, 1937 by the Summit County District Court in Civil Action 1710.  On July 24, 1945, the Summit County District Court entered a decree in Civil Action 1830 changing the points of diversion of a portion of the water rights for the Tenmile Diversion Ditch No. 1 and all of the water rights for the Tenmile Diversion Ditch No. 2 to the Tailings Riser Line, described below:

| Headgate No. | Tailings Riser No. | | Bearing | Distance |
|---|---|---|---|---|
| 1 | 20 | NW Corner, Section 2, Township 8 South, Range 79 West | South 31°27' East | 567.8 feet |
| 2 | 37 | NW Corner, Section 2, Township 8 South, Range 79 West | North 17°08' East | 804.5 feet |
| 3 | 38 | NW Corner, Section 2, Township 8 South, Range 79 West | North 17°21' West | 1275.2 feet |
| 4 | 39 | West ¼ Corner, Section 2, Township 8 South, Range 79 West | South 25°49' West | 1502.8 feet |
| 5 | 40 | West ¼ Corner, Section 2, Township 8 South, Range 79 West | South 71°10' West | 1066.1 feet |
| 6 | 41 | West ¼ Corner, Section 2, Township 8 South, Range 79 West | North 65°31' West | 1592.8 feet |

EXHIBIT DW-4

4.3.1.   The Tenmile Diversion Ditch No. 1:

4.3.1.1.        Sources: Tenmile Creek and the run-off, surface flow, and underground flow from the area above the line of the Tenmile Diversion Ditch No. 1.

4.3.1.2 Amounts:

4.3.1.2.1.        20.0 c.f.s. from Tenmile Creek.

4.3.1.2.2.        Run-off, surface flow, and underground flow from the area above the line of the Tenmile Diversion Ditch No. 1.

4.3.1.2.3.        Storage in Robinson Reservoir of 3,136 acre-feet, with right of refill, as finally decreed by the Eagle County District Court in Civil Action Nos. 970 and 1193.

4.3.1.2.4.        Storage in Chalk Mountain Reservoir of 204.1 acre-feet, with right of refill, as finally decreed by the Eagle County District Court in Civil Action No. 1193.

4.3.1.3.        Appropriation date: June 4, 1936.

4.3.1.4.        Historical use: mining, milling, manufacturing, and domestic purposes at the Climax Mine.  The amount and timing of the historical diversions and consumptive use of the water rights were determined by the Division 5 Water Court in Case Numbers 92CW233 and 92CW336.  The water rights remain subject to said determinations and the terms and conditions of the 92CW233 and 92CW336 decree.

4.3.2.   The Tenmile Diversion Ditch No. 2:

4.3.2.1.        Sources: Tenmile Creek and the run-off, surface flow, and underground flow from the area above the line of Tenmile Diversion Ditch No. 2.

4.3.2.2.        Amounts:

4.3.2.2.1.        20.0 c.f.s. from Tenmile Creek.

4.3.2.2.2.        Run-off, surface flow, and underground flow from the area above the line of Tenmile Diversion Ditch No. 2.

4.3.2.2.3.        Storage in Robinson Reservoir of 3,136 acre-feet, with right of refill, as finally decreed by the Eagle County District Court in Civil Action Nos. 970 and 1193.

Application of United States, et al.                                                                 Page 10

EXHIBIT DW-4

4.3.2.2.4.    Storage in Chalk Mountain Reservoir of 204.1 acre-feet, with right of refill, as finally decreed by the Eagle County District Court in Civil Action No. 1193.

4.3.2.3.    Appropriation date: June 4, 1936.

4.3.2.4.    Historical use: mining, milling, manufacturing, and domestic purposes at the Climax Mine. The amount and timing of the historical diversions and consumptive use of the water rights were determined by the Division Water Court in Case Nos. 92CW233 and 92CW336. The water rights remain subject to said determinations and the terms and conditions of the 92CW233 and 92CW336 decree.

4.4.    McNulty Ditch (a.k.a. Ten Mile Diversion Ditch No. 1). The decreed point of diversion for the McNulty Ditch is a point on the north bank of McNulty Gulch Creek whence the North ¼ Corner of Section 2, Township 8 South, Range 79 West, 6th P.M., bears South 60°50' West 729.4 feet. The water right for the McNulty Ditch consists of 15.0 c.f.s., plus run-off, surface flow and underground flow, and constitutes that portion of the water rights for the Ten Mile Diversion Ditch No. 1 that were adjudicated to McNulty Gulch Creek on October 26, 1937 by the Summit County District Court in C.A.1710. The applicable portion of the Ten Mile Diversion Ditch No. 1 water right was transferred to the McNulty Ditch from the Ten Mile Diversion Ditch No. 1 pursuant to a decree entered by the Summit County District Court on July 24, 1945 in Civil Action No. 1829. As transferred, the McNulty Ditch water right is as follows:

4.4.1.    Sources: McNulty Gulch Creek and run-off, surface flow, and underground flow from the area above the ditch.

4.4.2.    Amounts:

4.4.2.1.    15.0 c.f.s. from McNulty Gulch Creek.

