IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 49-cv-02782-MSK-CBS

Consolidated Civil Action Case Nos. 2782, 5016 and 5017

UNITED STATES OF AMERICA,

      Plaintiff,

v.

NORTHERN COLORADO WATER CONSERVANCY DISTRICT, et al.

      Defendants.

In the Matter of the Adjudication of Priorities of Water Rights in
Water District No. 36 for Purposes of Irrigation:

**Petitioners:**
COLORADO RIVER WATER CONSERVATION DISTRICT, GRAND VALLEY
WATER USERS ASSOCIATION, ORCHARD MESA IRRIGATION DISTRICT,
PALISADE IRRIGATION DISTRICT, GRAND VALLEY IRRIGATION
COMPANY, and MIDDLE PARK WATER CONSERVANCY DISTRICT

In the Matter of the Adjudication of Priorities of Water Rights in
Water District No. 36 for Purposes Other Than Irrigation:

**Petitioners:**
COLORADO RIVER WATER CONSERVATION DISTRICT, GRAND VALLEY
WATER USERS ASSOCIATION, ORCHARD MESA IRRIGATION DISTRICT,
PALISADE IRRIGATION DISTRICT, GRAND VALLEY IRRIGATION
COMPANY, and MIDDLE PARK WATER CONSERVANCY DISTRICT.

---

**PETITIONER-INTERVENOR CLIMAX MOLYBDENUM COMPANY'S BRIEF
REGARDING QUESTIONS POSED BY THE COURT**

---

Climax Molybdenum Company ("Climax"), by and through its undersigned counsel, hereby submits its brief on the questions asked by the Court at the December 2, 2013 hearing in this matter.

## Introduction

This case concerns the "Petition for Determination that Administrative Protocol is Consistent with the Blue River Decree" ("Petition") that was filed with this Court pursuant to its retained jurisdiction under the Blue River Decree. The Petition was filed on November 15, 2013 by the United States, the Colorado River Water Conservation District, the City and County of Denver acting by and through its Board of Water Commissioners ("Denver"), the Northern Colorado Water Conservancy District, the City of Colorado Springs ("Colorado Springs"), the Middle Park Water Conservancy District, the Orchard Mesa Irrigation District, the Grand Valley Water Users Association, the Grand Valley Irrigation Company, and the Palisade Irrigation District (collectively, "the Blue River Decree Parties"). Climax filed an uncontested Motion to Intervene into the case on December 2, 2013, which was granted by the court at the December 2, 2013 hearing.

The Petition seeks a determination by this Court that Sections I, II, III, and IV of the Green Mountain Reservoir Administrative Protocol ("GMR Protocol") are consistent with the Blue River Decree. The GMR Protocol was attached to the Petition as Exhibit B. Section I of the GMR Protocol generally contains background definitions and fundamental principles concerning Denver and Colorado Springs' (collectively, "the Cities") operations of their water rights on the Blue River, as well as the administration of calls downstream of Green Mountain Reservoir against the Cities' Blue River water rights. Section II of the GMR Protocol generally

Page 2

contains the terms and conditions concerning the administration of: Green Mountain Reservoir in relation to the Cities' Blue River water rights, Senate Document 80 beneficiary water rights upstream of Denver's Dillon Reservoir, operation of Green Mountain Reservoir and the Cities' water rights in response to downstream calls senior to the Cities' water rights, depletions against the 1935 Green Mountain Reservoir first fill storage right, and operation of Senate Document 80 beneficiaries in response to calls downstream from Green Mountain Reservoir in relation to Green Mountain storage. Section IV generally contains the Cities' replacement obligations as against the water rights for Green Mountain Reservoir.

Section III of the GMR Protocol concerns the administration of Climax's "CA 1710 Water Rights" in Water District 36 (i.e., the Blue River) and Water Division No. 5 (the Colorado River drainage basin within the State of Colorado, excluding the Gunnison River and its tributaries). The background of the dispute regarding the CA 1710 Water Rights in relation to the water rights for Green Mountain Reservoir and the Cities is described in *City of Colorado Springs v. Climax Molybdenum Co.,* 587 F.3d 1071 (10th Cir. 2009). Fundamentally, largely due to the 1955 removal to this Court of the state court adjudications of the water rights for the Colorado-Big Thompson Project ("C-BT Project") in Civil Action Nos. 1805 and 1806 (re-numbered as CA 5016 and CA 5017) and the consolidation of those removed cases with the United States' already pending declaratory judgment action in CA 2782, a controversy has arisen as to how Climax's CA 1710 Water Rights should be administered in relation to the water rights for Green Mountain Reservoir. Section III provides that within Water District No. 36 (i.e., the Blue River), Climax's CA 1710 Water Rights will be administered as senior to the water rights for Green Mountain Reservoir when a water right call originating within Water District 36 is

being administered. Section III also contains, in consideration of this settlement, agreements by Climax regarding the operation of its CA 1710 Water Rights and the provision under certain circumstances of substitution water for use for Green Mountain Reservoir substitution purposes.

