| | |
|---|---|
| DISTRICT COURT, WATER DIVISION NO. 5<br>STATE OF COLORADO<br>Garfield County Courthouse<br>109 8th Street, Suite 104<br>Glenwood Springs, CO 81601-3303 | ▲COURT USE ONLY▲ |
| CONCERNING THE APPLICATION FOR WATER RIGHTS OF THE CITY OF COLORADO SPRINGS, COLORADO, IN SUMMIT COUNTY, COLORADO | |
| Attorneys for Colorado Springs Utilities:<br>William A. Paddock, Reg. No. 9478<br>Mary Mead Hammond, Reg. No. 9851<br>Johanna Hamburger, Reg. No. 45052<br>Carlson, Hammond & Paddock, L.L.C.<br>1900 Grant Street, Suite 1200<br>Denver, Colorado 80203<br>Phone: (303) 861-9000, Fax: (303) 861-9026<br>e-mail: bpaddock@chp-law.com<br>         jhamburger@chp-law.com<br><br>Michael Gustafson, Reg. No. 37364<br>City Attorney's Office-Utilities<br>121 So. Tejon St., Fourth Floor<br>P. O. Box 1103, Mail Code 0940<br>Colorado Springs, Colorado 80947-0940<br>Phone: (719) 668-8050, Fax: (719) 668-3212<br>e-mail: mgustafson@springsgov.com | Case Number: 15CW___<br>   (Former Case No. 06CW132)<br><br>Division 5    Ctrm: |
| APPLICATION FOR FINDING OF REASONABLE DILIGENCE | |

and

UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 49-cv-0782-MSK-CBS

Consolidated Cases No. Civil Action No. 5016 and Civil Action No. 5017[1]

1.     Name, address and telephone number(s) of Applicant:

---

[1] See Remarks, ¶7.

Exhibit 2

{00129412.DOCX / 1 }

    City of Colorado Springs
    c/o Colorado Springs Utilities
    121 South Tejon Street
    Colorado Springs, Colorado 80903
    Phone: (719) 668-3839

    Pleadings should be served on the undersigned counsel for the Applicant.

2.  Names of Structures:

    Lower Blue Lake Reservoir
    Spruce Lake Reservoir
    Mayflower Reservoir

  The structures are a part of Applicant's Continental-Hoosier System or Blue River Project, an integrated water supply project including these structures and conditional water rights, previously decreed by the Summit County District Court in CA 1806, and the United States District Court for the District of Colorado, in Consolidated Cases No. 2782, 5016, and 5017.

3.  Describe conditional water rights:

  A.  Original Decrees: May 10, 1952, Civil Action No. 1806 (Summit County District Court), and October 12, 1955, Consolidated Cases No. 2782, 5016, and 5017 (United States District Court).

  B.  Subsequent decrees awarding diligence: The conditional water rights described herein have been continued as required by law, with the last diligence application filed in Case No. 06CW132, Water Division No. 5, in which a decree was entered on March 24, 2009.

  C.  Legal Description:

  Lower Blue Lake Reservoir (also known as Lower Quandary Lake): the initial point of survey is located at a point whence the Northeast Corner of Section 3, Township 8 South, Range 78 West of the 6th P.M., bears North 54° East 503 feet.

  Spruce Lake Reservoir: the initial point of survey is located at a point whence the Northeast Corner of Section 22, Township 7 South, Range 78 West of the 6th P.M bears North 12° 44' East 5,780 feet.

  Mayflower Reservoir: the initial point of survey is located at a point whence the Northeast Corner of Section 22, Township 7 South, Range 78 West of the 6th P.M. bears North 3° 44' East 4,770 feet.

{00129412.DOCX / 1 }         2

See attached 8½ x 11 map illustrating location of structures.

D.  Source of water:

Lower Blue Lake Reservoir:  Blue River, tributary to the Colorado River.

Spruce Lake Reservoir:  Spruce Creek, tributary to the Blue River, tributary to the Colorado River.

Mayflower Reservoir:  Spruce Creek, tributary to the Blue River, tributary to the Colorado River.

E.  Appropriation Date: May 13, 1948.

| Amounts: | | |
|---|---|---|
| | Lower Blue Lake Reservoir: | 1,006 AF |
| | Spruce Lake Reservoir: | 1,542 AF |
| | Mayflower Reservoir: | 618 AF |
| | Total: | 3,166 AF |

F.  Decreed Use:

1)  From CA 1806 Decree: to be used by and for the benefit of the inhabitants of the City of Colorado Springs and adjacent areas for domestic uses, fire protection, sewage disposal, manufacturing and industrial uses, street sprinkling and flushing, irrigation of lawns, trees, gardens, flowers and parks, and other municipal purposes.

