IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 49-cv-2782-MSK-CBS

THE UNITED STATES OF AMERICA,

    Plaintiff,

v.

NORTHERN COLORADO WATER CONSERVANCY
DISTRICT et al.,

    Defendants,

In the Matter of the Adjudication of Priorities of Water Rights in
Water District No. 36 for Purposes of Irrigation:

Petitioners:
CITY OF COLORADO SPRINGS, COLORADO RIVER WATER CONSERVATION
DISTRICT, GRAND VALLEY WATER USERS ASSOCIATION, ORCHARD MESA
IRRIGATION DISTRICT, PALISADE IRRIGATION DISTRICT, GRAND VALLEY
IRRIGATION COMPANY, and MIDDLE PARK WATER CONSERVANCY DISTRICT

---

**JOINT STATUS REPORT**

---

    The City of Colorado Springs, acting through its enterprise, Colorado Springs Utilities, by its undersigned attorneys, respectfully files this joint status report on behalf of itself and the Grand Valley Water Users Association, the Orchard Mesa Irrigation District, the Ute Water Conservancy District, acting by and through the Ute Water Activity Enterprise, the Colorado River Water Conservation District, the Board of County Commissioners of Summit County, the Town of Breckenridge, and the Lower Arkansas Water Conservancy District.  By filing this joint status report the parties seek to: (1) update the Court on diligence proceedings for water rights

owned by Colorado Springs that were filed in the District Court for Water Division No. 5, Garfield County, Colorado (hereinafter "Water Court") as well as in United States District Court for the District of Colorado (hereinafter "U.S. District Court") on March 30, 2015; and (2) propose a briefing schedule whereby the undersigned parties will file motions with the U.S. District Court to address jurisdictional issues that have been raised by the parties in this proceeding. The jurisdictional issues concern the U.S. District Court's authority regarding: (1) diligence applications; and (2) the claims of certain Opposers concerning the continued validity of Colorado Springs' conditional water rights.

## PROCEDURAL BACKGROUND AND CASE HISTORY

1.      Colorado Springs is a party to Civil Actions No. 2782, 5016, and 5017 (hereinafter "Consolidated Cases"), a party to the 1955 and 1964 stipulations with the United States and other parties in the Consolidated Cases that led to the entry of the 1955 and 1964 Blue River decrees by the U.S. District Court, and the owner of water rights adjudicated by the Summit County District Court, Colorado, in Civil Actions No. 1805 and 1806, which were also confirmed by the 1955 Consolidated Cases decree.

2.      Civil Actions No. 1805 and 1806 were supplemental adjudications of water rights on the Blue River. In 1952, the Summit County District Court entered decrees in these cases, which adjudicated, among others, conditional and absolute water rights for Colorado Springs' Continental Hoosier system. The Continental Hoosier system consists of various ditches, canals, tunnels, and reservoirs that are owned, maintained, and operated by Colorado Springs. The 1952 decree of the Summit County District Court was appealed to the Colorado Supreme Court on various grounds in *City and County of Denver v. Northern Colorado Water Conservancy District*, 276 P.2d 992 (Colo. 1954). The Supreme Court confirmed Colorado Springs' water

2

rights and remanded the decree to the Summit County District Court with instructions to reopen the case as to the adjudication of Green Mountain Reservoir and hydroelectric plant rights. 276 P.2d at 1015.

    3.    The United States then removed the remanded portion of Civil Actions No. 1805 and 1806 to the U.S. District Court, where they were assigned Civil Actions No. 5016 and 5017, and consolidated with Civil Action No. 2782, the United States' quiet title action for water rights, including those for the Colorado-Big Thompson Project from the Blue River. In October 1955, the United States and other parties in the cases, including Northern Colorado Water Conservancy District, Colorado River Water Conservation District, Grand Valley entities, City of Englewood, City of Denver, and Colorado Springs, entered into a stipulation which was set out verbatim in the Findings of Fact, Conclusions of Law and Final Decree entered by the U.S. District Court in 1955. Page 10 of the Final Judgment entered by the U.S. District Court in the Consolidated Cases provides the following regarding diligence proceedings:

> [S]ubject nevertheless to the right of the parties to this Judgment to contest the conditional decrees on the grounds that the City of Colorado Springs has failed from and after the date of this Judgment to prosecute its claims with due diligence.

