IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 49-cv-02782-MSK-CBS

Consolidated Civil Case Nos. 2782, 5016 and 5017 and

| | |
|---|---|
| DISTRICT COURT, WATER DIVISION 5, COLORADO<br>Garfield County Courthouse<br>109 8th Street, Suite 104<br>Glenwood Springs, CO 81601 | ▲ COURT USE ONLY ▲ |
| CONCERNING THE APPLICATION FOR WATER RIGHTS OF<br><br>THE CITY AND COUNTY OF DENVER, ACTING BY AND THROUGH ITS BOARD OF WATER COMMISSIONERS IN<br><br>SUMMIT COUNTY, COLORADO | |
| Attorneys for Applicant, the City and County of Denver, acting by and through its Board of Water Commissioners:<br>Patricia L. Wells, General Counsel<br>Casey S. Funk, No. 11638<br>Daniel J. Arnold, No. 35458<br>Address: 1600 West 12th Avenue<br>            Denver, Colorado 80204-3412<br>Phone Number: 303-628-6460<br>Fax Number: 303-628-6478<br>E-mail: casey.funk@denverwater.org;<br>daniel.arnold@denverwater.org | Case No: 2006CW255<br><br>(C.A. 1805/1806; Civil Nos. 2782, 5016, 5017 (D. Colo.); W-741-77; 82CW129; 86CW132; 90CW112; 99CW044)<br><br>(Appellate Cases: SC Nos. 16881/1688; 78-1378 (10th Cir.); 80-1046 (10th Cir.); 97SA93).<br><br>Div.: Water Division No. 5 |
| **APPLICANT'S STATUS REPORT** | |

Applicant, the City and County of Denver, acting by and through its Board of Water Commissioners ("Denver Water"), by and through its attorneys, hereby files this status report pursuant to Division 5 Water Judge September 15, 2016 request for a case status report. Prior to filing this Status Report, undersigned counsel for Denver Water circulated a draft of this

Consolidated Civil Nos. 2782, 5016 and 5017 (2006CW255 WD5)
Status Report

Status Report to all parties. Undersigned Counsel is authorized to state that no party to this matter objects to or contests the information contained in this status report.

1.  This matter involves an application by Denver Water for finding of reasonable diligence and a claim to make absolute a portion of Denver Water's Blue River Diversion Project direct flow water right ("Roberts Tunnel Direct Flow Right").  The Roberts Tunnel Direct Flow Right is decreed for a total of 788 cubic feet per second ("c.f.s.") under a June 24, 1946 priority date.  The Roberts Tunnel Direct Flow Right is a decreed partially conditional, partially absolute water right that allows for the diversion of water from the Blue River, Ten Mile Creek, and the Snake River in Summit County, Colorado, through the Roberts Tunnel, an existing facility located at Dillon Reservoir.  The Roberts Tunnel carries water from the West Slope, 23 miles underneath the Continental Divide to the Front Range where water is conveyed to the North Fork of the South Platte River at or near Grant, Colorado.

2.  To date, this Court has confirmed by decree that Denver Water has made a total of 520 c.f.s. absolute under the Roberts Tunnel Direct Flow Right.  (Findings of Fact Conclusions of Law, Decree and Order, 90CW112 and Civil Case Nos. 2782, 5016 & 5017 (D. Colo. Mar. 11, 1993).)  In this matter, Denver Water requests that the Court award 654 c.f.s. absolute of the total amount of 788 c.f.s. based on Denver Water's diversion and beneficial use of water on June 23, 2006, and continue the 134 c.f.s. remaining conditional portion of the 788 c.f.s. as a result of Denver Water's reasonably diligent development of the Roberts Tunnel Direct Flow Right.

3.      In accordance with the United States District Court's 1977 Order (Exhibit A), Denver Water filed an application ("Application") for finding of reasonable diligence on the remaining conditional amount of the Roberts Tunnel Direct Flow Right and to make absolute an amount of 654 c.f.s. under the Roberts Tunnel Direct Flow Right. (U.S. District Court Doc. No. 146.) As required under the 1977 Order, Denver Water filed the Application in the United States District Court and in the Water Division 5 State Water Court, where it was assigned Case No. 2006CW255 and published in the December 2006 Water Division 5 Resume.

