IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 49-cv-02782-MSK-CBS

Consolidated Civil Case Nos. 2782, 5016 and 5017 and

DISTRICT COURT, WATER DIVISION NO. 5 STATE OF COLORADO
Case No. 2006CW255
_____

**UNOPPOSED MOTION FOR ENTRY OF DECREE**
_____

CONCERNING THE APPLICATION FOR WATER RIGHTS OF THE CITY AND COUNTY OF DENVER, ACTING BY AND THROUGH ITS BOARD OF WATER COMMISSIONERS, IN SUMMIT COUNTY
_____

**COMES NOW**, Applicant, the City and County of Denver, acting by and through its Board of Water Commissioners ("Denver Water"), by and through its attorneys, hereby files this motion for entry of decree pursuant to Fed. R. Civ. P. 56. By this motion, Denver Water seeks Court approval of an order (commonly referred to in state water court as a "decree") that finds that Denver Water has been reasonably diligent in the development of its conditional water right, and confirms that 654 cubic feet per second ("cfs") of water was diverted and placed to beneficial use." Applicant's counsel provided a draft of this Motion to all opposers on December 13, 2016. All Opposers approve and consent to entry of the proposed decree ("Proposed Decree") filed with this motion. As grounds for this motion, Denver Water avers that:

Consolidated Civil Nos. 2782, 5016 and 5017 (2006CW255 WD5)<br>Motion for Entry of Final Decree

## I. CERTIFICATE OF CONFERRAL

1. Undersigned certifies all parties who filed statements of opposition ("Opposers") to the application filed in this matter consent to the relief requested herein.

## II. INTRODUCTION

2. Denver Water files this motion to request that the Court enter the attached Proposed Decree as a final judgment and decree of this Court. The Proposed Decree resolves all claims and defenses asserted in this matter by Denver Water and Opposers.

3. This matter involves Denver Water's Blue River Diversion Project direct flow water right ("Roberts Tunnel Direct Flow Right"). The Roberts Tunnel Direct Flow Right is decreed for a total of 788 cubic feet per second ("c.f.s.") under a June 24, 1946 priority date. As described in detail below, the Roberts Tunnel Direct Flow Right is a decreed partially conditional, partially absolute water right that allows for the diversion of water from the Blue River, Ten Mile Creek, and the Snake River in Summit County, Colorado, through the Roberts Tunnel, an existing facility located at Dillon Reservoir. The Roberts Tunnel carries water from the West Slope, 23 miles underneath the Continental Divide to the Front Range where water is conveyed to the North Fork of the South Platte River at or near Grant, Colorado.

4. To date, this Court has confirmed by decree that Denver Water has made a total of 520 c.f.s. absolute under the Roberts Tunnel Direct Flow Right. (Findings of Fact Conclusions of Law, Decree and Order, 90CW112 and Civil Case Nos. 2782, 5016 & 5017 (D. Colo. Mar. 11, 1993)). In this matter, Denver Water requests that the Court confirm that 654 c.f.s. of the total amount of 788 c.f.s. has been made absolute based on Denver Water's

diversion and beneficial use of water on June 23, 2006, and continue the remaining conditional portion of the 788 c.f.s. as a result of Denver Water's reasonably diligent development of the Roberts Tunnel Direct Flow Right.

### III.  STATEMENT OF JURISDICTION.

5.  This Court has jurisdiction over this matter as a result of its retained jurisdiction under the Blue River Decree, and subsequent Orders. (Final Decree, C.A. 2782, 5016 & 5017 at 17 (D. Colo. Oct. 12, 1955); Order Regarding Further Proceedings Consonant with the Colo. Water Right Determination and Administration Act of 1969 ("1977 Order"), C.A. 2782, 5016 & 5017 at ¶4 (D. Colo. Aug. 4, 1977)).