4.4.2.2.    Run-off, surface flow, and underground flow from the area above the McNulty Ditch.

4.4.2.3.    Storage in Robinson Reservoir of 3,136 acre-feet, with right of refill, as finally decreed by the Eagle County District Court in Civil Action Nos. 970 and 1193.

4.4.2.4.    Storage in Chalk Mountain Reservoir of 204.1 acre-feet, with right of refill, as finally decreed by the Eagle County District Court in Civil Action No. 1193.

4.4.3.    Appropriation date: June 4, 1936

Application of United States, et al.                                    Page 11

4.4.4.   Historical use: mining, milling, manufacturing, and domestic purposes at the Climax Mine.  The amount and timing of the historical diversions and consumptive use of the water rights were determined by the Division 5 Water Court in Case Nos. 92CW233 and 92CW336.  The water rights remain subject to said determinations and the terms and conditions of the 92CW233 and 92CW336 decree.

5.      Description of Colorado Springs Utilities' 1948 Blue River Water Rights:

5.1     Blue River Ditch.

5.1.1    Location:  At a point from whence the East quarter corner of Section 2, Township 8 South, Range 78 West of the 6th Principal Meridian is South 80° 44' East a distance of 2,096 feet.

5.1.2    Source:  Blue River.

5.1.3    Date of Original Decree:  March 10, 1952 (CA 1806, Summit County District Court); October 12, 1955 (Consolidated Civil Cases Nos. 2782, 5016 and 5017, United States District Court, District of Colorado).

5.1.4    Priority Date:  May 13, 1948.

5.1.5    Amount:  200 c.f.s.

5.1.6    Uses:  By and for the benefit of the inhabitants of the City of Colorado Springs and adjacent areas for domestic uses, fire protection, sewage disposal, manufacturing and industrial uses, street sprinkling and flushing, and the irrigation of lawns, trees, gardens, flowers, and parks, and other municipal purposes.

5.2     Crystal Ditch.

5.2.1    Location:  At a point from whence the Northwest corner of Section 2, Township 8 South, Range 78 West of the 6th Principal Meridian is South 19° 34' West a distance of 18,245 feet.

5.2.2    Source:  Crystal Creek.

5.2.3    Date of Original Decree:  March 10, 1952; October 12, 1955.

5.2.4    Priority Date:  May 13, 1948.

5.2.5    Amount:  40 c.f.s.

EXHIBIT DW-4

5.2.6   Uses:  By and for the benefit of the inhabitants of the City of Colorado Springs and adjacent areas for domestic uses, fire protection, sewage disposal, manufacturing and industrial uses, street sprinkling and flushing, and the irrigation of lawns, trees, gardens, flowers, and parks, and other municipal purposes.

5.3     Spruce Ditch.

5.3.1   Location:  At a point from whence the Northwest corner of Section 2, Township 8 South, Range 78 West of the 6th Principal Meridian is South 23° 56' West a distance of 12,810 feet.

5.3.2   Source:  Spruce Creek.

5.3.3   Date of Original Decree:  March 10, 1952; October 12, 1955.

5.3.4   Priority Date:  May 13, 1948.

5.3.5   Amount:  60 c.f.s.

5.3.6   Uses:  By and for the benefit of the inhabitants of the City of Colorado Springs and adjacent areas for domestic uses, fire protection, sewage disposal, manufacturing and industrial uses, street sprinkling and flushing, and the irrigation of lawns, trees, gardens, flowers, and parks, and other municipal purposes.

5.4     McCullough Ditch.

5.4.1   Location:  At a point from whence the Northwest corner of Section 2, Township 8 South, Range 78 West of the 6th Principal Meridian is South 28° 23' West a distance of 6,085 feet.

5.4.2   Source:  McCullough Gulch Creek.

5.4.3   Date of Original Decree:  March 10, 1952; October 12, 1955.

5.4.4   Priority Date:  May 13, 1948.

5.4.5   Amount:  60 c.f.s.

5.4.6   Uses:  By and for the benefit of the inhabitants of the City of Colorado Springs and adjacent areas for domestic uses, fire protection, sewage disposal, manufacturing and industrial uses, street sprinkling and flushing, and the irrigation of lawns, trees, gardens, flowers, and parks, and other municipal purposes.

EXHIBIT DW-4

 

5.5      East Hoosier Ditch.

5.5.1    Location:  At a point from whence the Southwest corner of Section 6, Township 8 South, Range 77 West of the 6th Principal Meridian is South 57° 36' West a distance of 388.8 feet.

5.5.2    Source:  East Hoosier Creek.

5.5.3    Date of Original Decree:  March 10, 1952; October 12, 1955.

5.5.4    Priority Date:  May 13, 1948.

5.5.5    Amount:  50 c.f.s.

5.5.6    Uses:  By and for the benefit of the inhabitants of the City of Colorado Springs and adjacent areas for domestic uses, fire protection, sewage disposal, manufacturing and industrial uses, street sprinkling and flushing, and the irrigation of lawns, trees, gardens, flowers, and parks, and other municipal purposes.

5.6      Hoosier Ditch (Claim No. 1).

5.6.1    Location:  (Hoosier Creek headgate):  On the west bank of Hoosier Creek at a point from whence the Northeast corner of Section 12, Township 8 South, Range 78 West of the 6th Principal Meridian is North 64° 35' East a distance of 877.8 feet.