Consistent with the procedures historically followed in cases invoking this Court's retained jurisdiction under the Blue River Decree since the entry by this Court of its August 4, 1977 "Order Regarding Further Proceedings Consonant with the Colorado Water Right Determination and Administration Act of 1969" ("1977 Order"), the Blue River Decree Parties and Climax filed, concurrently with the filing of the Petition, an application with the Water Court for Water Division No. 5 (the "Water Court Application") requesting a determination that Sections I, II, and III of the GMR Protocol are consistent with the Blue River Decree, and requesting an order directing that administration of the Blue River Decree be consistent with the GMR Protocol. Notice of the Water Court Application was published by the Water Clerk for Water Division No. 5 in the water resume for Water Division No. 5 pursuant to Colo. Rev. Stat. §37-92-302(3). The Water Court Application was assigned Case No. 2013CW3077, and the deadline for opposers to file statements of opposition to the Water Court Application was January 31, 2014. Statements of opposition were filed by the City of Englewood, the City of Aurora, Chimney Rock Ranch LLC, the Town of Gypsum, Public Service Company of Colorado, and the Board of County Commissioners of the County of Summit. Statements of opposition "in support" were filed by the Eagle River Water and Sanitation District, Eagle Park Reservoir Company, the Upper Eagle Regional Water Authority, the Board of County Commissioners for the County of Grand, Clinton Ditch & Reservoir Company, and the Ute Water Conservancy District.

## Discussion

At the December 2, 2013 hearing, this Court ordered the parties to this case to submit briefs addressing the following questions: 1) What is the determination that the party wants the Court to make?; 2) What is the Court's jurisdiction for that determination?; 3) If there is an overlap of jurisdiction with the Water Court for Water Division No. 5, why should this Court nevertheless make the determination?; and 4) What process, particularly with regards to third parties, should be followed to enable the Court to make the determination in a manner that satisfies constitutional due process requirements?  These questions are answered on behalf of Climax in order below.

1) <u>What is the determination that Climax wants the Court to make?</u>

Climax requests the Court determine that Section III of the GMR Protocol, which resolves the priority dispute between Climax's CA 1710 Water Rights and Green Mountain Reservoir's water rights, is consistent with the Blue River Decree.[1]

2) <u>What is the Court's jurisdiction for that determination?</u>

Climax adopts the discussion of this issue that is presented in the "Joint Brief of West Slope Petitioners." There is no question that the parties to this proceeding are adversaries on the issues that are the subject of the Petition, including but not limited to Section III of the GMR Protocol.

---

[1] As noted in *Colorado Springs*, a dispute has also existed about the administration of Climax's CA 1710 Water Rights against Dillon Reservoir. *Colorado Springs,* 587 F.3d at 1077. Because the water rights for Dillon Reservoir are clearly junior to those for Green Mountain Reservoir, the adjudication of Section III of the GMR Protocol will also resolve Climax's dispute with Denver.

A controversy has existed between the Blue River Decree Parties and Climax regarding the administration of the CA 1710 Water Rights in relation to the water rights for Green Mountain Reservoir. The adjudication of Section III of the GMR Protocol will resolve this issue. The uncertainty regarding the administration of Climax's CA 1710 Water Rights jeopardizes up to thirty-five percent of the water supply for the Climax Mine. *Colorado Springs,* 587 F.3d at 1079-80. Colorado's water rights are established and administered based upon judicial determinations, and a judicial resolution of this issue is necessary in order to definitely insure that the State Engineer for the State of Colorado and the Division Engineer for Water Division No. 5 will correctly administer the CA 1710 Water Rights and the Green Mountain Reservoir water rights. Without such a judicial determination, Climax remains subject to the threat of improper administration of the CA 1710 Water Rights.