2)  From 10/12/1955 Final Decree, Consolidated Cases No. 2782, 5016, and 5017 (hereafter the "Consolidated Blue River Cases"): for municipal purposes as defined in the Stipulation dated October 5, 1955, filed in the United States District Court for the District of Colorado and set forth in full in the Findings of Fact and Conclusions of Law and incorporated into the Final Decree by reference.

G.  Depth (if well): N/A.

4.  Integrated System:

The Applicant owns and operates the Colorado Springs municipal water supply system, an integrated system for water diversion, transmission, storage, treatment, and distribution of water, as well as collection and treatment of the resultant wastewater for release, exchange, or reuse, all for the benefit of inhabitants of the City and its water service area. The conditional water rights herein are a part of this integrated water system comprising all water rights decreed and used for development and operation of the City of Colorado Springs municipal water supply

system. Reasonable diligence in the development of one component of the system comprises reasonable diligence in the development of all components.

5. Provide a detailed outline of what has been done toward completion or for completion of the appropriation and application of water to a beneficial use as conditionally decreed, including expenditures during the previous diligence period:

    A. During the Diligence Period, Applicant retained Wilson Water Group and subcontractors RJH Consultants and ERO Resources to assist in development of the Subject Water Rights; the consultants completed (1) a water supply assessment to quantify the amount of water physically and legally available for storage by each of the Subject Water Rights, (2) an engineering and geotechnical evaluation of each reservoir site, including the development of preliminary reservoir site plans; and (3) an investigation of potential environmental effects of reservoir development, along with a preliminary evaluation of federal, state, and local permitting requirements.

    B. During the diligence period, Applicant participated in extensive negotiations and drafting of the "Green Mountain Reservoir Administrative Protocol" for administration of Green Mountain Reservoir in relation to other Colorado River Basin water rights, including the conditional water rights that are the subject of this case ("Subject Water Rights"), and other water rights of Applicant. Applicant then entered into the Green Mountain Reservoir Administrative Protocol Agreement on March 26, 2013, and is continuing to pursue adjudication of the Protocol as called for by that Agreement, in the United States District Court for the District of Colorado, and in Case No. 13CW3077, Water Division 5.

    C. During the Diligence Period, the Applicant pursued Case No. 03CW320 in the District Court in and for Water Division No. 5 ("Division 5 Water Court") to adjudicate a plan and method of operation described in the Memorandum of Agreement Regarding Colorado Springs Substitution Operations dated as of May 15, 2003, among the Applicant, the Colorado River Water Conservation District, the City and County of Denver, the Northern Colorado Water Conservancy District, the County of Summit, Vail Summit Resorts, Inc., and the Town of Breckenridge, and a related Memorandum of Agreement dated as of October 15, 2003 among the Applicant and the County of Summit, Vail Summit Resorts, Inc., and the Town of Breckenridge (collectively the "2003 MOA"). The Water Court entered a decree approving the Application on November 14, 2012. The decree addresses, among other things, operations of the Subject Water Rights.

    D. During the Diligence Period, after completing NEPA review required to enter into an Agreement with the United States concerning substitution operations pursuant to the Consolidated Blue River Decree, with issuance of a final Environmental Assessment and FONSI in December, 2008, on February 22, 2010, the Applicant entered into a Memorandum of Understanding Establishing Principles for the Substitution of Water to Green Mountain Reservoir with the United States (Bureau of Reclamation). Such Agreement addresses, among

other things, operation of the Subject Water Rights vis-à-vis Green Mountain Reservoir pursuant to the Consolidated Blue River Decree.

E.   During the Diligence Period, the Applicant pursued Case No. 03CW314 in the Division 5 Water Court seeking adjudication of absolute and conditional exchange rights to the Blue River Project from various points in the Colorado River basin, including exchanges to the conditional reservoirs that are the subject of this application (as exchange-to points). The Water Court entered a decree adjudicating the exchanges on March 15, 2012.

F.   During the Diligence Period, the Applicant completed rehabilitation of the dam face and installation of a Carpi liner at Upper Blue Reservoir.

G.   During the Diligence Period, the Applicant performed work on the delivery system and pipelines used for Blue River Project water, including the Subject Water Rights. The Applicant replaced vaults and air vacs along the entire length of its Blue River Pipeline, and installed an additional flow meter at the terminal end of the Blue River Pipeline to assist in detecting water losses. The Applicant also replaced the Wye Valve and associated piping on the Old North Slope Pipeline, through which Blue River Project water stored in terminal storage is conveyed to hydroelectric generation and treatment. In addition, the Applicant completed the design and construction of a transfer line from the Blue River Pipeline outfall to South Catamount Reservoir, which allows more effective management of Blue River Project operations and deliveries.