**PRESENT WATER COURT PROCEEDINGS**

    4.    On March 30, 2015, Colorado Springs filed an application for a finding of reasonable diligence in Water Court on its remaining conditional rights on the Blue River. The application is proceeding under state Case No. 15CW3019, Colorado District Court, Water Division 5. A copy of the application was also filed with the U.S. District Court. A diligence application is the method that water right holders use to demonstrate that diligent progress is being made towards completing their appropriations and applying the water to beneficial use.

3

Colorado law requires holders of conditional water rights to obtain a finding of reasonable diligence on a regular basis in order to maintain conditional water rights.  *See* C.R.S. § 37-92-301(4), -302(1)(a), -303, -304.  Entities that wish to participate in a diligence proceeding must file a statement of opposition with the Water Court, and are known as Opposers.  *See id.* at § 37-92-302(I)(b).  The undersigned parties other than Colorado Springs are participating in the present Water Court proceedings as Opposers.

## JURISDICTIONAL QUESTION

5.  Several of the undersigned parties raised the question of whether the Water Court or the U.S. District Court has jurisdiction to enter a finding of reasonable diligence with respect to Colorado Springs' conditional water rights.  The question concerning the U.S. District Court's jurisdiction over the pending diligence application arises out of an order entered by the U.S. District Court in the Consolidated Cases.

6.  On August 4, 1977, the U.S. District Court entered an order titled "Order regarding further proceedings consonant with the Colorado Water Right Determination and Administration Act of 1969" (hereinafter "the 1977 Order").  A copy of the 1977 Order is attached as Exhibit 1. The 1977 Order stated that the U.S. District Court would:

> [A]ct as the Water Judge provided for by the 1969 Act for Water Division No. 5 insofar as proceedings in connection with Cases No. 5016 and 5017 are concerned. The Clerk of the Water Court for Water Division No. 5 of the State of Colorado is hereby ordered to perform those functions with respect to these proceedings required of said Clerk as if these proceedings remained before the Water Judge of Water Division No. 5. In addition to any records or requirements for publishing, distributing, or otherwise acting with respect to such proceedings before this Court, the Water Clerk for Water Division No. 5 will do all of those things required by the 1969 Act, and, in addition, shall furnish to this court two copies of all papers filed in the Office of the Water Clerk of Water Division No. 5 relating to

4

>these cases, together with two copies of any resume or other publication with certificate of publication with respect to matters pertaining to such proceedings in the Office of the Clerk of the United States District Court for Colorado at Denver, Colorado.

The 1977 Order goes on to provide that any parties interested in the proceedings will:

>[T]ake such steps as desired by such party with respect to said cases in accordance with this Order and those procedural requirements of the Act of 1969 as required for jurisdiction under the Act by making any necessary filing in the Office of the Water Clerk of Water Division No. 5, and also a filing of two copies of every paper filed in the Office of said Water Clerk in the Office of the Clerk of the District Court of the United States District Court for Colorado at Denver, Colorado.

7. The 1977 Order also stated that all proceedings under Civil Actions No. 5016 and 5017 "shall be before the judge of said United States District Court without reference to any referee and any matter which the Act of 1969 automatically refers to referee is hereby ordered rereferred to the judge of this court to which said cases are assigned." The Order ends by providing that "the proceedings referred to herein shall be limited to those matters relating to the filing of applications for a quadrennial showing of due diligence and applications for making absolute conditional decrees or portions thereof."

8. Since the U.S. District Court entered the 1977 Order, Colorado Springs has filed eight diligence applications with the Water Court, including the most recent diligence application filed in 2015. Colorado Springs did not consistently file copies of those diligence applications with the U.S. District Court. In each of these diligence proceedings, except the current pending proceeding, the Water Court entered findings of fact, conclusions of law, judgments and decrees finding that Colorado Springs has exercised reasonable diligence in developing its conditional water rights. However, in light of the 1977 Order, there are questions as to the U.S. District

5

Court's authority regarding: (1) the diligence applications; and (2) the claims of certain Opposers' concerning the continued validity of Colorado Springs' conditional water rights. The Colorado Division 5 Water Court has agreed to stay the proceedings before it in Case No. 15CW3019 for a period of time, pending resolution of the jurisdictional issue by the U.S. District Court, or the potential stipulated resolution of the parties.