4.      Several Opposers filed statements of opposition opposing the Application including Climax Molybdenum Company ("Climax"), and various West Slope Opposers: the Colorado River Water Conservation District ("River District"), Middle Park Water Conservancy District ("Middle Park"), Town of Frisco ("Frisco"), Grand Valley Irrigation Company ("GVIC"), Grand Valley Water Users Association ("GVWUA"), Orchard Mesa Irrigation District ("OMID"), Palisade Irrigation District ("Palisade"), and Ute Water Conservancy District ("Ute"). (U.S. District Court Doc. Nos. 149-157.) Frisco later withdrew its statement of opposition. (Doc. No. 183.) Northern Colorado Water Conservancy District ("Northern") filed a late statement of opposition after its motion to intervene was granted. (U.S. District Court Doc. No. 309-6.)

5.      Following some initial discovery, in January 2009 Denver Water filed an amended application stating its claims and affirmative defenses. (U.S. District Court Doc. No. 283.) Then, to allow time for settlement discussions, the parties filed a joint unopposed motion

to administratively close this matter. (U.S. District Court Doc. No. 338.) The case was subsequently closed and remained dormant for several years. (U.S. District Court Doc. No. 340.) During this time, Denver Water and various West Slope entities including the West Slope Opposers negotiated and entered into the Colorado River Cooperative Agreement ("CRCA") effective September 26, 2013 (attached hereto as Exhibit B.)

6. Under the CRCA, the West Slope Signatories including the West Slope Opposers in this matter agreed not to contest or to stipulate to the entry of two proposed decrees included in Attachment N, Case No. 2006CW255 (N1) and Case No. 2003CW39 (N2). (CRCA, Art. VII.J.) The West Slope Opposers have stipulated to a Proposed Decree in Case No. 2006CW255 WD5. Climax and Northern are not parties to the CRCA. Counsel for Climax and Northern have requested additional time to confer with their clients.

7. Further, Denver Water agreed to file an amended application in Case No. 2006CW255 for approval of the proposed decree in Attachment N1 and publish supplemental notice in the Division 5 State Water Court. In accordance with this, on October 31, 2013, Denver Water moved the Federal Court to administratively reopen this matter, (U.S. District Court Doc. No. 351), and moved for leave to file a second amended application to provide potentially interested persons notice of the provisions contained in the Proposed Decree. (U.S. District Court Doc. No. 359.) The Court granted Denver Water's motion to file the second amended application (U.S. District Court Doc. No. 360), notice of which was published in the February 2014 Resume for Water Division 5 and in the Summit County Journal, the Rifle

Citizen Telegram, and the Grand Junction Daily Sentinel. Subsequently, only two parties, Summit County and Grand County filed statements of opposition. (U.S. District Court Doc. No. 367.) The CRCA further provided that the Water Division 5 State Water Court also approve the proposed decree.

8. In July 2014, Denver Water prepared a draft Motion for entry of decree in Case No. 2006CW255 to file with the U.S. District Court and the Water Division 5 State Water Court. When counsel circulated its draft motion to opposing counsel to ascertain whether the motion could be filed as unopposed, one of the opposers pointed out that the Signatories, including Denver Water, agreed in Article VII.J.1. of the CRCA, they would not present the proposed Roberts Tunnel Decree (Case No. 2006CW255) in Attachment N1 to the federal court for entry of final judgment until the earlier of the following:

  a. The U.S. Bureau of Reclamation ("USBR") has executed the "separate agreement" described in Art. VI.B.2 of the CRCA, pursuant to which the USBR would agree that if a Shoshone Outage occurs, it will continue to operate Green Mountain Reservoir as if the Senior Shoshone Call were on the river.

  b. The Signatories agree that the goal of Art. VI.C.3 (permanent preservation of the Shoshone Call Flows under the Senior Shoshone Water Call, i.e. 1,250 cfs) has been achieved, such that the Signatories, other water users, and the State of Colorado water administration officials have devised and implemented "a mechanism or combination of mechanisms that will permanently preserve the Shoshone Call

>Flows." If the agree-upon mechanism requires a water court application, achievement of the goal for purposes of this paragraph 2.b. is defined as the entry of a final decree approving the mechanism by the water court, which is no longer subject to appeals.