6.  The Summit County District Court decreed the Roberts Tunnel Direct Flow Right on March 10, 1952 in Civil Action Nos. 1805 and 1806 and this Court subsequently confirmed the appropriation on October 12, 1955 in Civil Nos. 2782, 5016 and 5017. (Final Judgment and Decree, Civil Nos. 2782, 5016 & 5017 at 9 (D. Colo. Oct. 12, 1955)). This Court obtained jurisdiction over this matter following an appeal from the Summit County District Court to the Colorado Supreme Court. After the Colorado Supreme Court decided *City & County of Denver v. Northern Colo. Water Conservancy Dist.*, 276 P.2d 992 (Colo. 1954), the United States removed Case Nos. 1805 and 1806 to this Court. *City of Colo. Springs v. Climax Molybdenum Co.*, 587 F.3d 1071, 1076 (10th Cir. 2009). After removal, Denver Water and the City of Colorado Springs moved to remand back to Summit County District Court. *Id.* This Court denied the remand motion and "specifically limited the issues in those removed cases to be in accordance with the mandate of the Supreme Court of the State of

Colorado" in *City & County of Denver*, 276 P.2d 992. *City of Colo. Springs*, 587 F.3d at 1076. Removed cases C.A. 1805 and C.A. 1806 were re-numbered Civil Action 5016 ("C.A. 5016") and Civil Action 5017 ("C.A. 5017"), and consolidated for trial with the United States pending declaratory judgment action, C.A. 2782. *Id*. Collectively, C.A. 2782, 5016, and 5017 are referred to herein as the "Consolidated Cases."

7. The Consolidated Cases confirmed and decreed Denver Water's Blue River Diversion Project, which consists in part of the Roberts Tunnel Direct Flow Right. Following entry of the Final Decree in the Consolidated Cases, this Court retained "continuing jurisdiction for the purpose of effectuating the objectives of this Final Decree." (Final Decree, C.A. 2782, 5016 & 5017 at 17 (D. Colo. Oct. 12, 1955)).

8. Since the Final Decree was entered, this Court has acted in all matters involving diligence and claims to make absolute involving Denver Water's Blue River Diversion Project water rights. *See* Order Denying Mot. For Remand or Injunction, C.A. 2781, 5016 & 5017 (D. Colo. May 19, 1962); 1977 Order, C.A. 2782, 5016 & 5017 at ¶4 (D. Colo. Aug. 4, 1977). Pursuant to this Court's order dated August 4, 1977 ("1977 Order"), "[t]his court will act as the Water Judge provided for by the 1969 Act for Water Division No. 5 insofar as proceedings in connection with cases numbered 5016 and 5017 are concerned." (1977 Order at ¶1).

9. In addition, this Court has jurisdiction over this matter as a result of the Resume notice procedure established under Colorado water law. In acting as the Water Court under the 1977 Order, this Court obtains jurisdiction over persons and property affected by water rights application via the resume notice and newspaper publication provisions of C.R.S. § 37–

Consolidated Civil Nos. 2782, 5016 and 5017 (2006CW255 WD5)
Motion for Entry of Final Decree

92–302(3).  *Burlington Ditch Reservoir & Land Co. v. Metro Wastewater Reclamation Dist*., 256 P.3d 645, 675 (Colo. 2011).

### IV.  RECENT PROCEDURAL BACKGROUND.

10. In accordance with the Court's 1977 Order, Denver Water filed an application ("Application") for finding of reasonable diligence on the remaining conditional amount of the Roberts Tunnel Direct Flow Right and to make absolute an amount of 654 c.f.s. under the Roberts Tunnel Direct Flow Right.  (Doc. No. 146).  As required under the 1977 Order, Denver Water filed the Application in this Court and in the Water Division 5 State Court, where it was assigned Case No. 2006CW255 and published in the December 2006 Water Division 5 Resume.

11. Several Opposers filed statements of opposition opposing the Application including Climax Molybdenum Company, the Colorado River Water Conservation District, Middle Park Water Conservancy District, Town of Frisco, Grand Valley Irrigation Company, Grand Valley Water Users Association, Orchard Mesa Irrigation District, Palisade Irrigation District, and Ute Water Conservancy District.  (Doc. Nos. 149-157).  The Town of Frisco later withdrew its statement of opposition. (Doc. No. 183).  Northern Colorado Water Conservancy District filed a late statement of opposition after its motion to intervene was granted.  (Doc. No. 309-6).