5.6.2    Source:  Hoosier Creek.

5.6.3    Date of Original Decree:  March 10, 1952; October 12, 1955.

5.6.4    Priority Date:  May 13, 1948.

5.6.5    Amount:  40 c.f.s.

5.6.6    Uses:  By and for the benefit of the inhabitants of the City of Colorado Springs and adjacent areas for domestic uses, fire protection, sewage disposal, manufacturing and industrial uses, street sprinkling and flushing, and the irrigation of lawns, trees, gardens, flowers, and parks, and other municipal purposes.

5.7      Hoosier Ditch (Claim No. 2).

5.7.1    Location:  (Silver Creek headgate):  On the west bank of Silver Creek where said ditch crosses Silver Creek at a point from whence the West Quarter corner of Sect. 1, T. 8 S., R. 78 W. of the 6th P.M. is N. 48° 33' W. a distance of 1,375.8 feet.

5.7.2    Source:  Silver Creek.

5.7.3    Date of Original Decree:  March 10, 1952; October 12, 1955.

5.7.4    Priority Date:  May 13, 1948.

5.7.5    Amount:  20 c.f.s.

5.7.6    Uses:  By and for the benefit of the inhabitants of the City of Colorado Springs and adjacent areas for domestic uses, fire protection, sewage disposal, manufacturing and industrial uses, street sprinkling and flushing, and the irrigation of lawns, trees, gardens, flowers, and parks, and other municipal purposes.

5.8    Ditch Inflow.

5.8.1    Location:  Along the ditches between the points of diversion (described in paragraphs 4.1.1; 4.2.1; 4.3.1; 4.4.1; 4.5.1; 4.6.1; and 4.7.1) and delivery to the Hoosier Tunnel (described in paragraph 4.9.1).

5.8.2    Source:  Water intercepted by the ditches.

5.8.3    Date of Original Decree:  March 10, 1952; October 12, 1955.

5.8.4    Priority Date:  May 13, 1948.

5.8.5    Amount:  50 c.f.s.

5.8.6    Uses:  By and for the benefit of the inhabitants of the City of Colorado Springs and adjacent areas for domestic uses, fire protection, sewage disposal, manufacturing and industrial uses, street sprinkling and flushing, and the irrigation of lawns, trees, gardens, flowers, and parks, and other municipal purposes.

5.9    Hoosier Tunnel.

5.9.1    Location:  The place of beginning of said tunnel is located at a point from whence the East Quarter corner of Sec. 2, T. 8 S., R. 78 W. of the 6th P.M. is N. 34° 33' E. a distance of 510.6 feet.

5.9.2    Source:  Water seeping into and being intercepted by the tunnel.

5.9.3    Date of Original Decree:  March 10, 1952; October 12, 1955.

EXHIBIT DW-4

5.9.4   Priority Date:  May 13, 1948.

5.9.5   Amount:  20 c.f.s.

5.9.6   Uses:  By and for the benefit of the inhabitants of the City of
Colorado Springs and adjacent areas for domestic uses, fire protection, sewage disposal,
manufacturing and industrial uses, street sprinkling and flushing, and the irrigation of lawns,
trees, gardens, flowers, and parks, and other municipal purposes.

5.10    Upper Blue Lake.

5.10.1  Location:  Across the channel of the Blue River with the initial
point of survey at a point whence the Northeast corner of Section 3, Township 8 South, Range 78
West of the 6th Principal Meridian bears North 66° 30' East 3,728 feet.

5.10.2  Source:  Blue River.

5.10.3  Date of Original Decree:  March 10, 1952; October 12, 1955.

5.10.4  Priority Date:  May 13, 1948.

5.10.5  Amount:  2,140 acre-feet.

4.10.6  Uses:  Municipal, domestic, irrigation and other beneficial uses in
the City of Colorado Springs.

5.11    Lower Blue Lake.

5.11.1  Location:  The initial point of survey is at a point whence the
Northeast corner of Section 3, Township 8 South, Range 78 West of the 6th P.M. bears North 54°
East 503 feet.

5.11.2  Source:  Blue River.

5.11.3  Date of Original Decree:  March 10, 1952; October 12, 1955.

5.11.4  Priority Date:  May 13, 1948.

5.11.5  Amount:  1,006 acre-feet.

5.11.6  Uses:  By and for the benefit of the inhabitants of the City of
Colorado Springs and adjacent areas for domestic uses, fire protection, sewage disposal,

Application of United States, et al.                                        Page 16

manufacturing and industrial uses, street sprinkling and flushing, and the irrigation of lawns, trees, gardens, flowers, and parks, and other municipal purposes.

       5.12    Spruce Lake.

       5.12.1  Location:  The initial point of survey is at a point whence the Northeast corner of Section 22, Township 7 South, Range 78 West of the 6th P.M. bears North 12° 44' East 5,780 feet.

       5.12.2  Source:  Spruce Creek.

       5.12.3  Date of Original Decree:  March 10, 1952; October 12, 1955.

       5.12.4  Priority Date:  May 13, 1948.

       5.12.5  Amount:  1,542 acre-feet.

       5.10.6  Uses:  By and for the benefit of the inhabitants of the City of Colorado Springs and adjacent areas for domestic uses, fire protection, sewage disposal, manufacturing and industrial uses, street sprinkling and flushing, and the irrigation of lawns, trees, gardens, flowers, and parks, and other municipal purposes.