3) <u>If there is an overlap of jurisdiction with the Water Court for Water Division No. 5, why should this Court nevertheless make the determination?</u>

Climax concedes that this Court and the Water Court for Water Division No. 5 have concurrent jurisdiction over the issue of whether Section III of the GMR Protocol is consistent with the Blue River Decree. Climax is not necessarily opposed to adjudication of the case by the Division 5 Water Court, provided that this Court first determines that adjudication by the water court is appropriate. However, the Blue River Decree Parties strongly prefer adjudication of the case by this Court, and Climax is willing to defer to the Blue River Decree Parties' on this issue. In addition, the adjudication of Section III of the GMR Protocol cannot be separated from the adjudication of Sections I and II of the GMR Protocol due to the inter-related priorities of Climax's CA 1710 Water Rights, Green Mountain Reservoir's water rights, and the water rights

for the C-BT Project outside of Water District No. 36. Thus, the adjudication of Sections I and II by this Court necessitates the adjudication of Section III by this Court.

> 4) What process, particularly with regards to third parties, should be followed to enable the Court to make the determination in a manner that satisfies constitutional due process requirements?

This question suggests that the Court has doubts as to the ongoing validity of the 1977 Order. Due to their direct involvement in the disputes that led to the entry of the 1977 Order, and their involvement in the procedures historically followed thereunder, Climax defers to the Blue River Decree Parties on this issue.

Respectfully submitted this 14th day of February, 2014.

                                                     RYLEY CARLOCK & APPLEWHITE

                                                    /s Brian M. Nazarenus
                                                      Brian M. Nazarenus
                                                      Sheela S. Stack
                                                      1700 Lincoln Street, Suite 3500
                                                      Denver, Colorado 80203
                                                      Telephone: (303) 863-7500
                                                      Facsimile: (303) 595-3159

                                                    ATTORNEYS FOR PETITIONER-INTERVENOR
                                                    CLIMAX MOLYBDENUM COMPANY

Petitioner-Intervenor's Address:
1746 County Road 202
P.O. Box 68
Empire, CO 80438

## CERTIFICATE OF SERVICE

The undersigned certifies that on February 14, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Ann M. Rhodes  amr@bhgrlaw.com
Anne Jamieson Castle  acastle@hollandhart.com
Austin C. Hamre  ahamre@dodpc.com
Barry Alan Schwartz  barry.schwartz@denvergov.org
Bennett W. Raley  bwraley@mac.com
Casey S. Funk  casey.funk@denverwater.org
Chad Matthew Wallace  chad.wallace@state.co.us
Charles B. White  cwhite@petros-white.com
Christopher Graham McAnany  howard@dwmk.com
Christopher L. Thorne  cthorne@hollandhart.com
Daniel John Arnold  daniel.arnold@denverwater.org
David G. Hill  dgh@bhgrlaw.com
Donald E. Phillipson  dbls99@comcast.net
Douglas L. Abbott  dabbott@hollandhart.com
Frederick G. Aldrich  faldrich@aldrich-law.com
Gail Rosenschein  gail.rosenschein@denverwater.org
James J. DuBois  james.dubois@usdoj.gov
James R. Montgomery  jmontgomery@mwhw.com
Jason V. Turner  jturner@crwcd.org
Jeffrey Flinn Davis  jeff.davis@denverwater.org
John Dorsey Walker  jdorseywalk@yahoo.com
John Leonard Watson  jwatson@bw-legal.com
Julie Elise Maurer  jmaurer@rcalaw.com
Karl D. Ohlsen  kohlsen@chp-law.com
Kathleen M. Morgan  kathi_M8@yahoo.com
Lisa M. Thompson  lthompson@troutlaw.com
Mark A. Hermundstad  mherm@wth-law.com
Mary Mead Hammond  mhammond@chp-law.com
Meghan Nichols Winokur  mwinokur@hollandhart.com
Michael J. Gustafson  mgustafson@springsgov.com
Nathan A. Keever  howard@dwmk.com , keever@dwmk.com
Olivia Denton Lucas  olivia.lucas@faegrebd.com
Patricia Wells  patricia.wells@denverwater.org
Peggy Montano  pmontano@troutlaw.com
Peter Cheney Fleming  pfleming@crwcd.org
Robert James Pohlman  rpohlman@swlaw.com
Robert V. Trout  rtrout@troutlaw.com

Stanley W. Cazier  cazier_mcgowan@hotmail.com
William A. Paddock  bpaddock@chp-law.com

/s/ Teresa J. Johnson