H.   During the Diligence Period, Applicant implemented a property acquisition program to acquire and protect undeveloped parcels within the Blue River Project watershed. The Applicant acquired a total of 28 undeveloped parcels to protect Blue River Project infrastructure, water system yield, and source water quality, maintain existing easements and rights-of-way, and protect and maintain other tangible and intangible assets by preserving the natural watershed conditions.

I.   During the Diligence Period, Applicant has participated as an objector in numerous water rights applications in Water Division 2 (Arkansas River Basin), and Water Division 5 (Colorado River Basin) in order to protect its water rights, including the Subject Water Rights. Cases involving water rights on the Blue River and its tributaries, in which Applicant has participated as an objector during the diligence period, include: Case No. 04CW237 (Application of GRC Residences); Case No. 04CW238 (Application of SG Company); Case No. 05CW264 (Application of CWCB); Case No. 05CW265 (Application of Colorado Water Trust and CRWCD); Cases No. 06WCW68, 06CW71, and 14CW3122 (Applications of Tiger Run Owners Association); Case No. 06CW252 (Application of Clinton Ditch & Reservoir Company); Case No. 06CW253 (Application of Strategic Real Estate Group); Case No. 09CW24 (Application of Goose Pasture Tarn); Case No. 09CW14 (Application of CRWCD and City & County of Denver); and Case No. 10CW43 (Application of Summit County).

J.  During the Diligence Period, the Applicant completed a Montgomery Reservoir Improvements Project to improve dam safety and improve the service life of the dam structure and its ancillary facilities. The project involved construction that protects and improves operation of the Blue River Project, including: (1) installation of a hydraulically controlled intake gate on the intake structure upstream of the Montgomery Reservoir dam; (2) repair of the upstream asphaltic concrete facing on the dam; and (3) repairs to the Hoosier Tunnel inlet flume.

K.  During the Diligence Period, the Applicant performed work on other parts of its integrated water system that either directly or indirectly enhance management of the Blue River Project water and the Subject Water Rights. In this regard, the Applicant completed design and construction of Mid-Level Seep improvements at Rampart Reservoir, and substantially completed environmental permitting, design, and construction of dam and spillway improvements at Northfield Reservoir. In conjunction with the City of Aurora, Applicant also completed design, environmental permitting, and construction of dam face and outlet works rehabilitation/maintenance of Homestake Reservoir (Homestake Project), and pursued adjudication of Case No. 95CW272A (Water Division No.5) for the so-called "Homestake II" Project and for Eagle River MOU joint use projects, obtaining a decree in that case on March 17, 2011.

L.  During the Diligence Period, the Applicant continued to implement, and made absolute incremental amounts of, its decreed Arkansas, Local, and Colorado Canal Exchange Programs, so as to divert and beneficially reuse fully consumable transmountain and changed agricultural water, all as contemplated by the Consolidated Blue River Decree.

M.  During the Diligence Period, the Applicant pursued environmental permitting, design, and construction of Phase I of its Southern Delivery System, which is scheduled to be substantially complete and in operation by 2016. This system will provide overall operational flexibility to allow more effective management of Applicant's water supplies, including its Blue River Project and the Subject Water Rights, and specifically enhance Applicant's ability to recapture and reuse the return flows resulting from the initial use of the Blue River Project waters and Subject Water Rights as contemplated by the Consolidated Blue River Decree.

N.  During the Diligence Period, Applicant continued implementing projects and processes identified in its 1996 Water Resource Plan for the Colorado Springs municipal water supply system. Also during the diligence period, in 2011, Applicant initiated development of a new Integrated Water Resource Plan (IWRP) and retained Montgomery Watson Harza and subcontractors to assist. The IWRP seeks to perform a comprehensive assessment of current and future water needs including issues and risks that could affect Applicant's water supply now and in the future; and to develop strategies to ensure the continued reliability of the raw water system under a variety of future conditions. The Applicant has completed the evaluation of water system risks and is currently in the process of investigating a broad range of options for ensuring the availability of additional water supplies at the proper timing, location, and amounts necessary to meet the future needs of the community. The IWRP is anticipated to be completed by the end of 2015.

O. During the Diligence Period, Applicant participated as a stakeholder in the negotiation and development of the Upper Colorado River Wild and Scenic Stakeholder Group Management Plan, to protect the outstandingly remarkable values identified by federal agencies for certain segments of the Colorado River, and continues to be active as a stakeholder in the implementation of that Plan, which, among other things, may affect development of the Subject Water Rights.