## PROPOSED BRIEFING SCHEDULE

9.  The undersigned parties propose to set the following briefing schedule before the U.S. District Court to address the jurisdictional issue discussed above:

    a.  All undersigned parties' opening briefs on this issue must be filed by June 13, 2016, or such later time as the U.S. District Court may order.

    b.  All subsequent response and reply briefs will be filed in accordance with the schedule set forth in U.S. Dist. Court Colo. Local Rule 7.1.

10. Some of the undersigned parties to this status report that are Opposers in the Colorado Division 5 Water Court Case No. 15CW3019 are not parties to the Consolidated Cases. If these parties wish to file briefs, they will seek leave to do so as may be required by this Court. The undersigned parties to the Consolidated Cases hereby consent to the participation of those parties in all aspects of briefing, arguing and otherwise participating in resolution of the jurisdictional issue raised in this Joint Status Report before this Court in this proceeding.

11. As an alternative to the above, if the parties are able to reach agreement on a means to address the jurisdictional question, Colorado Springs and the objectors in Case No. 15CW3019 may make a joint filing with the U.S. District Court and the Water Court on or before June 13, 2016, proposing a stipulated resolution of the jurisdictional question.

Respectfully submitted this 15th day of April, 2016.

    *s/ William A. Paddock*
William A. Paddock
Johanna Hamburger
Carlson, Hammond & Paddock, LLC
1900 Grant Street, Suite 1200
Denver, CO 80203
Telephone: 303-861-9000
Email: bpaddock@chp-law.com
       jhamburger@chp-law.com
Attorneys for City of Colorado Springs, acting by and through Colorado Springs Utilities

*s/ Kirsten M. Kurath*
Mark A. Hermundstad, #10527
Kirsten M. Kurath, #24649
Williams, Turner & Holmes, P.C.
200 N. 6th St., Suite 103
Grand Junction, CO 81501
Telephone: 970-242-6262
Email: mherm@wth-law.com
       kmkurath@wth-law.com
Attorneys for Grand Valley Water Users Association, Orchard Mesa Irrigation District and Ute Water Conservancy District, acting by and through the Ute Water Activity Enterprise

*s/ Jason V. Turner*
Peter C. Fleming, #20805
Jason V. Turner, #35665
Colorado River Water Conservation District
P.O. Box 1120

7

Glenwood Springs, CO 81602
Phone Number: (970) 945-8522
Email: pfleming@crwcd.org
   jturner@crwcd.org
Attorneys for Colorado River Water Conservation District

*s/ Charles B. White*
Charles B. White, #9241
Petros & White, LLC
1999 Broadway, Suite 3200
Denver, CO 80202
Phone Number: (303) 825-1980
Email: cwhite@petros-white.com
Attorneys for the Board of County Commissioners of Summit County

*s/ Glenn E. Porzak*
Glenn E. Porzak, #2793
William D. Wombacher, #42354
2120 13th Street
Boulder, CO 80302
Telephone Number: (303)-443-6800
Email: gporzak@pbblaw.com
   bwombacher@pbblaw.com
Attorneys for the Town of Breckenridge

*s/ Leah K. Martinsson*
Leah K. Martinsson
Peter D. Nichols
Berg Hill Greenleaf Ruscitti LLP
1712 Pearl Street
Boulder, CO 80302
Telephone: 303-402-1600
Email: lkm@bhgrlaw.com
   pdn@bhgrlaw.com

H. Barton Mendenhall
Mendenhall & Malouf

        805 Chestnut Avenue
        Rocky Ford, CO 81067
        Telephone: 719-254-7606
        Email: bmendenhall@centurytel.net
        Attorneys for Lower Arkansas Valley Water
        Conservancy District

Case No. 1:49-cv-02782-MSK-CBS   Document 378   filed 04/15/16   USDC Colorado
pg 9 of 12

### CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on this 15th day of April, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