The "separate agreement" described in Article VII.J.1.a of the CRCA above, is referred to as the "Shoshone Outage Protocol Agreement." The goal of Article VI.C.3 of achieving a permanent preservation of the Shoshone Call Flows described in Article VII.J.1.b. of the CRCA has not yet been achieved. Consequently, the submittal of the proposed decree in Case No. 2006CW255 is pending the resolution of Article VII.J.1.a.

9. On or about September 20, 2016, the River District presented the Shoshone Outage Protocol Agreement to the USBR to complete the final approval of all parties to the Shoshone Outage Protocol Agreement. On September 21, 2016, the USBR approved the Shoshone Outage Protocol Agreement.

9. On or before December 9, 2016, Denver Water will: (1) file stipulations among the parties in Case No. 2006CW255 to a proposed decree with the United States District Court for the District of Colorado and Water Division 5 State Water Court; and (2) file a motion for entry of the decree in Case No 2006CW255 WD5 in United States District Court for the District of Colorado and Water Division 5 State Water Court.

Case No. 1:49-cv-02782-MSK-CBS Document 389 filed 09/27/16 USDC Colorado pg 6 of 8

Consolidated Civil Nos. 2782, 5016 and 5017 (2006CW255 WD5)<br>Status Report

Respectfully filed this 27th day of September, 2016.

        Patricia L. Wells, General Counsel
        Casey S. Funk, Esq., No. 11638
        Daniel J. Arnold, Esq., No. 35458

        By: *s/ Casey S. Funk*

        **Attorneys for Applicant, the City & County of Denver acting by and through its Board of Water Commissioners**
        1600 West 12th Avenue
        Denver, CO 80204-3412
        Telephone: (303) 628-6460
        daniel.arnold@denverwater.org
        casey.funk@denverwater.org

Consolidated Civil Nos. 2782, 5016 and 5017 (2006CW255 WD5)
Status Report

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of September 2016, a true and correct copy of **STATUS REPORT** was served via ICCES File and Serve to the following:

| Party Name | Party Type | Attorney Name |
| --- | --- | --- |
| Climax Molybdenum Company | Opposer | Brian M Nazarenus<br>Sheela S Stack |
| Colorado River Water Conservation Dist. | Opposer | Arthur Barlow Ferguson<br>Christopher Langhorne Thorne<br>Jason Victor Turner<br>Meghan N Winokur<br>Peter Cheney Fleming |
| Division 5 Engineer | Division Engineer | Division 5 Water Engineer |
| Grand County Board of Commissioners | Opposer | David C Taussig<br>Mitra Marie Pemberton |
| Grand Valley Irrigation | Opposer | Frederick G Aldrich |
| Grand Valley Water Users Association | Opposer | Kirsten Marie Kurath<br>Mark Allen Hermundstad |
| Middle Park Conservancy District | Opposer | Ian Wesley Ferrell<br>Stanley W Cazier |
| Northern Colorado Water Conservancy District | Opposer | Bennett William Raley<br>Lisa M Thompson |
| Orchard Mesa Irrigation District | Opposer | Kirsten Marie Kurath<br>Mark Allen Hermundstad |
| Palisade Irrigation District | Opposer | Nathan A. Keever |
| State Engineer | State Engineer | Colorado Division Of Water Resources |
| Summit County Board of Commissioners | Opposer | Charles Byron White |
| Ute Water Conservancy District | Opposer | Kirsten Marie Kurath<br>Mark Allen Hermundstad |

E-SERVED PURSUANT TO RULE 121. A DULY SIGNED ORIGINAL IS ON FILE AT DENVER WATER DEPARTMENT, LEGAL DIVISION.

*s/Lori Fraser*