12. Following some initial discovery, in January 2009 Denver Water filed an amended application stating its claims and affirmative defenses.  (Doc. No. 283).  Then, to allow time for settlement discussions, the parties filed a joint unopposed motion to

Consolidated Civil Nos. 2782, 5016 and 5017 (2006CW255 WD5)
Motion for Entry of Final Decree

administratively close this matter. (Doc. No. 338). The case was subsequently closed and remained dormant for several years. (Doc. No. 340). During this time, Denver Water and several of the Opposers negotiated and entered into the Colorado River Cooperative Agreement ("CRCA", attached hereto as Exhibit A), which resolves several water related disputes. Under the CRCA, the Opposers in this matter that were parties to the CRCA agreed to stipulate to the Proposed Decree, in the form filed with this motion. Consequently, on October 31, 2013, Denver Water moved to administratively reopen this matter, (Doc. No. 351), and moved for leave to file a second amended application to provide potentially interested persons notice of the provisions contained in the Proposed Decree. (Doc. No. 359). The Court granted Denver Water's motion to file the second amended application (Doc. No. 360), notice of which was published in the February 2014 Resume for Water Division 5 and in the Summit County Journal, the Rifle Citizen Telegram, and the Grand Junction Daily Sentinel. Subsequently, only two parties, the Boards of County Commissioners of Summit County and Grand County, filed statements of opposition. (Doc. No. 367). The CRCA further provided that the state water court in Water Division 5 also approve the proposed decree. So, after this court's approval, it will then be submitted for review and approval by the state water court in Water Division 5.

### V.    STANDARD OF REVIEW AND APPLICABLE LAW

13.    Pursuant to Fed. R. Civ. P. Rule 56(a), "[a] party may move for summary judgment, identifying each claim or defense . . . on which summary judgment is sought." The

court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

14.  Under the Water Rights Determination and Administration Act of 1969 ("1969 Act"), C.R.S. §§ 37-92-101—37-92-602, "a decision of the water judge in regard to a matter . . . shall dispose fully of such matter and may contain such provisions as the water judge deems appropriate." C.R.S. § 37-92-304(5).  A judgment and decree "shall be entered promptly with respect to matters that have been heard and matters in which no protest has been filed . . . ." C.R.S. § 37-92-304(7).  The decree entered by the Court "may be confined to one matter or may include more than one matter at the discretion of the water judge." *Id*.  Further, the decree "shall give the names of the applicants with respect to each water right or conditional water right involved, the location of the point of diversion or place of storage, the means of diversion, the type of use, the amount and priority, and other pertinent information." *Id*.  Where parties have stipulated to a form of decree which incorporates terms from their stipulation, the Water Court must either adopt the settlement or state reasons why it should not and does not do so. *Colorado River Water Conservation Dist. v. Bar Forty Seven Co.*, 579 P.2d 636, 638 (Colo. 1978).  *See also United States v. Northern Colo. Water Conservancy Dist.*, 608 F.2d 422, 431 (10th Cir. 1979) (involving stipulation resolving dispute concerning the Consolidated Cases).

15.  The following standard of review applies to the continuation of conditional water rights.  A conditional water right is "a right to perfect a water right with a certain priority upon the completion with reasonable diligence of the appropriation upon which such water right is to be based." C.R.S. § 37–92–103(6).  To support a finding of reasonable diligence

for a conditional water right, an applicant must show that the water right: (1) can be and will be diverted, stored, or otherwise captured, possessed, and controlled; and (2) will be beneficially used and that the project can and will be completed with diligence and within a reasonable time. C.R.S. § 37-92-305(9)(b). "The measure of reasonable diligence is the steady application of effort to complete the appropriation in a reasonably expedient and efficient manner under all the facts and circumstances." C.R.S. §37-92-301(4)(b). If "a project or integrated system is comprised of several features, work on one feature of the project or system shall be considered in finding that reasonable diligence has been shown in the development of water rights for all features of the entire project or system." *Id*. To maintain the conditional water right, an applicant must also show that it does not have a speculative intent and "can and will" develop the conditional water right for application to beneficial use within a reasonable time. *See Pagosa Area Water & Sanitation Dist. v. Trout Unlimited*, 170 P.3d 307, 315-317 (Colo. 2007).