       5.13    Mayflower Lake.

       5.13.1  Location:  The initial point of survey is at a point whence the Northeast corner of Section 22, Township 7 South, Range 78 West of the 6th P.M. bears North 43° 44' East 4,770 feet.

       5.13.2  Source:  Spruce Creek.

       5.13.3  Date of Original Decree:  March 10, 1952; October 12, 1955.

       5.13.4  Priority Date:  May 13, 1948.

       5.13.5  Amount:  618 acre-feet.

       5.10.6  Uses:  By and for the benefit of the inhabitants of the City of Colorado Springs and adjacent areas for domestic uses, fire protection, sewage disposal, manufacturing and industrial uses, street sprinkling and flushing, and the irrigation of lawns, trees, gardens, flowers, and parks, and other municipal purposes.

       6.    Description of Denver Water's 1946 Blue River Water Rights:

Application of United States, et al.         

6.1      Location. The Blue River Diversion Project stores water in Dillon Reservoir and diverts water from the Blue River, the Snake River, and Ten Mile Creek and their tributaries through the Harold D. Roberts Tunnel, the west portal of which is located at a point whence the East quarter corner of Section 18, Township 5 South, Range 77 West of the 6th P.M. bears South 81°07' East 941.6 feet.

6.2      Source:   The sources of water for the Blue River Diversion Project are the Blue River, the Snake River, and Ten Mile Creek, all of which are tributaries of the Colorado River; and the waters naturally tributary thereto.

6.3      Date of Original Decree:  March 10, 1952, Summit County District Court; October 12, 1955, Consolidated Civil Cases Nos. 2782, 5016 and 5017, United States District Court, District of Colorado.

6.4      Appropriation date:  June 24, 1946.

6.5      Amounts:  The Blue River Diversion Project was decreed conditional priorities 139(c) and 366(c) for 788 c.f.s. from the Blue River; conditional priorities 140(c) and 367(c) for 788 c.f.s. from the Ten Mile Creek; and conditional priorities 141(c) and 368(c) for 788 c.f.s. from the Snake River providing no more than 788 c.f.s. shall be taken through any combination of the above described sources.  In addition, Dillon Reservoir was decreed conditional reservoir priorities 80(c) and 8(c) for 252,678 acre-feet.  To date, the Dillon Reservoir storage right has been confirmed absolute in the amount of 252,678 acre-feet and the Roberts Tunnel direct flow right has been confirmed absolute in the rate of 520 c.f.s.  A claim is pending to make 654 c.f.s. of the Roberts Tunnel direct flow right absolute in Case No. 2006CW255.

6.6      Use:  All municipal uses including domestic use, mechanical use, manufacturing use, fire protection, street sprinkling, watering of parks, lawns and grounds as more fully described in the Second Amended Application filed in Case No. 2006CW255.

DETERMINATION OF WATER RIGHTS.

7.      Procedural History.

7.1      Water Court Jurisdiction.  This application seeks a determination of water right, in accordance with the holding of *Southern Ute Indian Tribe v. King Consolidated Ditch Co.* 250 P.3d 1226, 1233 (Colo. 2011), confirming that Sections I, II, and III of the GMR Protocol are consistent with the Blue River Decree, and an order directing that administration be carried out in accordance with the GMR Protocol.

7.2      GMR Water Rights Adjudicated by the Blue River Decree.  The United States has a priority date of August 1, 1935 for the Colorado-Big Thompson Project from the

Application of United States, et al.                                      Page 18

Blue River and its tributaries for a 1726 c.f.s. direct flow right for the generation of electrical power at the GMR Powerplant ("GMR Power Right"), and a storage right for 154,645 acre-feet in GMR ("1935 First Fill Storage Right") with the right to refill to the extent of an additional 6,316 acre-feet ("GMR Senior Refill Right"), as more fully described in Paragraph 3 above.  The United States also operates exchanges involving Green Mountain Reservoir as of that priority, and the August 1, 1935 priority of the direct flow, storage, and exchange rights for the operation of the facilities at GMR is administered as though adjudicated in the first available adjudication following that date, i.e., "without postponement for any reason."  Decree Consolidated Civil Nos. 2782, 5016 5017, 88CW382, ¶¶ 1 and 4, November 10, 1992.  The GMR Senior Refill Right is exercised by subsequent storage after the release of water from the first fill.

7.3    Except as provided in the Blue River Decree, use by the United States through the GMR Powerplant of water that would otherwise be available for storage is an exercise of the GMR Power Right and not a bypass or failure to exercise any storage right.  Case No. 88CW22, ¶ 10 at 3.

7.4    Denver Water's 1946 Blue River Water Rights.  Denver Water has, *inter alia*, a priority date of June 24, 1946 from the Blue River and its tributaries for 788 c.f.s. of direct flow for the Roberts Tunnel and for 252,678 acre-feet of storage for Dillon Reservoir, both for municipal purposes, as more fully described in Paragraph 6 above.