P. During the Diligence Period, the Applicant participated in statewide water planning processes, including the Statewide Water Supply Initiative Phase II and 2010 update, the Basin Roundtable and Interbasin Compact Committee processes authorized under House Bill 05-1177, and other committees, work groups, and forums through which it protected and promoted the development of the Subject Water Rights to meet the future water supply needs of Colorado Springs. In this connection, during the Diligence Period, the Applicant has actively promoted the Subject Water Rights as an Identified Project and Process (IPP) for inclusion in the Arkansas and Colorado Basin Implementation Plans and Colorado Water Plan and has included development of the Subject Water Rights as a key component of meeting Colorado Springs' future water supply needs.

Q. During the diligence period, Applicant has expended significant sums upon its integrated water supply system, including the Blue River Project. Capital expenditures for the integrated system exceeded $785,000,000 between April 2009 and February, 2015. Of this total, Applicant expended in excess of $4,200,000 on the Blue River Project.

6. Names and addresses of owner(s) or reputed owners of the land upon which any new diversion or storage structure, or modification to any existing diversion or storage structure is or will be constructed or upon which water is or will be stored, including any modification to the existing storage pool:

  A. United States Forest Service
    c/o District Ranger
    P. O. Box 620
    Silverthorne, Colorado 80498-0620
    (White River National Forest)

  B. Board of County Commissioners, Summit County
    Box 68
    Breckenridge, Colorado, 80424-0068
    (U.S. Mineral Survey No. 2625 Antarctic Lode; U.S. Mineral Survey No. 4144A Mountain King Lode; U.S. Mineral Survey No. 4373A Silver Star Lode; U.S. Mineral Survey No. 5107 Robinson Millsite; U.S. Mineral Survey No. 6265 Dickson & Spot Cash Lodes; U.S. Mineral Survey No. 6632A Polaris, Western Star, Arctic & Arctic Extension Lodes; U.S. Mineral Survey No. 6632B Arctic Millsite)

  C. City of Colorado Springs
    30 So. Nevada Ave. Suite 601
    Colorado Springs, Colorado 80903
    (Mt. Gilead Placer, U.S. Mineral Survey No. 13160; Mayflower, U.S. Mineral Survey No. 11725; Bronson, U.S. Mineral Survey No. 11725; Garrison, U.S. Mineral Survey No. 11725; L.T. Frost, U.S. Mineral Survey No. 11389; Mt. Gilead, U.S. Mineral Survey No. 11389; E.J. Shaw, U.S. Mineral Survey No. 11389; Salt lake, U.S. Mineral Survey No. 11389; Chicago Pl. LS, 1454 Blue Lakes Road)

  D. Carolyn M. Holm
    c/o Janet C. McDermott
    P.O. Box 3716
    Breckenridge, CO 80424-3716
    (Star Mountain Lode, U.S. Mineral Survey No. 4145)

  E. Eileen M. Sesson
    6142 So. Marion Way
    Littleton, Colorado 80121
    (A.W. Tabor, U.S. Mineral Survey No. 4393)

7. Remarks: Pursuant to the Order entered by the United States District Court in the Consolidated Blue River Cases on August 4, 1977, ("1977 Order") that Court acts as the Water Division 5 Water Judge in matters relating to the filing of applications for quadrennial showings of due diligence pursuant to the 1969 Water Right Determination and Administration Act ("1969 Act"). Further, the 1977 Order directed the Water Clerk to perform those functions called for by the 1969 Act with respect to such proceedings as if they remained before the Division 5 Water Judge, and, to do all things required by the 1969 Act; and in addition, to furnish to the United States District Court two copies of all papers filed in the office of the Water Clerk of Water Division 5 relating to such proceedings, and two copies of any resume or other publication with certification of publication in the Office of the Clerk of the United States District Court for Colorado at Denver, Colorado.

  WHEREFORE, Applicant requests that a finding of reasonable diligence be entered, and the conditional water rights that are the subject of this application be continued in force.

  DATED this 30th day of March_____, 2015.

        CARLSON, HAMMOND & PADDOCK, L.L.C.

By: _/s/ William A. Paddock_____
      William A. Paddock, Reg. No. 9478
      Mary Mead Hammond, Reg. No. 9851
      Johanna Hamburger, Reg. No. 45052

ATTORNEYS FOR COLORADO SPRINGS UTILITIES

VERIFICATION

STATE OF COLORADO )
) ss.
COUNTY OF EL PASO )

I, Kevin Lusk, Principal Engineer of Applicant Colorado Springs Utilities, being first duly sworn, depose and state that I have read the foregoing APPLICATION FOR FINDING OF REASONABLE DILIGENCE, know the contents thereof, and that the same are true.

_____
Kevin Lusk

Subscribed and sworn to before me this 24 day of March, 2015, by Kevin Lusk, Principal Engineer.

Witness my hand and official seal.

My commission expires: May 19, 2017

_____
Notary Public

```
DEBRA A MAZZA
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID # 19974009022
MY COMMISSION EXPIRES MAY 19, 2017
```

{00127753.DOCX / 3 }