Ann M. Rhodes    amr@bhgrlaw.com

Anne Jamieson Castle    acastle@hollandhart.com, IntakeTeam@HollandHart.com

Austin C. Hamre    ahamre@hrodlaw.com, dodpc@dodpc.com

Barry Alan Schwartz    barry.schwartz@denvergov.org, kathleen.brand@denvergov.org, stefanie.raph@denvergov.org, veronica.blea@denvergov.org

Bennett W. Raley    bwraley@mac.com, braley@troutlaw.com, dmurray@troutlaw.com, ewhiskeyman@troutlaw.com, Sestrella@troutlaw.com

Brian Max Nazarenus    bnazarenus@rcalaw.com, dstalnaker@rcalaw.com, kcanjar@rcalaw.com, pdavis@rcalaw.com

Casey S. Funk    casey.funk@denverwater.org, tracy.gomez@denverwater.org

Chad Matthew Wallace    chad.wallace@state.co.us, terrie.sandoval@state.co.us

Charles B. White    cwhite@petros-white.com, knew@petros-white.com

Christopher Graham McAnany    howard@dwmk.com, mcanany@dwmk.com

Christopher L. Thorne    cthorne@hollandhart.com, IntakeTeam@hollandhart.com

Daniel John Arnold    daniel.arnold@denverwater.org, julie.whalen@denverwater.org

David G. Hill    dgh@bhgrlaw.com, pag@bhgrlaw.com

Donald E. Phillipson    dbls99@comcast.net

Douglas L. Abbott    dabbott@hollandhart.com, blwerner@hollandhart.com,

10

IntakeTeam@HollandHart.com, jmarsh@hollandhart.com, mmarrow@hollandhart.com

Frederick G. Aldrich    faldrich@aldrich-law.com, kdavis@aldrich-law.com

Gail Rosenschein    gail.rosenschein@denverwater.org

James J. DuBois    james.dubois@usdoj.gov, efile_nrs.enrd@usdoj.gov, laurie.himebaugh@usdoj.gov

James R. Montgomery    jmontgomery@mwhw.com, rolson@mwhw.com

Jason V. Turner    jturner@crwcd.org, lnichols@crwcd.org

Jeffrey Flinn Davis    jeff.davis@denverwater.org

John Dorsey Walker    jdorseywalk@yahoo.com

John Leonard Watson    jwatson@bw-legal.com, bbiondolillo@bw-legal.com, mhansen@bw-legal.com, ssoltero@bw-legal.com

Julie Elise Maurer    jmaurer@rcalaw.com

Karl D. Ohlsen    kohlsen@chp-law.com, sKirschenbaum@chp-law.com

Kathleen M. Morgan    kathi_M8@yahoo.com, merci@moriarty.com, myrna@moriarty.com

Kirsten Marie Kurath    kmkurath@wth-law.com, mbernal@wth-law.com, pmoore@wth-law.com

Lisa M. Thompson    lthompson@troutlaw.com

Mark A. Hermundstad    mherm@wth-law.com, pmoore@wth-law.com

Mary Mead Hammond    mhammond@chp-law.com, skirschenbaum@chp-law.com

Meghan Nichols Winokur    mwinokur@hollandhart.com, IntakeTeam@HollandHart.com

Michael John Gustafson    mgustafson@springsgov.com

Nathan A. Keever   howard@dwmk.com, keever@dwmk.com

Olivia Denton Lucas   olivia.lucas@faegrebd.com

Peter Cheney Fleming   pfleming@crwcd.org, lnichols@crwcd.org

Robert James Pohlman   rpohlman@swlaw.com

Robert V. Trout   rtrout@troutlaw.com

Roger T. Williams , Jr   rwilliams@rcalaw.com, apalius@rcalaw.com, dmrobertson@rcalaw.com, dstalnaker@rcalaw.com, kcanjar@rcalaw.com

Stanley W. Cazier   cazier_mcgowan@hotmail.com

William A. Paddock   bpaddock@chp-law.com, skirschenbaum@chp-law.com

*s/ Johanna Hamburger*
Johanna Hamburger
Carlson, Hammond & Paddock, LLC
1900 Grant Street, Suite 1200
Denver, CO 80203
Telephone: 303-861-9000
Email: jhamburger@chp-law.com