16. For claims to make absolute, a slightly different standard of review applies. A conditional water right matures into a water right upon diligent completion of the appropriation by application of water to beneficial use. *Purgatoire River Water Conservancy Dist. v. Witte*, 859 P.2d 825, 835 (Colo. 1993). With regard to a claim to make absolute, Colorado law provides that "[n]o claim for a water right may be recognized or a decree therefor granted except to the extent that the waters have been diverted, stored, or otherwise captured, possessed, and controlled and have been applied to a beneficial use. . . ." C.R.S. § 37-92-305(9)(a). In order to perfect a conditional water right, the Applicant must establish that it

lawfully: (1) captured, possessed, and controlled water; and (2) applied the water to a beneficial use. *City of Lafayette v. New Anderson Ditch Co.*, 962 P.2d 955, 962 (Colo. 1998) (citing *City & County of Denver*, 276 P.2d at 998–99).

### VI. CLAIMS AND DEFENSES UPON WHICH JUDGMENT IS SOUGHT

#### A. THE COURT SHOULD APPROVE THE PROPOSED DECREE BECAUSE IT IS IN COMPLIANCE WITH COLORADO WATER LAW, AND HAS BEEN APPROVED BY OPPOSERS.

17. Under the 1977 Order, this Court acts as the Water Court under Colorado Water Law.

18. Under Colorado Water Law, the Water Court must approve a stipulated proposed decree or provide reasons why the decree cannot be approved. *Bar Forty Seven Co.*, 579 P.2d at 638. Decrees are necessary under Colorado water law, because water rights in Colorado are administered based on decrees, not stipulations. *Id.* at 638 (citing C.R.S. §37-92-301(3)). As evidenced by the stipulations (Doc. Nos. 390 - 401), all Opposers have entered into stipulations with Denver Water whereby they have agreed not to contest the specific version of the attached Proposed Decree.

19. The Proposed Decree specifically states the undisputed findings of fact, conclusions of law, and judgment upon which the decree is based. Under Section I.C, the Proposed Decree contains specific findings related to the undisputed facts concerning Denver Water's claim to make absolute. These findings set forth in specific detail that Denver Water diverted 654 c.f.s. on June 23, 2006, how the diversion was made, the location where the water was beneficially used, and the use and reuse for which the water was beneficially put. The

Proposed Decree also describes in detail how the diversions were in fact lawful and in accordance with the Blue River Stipulation and Decree entered in the Consolidated Cases.

20.    Section I.D. of the Proposed Decree contains a section specifically devoted to the findings supporting Denver Water's reasonably diligent development of the Roberts Tunnel Direct Flow Right based on Denver Water's activities carried on during the most recent diligence period, beginning December, 2000 and ending in December, 2006. It also sets forth findings that Denver Water "can and will" divert the remaining conditional portion of the Roberts Tunnel Direct Flow Right, and that Denver Water has a specific substantiated need for the remaining conditional portion of the Roberts Tunnel Direct Flow Right.

21.    Because no Opposer objects to the Proposed Decree, entry of the decree is appropriate. There is no dispute between Denver Water and Opposers concerning the findings of fact and conclusions of law contained in the Proposed Decree. Thus, Denver Water has, to the satisfaction of Opposers, met its burden of proof of demonstrating reasonable diligence, and actual diversion and beneficial use of the amount claimed absolute. Consequently, summary judgment is appropriate.

B.    **ENTRY OF THE PROPOSED DECREE IS APPROPRIATE BECAUSE NOTICE OF THE PROPOSED DECREE HAS BEEN PROVIDED TO OTHER WATER USERS.**

22.    Denver Water has provided notice to potentially interested persons of this matter through its resume notice and newspaper publication of the December 2006 Application, the first amended application and the Second Amended Application. The application and amendments were published in accordance with the procedures set forth in C.R.S. § 37-92-

302(3).  Denver Water has also provided notice to all potentially interested water users of the Proposed Decree by attaching it to the Second Amended Application even though notice of the Proposed Decree is not required under Colorado Water Law. (Doc. No. 352)   After providing notice, Summit County and Grand County filed new Statements of Opposition, and both have stipulated to the Proposed Decree (Doc. Nos. 398 and 401).

23. "When notice of the application is published through the resume procedure, the court obtains jurisdiction over persons and property affected by the application." *Southern Ute Indian Tribe v. King Consol. Ditch Co.*, 250 P.3d 1226, 1234 (Colo. 2011).  This procedure serves the purpose of giving "notice of the nature, scope and impact of the decree sought, thereby enabling any interested person to file a statement of opposition and contest the factual or legal grounds for issuance of such a decree." *Id.*  (citing *Dallas Creek Water Co. v. Huey*, 933 P.2d 27, 38 (Colo. 1997)).