7.5    Colorado Springs' 1948 Blue River Water Rights.  Colorado Springs Utilities has, *inter alia*, a priority date of May 13, 1948 for 400 c.f.s. direct flow and 5,306 acre-feet of storage from the Blue River and its tributaries for the Continental-Hoosier Diversion System, both for municipal purposes, as more fully described in Paragraph 5 above.

7.6    Cities' Diversions.  Notwithstanding their priority dates, and subject to the decision of the Secretary of the Interior that it will not adversely affect the ability of GMR to fulfill its function as set forth in the "Manner of Operations of Project Facilities and Auxiliary Features" contained in S.D. 80, except as to production of power, diversions by Denver Water and Colorado Springs Utilities (collectively, the "Cities") may be made as approved by the Secretary after the snow pack has been estimated by the United States and a determination has been made that it is reasonably probable that GMR will be filled during the season.  Findings of Fact and Conclusions of Law, Consolidated Cases 2782, 5016, 5017 at p. 30 (Stipulation ¶ 4); Supplemental Decree Consolidated Cases 2782, 5016, 5017, February 9, 1978 ¶ 4(a).

8.    Administrative Controversies

8.1    GMR Fill Administration.  Since the adjudication of the GMR water rights in 1955, the administration of its fill has varied; this has adversely affected the rights of the Applicants.  GMR is currently administered pursuant to an Interim Policy of the State and Division Engineers that some of the Blue River Decree Parties contend adversely affects their rights under the Blue River Decree.  The disagreement regarding the Interim Policy and its effect

on the rights and obligations of the Blue River Decree Parties has resulted in controversy and anticipated litigation among the Applicants and others.

8.2     Climax.  In addition, since the Blue River Decree was entered in 1955, the administration of the priorities for Climax's C.A.1710 Water Rights vis-à-vis those adjudicated in the Blue River Decree for the GMR Water Rights, has varied, has resulted in litigation, and is likely to lead to additional litigation.  In addition, Climax's C.A.1710 Water Rights are currently tabulated by the Colorado State Engineer as junior in priority to the water rights for GMR adjudicated in the Blue River Decree.  As more particularly set forth in the GMR Protocol, the Applicants believe that Section III of the Administrative Protocol describes the relative priority of Climax's C.A.1710 Water Rights in a manner consistent with the Blue River Decree.

8.3     GMR Protocol.  The Applicants have negotiated and agreed to the GMR Protocol, comprising Sections I, II, III and IV, in order to clarify and implement certain provisions of the Blue River Decree by (1) setting forth a protocol for, among other things, (a) preparation, review, and modification of a fill schedule for GMR; (b) definition and administration of a fill season for exercise of the 1935 First Fill Storage Right; (c) administration of water rights during the fill season; and (d) operation of the GMR water rights and the water rights of the Cities in response to downstream calls senior to the Cities' water rights; (2) making as much water as possible available for upstream use, including use by the Cities, without impairment of the fill of GMR and without impairment of legal calls of downstream water rights; (3) providing a clear definition of the Cities' replacement obligation operations pursuant to the Blue River Decree; (4) ensuring that the administration of the GMR water rights does not allow the water rights of the Cities to benefit improperly; (5) reducing as much as possible or potentially eliminating the extent to which the bypass of 60 c.f.s. by GMR is accounted toward the fill of the GMR storage rights, and assuring, to the extent possible, the refilling of GMR to the extent that such bypass is accounted toward the fill of the GMR storage rights; and (6) addressing the relative priority of the GMR water rights, the Cities' water rights, and Climax's C.A.1710 Water Rights in a manner agreed by the Blue River Decree Parties and Climax; all in a manner that is consistent with the Blue River Decree.  Only Sections I, II and III of the GMR Protocol are the subject of this Application.

9.     Concurrent Federal Court Proceeding.

9.1     Federal Court Petition.  Concurrent with the filing of this Application, the Applicants that are Blue River Decree Parties are filing a Petition in the federal court invoking the jurisdiction retained by that court in the Consolidated Cases, to seek (1) a determination that Sections I, II, III of the GMR Protocol are consistent with the Blue River Decree; and (2) a determination that Section IV of the GMR Protocol is consistent with the Blue River Decree.

9.2     Desired Procedure.  It is the intention of the Applicants that all persons and entities filing statements of opposition to this Application be entitled to participate fully in the judicial proceedings, either in this Court or the Federal Court, to determine whether Sections

EXHIBIT DW-4

I, II and III of the GMR Protocol are consistent with the Blue River Decree.  Accordingly, after expiration of the statutory time for filing statements of opposition to this application, the Applicants will request: (1) entry by the Federal Court of a procedural order specifying that the procedures set forth in the Federal Court's Order of August 4, 1977 (Regarding Further Proceedings Consonant With the Colorado Water Right Determination and Administration Act of 1969) in the Consolidated Cases will apply to that part of the Federal Court proceeding seeking a determination that Sections I, II, and III of the GMR Protocol are consistent with the Blue River Decree, and to that part of the Federal Court proceeding only; and (2) a stay of proceedings in this Court pending the exercise of retained jurisdiction, and entry of a determination regarding Sections I, II, and III of the GMR Protocol, by the Federal Court.