24. Because Denver Water has taken the additional step of providing resume notice of the Proposed Decree, entry of the Proposed Decree should not adversely affect other water users. The notice provided has given non-parties an opportunity to file statements of opposition and to become additional parties to this matter.  Two parties have since joined after filing statements of opposition.  Thus, because the public has been given notice and a full and fair opportunity to become parties to this matter, the public interest will not be adversely affected should the Court enter the attached Proposed Decree now.

## C.  ENTRY OF THE PROPOSED DECREE IS IN THE INTERESTS OF JUDICIAL ECONOMY.

25.     The Court should enter the Proposed Decree because its approval is in the interests of judicial economy.  *See Mt. Emmons Min. Co. v. Town of Crested Butte*, 690 P.2d 231, 239 (Colo. 1984).  "Summary judgment is appropriate only in those circumstances where there is no dispute as to material facts and thus no role for the fact finder to play."  *Id.*  To hold a hearing would unnecessarily require that the Court and the Parties expend valuable resources.  All findings of fact and conclusions of law in the Proposed Decree are undisputed.  Thus judicial economy is best served by entry of the Proposed Decree.

26.     Pursuant to C.R.S. §37-92-301(4)(a), the Court must enter a date six years after the decree is signed by the Court in paragraph 45 of the proposed decree.

27.     The attached final proposed decree to which all opposers have stipulated is a modified version of the July 14, 2014 version of the proposed decree which was stipulated to by all parties.  The only substantive modifications to the proposed decree, which are shown in a redline version of the decree attached to this motion, consist of updated references to recent stipulations in paragraphs 8 and 10 of the proposed decree.

WHEREFORE, The Applicant moves for summary judgment in this matter in the form of entry of the attached final proposed decree filed herewith.

Respectfully filed this 15th day of December, 2016.

    Patricia L. Wells, General Counsel  
    Casey S. Funk, Esq., No. 11638  
    Daniel J. Arnold, Esq., No. 35458

    By: *s/ Casey S. Funk*_____

    **Attorneys for Applicant, the City & County of Denver acting by and through its Board of Water Commissioners**  
    1600 West 12th Avenue  
    Denver, CO 80204-3412  
    Telephone: (303) 628-6460  
    daniel.arnold@denverwater.org  
    case.funk@denverwater.org

Consolidated Civil Nos. 2782, 5016 and 5017 (2006CW255 WD5)
Motion for Entry of Final Decree

# CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of December 2016, I electronically filed the foregoing **UNOPPOSED MOTION FOR ENTRY OF DECREE** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

| Party Name | Party Type | Attorney Name |
| --- | --- | --- |
| Climax Molybdenum Company | Opposer | Brian M Nazarenus<br>Sheela S Stack |
| Colorado River Water Conservation District | Opposer | Jason Victor Turner<br>Peter Cheney Fleming |
| Division 5 Engineer | Division Engineer | Division 5 Water Engineer |
| Grand County Board of Commissioners | Opposer | David C Taussig<br>Mitra Marie Pemberton |
| Grand Valley Irrigation | Opposer | Frederick G Aldrich |
| Grand Valley Water Users Association | Opposer | Kirsten Marie Kurath<br>Mark Allen Hermundstad |
| Middle Park Conservancy District | Opposer | Ian Wesley Ferrell<br>Stanley W Cazier |
| Northern Colorado Water Conservancy District | Opposer | Bennett William Raley<br>Lisa M Thompson |
| Orchard Mesa Irrigation District | Opposer | Kirsten Marie Kurath<br>Mark Allen Hermundstad |
| Palisade Irrigation District | Opposer | Nathan A. Keever |
| State Engineer | State Engineer | Colorado Division Of Water Resources |
| Summit County Board of Commissioners | Opposer | Charles Byron White |
| Ute Water Conservancy District | Opposer | Kirsten Marie Kurath<br>Mark Allen Hermundstad |

___*s/Lori Fraser*_____
Lori Fraser

eFiled per C.R.C.P. Rule 121 with a duly signed original on file at the Denver Water Department, Legal Division.