     10.    Notice

     10.1    Notice of this Application, including the full text of Sections I, II, and III of the GMR Protocol, shall be provided in the resume of this Application, and by newspaper publication in Summit, Grand, Garfield, Eagle, Pitkin, Routt, Gunnison, Rio Blanco, and Mesa Counties, as well as in any other county in which publication is ordered by this Court.

     10.2    This Application does not involve any new diversion or storage structure, or modification to any existing diversion or storage structure or existing storage pool.  Therefore, no notice is required to the owner of the land pursuant to C.R.S. § 37-92-302(2)(b)(II).  Moreover, the owner of the land upon which GMR is constructed and in which water is stored is the United States, an Applicant herein.

     11.    Nothing in this Application or proceeding is intended to request or adjudicate a change to any of the water rights described herein.

     WHEREFORE, Applicants seek a determination confirming that Sections I, II, and III of the GMR Protocol are consistent with the Blue River Decree and directing that administration be carried out in accordance with Sections I, II, and III of the GMR Protocol.

| | |
|---|---|
| ROBERT G. DREHER<br>Acting Assistant Attorney General<br>*PURSUANT TO CRCP RULE 121. Section 1-26(9). A DULYSIGNED COPY OF THIS DOCUMENT IS ON FILE AT THEOFFICES OF THE DEPARTMENT OF JUSTICE*<br>By: _____<br>JAMES J. DUBOIS, #13206<br>United States Department of Justice<br>Environment & Natural Resources Division<br>999 18th Street, South Terrace, Suite 370<br>Denver, CO 80202<br><br>Attorneys for Applicant United States of America | Patricia L. Wells, General Counsel<br>Casey S. Funk, No. 11638*<br>Daniel J. Arnold, No. 35458<br>*PURSUANT TO CRCP RULE 121. Section 1-26(9). A DULYSIGNED COPY OF THIS DOCUMENT IS ON FILE*<br>By: _____<br>Attorneys for Applicant, the City and County of Denver, acting by and through its Board of Water Commissioners<br>1600 West 12th Ave.<br>Denver, CO 80204-3412<br>Phone Number: (303) 628-6460<br>Fax Number: (303) 628-6478<br>*Counsel of Record |
| Colorado River Water Conservation District<br>*PURSUANT TO CRCP RULE 121. Section 1-26(9). A DULYSIGNED COPY OF THIS DOCUMENT IS ON FILE*<br>BY: _____<br>Peter C. Fleming, Reg. No. 20805<br>Jason V. Turner, Reg. No. 35665<br>Colorado River Water Conservation District<br>P.O. Box 1120<br>Glenwood Springs, CO 81602-1120<br>(970) 945-8522<br><br>Attorneys for Applicant<br>Colorado River Water Conservation District | Trout, Raley, Montaño, Witwer & Freeman, P.C.<br><br>*PURSUANT TO CRCP RULE 121. Section 1-26(9). A DULYSIGNED COPY OF THIS DOCUMENT IS ON FILE*<br>By: _____<br>Bennett W. Raley, Reg. No. 13429<br>Peggy Montaño, Reg. No. 11075<br>Trout, Raley, Montaño, Witwer & Freeman, P.C.<br>1120 Lincoln Street, Suite 1600<br>Denver, CO 80203-2141<br>Attorneys for Applicant<br>Northern Colorado Water Conservancy District |

EXHIBIT DW-4

| | |
|---|---|
| Carlson, Hammond & Paddock, L.L.C.<br><br>*PURSUANT TO CRCP RULE 121. Section 1-26(9). A DULYSIGNED COPY OF THIS DOCUMENT  IS ON FILE*<br>By: _____<br>Mary Mead Hammond, Reg. No. 9851<br>William A. Paddock, Reg. No. 9478<br>Carlson, Hammond & Paddock, L.L.C.<br>1900 Grant Street, Suite 1200<br>Denver, CO 80233<br><br>Attorneys for Applicant City of Colorado Springs, acting through its Enterprise, Colorado Springs Utilities | Ryley Carlock and Applewhite<br><br>*PURSUANT TO CRCP RULE 121. Section 1-26(9).  A DULYSIGNED COPY OF THIS DOCUMENT  IS ON FILE*<br>By: _____<br>Brian M. Nazarenus, Reg. No. 16984<br>Ryley Carlock and Applewhite<br>1700 Lincoln Street, Suite 3500<br>Denver, CO 80203<br><br>Attorneys for Applicant Climax Molybdenum Company |
| City Attorney's Office – Utilities Division<br>Colorado Springs Utilities<br>*PURSUANT TO CRCP RULE 121. Section 1-26(9).  A DULYSIGNED COPY OF THIS DOCUMENT  IS ON FILE*<br>By: _____<br>Michael J. Gustafson, Reg. No. 37364<br>City Attorney's Office – Utilities Division<br>Colorado Springs Utilities<br>P.O. Box 1575, Mail Code 510<br>Colorado Springs, CO  80901<br><br>Attorneys for Applicant City of Colorado Springs, acting through its Enterprise, Colorado Springs Utilities | Cazier, McGowan, and Walker<br>*PURSUANT TO CRCP RULE 121. Section 1-26(9).  A DULYSIGNED COPY OF THIS DOCUMENT  IS ON FILE*<br>By: _____<br>Stanley W. Cazier, Reg. No. 4648<br>John D. Walker, Reg. No. 31286<br>Cazier, McGowan, and Walker<br>62495 U.S. Hwy 40<br>P.O. Box 500<br>Granby, CO  80446<br><br>Attorneys for Applicant Middle Park Water Conservancy District |

Application of United States, et al.                                          Page 23

EXHIBIT DW-4

| | |
|---|---|
| Williams, Turner & Holmes, P.C.<br><br>*PURSUANT TO CRCP RULE 121. Section 1-26(9). A DULYSIGNED COPY OF THIS DOCUMENT IS ON FILE*<br>By: _____<br>Mark A. Hermundstad, Reg. No. 10527<br>Williams, Turner & Holmes, P.C.<br>P.O. Box 338<br>Grand Junction, CO 81502-0338<br><br>**Attorneys for Applicants Orchard Mesa Irrigation District and Grand Valley Water Users Association** | Dufford Waldeck Milburn & Krohn, LLP<br><br>*PURSUANT TO CRCP RULE 121. Section 1-26(9). A DULYSIGNED COPY OF THIS DOCUMENT IS ON FILE*<br>By: _____<br>Nathan A. Keever, Reg. No. 24630<br>Dufford Waldeck Milburn & Krohn, LLP<br>744 Horizon Ct., Suite 300<br>Grand Junction, CO 81506-3947<br><br>**Attorneys for Applicant Palisade Irrigation District** |
| Aldrich Law Firm, LLC<br><br>*PURSUANT TO CRCP RULE 121. Section 1-26(9). A DULYSIGNED COPY OF THIS DOCUMENT IS ON FILE*<br>By: _____<br>Frederick G. Aldrich, Reg. No. 428<br>Aldrich Law Firm, LLC<br>601A 28 1/4 Road<br>Grand Junction, Colorado 81506<br><br>**Attorney for Applicant Grand Valley Irrigation Company** | |

Application of United States, et al.                                    Page 24

<u>EXHIBIT DW-4</u>

<u>**VERIFICATION**</u>

STATE OF MONTANA       )
                                    )ss.

COUNTY OF YELLOWSTONE    )

      I, Michael J. Ryan, Regional Director, Great Plains Region, for the United State Bureau of Reclamation, being first duly sworn, hereby state that I have read this Application, that I have personal knowledge of the facts stated and, that I verify its contents to the best of my knowledge, information, and belief.

                              Regional Director, Great Plains Region

      Subscribed and sworn to before me this 12th day of November, 2013 by Michael J. Ryan.

      Witness my hand and official seal.

My commission expires: _____1/6/2014_____

SABINA BIRDWELL
NOTARY PUBLIC for the
State of Montana
Residing at Billings, MT
My Commission Expires
January 6, 2014

                         Sabina Birdwell
                         Notary Public

Application of United States, et al.                          Page 25

EXHIBIT DW-4

## <u>VERIFICATION</u>

| | |
|---|---|
| STATE OF COLORADO | ) |
| | )ss. |
| CITY AND COUNTY OF DENVER | ) |

I, William G. Bates, Manager of Water Rights Protection for the Board of Water Commissioners, City and County of Denver, being first duly sworn, hereby state that I have read this Application, that I have personal knowledge of the facts stated and, that I verify its contents to the best of my knowledge, information, and belief.

_____
William G. Bates

Subscribed and sworn to before me this 15th day of November, 2013 by William G. Bates.

Witness my hand and official seal.

My commission expires: _____October 11, 2016_____

TRACY MARIE GOMEZ
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20124063051
MY COMMISSION EXPIRES OCTOBER 11, 2016

_____
Notary Public

Application of United States, et al.                                    Page 26

EXHIBIT DW-4

## VERIFICATION

STATE OF COLORADO    )
                           )ss.
COUNTY OF GARFIELD   )

I, John Currier, Chief Engineer for the Colorado River Water Conservation District, being first duly sworn, hereby state that I have read this Application, that I have personal knowledge of the facts stated and, that I verify its contents to the best of my knowledge, information, and belief.

_____
John Currier

    Subscribed and sworn to before me this 14th day of November, 2013 by John Currier, Chief Engineer for the Colorado River Water Conservation District.

    Witness my hand and official seal.

    My commission expires: 7/11/2015

NOTARY PUBLIC
LORRA NICHOLS
STATE OF COLORADO

My Commission Expires 07/11/2015

_____
Lorra Nichols, Notary Public

## VERIFICATION

STATE OF COLORADO )
                      )ss.
COUNTY OF _Larimer_ )

I, Donald Carlson, ~~Deputy~~ *ASSISTANT* General Manager, Northern Colorado Water Conservancy District, being first duly sworn, hereby state that I have read this Application, that I have personal knowledge of the facts stated and, that I verify its contents to the best of my knowledge, information, and belief.

*Donald Carlson*

Donald Carlson

Subscribed and sworn to before me this _15th_ day of November, 2013 by ~~Doug~~ *Donald* Carlson

Witness my hand and official seal.

My commission expires: _July 30, 2016_

REBECCA D MORRIS
Notary Public
State of Colorado
Commission # 19964016647
My Commission Expires Jul 30, 2016

*Rebecca D. Morris*

Notary Public

EXHIBIT DW-4

## **VERIFICATION**

STATE OF COLORADO     )
                              )ss.
COUNTY OF El PASO     )

         I, Kevin Lusk, Principal Engineer for Colorado Springs Utilities, being first duly sworn, hereby state that I have read this Application, that I have personal knowledge of the facts stated and, that I verify its contents to the best of my knowledge, information, and belief.

_____
Kevin Lusk

Subscribed and sworn to before me this _15_ day of _November_, 2013 by Kevin Lusk.

Witness my hand and official seal.

My commission expires: _May 19, 2017_

_____
Notary Public

```
DEBRA A. MAZZA
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID # 19974009022
MY COMMISSION EXPIRES MAY 19, 2017
```

Application of United States, et al.                                         Page 27

EXHIBIT DW-4

## **VERIFICATION**

| | |
|---|---|
| STATE OF COLORADO | ) |
| | )ss. |
| COUNTY OF CLEAR CREEK | ) |

I, Bryce Romig, Manager for Environment, Land and Water, Climax Molybdenum Company, being first duly sworn, hereby state that I have read this Application, that I have personal knowledge of the facts stated and, that I verify its contents to the best of my knowledge, information, and belief.

Bryce Romig

Subscribed and sworn to before me this _12th_ day of November, 2013 by Bryce Romig

Witness my hand and official seal.

My commission expires: _____

> LISA CROSS
> NOTARY PUBLIC
> STATE OF COLORADO
> NOTARY ID # 20094032240
> MY COMMISSION EXPIRES SEPTEMBER 29, 2017

Notary Public

EXHIBIT DW-4

## **VERIFICATION**

STATE OF COLORADO )
         )ss.
COUNTY OF GRAND  )


I, Duane Scholl, President of Middle Park Water Conservancy District, being first duly sworn, hereby state that I have read this Application, that I have personal knowledge of the facts stated and, that I verify its contents to the best of my knowledge, information, and belief.

Duane Scholl

Subscribed and sworn to before me this 12th day of November, 2013 by Duane Scholl.

Witness my hand and official seal.

My commission expires: May 27, 2017

```
CLAUDIA SALE
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 19974009237
My Commission Expires May 27, 2017
```

Notary Public

Application of United States, et al.         Page 30

EXHIBIT DW-4

## **VERIFICATION**

STATE OF COLORADO    )
                        )ss.
COUNTY OF MESA       )

I, Mark Harris, Manager of Grand Valley Water Users Association, being first duly sworn, hereby state that I have read this Application, that I have personal knowledge of the facts stated and, that I verify its contents to the best of my knowledge, information, and belief.

_____
Mark Harris

Subscribed and sworn to before me this _13_ day of November, 2013 by Mark Harris.

Witness my hand and official seal.

My commission expires: August 3, 2014

_____
Notary Public

SHIRLEY A. JOSLIN
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID #20104027553
My Commission Expires August 3, 2014

EXHIBIT DW-4

## VERIFICATION

STATE OF COLORADO    )
                     )ss.
COUNTY OF MESA       )

I, Max Schmidt, Manager of the Orchard Mesa Irrigation District, being first duly sworn, hereby state that I have read this Application, that I have personal knowledge of the facts stated and, that I verify its contents to the best of my knowledge, information, and belief.

_____
Max Schmidt

Subscribed and sworn to before me this _13th_ day of November, 2013 by Max Schmidt. Witness my hand and official seal.

My commission expires: _2/14/15_____

MARLYS J. BERNAL
NOTARY PUBLIC STATE OF COLORADO
My Commission Expires 02/14/2015

_____
Notary Public

EXHIBIT DW-4

## VERIFICATION

STATE OF COLORADO    )
                     )ss.
COUNTY OF _Mesa_     )


I, _John Krizman_____, being first duly sworn, hereby state that I have read this Application, that I have personal knowledge of the facts stated and, that I verify its contents to the best of my knowledge, information, and belief.


_John Krizman_____
_Chairman of BD_

Subscribed and sworn to before me this 14th day of November, 2013 by John Krizman, President of Palisade Irrigation District.

Witness my hand and official seal.

My commission expires: _11/28/2015_____

_Amanda D. Howard_____
Notary Public

AMANDA D. HOWARD
STATE OF COLORADO
NOTARY PUBLIC
NOTARY ID #20074043936
My Commission Expires November 28, 2015

EXHIBIT DW-4

## **VERIFICATION**

STATE OF COLORADO    )
                     )ss.
COUNTY OF MESA       )

I, Phil Bertrand, Superintendent of The Grand Valley Irrigation Company, being first duly sworn, hereby state that I have read this Application, that I have personal knowledge of the facts stated and, that I verify its contents to the best of my knowledge, information, and belief.

*Phil Bertrand*

Phil Bertrand

Subscribed and sworn to before me this 15th day of November, 2013 by Phil Bertrand, Superintendent of The Grand Valley Irrigation Company.

Witness my hand and official seal.

My commission expires: 4/18/2015

*Judy Lopez*

Notary Public

NOTARY PUBLIC
JUDY LOPEZ
STATE OF COLORADO

My Commission Expires 04/18/2015

Application of United States, et al.                                    Page 28